JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington D.C. 20530
BRADLEY R. O'BRIEN
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6484; Facsimile: (415) 744-6476
brad.o'brien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Civil No. CV 07 6045<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT OF THE UNITED STATES |

VERIFIED COMPLAINT                                                                                                                         1

Plaintiff, the United States of America, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure, and, further, is an action brought, *inter alia*, under the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, and the Park System Resource Protection Act ("PSRPA"), 16 U.S.C. § 19jj, *et seq.*, against Defendants M/V COSCO BUSAN, *in rem*, and THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD. ("SIGCO"), REGAL STONE LIMITED ("REGAL STONE"), FLEET MANAGEMENT LTD. ("FLEET MANAGEMENT"), and JOHN COTA, ("COTA"), *in personam*.

2. The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present Defendants herein.

## JURISDICTION AND VENUE

3. The United States is authorized to bring this suit and the Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1345, 16 U.S.C. §§ 1437 and 1443, 33 U.S.C. §§ 1321 and 2717, and 16 U.S.C. § 19jj-2.

4. Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. § 1391 and 1395, 16 U.S.C. § 1443, 33 U.S.C. § 2717, and 16 U.S.C. § 19jj-2.

## DEFENDANTS

5. At all times material herein, defendant M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem* (hereafter the "Vessel"), was flagged in Hong Kong is now or during the pendency of this action will be within the navigable waters of this District and within the jurisdiction of this Court.

6. At all times material herein, defendant SIGCO was doing business within the United States of America and within this district and within the jurisdiction of this Court, including, but not

VERIFIED COMPLAINT                                                                                                                 2

limited to, by insuring and/or providing evidence of financial responsibility and certain guarantees pertaining to liabilities incurred by or through the Vessel.

7.  SIGCO has provided evidence of financial responsibility and certain guarantees pertaining to the Vessel; accordingly, the United States of America is entitled to bring its claims directly against said guarantor.

8.  At all times material herein, defendant REGAL STONE, a foreign corporation or entity, presently believed to be headquartered in Hong Kong, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including, but not limited to, through operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

9.  At all times material herein, REGAL STONE owned the Vessel.

10. At all times material herein, REGAL STONE operated the Vessel.

11. At all times material herein, REGAL STONE managed the Vessel.

12. At all times material herein, REGAL STONE chartered the Vessel.

13. At all times material herein, REGAL STONE controlled the Vessel.

14. At all times material herein, defendant FLEET MANAGEMENT, a foreign corporation or entity, presently believed to be headquartered in the Hong Kong, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including, but not limited to, through operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

15. At all times material herein, FLEET MANAGEMENT owned the Vessel.

16. At all times material herein, FLEET MANAGEMENT operated the Vessel.

17. At all times material herein, FLEET MANAGEMENT managed the Vessel.

18. At all times material herein, FLEET MANAGEMENT chartered the Vessel.

19. At all times material herein, FLEET MANAGEMENT controlled the Vessel.

20. At all times material herein, defendant COTA was a resident of the State of California and/or had a place of business and/or was doing business within this district and within

the jurisdiction of this Court.

21. At all times material herein, defendant COTA was a licensed maritime pilot and, *inter alia,* was licensed to pilot vessels such as the M/V COSCO BUSAN on the waters of San Francisco Bay.

## GENERAL ALLEGATIONS

22. On the morning of November 7, 2007, defendant COTA boarded the Vessel at its berth at the Port of Oakland, California, in preparation for piloting the Vessel outbound from Oakland, through the waters of San Francisco Bay, across the bar outside the Golden Gate, and thereafter to the pilot station offshore San Francisco, at which point COTA was to disembark the Vessel and transfer to a pilot boat. The Vessel thereafter was to continue directly on its voyage to a foreign port of call, believed to be South Korea.

23. On the morning of November 7, 2007, defendant COTA, the Vessel, and her crew departed the Vessel's berth in Oakland and proceeded outbound through the waters of San Francisco Bay.

24. At the time the foregoing voyage commenced, and at all relevant times herein, defendant COTA was on the bridge of the Vessel and serving in the capacity as pilot of the Vessel.

25. At the time the foregoing voyage commenced, and at all relevant times herein, the Vessel's Master and various crew of the Vessel were on the bridge of the Vessel.

26. At or about 0830 hours on November 7, 2007, while on navigable waters of the United States, the Vessel allided with the base and/or fendering system of the "Delta Tower", one of the support towers of the western span of the San Francisco-Oakland Bay Bridge (the "Bay Bridge").

27. The foregoing allision with the Bay Bridge resulted, *inter alia*, in a rupture of the Vessel's tanks, thereby allowing a portion of the Vessel's bunkers to be discharged into navigable waters of the United States and onto adjoining shorelines, including, but not limited to, navigable waters and adjoining shorelines of San Francisco Bay, including its appurtenant waters and

VERIFIED COMPLAINT                                                                                                              4

tributaries; the Pacific Ocean, including, but not limited to, the Gulf of the Farallones National Marine Sanctuary and the Monterey Bay National Marine Sanctuary; and the navigable waters and adjoining shorelines of units of the National Park System, including, but not limited to, the Golden Gate National Recreation Area, Point Reyes National Seashore, San Francisco Maritime National Historic Park, Rosie the Riveter/World War II Home Front National Historic Park, and other resources subject to the protections of the PSRPA. The foregoing allision and subsequent discharge of bunkers is hereafter referred to as the "COSCO BUSAN Incident".

28.    As a direct and proximate result of the COSCO BUSAN Incident, the United States has expended and/or sustained, *inter alia*, response costs and damages within the meaning of the NMSA, OPA, and PSRPA and, further, will continue to expend and/or sustain such response costs and damages.

29.    The COSCO BUSAN Incident was proximately caused, *inter alia*, by the acts, omissions, strict liability, fault, negligence, and breach of federal safety and operating regulations by the *in rem* and *in personam* Defendants and, as applicable, their agents, servants, employees, crew, and others for whom Defendants were responsible, all within the privity and knowledge of the Defendants.

30.    The amount of damages sustained as a result of the COSCO BUSAN Incident presently is not known and shall be established according to proof at the time of trial.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## ALL DEFENDANTS
## (NATIONAL MARINE SANCTUARIES ACT)

31.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

32.    Pursuant to the NMSA, any person who destroys and/or causes the loss of and/or injures National Marine Sanctuaries and their resources are strictly liable for, *inter alia*, all damages, response costs, and interest thereon. 16 U.S.C. §§ 1436-37.

VERIFIED COMPLAINT                                                                                           5

33. Pursuant to the NMSA, vessels used to destroy and/or cause the loss of and/or injure National Marine Sanctuaries and their resources are strictly liable *in rem* and are subject to a maritime lien for all response costs, damages, and/or disbursements specified in the NMSA. 16 U.S.C. § 1437(d)(3).

34. Pursuant to the NMSA, vessels used to destroy and/or cause the loss of and/or injure National Marine Sanctuaries and their resources are subject to forfeiture to the United States. 16 U.S.C. § 1437(e)(1).

35. As a direct and proximate result of the actions set forth in the United States' Complaint, Defendants are liable to the United States, without limitation, by virtue of the NMSA, 16 U.S.C. §§ 1437 and 1443, for all response costs and damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST SIGCO, REGAL STONE, AND FLEET MANAGEMENT
## (OIL POLLUTION ACT OF 1990)

36. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

37. Defendant REGAL STONE, *inter alia*, is a "responsible party" within the meaning of OPA.

38. Defendant FLEET MANAGEMENT, *inter alia*, is a "responsible party" within the meaning of OPA.

39. Pursuant to OPA, 33 U.S.C. § 2706(b), the federal government designates officials to act as trustees for natural resources.

40. "Natural resources," as that term is defined in OPA, 33 U.S.C. § 2701(20), held in trust by Federal trustees, have been injured, destroyed, or lost as the result of the Defendants' discharge of oil into navigable waters, within the meaning of 33 U.S.C. § 2702(b)(2).

41. Pursuant to OPA, 33 U.S.C. § 2702(a) and (b), each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the

VERIFIED COMPLAINT                                                                                              6

navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all response costs, damages, and/or disbursements specified in the Act, including, but not limited to, damages for injuries to natural resources.

42. Under the circumstances herein, Defendants REGAL STONE and FLEET MANAGEMENT are liable to the United States of America, without limitation, and SIGCO is liable to the United States of America up to the monetary limits of its statutory and regulatory liability, for all the aforesaid response costs, damages, and/or disbursements sustained by the United States of America as a result of the COSCO BUSAN Incident.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## SIGCO, REGAL STONE, AND FLEET MANAGEMENT
## (OIL POLLUTION ACT OF 1990)

43. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

44. Pursuant to OPA, 33 U.S.C. § 2715, the National Pollution Funds Center ("Fund"), on behalf of the Oil Spill Liability Trust Fund, shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

45. As a result of the COSCO BUSAN Incident, the Fund may incur costs, damages and/or disbursements by reason of claims for removal costs and damages brought against it under OPA, 33 U.S.C. § 2712.

46. Pursuant to OPA, Defendants REGAL STONE and FLEET MANAGEMENT are liable to the United States of America, without limitation, and SIGCO is liable to the United States of America up to the monetary limits of its statutory and regulatory liability, for all such costs, damages, and/or disbursements which may be sustained by the Fund.

//
//
//

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## REGAL STONE AND FLEET MANAGEMENT
## (OIL POLLUTION ACT OF 1990)

47. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

48. Pursuant to OPA, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against Defendants REGAL STONE and FLEET MANAGEMENT that said Defendants are liable for removal costs and damages in any such subsequent action or actions.

## AND AS FOR A FIFTH CAUSE OF ACTION AGAINST
## ALL DEFENDANTS
## (PARK SYSTEM RESOURCE PROTECTION ACT)

49. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

50. Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(a), any person who destroys, causes the loss of, or injures any park system resource is strictly liable to the United States for response costs and damages resulting from such destruction, loss, or injury.

51. Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(b), any vessel used to destroy and/or cause the loss of and/or injure any park system resource or any marine or aquatic park resource shall be liable *in rem* to the United States for response costs and damages resulting from such destruction, loss, or injury to the same extent as a person is liable under § 19jj-1(a).

52. As a direct and proximate result of the COSCO BUSAN Incident, Defendants are liable to the United States, without limitation, by virtue of the PSRPA for all response costs and damages specified therein.

//
//

VERIFIED COMPLAINT                                                                                                   8

WHEREFORE, the United States of America prays as follows:

1. That United States of America be granted judgment against all Defendants pursuant to the Verified Complaint of the United States herein;

2. That if Defendants REGAL STONE and FLEET MANAGEMENT cannot be found within this District, then, pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, that all of any such absent Defendants' property of any description, whatsoever, including other vessels or real property, located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due plaintiff herein;

3. That actual notice of the commencement of this suit, in a manner approved by the Court, be given to the custodian, master or other ranking officer of the Vessel, as may be applicable, and to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the said Vessel;

4. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Honorable Court enter an order authorizing a warrant for the arrest of the Vessel, her engines, tackle, appurtenances, etc.;

5. That a warrant issue for the arrest of the Vessel, her engines, tackle, appurtenances, *etc.*;

6. That judgment of condemnation and sale be entered against the Vessel, her engines, tackle, appurtenances, *etc.*;

7. That plaintiff United States of America be declared the holder of a valid preferred maritime lien on the Vessel, *in rem*;

8. That the Vessel be sold and the proceeds of the Vessel be applied first to any judgments, costs, and expenses of the United States with respect to the Verified Complaint of the United States herein;

9. In the alternative, that the Vessel, as defined in the NMSA, 16 U.S.C. § 1437(e), be forfeited to the United States;

VERIFIED COMPLAINT                                                                                                     9

10. For such other relief as the Court deems just and proper in the premises.

Dated: November 28, 2007.
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

_____
R. MICHAEL UNDERHILL
Attorney In Charge, West Coast Office
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
BRADLEY R. O'BRIEN
Environmental Enforcement Section

Attorneys for Plaintiff United States of America

## VERIFICATION

R. Michael Underhill says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Dated: November 28, 2007.

_____
R. MICHAEL UNDERHILL