JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington D.C. 20530
BRADLEY R. O'BRIEN
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6484; Facsimile: (415) 744-6476
brad.o'brien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Civil No.<br><br>IN ADMIRALTY<br><br>REQUEST FOR AUTHORIZATION FOR EXECUTION OF *IN REM* PROCESS OF ARREST TO BE HELD TEMPORARILY IN ABEYANCE LAR 3-4 |

REQUEST FOR AUTHORIZATION FOR TEMPORARY ABEYANCE OF EXECUTION OF ARREST        1

Plaintiff, United States, has filed its verified complaint in admiralty in this action and, further, has requested issuance of a Warrant for Arrest of the defendant vessel M/V COSCO BUSAN, *in rem* (the "Vessel"), in accordance with Supplemental Admiralty Rule C(3) of the Federal Rules of Civil Procedure and Local Admiralty Rule 3-1.

The United States hereby requests, pursuant to Local Admiralty Rule 3-4, that execution of the Court's Warrant for Arrest be held temporarily in abeyance, *i.e.*, that the Marshal need not be required to execute the Warrant immediately. The request is made for the following reasons.

In order to avoid arrest of the Vessel, the United States has made a request to representatives of the Vessel interests that a "Letter of Undertaking" ("LOU") or other form of substitute security be provided in accordance with Supplemental Admiralty Rule E(5) of the Federal Rules of Civil Procedure.[1] Issuance of an appropriate LOU would obviate the necessity of arrest and the need for *custodia legis* of the Vessel by and through the Court. In essence, the United States' *in rem* claims would proceed against the LOU as substitute security in place of the Vessel.

The United States has not received any response to its request – made on Tuesday, November 20th, and thus more than a week ago. The undersigned further informed the Vessel interests' representative that the United States had prepared its Complaint and other papers relevant to seeking arrest of the Vessel. (The undersigned counsel provided his cell phone number and indicated that he would accept a call at *any* time, including after close of regular business.)

In order to pursue all reasonable efforts, however, the United States is still willing to provide *reasonable* accommodation to the Vessel and its owners/representatives through the Government's willingness to consider adequate substitute security in lieu of arrest. If those efforts at cooperation are not returned in kind, arrest under appropriate procedures then may become necessary in order to

---

[1] We understand that the Vessel and her defendant owner are entered (insured) with a British and/or Bermuda based Protection and Indemnity Association (P&I Clubs are roughly the maritime equivalent of an insurer), *i.e.*, the Steamship Mutual Underwriting Association (Bermuda) Limited, and/or The Steamship Mutual Underwriting Association Limited ("Steamship London"). In admiralty, Letters of Undertaking typically are issued by the vessel owner's P&I Club.

REQUEST FOR AUTHORIZATION FOR TEMPORARY ABEYANCE OF EXECUTION OF ARREST        2

secure and preserve the United States' *in rem* claims. Should that become necessary, and particularly if the Vessel's owners and/or operators were to attempt to have the vessel depart the jurisdiction without first having provided substitute security, the United States would proceed with execution of the Warrant through the auspices of the Marshal. The proposed Order for Temporary Abeyance of Execution of Process would allow that to occur without further order of the Court.

We stress that the United States does *not* represent or claim that the vessel's owners or operators would allow the Vessel to attempt to abscond from the Court's jurisdiction. Indeed, we would be extremely surprised if such an event transpired since, among other reasons, cooperation amongst the members of the admiralty bar who represent maritime clients (and the respected P&I Clubs that stand behind their member/assureds) is by far the rule, rather than the exception.

As a practical matter, the Vessel presently is in repair status, such that the United States *does not and will not*, for a variety of reasons, seek to impede those repairs. However, if the repairs are completed sooner than expected and/or completed to the extent the Vessel can depart the jurisdiction for a foreign voyage and port, and further assuming that all other legal and practical impediments to sailing from San Francisco Bay would be alleviated, the Government's *in rem* rights and remedies must be protected, either through substitute security – far preferred – or *in rem* arrest.

Dated: November 30, 2007.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

R. MICHAEL UNDERHILL
Attorney In Charge, West Coast Office
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
U.S. Department of Justice

//
//
//

REQUEST FOR AUTHORIZATION FOR TEMPORARY ABEYANCE OF EXECUTION OF ARREST        3

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
BRADLEY R. O'BRIEN
Environmental Enforcement Section

Attorneys for Plaintiff United States of America

REQUEST FOR AUTHORIZATION FOR TEMPORARY ABEYANCE OF EXECUTION OF ARREST    4