RICHARD L. JARASHOW (admitted *pro hac vice*)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
Telephone: (212) 548-7016
Facsimile: (212)548-2150
rjarashow@mcguirewoods.com

SIDNEY K. KANAZAWA #84608
DARREL C. MENTHE #186252
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: (310) 315-8200
Facsimile: (310) 315-8210
skanazawa@mcguirewoods.com

Attorneys for Defendant
Shipowners' Insurance and Guaranty Company Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. CV-07-6045 SC |
| Plaintiff, | IN ADMIRALTY |
| v. | |
| M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc., in rem*, THE SHIPOWNERS' INSURANCE and GUARANTY COMPANY LTD., REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, in personam, | **ANSWER OF SHIPOWNERS' INSURANCE and GUARANTY COMPANY LTD.** |
| Defendants | |

The Shipowners' Insurance and Guaranty Company Ltd. (hereafter "SIGCo"), by and through its attorneys, McGuireWoods, LLP, for its Answer to the Verified Complaint of the United States, alleges on information and belief, as follows:

1. Admits this is a case of admiralty and maritime jurisdiction, and brought under the Oil Pollution Act of 1990 ("OPA") against SIGCo, but except as so admitted, denies that this action is brought against SIGCo under the National Marine Sanctuary Act ("NMSA") or the Park Resources Protection Act ("PRPA"); and further denies knowledge or information as to the remaining allegations of Paragraph 1 of the Verified Complaint.

2. Avers that Paragraph 2 states no allegations to which a response is required, but to the extent a response is required, denies the allegations of Paragraph 2 of the Verified Complaint.

3. Admits jurisdiction as to SIGCo pursuant to 28 U.S.C. § 1345 and 33 U.S.C. § 1321 and 2717, but except as so admitted, denies as to SIGCo the remaining allegations of Paragraph 3 of the Verified Complaint.

4. Admits venue as to SIGCo pursuant to 28 U.S.C. § 1391 and 1395, but except as so admitted, denies as to SIGCo the remaining allegations of Paragraph 4 of the Verified Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of the Verified Complaint.

6. Admits that SIGCo provided a Guaranty (the "SIGCo Guaranty") of evidence of financial responsibility under the Oil Pollution Act of 1990 ("OPA"), in accordance with the terms of the SIGCo Guaranty and its Standard Terms and Conditions effective 28th December, 1997 ("SIGCo's ST&C"), to the Operators of the M/V COSCO BUSAN, but except as so admitted, denies the remaining allegations of Paragraph 6 of the Verified Complaint.

7. Admits that it provided the SIGCo Guaranty to the Operators of the COSCO BUSAN, and that the United States is entitled to bring its claim directly against SIGCo to the extent such claims are brought for removal costs and damages under OPA pursuant to the SIGCo Guaranty, but except as so admitted, denies the remaining allegations of Paragraph 7 of the Verified Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 8-28 of the Verified Complaint.

9.    Admits that SIGCo may have certain obligations relating to financial responsibility under OPA with respect to the Cosco Busan Incident, as defined in the Verified Complaint, which are subject to all of its rights, defenses and limitations set out in the SIGCo Guaranty and specified therein, and SIGCo's ST&C, but except as so admitted, denies the remaining allegations of Paragraph 29 of the Verified Complaint as they pertain to SIGCo.

10.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Verified Complaint.

11.    Avers that Paragraph 31 of the Verified Complaint contains no allegations to which a response is required.

12.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 32-34 of the Verified Complaint.

13.    Denies that SIGCo is liable for any damages under or pursuant to the NMSA and that its only obligation is to respond for removal costs and damages under OPA, subject to all of its rights, defenses and limitations as set out in the SIGCo Guaranty and specified therein, and SIGCo's ST&C, and therefore denies the allegations of Paragraph 35 of the Verified Complaint as they pertain to SIGCo.

14.    Avers that Paragraph 36 of the Verified Complaint contains no allegations to which a response is required.

15.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 37-38 of the Verified Complaint.

16.    Admits the allegations of Paragraphs 39 of the Verified Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Verified Complaint.

18.    Admits the allegations of Paragraph 41 of the Verified Complaint to the extent that liability under OPA, 33 U.S.C. § 2702(a) and (b), provides for strict liability for each responsible

party, but such liability is subject to certain defenses, limitations and exceptions as specified in OPA.

19. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Verified Complaint; except admits that SIGCo may have certain obligations relating to financial responsibility under OPA which are subject to all of its rights, defenses and limitations set out in the SIGCo Guaranty and specified therein, and SIGCo's ST&C.

20. Avers that Paragraph 43 of the Verified Complaint contains no allegations to which a response is required.

21. Admits the allegations of Paragraph 44 of the Verified Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Verified Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Verified Complaint; except admits that SIGCo may have certain obligations relating to financial responsibility under OPA which are subject to all of its rights, defenses and limitations set out in the SIGCo Guaranty and specified therein, and SIGCo's ST&C.

24. Avers that Paragraph 47 of the Verified Complaint contains no allegations to which a response is required.

25. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 48 of the Verified Complaint; except admits that SIGCo may have certain obligations relating to financial responsibility under OPA which are subject to all of its rights, defenses and limitations set out in the SIGCo Guaranty and specified therein, and SIGCo's ST&C.

26. Avers that Paragraph 49 of the Verified Complaint contains no allegations to which a response is required.

27. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraphs 50-51 of the Verified Complaint.

28. Denies that SIGCo has any liability under the PSRPA since its only liability is for removal costs and damages under OPA, subject to all of its rights, defenses and limitations

contained in the SIGCo Guaranty and specified therein, and SIGCo's ST&C, therefore denies the allegations of Paragraph 52 of the Complaint as they pertain to SIGCo.

### FIRST AFFIRMATIVE DEFENSE

29. Should it be proved at trial that those for whom SIGCo provided the SIGCo Guaranty committed acts which entitle SIGCo to a complete defense under the SIGCo Guaranty and SIGCo's ST&C against any liability for the acts complained of, SIGCo has no liability for any claims alleged in the Verified Complaint.

### SECOND AFFIRMATIVE DEFENSE

30. Any obligation to pay any amounts claimed in this action is subject to the rights of SIGCO to limit its liability pursuant to OPA and regulations issued thereunder, SIGCo's ST&C and the SIGCo Guaranty.

### THIRD AFFIRMATIVE DEFENSE

31. The payment obligations of SIGCo have been fully satisfied in accordance with all governing statutes and regulations and under SIGCo's ST&C and under the SIGCo Guaranty since all amounts paid for OPA removal costs and damages in connection with the Cosco Busan Incident by or on behalf of the owners, operators and demise charterers have exceeded the amount of SIGCo's limited liability obligation.

### FOURTH AFFIRMATIVE DEFENSE

32. Should it be proved that those for whom SIGCo provided the SIGCo Guaranty committed acts which entitle SIGCo to a partial defense under the SIGCo Guaranty, SIGCo's ST&C and under the relevant statutes and regulations against any liability for the acts complained of, SIGCo has no liability to the extent of such partial defense for any claims alleged in the Verified Complaint.

FIFTH AFFIRMATIVE DEFENSE

33. The events complained of in the Verified Complaint do not constitute claims made under OPA or CERCLA, therefore SIGCo has no liability to the United States of America.

SIXTH AFFIRMATIVE DEFENSE

34. Should it be proved that those for whom SIGCo provided the SIGCo Guaranty are entitled to any complete or partial defenses available to them under OPA or CERCLA, those same defenses are available to SIGCo.

//

WHEREFORE, SIGCo requests that the Verified Complaint against it be in all respects dismissed with prejudice and that judgment be entered in favor of SIGCo for its costs, and for such other, further or different relief as may be appropriate.

Respectfully submitted,

DATED: January__, 2008            MCGUIREWOODS LLP

By: _____/s/_____
    Sidney K. Kanazawa
    Attorneys for Defendant Shipowners' Insurance
    and Guaranty Company Ltd.