WALTER G. COPPENRATH, JR. (SBN: 81691)
waltla@aol.com
PHILLIP S. DALTON (SBN: 65576)
pdalton@coppenrathlaw.com
GEORGE M. JONES (SBN: 160227)
gjones@coppenrathlaw.com
COPPENRATH & ASSOCIATES
400 Oceangate, Suite 700
Long Beach, California 90801
Telephone:   (562) 216-2948
Facsimile:    (562) 252-1136

Attorneys for Defendant
CAPTAIN JOHN COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem,* THE SHIP OWNERS' INSURANCE & GUARANTY COMPANY LIMITED, REGAL STONE, LIMITED, FLEET MANAGEMENT LIMITED, and JOHN COTA, *in personam*,<br><br>        Defendants. | Case No.:   C-07-06045-SC<br>IN ADMIRALTY<br><br>**ANSWER OF DEFENDANT JOHN COTA**<br><br>THE HON. SAMUEL CONTI<br>COMPLAINT FILED: NOV. 30, 2007<br>TRIAL DATE: NONE SET |
|---|---|

**COMES NOW CAPTAIN JOHN J. COTA ("COTA")** and in answering the Verified Complaint of The United States for himself alone admits, denies and alleges as follows:

/ / /

/ / /

**GENERAL ALLEGATIONS**

1. Answering paragraph 1, COTA admits only that this case is within the admiralty and maritime jurisdiction of this Court

2. Answering paragraph 2, the COTA admits only that the contents of this paragraph may be correct subject to the Federal Rules of Civil Procedure.

3. Answering paragraph 3, COTA admits only that he is informed and believes the United States is authorized to bring this suit and this Court has jurisdiction.

4. Answering paragraph 4, COTA admits only that he is informed and believes that venue may be proper in this District; however, COTA reserves his right to seek a change of venue should any party hereto demand a trial by jury of any portion of this matter.

5. Answering paragraph 5, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

6. Answering paragraph 6, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

7. Answering paragraph 7, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

8. Answering paragraph 8, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

9. Answering paragraph 9, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

10. Answering paragraph 10, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

11. Answering paragraph 11, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

12. Answering paragraph 12, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

13. Answering paragraph 13, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

14. Answering paragraph 14, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

15. Answering paragraph 15, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

16. Answering paragraph 16, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

17. Answering paragraph 17, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

18. Answering paragraph 18, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

19. Answering paragraph 19, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

20. Answering paragraph 20, COTA admits only that at all material times herein, he was a resident of the State of California. Save and except that which is expressly admitted, COTA denies each, every and all of the allegations of this paragraph.

21. Answering paragraph 21, COTA admits the allegations of this paragraph.

22. Answering paragraph 22, COTA admits the allegations of this paragraph other than the vessel was to continue to South Korea for which he has insufficient information to admit or deny that particular allegation.

23. Answering paragraph 23, COTA admits the allegations of this paragraph.

24. Answering paragraph 24, COTA admits the allegations of this paragraph.

25. Answering paragraph 25, COTA admits the allegations of this paragraph.

26. Answering paragraph 26, COTA admits the allegations of this paragraph.

27. Answering paragraph 27, COTA admits only that the vessel allided with the Bay Bridge and which allision contributed to a portion of the vessel's bunkers

being discharged into navigable waters. Other than that which is expressly admitted, COTA has insufficient information to admit or deny the remaining allegations of this paragraph and on that basis denies them.

28. Answering paragraph 28, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

29. Answering paragraph 29, COTA denies the allegations of this paragraph as they are directed against him and lacks sufficient information and belief to admit or deny the allegations against the other Defendants. .

30. Answering paragraph 30, COTA has insufficient information to admit or deny the allegations of this paragraph and therefore denies them.

## FIRST CAUSE OF ACTION

## NATIONAL MARINE SANCTUARIES ACT

31. Answering paragraph 31, COTA repeats and realleges its responses to paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

32. Answering paragraph 32, COTA acknowledges the existence of the provisions of 16 U.S.C. §§ 1436-37 and alleges no interpretation of same at this time.

33. Answering paragraph 33, COTA acknowledges the existence of the provisions of 16 U.S.C. § 1437(d)(3) and alleges no interpretation of same at this time.

34. Answering paragraph 34, COTA acknowledges the existence of the provisions of 16 U.S.C. § 14367(e)(1) and alleges no interpretation of same at this time.

35. Answering paragraph 35, COTA denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

## OIL POLLUTION ACT OF 1990

36. Answering paragraph 36, COTA repeats and realleges its responses to paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

37. Answering paragraph 37, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

38. Answering paragraph 38, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

39. Answering paragraph 39, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

40. Answering paragraph 40, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

41. Answering paragraph 41, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

42. Answering paragraph 42, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

### THIRD CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

43. Answering paragraph 43, COTA repeats and realleges its responses to paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

44. Answering paragraph 44, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

45. Answering paragraph 45, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

46. Answering paragraph 46, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

### FOURTH CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

47. Answering paragraph 47, COTA repeats and realleges its responses to paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

48. Answering paragraph 48, COTA neither admits nor denies the allegations of this paragraph, which allegations are not pled against him.

## FIFTH CAUSE OF ACTION
## PARK SYSTEM RESOURCE PROTECTION ACT

49. Answering paragraph 49, COTA repeats and realleges its responses to paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

50. Answering paragraph, 50 COTA acknowledges the existence of the provisions of 16 U.S.C. §19jj-1(a) and alleges no interpretation of same at this time.

51. Answering paragraph 51, COTA acknowledges the existence of the provisions of 16 U.S.C. §19jj-1(b) and alleges no interpretation of same at this time.

52. Answering paragraph 52, COTA denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Asserting the following affirmative defenses does not constitute a waiver of COTA's Fifth Amendment privileges as afforded by the United States Constitution and his right of privacy. COTA alleges these affirmative defenses on information and belief unless otherwise expressly stated. COTA reserves his right to subsequently allege additional affirmative defenses as facts supporting same become known.

## FIRST AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION
## PLED AGAINST JOHN COTA
(Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to state a cause of action upon which relief may be granted as against COTA.

## SECOND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION
## PLED AGAINST JOHN COTA
(Lack of Subject Matter Jurisdiction)

There is no subject matter jurisdiction for, the United States has failed to comply with the Oil Pollution Act of 1990's (OPA) mandatory claims presentation requirements and thus failed to exhaust its administrative remedies.

### THIRD AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION
### PLED AGAINST JOHN COTA

(Third Party Liability)

The damages, if any, for which Plaintiffs seek recovery, were caused in whole or in part by the tortious or otherwise wrongful actions or failures to act of third parties, and to the extent so caused, COTA has no liability therefor.

### FOURTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION
### PLED AGAINST JOHN COTA

(Comparative Fault)

Plaintiffs failed to take measures which would have prevented, or diminished, the damages complained of by its Complaint. Therefore, Plaintiffs' recovery, if any, should be diminished to the extent that such damages were proximately caused or contributed to by the negligence or other legal fault of the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION
### PLED AGAINST JOHN COTA

(Proximate Cause)

COTA's conduct was not the cause in fact or the proximate cause of any of the losses alleged in the complaint.

### SIXTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION
### PLED AGAINST JOHN COTA

(Apportionment of Damages)

COTA denies that he is legally responsible or liable in any way for any of the injuries, damages or losses alleged in the Complaint but states that if found liable or responsible for any of these alleged injuries, damages, losses, then his liability and responsibility, if any, is not the sole proximate cause of the injuries and/or damages and that the damages awarded to Plaintiffs, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities who contributed to and/or caused the alleged injuries, damages or losses.

**SEVENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION PLED AGAINST JOHN COTA**

(Parallel Proceedings)

The action should be dismissed, or at least stayed, pending the resolution of criminal proceedings contemplated by Plaintiff USA if and to the extent such brought against Defendant COTA.

**EIGHTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION PLED AGAINST JOHN COTA**

(Strict Liability is not Applicable)

COTA was not an "operator" or "responsible party" for purposes of strict liability and strict liability is not an applicable basis upon which to find COTA liable.

**NINTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION PLED AGAINST JOHN COTA**

(Strict Liability is Unconstitutional)

Strict liability for the acts and omissions alleged in the complaint is unconstitutional pursuant to the United States Constitution and the Constitution of the State of California because strict liability imposes liability on an individual citizen without regard to fault and is thereby a violation of the citizen's procedural and substantive right to due process of law.

**TENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION PLED AGAINST JOHN COTA**

(Statutory Indemnity)

Pursuant to Cal. Harbor & Navigation Code §1198, COTA is not a proper party to this action and any liability of COTA is the sole, full and complete obligation of the vessel upon which he was employed at relevant times.

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION PLED AGAINST JOHN COTA

(Commercial Documents)

COTA claims the benefit of the terms and conditions of all bills of lading, tariffs, contracts and other commercial documents covering the subject pilotage and the rights and privileges afforded to COTA as a San Francisco Bar Pilot thereunder.

## TWELVTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION PLED AGAINST JOHN COTA

(Failure to Mitigate)

Plaintiff has failed to mitigate its damages.

**WHEREFORE**, COTA prays judgment be entered as follows:

1. That Plaintiff takes nothing by way of its Complaint;
2. That a dismissal as to this answering Defendant be entered;
2. For costs of suit herein;
3. For attorney's fees; and,
4. For other and further relief as may be deemed just and proper.

Dated: March 14, 2008

COPPENRATH & ASSOCIATES

By: Walter G. Coppenrath, Jr.
Attorneys for Defendant,
JOHN COTA