JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH, II, CASB No. 143694
joe.walsh@kyl.com
JOHN C. COX, CASB NO. 197687
john.cox@kyl.com
DAVID TONG, CASB NO. 238971
david.tong@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for:
REGAL STONE, LTD. and FLEET MANAGEMENT, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE, LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Case No. C 07 06045 (SC)<br><br>**DECLARATION OF K. TIM PERKINS IN SUPPORT OF REGAL STONE, LTD. AND FLEET MANAGEMENT, LTD.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS [FRCP 12(b)(1)]**<br><br>Date: April 25, 2008<br>Time: 10:00 a.m.<br>Dept.: 1<br>(The Honorable Samuel Conti) |

I, K. Tim Perkins, declare as follows:

1. I am the Chief Executive Officer of O'Brien Oil Pollution Service, Inc. I have

personal knowledge of the matters set forth in this Declaration, and if called to testify, I could and would competently testify to those matters.

2. O'Brien Oil Pollution Service, Inc. assists its clients in responding to a marine oil spill by providing a Qualified Individual and Spill Management Team. During a response, O'Brien Oil Pollution Service, Inc. employs the National Incident Management System ("NIMS") to provide required response functions, consistent with the U.S. National Response Plan and Area Contingency Plans.

3. On November 7, 2007, the COSCO BUSAN discharged approximately 53,000 gallons of bunker fuel into San Francisco bay. Defendants immediately took responsibility for the oil spill cleanup and accepted responsibility for settling claims for damages. The Defendants' initial response included activating O'Brien Oil Pollution Service, Inc. as the Qualified Individual to act as Defendants' Responsible Party Incident Commander, and also, to provide a Spill Management team. O'Brien Oil Pollution Service, Inc. managed the spill response on behalf of Defendants including activation and hiring of contractors to clean up the spill.

4. Defendants have received invoices to date in excess of $40,122,883.84 associated with the spill response and cleanup. O'Brien Oil Pollution Service, Inc. has submitted those invoices to Hudson Marine Management Services for processing and payment. Defendants have cooperated and participated within the Unified Command System to respond to the spill. Defendants continue to pay the costs for the clean up of the oil.

5. On November 8, 2007, the day following the incident, the California Department of Fish and Game Office of Spill Prevention and Response designated REGAL STONE, LTD. as the Responsible Party pursuant to California Government Code Section 8670.51.1(a)(1). On November 9, 2007, the United States Coast Guard issued a similar designation and notice pursuant to the Oil Pollution Act of 1990 ("OPA"). True and correct copies of those designations are attached hereto as Exhibit "A." Both notices required the Responsible Party to widely advertise the manner in

which claims arising from the incident would be accepted and paid. Defendants have not contested these notices of designation.

6. In my eighteen years of experience in the oil spill response industry I know that it is rarely clear in the days after a spill whether the Responsible Party has a defense to OPA liability, or the right to limit that liability, the Coast Guard, as a matter of practice, always designates the vessel owner and/or operator from which a discharge occurs as the Responsible Party, and directs the Responsible Party to respond and clean up the spill.

7. It is the normal and customary practice following an OPA incident for the United States Coast Guard to present invoices for its own response costs to the Responsible Party for payment, through the National Pollution Funds Center ("NPFC"). The NPFC issues such invoices to the Responsible Party, and attaches detailed cost documentation to these invoices. A redacted copy of an invoice we received on behalf of the Responsible Party in another unrelated oil spill, for exemplary purposes only, is attached hereto as Exhibit "B".

Executed this 21 day of March 2008, at BREA, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
K. Tim Perkins

DECLARATION OF K. TIM PERKINS ISO REGAL STONE, LTD. AND FLEET MANAGEMENT, LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS [FRCP 12(B)(1)]– Case No. C 07 06045 (SC)

Office of Spill Prevention and Response
1700 K Street Suite 250
Sacramento, California 95814
(916)445-9338

# CALIFORNIA DEPARTMENT OF FISH AND GAME
# OFFICE OF SPILL PREVENTION AND RESPONSE
# DESIGNATION OF RESPONSIBLE PARTY

The Administrator of the California Department of Fish and Game's Office of Spill Prevention and Response finds that:

Regal Stone Limited has discharged or threatens to discharge oil into marine waters of the State, at San Francisco Bay, on November 7, 2007.

Regal Stone Limited, is hereby designated as the responsible party pursuant to Government Code section 8670.51.1(a)(1). If you fail to challenge this designation, you shall widely advertise the manner in which you will accept and pay claims arising from this incident. If you challenge this designation, the Administrator will advertise the manner in which he shall accept, process and pay claims, however, the responsible party in that instance will be responsible for all costs incurred by the administrator, including interest, and appropriate penalties pursuant to Government Code section 8670.51.1(a)(2).

Date: November 8, 2007

_____
William Leland, Deputy Administrator
Office of Spill Prevention and Response

EXHIBIT A



**U.S. Department of Homeland Security**

**United States Coast Guard**

Director
National Pollution Funds Center

4200 Wilson Boulevard Suite 1000
Arlington, Virginia 22203-1874
Staff Symbol: Cm
Phone: (202) 493-6887
Toll Free: (800) 358-2897 ext. 36887
Fax: (202) 493-6896

16465
9 November 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED
7006-2760-0003-6207-5595

Regal Stone Limited
c/o O'Brien Oil Pollution Service
Attn: Ms. Deborah Pelsinski or Mr. Chris Gregory
103 Morgan Lane, Suite 103
Plainsboro, NJ 08536-3339

RE: M/V COSCO BUSAN
FPN: A08003

Dear Ms. Pelsinski or Mr. Gregory:

All Owners, Operators, and Insurers of the M/V COSCO BUSAN, and their various representatives, and attorneys:

On 7 November 2007, the M/V COSCO BUSAN allided with the Oakland Bay Bridge, subsequently discharging oil into the bay. The vessel carried, *inter alia*, oil and hazardous substances which either have been discharged and/or pose a substantial threat of discharge into and upon the navigable waters and adjoining shorelines of the United States. The owner & operator, Regal Stone Limited, have assumed financial responsibility for the incident and discharge of oil/substantial threat of a discharge of oil. As a result, the United States Coast Guard, and possibly other authorities, responded to the incident and have incurred substantial costs. On 7 November 2007, the Federal On-Scene Coordinator (FOSC), acting pursuant to his authority under the National Contingency Plan, opened a federal project to respond to this incident.

You are advised that the owner and/or operator's liability to the United States for recovery of its costs and related damages is "strict liability" pursuant to applicable statutes – e.g., the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.* (regarding oil and oil products), and CERCLA, 42 U.S.C. § 9601, *et seq.* (regarding hazardous substances).

Although the Coast Guard assumes that any attorneys with whom you have consulted have already given the following advice to all entities associated with the vessel's owners, operators, and insurers, we nevertheless reiterate the importance of ensuring that all necessary monies are utilized for the purpose of complying with the statutory requirements of OPA, CERCLA, and the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1321, *et seq.*, as amended by OPA. Specifically, the Federal Debt Priority Statute, 31 U.S.C. § 3713, requires that an insolvent entity that owes a debt to the United States must pay its debt to the United States **prior** to disbursing assets to other persons or creditors.[1] This statute also provides that a representative of the debtor (and this can include a corporate officer or director, an

---

[1] "Insolvency" does not require a formal adjudication but includes, *inter alia*, the simple circumstance of the debtor's liabilities exceeding its assets. See, *e.g.*, *Lakeshore Apts., Inc. v. United States*, 351 F.2d 349 (9th Cir. 1965) (interpreting 31 U.S.C. § 191, recodified in relevant part as the present 31 U.S.C. § 3713); *In re Gottheiner*, 3 B.R. 404 (Bankrtcy. N.D. Cal. 1980), *affirmed*, 703 F.2d 1136 (9th Cir. 1983) (same).

16465
9 November 2007

attorney, an accountant, *etc.*) paying any part of a debt to another creditor before paying the claim of the Government becomes **personally** liable to the extent of the unpaid claim of the United States. 31 U.S.C. § 3713(b). Similarly, transfers of the monies to others, including family members and others, can subject the transferees (as well as the transferors) to liability under other federal statutes governing debts owed to the United States, including the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*

We advise all counsel, clients, and other interested parties that they should not pay, transfer, assign, encumber, dispose of, *etc.*, assets of the vessel's owners, operators, charterers, *etc.*, in violation of the foregoing statutes. We further advise that particular attention be paid to assets such as hull insurance proceeds, and particularly that such hull insurance proceeds be used for the purposes of complying with orders of the Coast Guard's Federal On Scene Coordinator and other authorities concerning removal and/or salvage of the vessel, as well as for payment or reimbursement of the costs of removal of all oil, hazardous substances, *etc.*, from the environment. Obviously, if other monies and assets are also being spent to comply with orders of the FOSC and other authorities concerning removal and/or salvage of the vessel and removal of oil, hazardous substances, *etc.*, such expenditures would not be within the scope of this letter and its cautionary advice.

We specifically request that the owner forward this letter to all interested underwriters. In the event that checks have been disbursed in violation of the foregoing statutes, we suggest that stop payments orders be issued immediately to protect the interests of all concerned. To the extent that others have already received assets in violation of the statutes, we further advise that the monies immediately be returned to the appropriate party in order that they may be used to satisfy the requirements of federal law. If you have any questions whatsoever, please do not hesitate to call me. Our goal is to assure that all threats posed by the vessel sinking are mitigated or eliminated. We look forward to working with you to achieving that goal.

Sincerely,

*[signature]*

ROBERT N. HILDEBRAND
U.S. Coast Guard
Case Officer

Copy: The Shipowner's Insurance & Guaranty Company, Limited
SIGCO *(Certified Mail – Return Receipt #7006-2760-0003-6207-5571)*
c/o CT Corporation System
Attn: Service of Process Department
1015 15th Street NW
Washington, DC 2005-2651

**U.S. Department of Homeland Security**

**United States Coast Guard**

Director
National Pollution Funds Center

4200 Wilson Blvd., Suite 1000
Arlington, VA 22203-1804
Staff Symbol: Ca
Phone: 202-493-6883
Toll-Free: 1-800-358-2897 x36883
FAX: 202-493-6937
Email: Neil.C.Bridge@uscg.mil

16480
CA-D Ser 126/07
November 9, 2007

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
7005 2570 0000 1762 7841

Regal Stone Limited
C/O O'brien Oil Pollution Service
ATTN: Deborah Pelsinski/ Chris Gregory
103 Morgan Lane  Suite 103
Plainsboro  NJ 08536-3339

RE: COSCO BUSAN
FPN: A08003

Dear Ms. Pelsinski and Mr. Gregory:

On or about November 7, 2007, the U.S. Coast Guard responded to an oil pollution incident which occurred near the San Francisco Bay. Our records indicate that the Cosco Busan has been identified as the source of the pollution incident. The incident resulted after the Cosco Busan discharged oil into the San Francisco Bay, a navigable water of the United States. Our records indicate that you were the Owner and/or Operator of the vessel or facility at the time of the incident. As such, you may be liable as a responsible party for the resulting removal costs and damages.

Unless they can establish a defense to liability, owners and operators of vessels or facilities that either pose a substantial threat of a discharge of oil or are the source of an oil discharge into navigable waters of the United States are liable for removal costs and damages, as specified in the Oil Pollution Act of 1990 (33 USC 2701 et. seq.).

The Oil Pollution Act of 1990 requires that we formally designate the Cosco Busan as the source of the discharge and notify you that as its Owner and/or Operator, you incur certain legal responsibilities to the U.S. Government and others damaged by this incident. You may be liable for removal costs and damages, as specified in 33 USC 2702, and must advertise the procedures by which persons who have claims for removal costs and damages may submit their claims to you, as specified in 33 USC 2714.

You must publicly advertise this designation and the procedures by which claims may be presented to you. The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement. You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information. Your advertisement must be disseminated in such a manner that all potential claimants are notified. To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas and provide direct notification where individuals have been identified as receiving damages from your spill. You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center. Please note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper or other publication in which the advertisement is run, the geographical area covered by the publication, and how often the advertisement will appear, as appropriate. Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter, otherwise we will assume that you did not comply with these requirements. If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims. If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

Subj: COSCO BUSAN

16480
November 9, 2007

You may deny this designation within 5 days of receipt of this Notice of Designation. Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting documents, and must be submitted to Neil C. Bridge, Claims Manager, at the above address. If you deny this designation, the National Pollution Funds Center will advertise for claims. If we advertise and you are later judged to be responsible for the discharge, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

You may contact the Claims Manager, Neil C. Bridge, at 1-800-358-2897 or 1-800-280-7118, ext. 0 if you have any questions. The FAX number is 202-493-6937.

Sincerely,

*[signature: Neil C. Bridge]*

NEIL C. BRIDGE
U.S. Coast Guard
Claims Manager

Enclosure:  (1) Content of Advertisement
            (2) Sample Advertisement

2

JW MARRIOTT SF          Fax:4153980267          Nov 11 2007  20:28      P. 03

**U.S. Department of Homeland Security**
**United States Coast Guard**

Director
National Pollution Funds Center

4200 Wilson Blvd., Suite 1000
Arlington, VA 22203-1804
Staff Symbol: Cm
Phone: 202-493-6887
Toll-Free: 1-800-358-2897 Ext. 3-6887
FAX: 202-493-6896
Email: robert.n.hildebrand@uscg.mil

16480
November 9, 2007

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
7'006-2760-0003-6207-5601

Regal Stone Limited
c/o O'Brien Oil Pollution Service
Attn: Ms. Deborah Pelsinski or Mr. Chris Gregory
103 Morgan Lane Suite 103
Plainsboro, NJ 08536-3339

RE:  M/V COSCO BUSAN
FPN: A08003

Dear Ms. Pelsinski or Mr. Gregory:

Our records indicate that the M/V COSCO BUSAN has been identified as the source of a pollution incident that occurred on or about November 7, 2007, in San Francisco Harbor, California. The incident resulted after your vessel allided with the Oakland Bay Bridge and subsequently discharged over 50,000 gallons of fuel. Owners and operators of vessels or facilities that either pose a substantial threat of a discharge of oil or are the source of an oil discharge into navigable waters of the United States (unless they can establish a defense to liability) are liable for Federal removal costs and damages as specified in the Oil Pollution Act of 1990 (33 USC 2701 et seq).

The U.S. Coast Guard responded to this incident and incurred costs of approximately $100,000.00 as of the date of this letter. Our records also indicate that you were the owner and/or operator of the vessel or facility at the time of the incident. If so, you may be liable as a responsible party for the resulting removal costs and damages. This is a completely separate process from any fines or penalties that may have resulted from the incident. A copy of this letter is also provided to other potential responsible parties and any OPA guarantor of record as listed at the end of this letter. If you have insurance that covers such pollution costs, you may want to provide a copy of this letter to your insurer.

Please contact me as soon as possible to discuss any of the following:

- If you are not the owner/operator of the vessel/facility
- If you are the owner or operator but believe a third party caused the incident, or are claiming any other defense to liability
- Government costs specific to this incident
- If you believe you do not have the ability to pay
- Payment options
- How and where to send payment

*This is a serious matter and deserves your prompt attention.* If you do not communicate and work with us to resolve the matter, we may forward the case to the Department of Justice for potential litigation. If we determine you have a debt to the United States we may forward any unpaid debt to the Department of Treasury's Debt Management Services (DMS) for collection. DMS charges additional fees for their collection efforts and can withhold income from tax refunds, social security benefits, salaries and retirement benefits of federal employees, and vendor or contractor payments.

JW MARRIOTT SF       Fax:4153980267       Nov 11 2007 20:28    P.04

Subj: M/V COSCO BUSAN

16480
November 7, 2007

I can be reached toll free at 1-800-358-2897 ext. 3-6887. If you write me, please include the Federal Project Number (A02011) on all correspondence to ensure a timely resolution in this matter. Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,

ROBERT N. HILDEBRAND
Case Officer
U.S. Coast Guard

Copy:  The Shipowner's Insurance & Guaranty Company, Limited
       SIGCO *(Certified Mail #7006-2760-0003-6207-5588)*
       c/o CT Corporation System
       Attn: Service of Process Department
       1015 15th Street, NW
       Washington, DC 20005-2651

JW MARRIOTT SF          Fax:4153980267          Nov 11 2007  20:28    P. 05

**U.S. Department of Homeland Security**

**United States Coast Guard**

Director
National Pollution Funds Center

4200 Wilson Blvd., Suite 1000
Arlington, VA 22203-1804
Staff Symbol: Ca
Phone: 202-493-6883
Toll-Free: 1-800-358-2897 x36883
FAX: 202-493-6937
Email: Neil.C.Bridge@uscg.mil

16480
CA-D Ser 126/07
November 9, 2007

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
7005 2570 0000 1762 7841

Regal Stone Limited
C/O O'brien Oil Pollution Service
ATTN: Deborah Pelsinski/ Chris Gregory
103 Morgan Lane  Suite 103
Plainsboro  NJ 08536-3339

RE:  COSCO BUSAN
FPN: A08003

Dear Ms. Pelsinski and Mr. Gregory:

On or about November 7, 2007, the U.S. Coast Guard responded to an oil pollution incident which occurred near the San Francisco Bay. Our records indicate that the Cosco Busan has been identified as the source of the pollution incident. The incident resulted after the Cosco Busan discharged oil into the San Francisco Bay, a navigable water of the United States. Our records indicate that you were the Owner and/or Operator of the vessel or facility at the time of the incident. As such, you may be liable as a responsible party for the resulting removal costs and damages.

Unless they can establish a defense to liability, owners and operators of vessels or facilities that either pose a substantial threat of a discharge of oil or are the source of an oil discharge into navigable waters of the United States are liable for removal costs and damages, as specified in the Oil Pollution Act of 1990 (33 USC 2701 et. seq.).

The Oil Pollution Act of 1990 requires that we formally designate the Cosco Busan as the source of the discharge and notify you that as its Owner and/or Operator, you incur certain legal responsibilities to the U.S. Government and others damaged by this incident. You may be liable for removal costs and damages, as specified in 33 USC 2702, and must advertise the procedures by which persons who have claims for removal costs and damages may submit their claims to you, as specified in 33 USC 2714.

You must publicly advertise this designation and the procedures by which claims may be presented to you. The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement. You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information. Your advertisement must be disseminated in such a manner that all potential claimants are notified. To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas and provide direct notification where individuals have been identified as receiving damages from your spill. You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center. Please note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper or other publication in which the advertisement is run, the geographical area covered by the publication, and how often the advertisement will appear, as appropriate. Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter, otherwise we will assume that you did not comply with these requirements. If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims. If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

Subj: COSCO BUSAN

16480
November 9, 2007

You may deny this designation within 5 days of receipt of this Notice of Designation. Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting documents, and must be submitted to Neil C. Bridge, Claims Manager, at the above address. If you deny this designation, the National Pollution Funds Center will advertise for claims. If we advertise and you are later judged to be responsible for the discharge, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

You may contact the Claims Manager, Neil C. Bridge, at 1-800-358-2897 or 1-800-280-7118, ext. 0 if you have any questions. The FAX number is 202-493-6937.

Sincerely,

*Neil C. Bridge*

NEIL C. BRIDGE
U.S. Coast Guard
Claims Manager

Enclosure:   (1) Content of Advertisement
             (2) Sample Advertisement

## Content of Advertisement

Each advertisement/notification is to contain the following information or to indicate where this information may be contained:

1. Location, date and time of the incident.

2. Geographical area affected.

3. Quantity of oil involved.

4. Name or other description of the designated source.

5. Name of the responsible party (you).

6. Name, address, telephone number, office hours, and workdays of the person or persons to whom claims are to be presented and from whom claim information can be obtained.

7. The procedures by which a claim may be presented, including a statement that indicates that claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

8. Notification that if you deny or do not resolve a claim within 90 days after the date of submission, the claimant may then submit the claim to the National Pollution Funds Center (ca), 4200 Wilson Boulevard, Suite 1000, Arlington, VA 22203-1804, for our consideration. We will then evaluate the claim and take appropriate action.

9. Unless noted below, the advertisement/notification must be in English.

JW MARRIOTT SF        Fax:4153980267              Nov 11 2007 20:29       P. 08

# Sample Advertisement

## PUBLIC NOTICE

In accordance with the Oil Pollution Act of 1990 (33 USC 2714(c)), the Cosco Busan, owned and/or operated by Regal Stone Limited, has been named as the source of a discharge of oil into the San Francisco Bay on or about November 7, 2007. This spill impacted the San Francisco Bay area, and as the Owner and/or Operator of the vessel/facility, [your name] is accepting claims for certain uncompensated damages and removal costs.

Removal costs and damages which may be compensated include removal costs; damage to natural resources; damage to or loss of real or personal property; loss of subsistence use of natural resources; loss of government revenues; loss of profits and earnings capacity; and increased cost of public services.

Claims should be in writing, signed by the claimant, for a specified amount; and should include all evidence to support the damages. Claims presented may include claims for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claims. Claims should be mailed to the following address:

   [Address to which claims should be sent]

Office hours are from 9:00 AM to 5:00 PM EST, Monday through Friday, except holidays. Claimants may call [telephone number for claims] for information.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the National Pollution Funds Center (ca), 4200 Wilson Blvd., Suite 1000, Arlington, VA 22203-1804 for consideration.

U.S. Department of
Homeland Security

United States
Coast Guard

Director
National Pollution Funds Center

4200 Wilson Boulevard Suite 1000
Arlington, Virginia 22203-1874
Staff Symbol: Cm
Phone: (202) 493-6887
Toll Free: (800) 358-2897 ext. 36687
Fax: (202) 493-6895

16465
9 November 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED
7006-2760-0003-6207-5595

Regal Stone Limited
c/o O'Brien Oil Pollution Service
Attn: Ms. Deborah Pelsinski or Mr. Chris Gregory
103 Morgan Lane, Suite 103
Plainsboro, NJ 08536-3339

RE: M/V COSCO BUSAN
FPN: A08003

Dear Ms. Pelsinski or Mr. Gregory:

All Owners, Operators, and Insurers of the M/V COSCO BUSAN, and their various representatives, and attorneys:

On 7 November 2007, the M/V COSCO BUSAN allided with the Oakland Bay Bridge, subsequently discharging oil into the bay. The vessel carried, *inter alia*, oil and hazardous substances which either have been discharged and/or pose a substantial threat of discharge into and upon the navigable waters and adjoining shorelines of the United States. The owner & operator, Regal Stone Limited, have assumed financial responsibility for the incident and discharge of oil/substantial threat of a discharge of oil. As a result, the United States Coast Guard, and possibly other authorities, responded to the incident and have incurred substantial costs. On 7 November 2007, the Federal On-Scene Coordinator (FOSC), acting pursuant to his authority under the National Contingency Plan, opened a federal project to respond to this incident.

You are advised that the owner and/or operator's liability to the United States for recovery of its costs and related damages is "strict liability" pursuant to applicable statutes – *e.g.*, the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.* (regarding oil and oil products), and CERCLA, 42 U.S.C. § 9601, *et seq.* (regarding hazardous substances).

Although the Coast Guard assumes that any attorneys with whom you have consulted have already given the following advice to all entities associated with the vessel's owners, operators, and insurers, we nevertheless reiterate the importance of ensuring that all necessary monies are utilized for the purpose of complying with the statutory requirements of OPA, CERCLA, and the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1321, *et seq.*, as amended by OPA. Specifically, the Federal Debt Priority Statute, 31 U.S.C. § 3713, requires that an insolvent entity that owes a debt to the United States must pay its debt to the United States **prior** to disbursing assets to other persons or creditors.[1] This statute also provides that a representative of the debtor (and this can include a corporate officer or director, an

---

[1] "Insolvency" does not require a formal adjudication but includes, *inter alia*, the simple circumstance of the debtor's liabilities exceeding its assets. See, *e.g.*, *Lakeshore Apts., Inc. v. United States*, 351 F.2d 349 (9th Cir. 1965) (interpreting 31 U.S.C. § 191, recodified in relevant part as the present 31 U.S.C. § 3713); *In re Gottheiner*, 3 B.R. 404 (Bankrtcy. N.D. Cal. 1980), *affirmed*, 703 F.2d 1136 (9th Cir. 1983) (same).

Page 1 of 2

16465
9 November 2007

attorney, an accountant, *etc.*) paying any part of a debt to another creditor before paying the claim of the Government becomes **personally** liable to the extent of the unpaid claim of the United States. 31 U.S.C. § 3713(b). Similarly, transfers of the monies to others, including family members and others, can subject the transferees (as well as the transferors) to liability under other federal statutes governing debts owed to the United States, including the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*

We advise all counsel, clients, and other interested parties that they should not pay, transfer, assign, encumber, dispose of, *etc.*, assets of the vessel's owners, operators, charterers, *etc.*, in violation of the foregoing statutes. We further advise that particular attention be paid to assets such as hull insurance proceeds, and particularly that such hull insurance proceeds be used for the purposes of complying with orders of the Coast Guard's Federal On Scene Coordinator and other authorities concerning removal and/or salvage of the vessel, as well as for payment or reimbursement of the costs of removal of all oil, hazardous substances, *etc.*, from the environment. Obviously, if other monies and assets are also being spent to comply with orders of the FOSC and other authorities concerning removal and/or salvage of the vessel and removal of oil, hazardous substances, *etc.*, such expenditures would not be within the scope of this letter and its cautionary advice.

We specifically request that the owner forward this letter to all interested underwriters. In the event that checks have been disbursed in violation of the foregoing statutes, we suggest that stop payments orders be issued immediately to protect the interests of all concerned. To the extent that others have already received assets in violation of the statutes, we further advise that the monies immediately be returned to the appropriate party in order that they may be used to satisfy the requirements of federal law. If you have any questions whatsoever, please do not hesitate to call me. Our goal is to assure that all threats posed by the vessel sinking are mitigated or eliminated. We look forward to working with you to achieving that goal.

Sincerely,

*Robert Hildebrand* (signature)

ROBERT N. HILDEBRAND
U.S. Coast Guard
Case Officer

Copy: The Shipowner's Insurance & Guaranty Company, Limited
SIGCO *(Certified Mail – Return Receipt #7006-2760-0003-6207-5571)*
c/o CT Corporation System
Attn: Service of Process Department
1015 15th Street NW
Washington, DC 2005-2651

Keep this portion of the statement for your records.    **Return receipt at bottom with payment.**

**NATIONAL POLLUTION FUNDS CENTER**
TAX I.D. NUMBER 52-9980000

Federal Project/Bill Number: ███████
Original Bill Date:  16 October 2003
Date of this Statement (if different):  16 October 2003

.o: ███████████████

c/o Kessal, Young and Logan
1029 W. 3rd Avenue, Suite 650
Anchorage AK 99501

| DESCRIPTION | AMOUNT |
|---|---|
| FPN: ███<br>This is a bill for U.S. Government costs. See second page for list of charges.<br>This bill does not include, among other things, any other removal costs, damages, or any administrative or civil penalty which has been or may be accessed. Interest is charged on balances over 30 days past due. Interest rate is market-based and is subject to change pursuant to OPA §1005, 33 USC 2705; current rate is 1.05% per annum. The terms of this bill are controlling; no other terms affixed to any payment are acceptable. | |
| Principal Due | $229,770.14 |
| Accrued Interest | $0.00 |
| Total Due | $229,770.14 |
| This invoice reflects collections received to date totaling: | $0.00 |

Send Payment To:   U.S. COAST GUARD – Oil Pollution
RE: FPN ███████
P.O. Box 403427
Atlanta, GA 30384-3427

Tear along perforation ...

Federal Project/Bill Number: ███████
Case Officer: ███████

Your billing address (please pen-and-ink any errors or changes):

███████
c/o Kessal, Young and Logan
1029 W. 3rd Avenue, Suite 650
Anchorage AK 99501

Billed on   16 October 2003

Amount Due as of   16 October 2003

$229,770.14

Please send this remittance advice with your payment in the enclosed envelope. Make check payable to **"U.S. Coast Guard"** & write ███████ on the check. To avoid additional late fees, we must receive payment by   15 November 2003

U.S. Coast Guard – Oil Pollution
RE: ███████
P.O. Box 403427
Atlanta, GA 30384-3427

Amount Paid

$ _____



EXHIBIT B

**NATIONAL POLLUTION FUNDS CENTER**

Federal Project/Bill Number: █████  Original Bill Date: 16-OCT-03

Date of this Statement (if different): 16 October 2003

ITEMIZED EXPENSES

| | |
|---|---|
| CG Equipment | $67,529.70 |
| CG Personnel | $81,680.00 |
| Contractor | $2,078.59 |
| Credit Card Purchases(IMPAC) | $3,954.29 |
| PRFA | $9,105.66 |
| PRFA–Contract or Misc Costs | $19,398.30 |
| Purchase Order/Delivery Order | $350.00 |
| TAD/TDY | $45,673.60 |
| Total | $229,770.14 |