1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
3  Torts Branch, Civil Division
   U.S. Department of Justice
4  7-5395 Federal Bldg., Box 36028
   450 Golden Gate Avenue
5  San Francisco, California  94102-3463
   Telephone: (415) 436-6648
6  mike.underhill@usdoj.gov

7  RONALD J. TENPAS
   Assistant Attorney General
8  Environment and Natural Resources Division
   United States Department of Justice
9  Washington D.C. 20530
   BRADLEY R. O'BRIEN
10 Environmental Enforcement Section
   United States Department of Justice
11 301 Howard Street, Suite 1050
   San Francisco, California 94105
12 Telephone: (415) 744-6484; Facsimile: (415) 744-6476
   brad.o'brien@usdoj.gov
13
   Attorneys for Plaintiff
14 United States of America

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17 UNITED STATES OF AMERICA,           )  Civil No. C07-6045 SC
                                        )
18          Plaintiff,                  )  IN ADMIRALTY
                                        )
19          v.                          )
                                        )        FIRST AMENDED
20 M/V COSCO BUSAN, LR/IMO Ship No.     )  VERIFIED COMPLAINT OF
   9231743, her engines, apparel, electronics, tackle, )  THE UNITED STATES
21 boats, appurtenances, *etc.*, *in rem,* REGAL STONE )
   LIMITED, FLEET MANAGEMENT LTD., and  )
22 JOHN COTA, *in personam,*            )
                                        )
23          Defendants.                 )
   _____ )
24

25

26

27

28 FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                    1

1    Plaintiff, the United States of America, alleges upon information and belief as follows:

2    **NATURE OF THE ACTION**

3    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully

4    appears, and within Rule 9(h) of the Federal Rules of Civil Procedure, and, further, is an action

5    brought, *inter alia*, under the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et*

6    *seq.*, the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, and the Park System

7    Resource Protection Act ("PSRPA"), 16 U.S.C. § 19jj, *et seq.*, against Defendants M/V COSCO

8    BUSAN, *in rem*, and REGAL STONE LIMITED ("REGAL STONE"), FLEET MANAGEMENT

9    LTD. ("FLEET MANAGEMENT"), and JOHN COTA, ("COTA"), *in personam*.

10    2.    The United States expressly reserves the right further to amend this First Amended

11    Complaint to, *inter alia*, add additional parties and assert additional claims against such additional

12    parties and the present Defendants herein.

13    **JURISDICTION AND VENUE**

14    3.    The United States is authorized to bring this suit and the Court has jurisdiction

15    pursuant to, *inter alia*, 28 U.S.C. § 1345, 16 U.S.C. §§ 1437 and 1443, 33 U.S.C. §§ 1321 and 2717,

16    and 16 U.S.C. § 19jj-2.

17    4.    Venue is properly in this Court pursuant to, *inter alia*,  28 U.S.C. § 1391 and 1395,

18    16 U.S.C. § 1443, 33 U.S.C. § 2717, and 16 U.S.C. § 19jj-2.

19    **DEFENDANTS**

20    5.    At all times material herein, defendant M/V COSCO BUSAN, LR/IMO Ship No.

21    9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem* (hereafter the

22    "Vessel"), was flagged in Hong Kong is now or during the pendency of this action will be within the

23    navigable waters of this District and within the jurisdiction of this Court.

24    6.    At all times material herein, defendant REGAL STONE, a foreign corporation or

25    entity, presently believed to be headquartered in Hong Kong, had a place of business and/or was

26    doing business within this district and within the jurisdiction of this Court, including, but not limited

27

28    FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                        2

1  to, through operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

2        7.     At all times material herein, REGAL STONE owned the Vessel.

3        8.     At all times material herein, REGAL STONE operated the Vessel.

4        9.     At all times material herein, REGAL STONE managed the Vessel.

5       10.    At all times material herein, REGAL STONE chartered the Vessel.

6       11.    At all times material herein, REGAL STONE controlled the Vessel.

7       12.    At all times material herein, defendant FLEET MANAGEMENT, a foreign

8  corporation or entity, presently believed to be headquartered in the Hong Kong, had a place of

9  business and/or was doing business within this district and within the jurisdiction of this Court,

10  including, but not limited to, through operation of the Vessel at the time of, and with respect to, the

11  matters sued upon herein.

12       13.    At all times material herein, FLEET MANAGEMENT owned the Vessel.

13       14.    At all times material herein, FLEET MANAGEMENT operated the Vessel.

14       15.    At all times material herein, FLEET MANAGEMENT managed the Vessel.

15       16.    At all times material herein, FLEET MANAGEMENT chartered the Vessel.

16       17.    At all times material herein, FLEET MANAGEMENT controlled the Vessel.

17       18.    At all times material herein, defendant COTA was a resident of the State of

18  California and/or had a place of business and/or was doing business within this district and within

19  the jurisdiction of this Court.

20       19.    At all times material herein, defendant COTA was a licensed maritime pilot and,

21  *inter alia,* was licensed to pilot vessels such as the M/V COSCO BUSAN on the waters of San

22  Francisco Bay.

23                 **GENERAL ALLEGATIONS**

24       20.    On the morning of November 7, 2007, defendant COTA boarded the Vessel at its

25  berth at the Port of Oakland, California, in preparation for piloting the Vessel outbound from

26  Oakland, through the waters of San Francisco Bay, across the bar outside the Golden Gate, and

27

28  FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC               3

1    thereafter to the pilot station offshore San Francisco, at which point COTA was to disembark the
2    Vessel and transfer to a pilot boat.  The Vessel thereafter was to continue directly on its voyage to
3    a foreign port of call, believed to be South Korea.

4          21.     On the morning of November 7, 2007, defendant COTA, the Vessel, and her crew
5    departed the Vessel's berth in Oakland and proceeded outbound through the waters of San Francisco
6    Bay.

7          22.     At the time the foregoing voyage commenced, and at all relevant times herein,
8    defendant COTA was on the bridge of the Vessel and serving in the capacity as pilot of the Vessel.

9          23.     At the time the foregoing voyage commenced, and at all relevant times herein,
10   the Vessel's Master and various crew of the Vessel were on the bridge of the Vessel.

11         24.     At or about 0830 hours on November 7, 2007, while on navigable waters of the
12   United States, the Vessel allided with the base and/or fendering system of the "Delta Tower", one
13   of the support towers of the western span of the San Francisco-Oakland Bay Bridge (the "Bay
14   Bridge").

15         25.     The foregoing allision with the Bay Bridge resulted, *inter alia*, in a rupture of the
16   Vessel's tanks, thereby allowing a portion of the Vessel's bunkers to be discharged into navigable
17   waters of the United States and onto adjoining shorelines, including, but not limited to, navigable
18   waters and adjoining shorelines of San Francisco Bay, including its appurtenant waters and
19   tributaries; the Pacific Ocean, including, but not limited to, the Gulf of the Farallones National
20   Marine Sanctuary and the Monterey Bay National Marine Sanctuary; and the navigable waters and
21   adjoining shorelines of units of the National Park System, including, but not limited to, the Golden
22   Gate National Recreation Area, Point Reyes National Seashore, San Francisco Maritime National
23   Historic Park, Rosie the Riveter/World War II Home Front National Historic Park, and other
24   resources subject to the protections of the PSRPA.  The foregoing allision and subsequent discharge
25   of bunkers is hereafter referred to as the "COSCO BUSAN Incident".

26         26.     As a direct and proximate result of the COSCO BUSAN Incident, the United States
27

28   FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC               4

1  has expended and/or sustained, *inter alia*, response costs and damages within the meaning of the
2  NMSA, OPA, and PSRPA and, further, will continue to expend and/or sustain such response costs
3  and damages.

4      27.     The COSCO BUSAN Incident was proximately caused, *inter alia*, by the acts,
5  omissions, strict liability, fault, negligence, and breach of federal safety and operating regulations
6  by the *in rem* and *in personam* Defendants and, as applicable, their agents, servants, employees,
7  crew, and others for whom Defendants were responsible, all within the privity and knowledge of the
8  Defendants.

9      28.     The amount of damages sustained as a result of the COSCO BUSAN Incident
10  presently is not known and shall be established according to proof at the time of trial.

11          **AS AND FOR A FIRST CAUSE OF ACTION AGAINST**
12                  **ALL DEFENDANTS**
13          **(NATIONAL MARINE SANCTUARIES ACT)**

14      29.     Plaintiff, United States of America, refers to and incorporates by reference as though
15  fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

16      30.     Pursuant to the NMSA, any person who destroys and/or causes the loss of and/or
17  injures National Marine Sanctuaries and their resources are strictly liable for, *inter alia*, all damages,
18  response costs, and interest thereon. 16 U.S.C. §§ 1436-37.

19      31.     Pursuant to the NMSA, vessels used to destroy and/or cause the loss of and/or
20  injure National Marine Sanctuaries and their resources are strictly liable *in rem* and are subject to
21  a maritime lien for all response costs, damages, and/or disbursements specified in the NMSA.  16
22  U.S.C. § 1437(d)(3).

23      32.     Pursuant to the NMSA, vessels used to destroy and/or cause the loss of and/or
24  injure National Marine Sanctuaries and their resources are subject to forfeiture to the United States.
25  16 U.S.C. § 1437(e)(1).

26      33.     As a direct and proximate result of the actions set forth in the United States'
27

28  FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                    5

1    Complaint, Defendants are liable to the United States, without limitation, by virtue of the NMSA,

2    16 U.S.C. §§ 1437 and 1443, for all response costs and damages.

3    ## AS AND FOR A SECOND CAUSE OF ACTION AGAINST

4    ## REGAL STONE, AND FLEET MANAGEMENT

5    ## (OIL POLLUTION ACT OF 1990)

6         34.     Plaintiff, United States of America, refers to and incorporates by reference as though

7    fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

8         35.     Defendant REGAL STONE, *inter alia*, is a "responsible party" within the meaning

9    of OPA.

10        36.     Defendant FLEET MANAGEMENT, *inter alia*, is a "responsible party" within the

11   meaning of OPA.

12        37.     Pursuant to OPA, 33 U.S.C. § 2706(b), the federal government designates officials

13   to act as trustees for natural resources.

14        38.     "Natural resources," as that term is defined in OPA, 33 U.S.C. § 2701(20), held in

15   trust by Federal trustees, have been injured, destroyed, or lost as the result of the Defendants'

16   discharge of oil into navigable waters, within the meaning of 33 U.S.C. § 2702(b)(2).

17        39.     Pursuant to OPA, 33 U.S.C. § 2702(a) and (b), each responsible party for a vessel

18   from which oil is discharged, or which poses the substantial threat of discharge, into or upon the

19   navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is

20   strictly liable for all response costs, damages, and/or disbursements specified in the Act, including,

21   but not limited to, damages for injuries to natural resources.

22        40.     Under the circumstances herein, Defendants REGAL STONE and FLEET

23   MANAGEMENT are liable to the United States of America, without limitation, for all the aforesaid

24   response costs, damages, and/or disbursements sustained by the United States of America as a result

25   of the COSCO BUSAN Incident.

26   //

27

28   FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC           6

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST

## REGAL STONE, AND FLEET MANAGEMENT

## (OIL POLLUTION ACT OF 1990)

41.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

42.    Pursuant to OPA, 33 U.S.C. §§ 2712(f) and 2715, the National Pollution Funds Center ("Fund"), on behalf of the Oil Spill Liability Trust Fund, shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

43.    As a result of the COSCO BUSAN Incident, the Fund may incur costs, damages and/or disbursements by reason of claims for removal costs and damages brought against it under OPA, 33 U.S.C. § 2713.

44.    Pursuant to OPA, Defendants REGAL STONE and FLEET MANAGEMENT are liable to the United States of America, without limitation, for all such costs, damages, and/or disbursements which may be sustained by the Fund.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST

## REGAL STONE AND FLEET MANAGEMENT

## (OIL POLLUTION ACT OF 1990)

45.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

46.    Pursuant to OPA, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against Defendants REGAL STONE and FLEET MANAGEMENT that said Defendants are liable for removal costs and damages in any such subsequent action or actions.

//

//

//

FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                                    7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AND AS FOR A FIFTH CAUSE OF ACTION AGAINST

## ALL DEFENDANTS

## (PARK SYSTEM RESOURCE PROTECTION ACT)

47.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

48.    Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(a), any person who destroys, causes the loss of, or injures any park system resource is strictly liable to the United States for response costs and damages resulting from such destruction, loss, or injury.

49.    Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(b), any vessel used to destroy and/or cause the loss of and/or injure any park system resource or any marine or aquatic park resource shall be liable *in rem* to the United States for response costs and damages resulting from such destruction, loss, or injury to the same extent as a person is liable under § 19jj-1(a).  .

50.    As a direct and proximate result of the COSCO BUSAN Incident, Defendants are liable to the United States, without limitation, by virtue of the PSRPA for all response costs and damages specified therein.

## AS AND FOR A SIXTH CAUSE OF ACTION

## AGAINST REGAL STONE AND FLEET MANAGEMENT

## (FEDERAL WATER POLLUTION CONTROL ACT, 33 U.S.C. § 1321(b)(7)).

51.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.  .

52.    Pursuant to 33 U.S.C § 1321(b)(7), REGAL STONE and FLEET MANAGEMENT are subject to a judicially assessed civil penalty.  .

53.    Pursuant to 33 U.S.C § 1321(b)(7), REGAL STONE and FLEET MANAGEMENT are liable to the United States for a judicially assessed civil penalty in an amount to be determined at trial.

//

FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                              8

WHEREFORE, the United States of America prays as follows:

1.      That United States of America be granted judgment against all Defendants pursuant to the First Amended Verified Complaint of the United States herein;

2.      That if Defendants REGAL STONE and FLEET MANAGEMENT cannot be found within this District, then, pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, that all of any such absent Defendants' property of any description, whatsoever, including other vessels or real property, located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due plaintiff herein;

3.      That actual notice of the commencement of this suit, in a manner approved by the Court, be given to the custodian, master or other ranking officer of the Vessel, as may be applicable, and to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the said Vessel;

4.      That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Honorable Court enter an order authorizing a warrant for the arrest of the Vessel, her engines, tackle, appurtenances, etc.;

5.      That a warrant issue for the arrest of the Vessel, her engines, tackle, appurtenances, *etc.*;

6.      That judgment of condemnation and sale be entered against the Vessel, her engines, tackle, appurtenances, *etc.*;

7.      That plaintiff United States of America be declared the holder of a valid preferred maritime lien on the Vessel, *in rem*;

8.      That the Vessel be sold and the proceeds of the Vessel be applied first to any judgments, costs, and expenses of the United States with respect to the Verified Complaint of the United States herein;

9.      In the alternative, that the Vessel, as defined in the NMSA, 16 U.S.C. § 1437(e), be forfeited to the United States;

FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                                    9

1        10.    For such other relief as the Court deems just and proper in the premises.

2    Dated: March 14, 2008.        JEFFREY S. BUCHOLTZ
                              Acting Assistant Attorney General

3

4                                  /s/ R. Michael Underhill
                              R. MICHAEL UNDERHILL

5                                  Attorney In Charge, West Coast Office
                              Torts Branch, Civil Division

6                                  U.S. Department of Justice

7                                  RONALD J. TENPAS
                              Assistant Attorney General

8                                  Environment and Natural Resources Division

9

10                                 /s/ Bradley R. O'Brien
                              BRADLEY R. O'BRIEN

11                                 Environmental Enforcement Section

12                                 Attorneys for Plaintiff United States of America

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                  10

1

<u>VERIFICATION</u>

2

R. Michael Underhill says:

3

I am one of the attorneys for plaintiff, United States of America, herein, and make this

4

verification by authority for and on its behalf; I have read the foregoing First Amended Complaint,

5

know the contents thereof, and from information officially furnished to me believe the same to be

6

true.

7

I verify under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is

8

true and correct.

9

Dated: March 14, 2008.

10

11

12

13                         /s/ R. Michael Underhill

14                         R. MICHAEL UNDERHILL

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                        11