1 | JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
2 | JOSEPH A. WALSH, II, CASB No. 143694
joe.walsh@kyl.com
3 | JOHN C. COX, CASB NO. 197687
john.cox@kyl.com
4 | DAVID TONG, CASB NO. 238971
david.tong@kyl.com
5 | KEESAL, YOUNG & LOGAN
A Professional Corporation
6 | Four Embarcadero Center
Suite 1500
7 | San Francisco, California 94111
Telephone: (415) 398-6000
8 | Facsimile: (415) 981-0136
9 |
10 | Attorneys for Defendants
REGAL STONE, LTD. and FLEET MANAGEMENT, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. C 07 06045 (SC) |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF JOSEPH A.** |
| | ) | **WALSH II IN SUPPORT OF REGAL** |
| vs. | ) | **STONE, LTD. AND FLEET** |
| | ) | **MANAGEMENT, LTD.'S MOTION TO** |
| M/V COSCO BUSAN, LR/IMO Ship. No. | ) | **DISMISS, OR IN THE ALTERNATIVE,** |
| 9231743 her engines, apparel, electronics, | ) | **STAY PROCEEDINGS [FRCP 12(b)(1)]** |
| tackle, boats, appurtenances, etc., *in rem,* | ) | |
| THE SHIPOWNERS' INSURANCE & | ) | **Date:  May 9, 2008** |
| GUARANTY COMPANY LTD., REGAL | ) | **Time:  10:00 A.M.** |
| STONE, LIMITED, FLEET | ) | **Dept.  1 - The Honorable Samuel** |
| MANAGEMENT LTD., and JOHN COTA, | ) | **Conti** |
| *in personam,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, JOSEPH A. WALSH II, declare as follows:

- 1 -

KYL_SF461334

1. I am an attorney at law licensed to practice before this Court and am a member with the law firm of Keesal, Young & Logan, attorneys for Defendants REGAL STONE LIMITED and FLEET MANAGEMENT LTD in the matter entitled *United States of America v. Regal Stone Limited, et al.*, C 07 06045 (SC). I have personal knowledge of the facts set forth below, and, if called upon to testify as a witness, could testify competently thereto.

2. In admiralty and maritime cases, a claimant who may have a maritime lien against a vessel, *in rem*, may seek to arrest the vessel as security for its claims. This process is provided for in the Federal Rules of Civil Procedure, Supplemental Rules For Certain Admiralty and Maritime Claims, Rule E. However, it is not necessary that an actual lawsuit be commenced in order to assert lien rights in support of a demand for security. In fact, as a means to avoid formal arrest of a vessel, it is common practice for Protection and Indemnity underwriters of vessels such as the COSCO BUSAN to issue security in the form a Letter of Undertaking when it is requested by a lien claimant, without first requiring that a lawsuit be filed.

3. In this matter, a lawsuit was first filed by the United States of America on November 30, 2008, and a subsequent demand for security, in lieu of arresting the vessel, was made.

4. Attached hereto as Exhibit "A", is a true and correct copy of a Letter of Undertaking dated December 12, 2007, issued on behalf of the Steamship Mutual Shipowners Association of Bermuda in favor of the United States of America for its *in rem* civil claims relating to the COSCO BUSAN incident in the amount of $79,500,000.00.

5. In the days following the incident, Defendant Regal Stone undertook to, and advised, Federal and California Natural Resource Trustees of its desire to participate and fund the initial phases of their natural resource damage assessment. Attached hereto as Exhibit "B", is a true and correct copy of an initial interim agreement dated November 13, 2007 which obligates Defendant Regal Stone, as the Responsible

KYL_SF461334

DECLARATION OF JOSEPH A. WALSH II ISO REGAL STONE, LTD. AND FLEET MANAGEMENT, LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS [FRCP 12(B)(1)]– Case No. C 07 06045 (SC)

1    Party, to fund the Trustees reasonable assessment costs.  In addition, the Responsible

2    Party initially agreed to and has since pre-funded the United States Department of

3    Interior (DOI) with $100,000.

4        6.    The Responsible Party has subsequently advanced an additional $400,000

5    to DOI upon its request to cover its continuing costs in conducting the current

6    assessment of natural resource injuries.

7        7.    In addition to the advance of funds sent to the Department of the Interior,

8    and consistent with terms of the November 13, 2007 Agreement the Responsible Party is

9    now reviewing cost documentation submitted by that federal agency, and is also

10   reviewing partial cost claim documentation submitted by other Federal and State

11   Trustee Agencies.

12       8.    The November 13, 2007 Agreement is open ended and stands in place until

13   either the Responsible Party withdraws from the agreement or until a more permanent

14   agreement is negotiated and executed.  The Responsible Party is currently in the process

15   of negotiating a more permanent cooperative agreement with the Trustees for assessing

16   injury to natural resources.

17       9.    Keesal, Young & Logan served as counsel of record for Unocal Corp and

18   ERST, Inc. in a lawsuit entitled *Unocal Corp. et. al. v. United States, et. al.*, (filed in the

19   United States District Court for the Central District of California, Western Division,

20   case no. 97-0024 RSWL).  I served as trial counsel in that matter.  In that case, the

21   United States of America challenged whether the United States District Court had

22   subject matter jurisdiction to rule on whether the United States was required to

23   reimburse Unocal for response costs it incurred in responding to a pipeline spill that was

24   subsequently found by a jury to have been caused solely by the negligence of a third

25   party.  The United States took the position that the Oil Pollution Act ("OPA") did not

26   waive the United States sovereign immunity for a claim for reimbursement, and that the

27   United States District Court lacked subject matter jurisdiction to order the United

28   States to reimburse Unocal for those costs.  True and accurate copies of the motion

- 3 -

DECLARATION OF JOSEPH A. WALSH II ISO REGAL STONE, LTD. AND FLEET MANAGEMENT,
LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS [FRCP 12(B)(1)]– Case No. C 07 06045 (SC)

1  papers filed by the United States in the Unocal case are attached as Exhibit "C" to this

2  declaration.

3      10.    The District Court agreed with and granted the United States motion and

4  issued the attached order dismissing Unocal's claims for lack of subject matter

5  jurisdiction.  A true and accurate copy of the Court's order is attached as Exhibit "D."

6      Executed this 21st day of March 2008, at Long Beach, California.  I declare under

7  penalty of perjury under the laws of the United States of America that the foregoing is

8  true and correct.

9

10     /s/_____

11     JOSEPH A. WALSH II

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF461334

DECLARATION OF JOSEPH A. WALSH II ISO REGAL STONE, LTD. AND FLEET MANAGEMENT,
LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS [FRCP 12(B)(1)]– Case No. C 07 06045 (SC)

# EXHIBIT A

LAW OFFICES
# KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. ROCKO*†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR.*†
JODI S. COHEN
PHILIP R. LEMPRIERE*†
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE*
DOUGLAS R. DAVIS*†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
THEODORE H. ADKINSON
JOHN L. BABALA

OF COUNSEL

ROBERT H. LOGAN
RICHARD A. APPELBAUM•
REAR ADMIRAL, U.S.N. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR±
NANCY HARRIS†
FRANCES L. KEELER

400 OCEANGATE
LONG BEACH, CA 90802
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE:
(562) 436-7416
www.kyl.com

ESTHER E. CHO
GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS TILLMAN LANGOWSKI
JOHN D. KIMMERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS

GARRETT R. WYNNE
JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MARK A. WILLIAMS
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN L. LIU
NICOLAS J. VIKSTROM‡
G. HANS SPERLING
SAMANTHA R. SMITH*

* ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
• ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
± REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
≈ SOLICITOR ADMITTED IN ENGLAND, WALES AND NORTHERN
  IRELAND

ALL OTHERS ADMITTED IN CALIFORNIA

December 12, 2007

## VIA HAND DELIVERY

United States of America
c/o R. Michael Underhill
Attorney in Charge, West Coast Office
Torts Branch, Civil Branch
7-5395 Federal Bldg., Box 36028
450 Golden Gate Ave.
San Francisco, CA 94102-3463

Re:   United States of America v. M/V COSCO BUSAN, in rem; et al.
      U.S.D.C. Northern District, Case No. CV-07-6045
      Your Ref:  62-402
      Our File No.:  2418-229

Ladies and Gentlemen:

You have filed the foregoing suit (Case No. 07-CV-06045-SI; hereinafter, the "Civil Suit") seeking, inter alia, the arrest of the M/V COSCO BUSAN (IMO No. 9231743) (hereinafter the "Vessel"), now lying in San Francisco Bay, California, in connection with in rem claims asserted under the National Marine Sanctuaries Act, 16 U.S.C. § 1431, et seq., and the Park System Resource Protection Act, 16 U.S.C. § 19jj, et seq., for civil claims arising from the November 7, 2007 allision of the Vessel with the San Francisco-Oakland Bay Bridge and resulting oil spill (hereinafter the "Incident").

In consideration for your refraining from arresting the Vessel and refraining from further arresting or otherwise attaching or otherwise detaining the Vessel or any other vessel or property of her Owner or any other vessel or property of any company in the same or associated ownership, management or control in connection with civil claims, civil penalties, civil forfeitures, and civil causes of action arising from the Incident (collectively, "Civil Proceedings"), the undersigned Association hereby agrees and undertakes:

EXHIBIT __A__

SAN FRANCISCO OFFICE
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136 • (415) 981-7729

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4239

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

United States of America
c/o R. Michael Underhill
U.S. Department of Justice
December 12, 2007
Page 2

> Re:   United States of America v. M/V COSCO BUSAN, in rem; et al.
>        U.S.D.C. Northern District, Case No. CV-07-6045
>        Your Ref:  62-402
>        Our File No.:  2418-229

  1. To file or cause to be filed an appearance on behalf of the Vessel and a claim to said vessel on behalf of the Owner in the Civil Suit or such Civil Proceedings that you may commence against the Vessel in rem in the United States District Court for the Northern District of California or any other court, seeking in rem civil penalties, in rem civil damages, civil forfeiture or other in rem civil relief allegedly arising out of the Incident irrespective of the Vessel not being in the jurisdiction of the Court at the time (and without raising any defenses as to her absence from said jurisdiction).

  2. In the event a final judgment (after final appeal, if any) be entered in your favor against the Vessel in rem in the United States District Court for the Northern District of California or other court as referenced in paragraph 1 above, then the undersigned Association agrees to pay and satisfy said final unappealable judgment up to and not exceeding Seventy-Nine Million Five Hundred Thousand United States Dollars (US$79,500,000), inclusive of interest and costs, or any lesser amount decreed by the Court or settled between the parties without final judgment being rendered, provided always that such settlement has been made with the undersigned Association's approval.

  3. Upon demand, subject to approval of the Court, cause to be filed a Bond in form and sufficiency of financial surety satisfactory to you or to the Court in the above amount and subject to the same terms and conditions set forth hereinabove, securing your claims in the Civil Proceedings.

  4. In the event the Bond referred to in paragraph 3 is filed then the undersigned Association shall have no further obligation under paragraph 2 above.

  5. This Letter of Undertaking is intended to place you in the same position to the extent herein provided as though an admiralty bond or other form of security in the customary form in the total amount of US$79,500,000, inclusive of interest and costs, otherwise acceptable to the above-entitled Court, had been provided by the Owner of the Vessel in the Civil Suit, to prevent the Vessel from arrest and/or forfeiture.

  It is expressly understood and agreed that this Letter of Undertaking pertaining to the Civil Suit and Civil Proceedings pertains solely and exclusively to

United States of America
c/o R. Michael Underhill
U.S. Department of Justice
December 12, 2007
Page 3

Re:  United States of America v. M/V COSCO BUSAN, in rem; et al.
      U.S.D.C. Northern District, Case No. CV-07-6045
      Your Ref: 62-402
      Our File No.: 2418-229

civil actions and, conversely, does not pertain to and/or affect any alleged or potential in personam criminal actions or criminal penalties or criminal fines (collectively, "Alleged or Potential Criminal Fines and Penalties") which potentially could be asserted by or on behalf of the United States. Accordingly, it is expressly agreed and understood that as a result of this Letter of Undertaking herein, no alleged or potential criminal penalties or criminal fines of the United States are affected, discharged, substituted for, and/or transferred to this Letter of Undertaking.

It is further understood and agreed that the signing of this letter by Keesal Young & Logan is not to be construed as binding Keesal Young & Logan, but is to be binding only upon The Steamship Mutual Underwriting Association (Bermuda) Limited. Neither this agreement nor obligations under it may be assigned without the written agreement of The Steamship Mutual Underwriting Association (Bermuda) Limited.

This letter is written entirely without prejudice to any rights or defenses which the said Vessel and/or Owner of the said Vessel may have, none of which is to be regarded as waived, except such defenses as might be predicated upon the fact that the Vessel was not actually seized.

Yours faithfully,

For: The Steamship Mutual Underwriting
Association (Bermuda) Limited

BY: _____
      John D. Giffin
As Attorney-in-Fact for the above limited
purpose only, as per authority received from
The Steamship Mutual Underwriting
Association (Bermuda) Limited
December 12, 2007)

GRP: (1125098)

**EXHIBIT B**

LAW OFFICES
KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM M. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO*†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM≈
BEAR ADMIRAL U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

JOSEPH A. WALSH II
HERBERT H. RAY, JR.*†
JON S. COHEN
PHILIP R. LEMPRIERE*†
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE*
DOUGLAS R. DAVIS*†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
THEODORE H. ADKINSON
JOHN L. BABALA

SANDOR X. MAYUGA
DAVID W. TAYLOR≈
NANCY HARRISS†
FRANCES L. KEELER

400 OCEANGATE
LONG BEACH, CA 90802
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE:
(562) 436-7416
www.kyl.com

ESTHER E. CHO
GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS TILLMAN LANGOWSKI
JOHN D. KIMMERLEIN‡
EVELYN A. CHRISTENSEN
MARGARET A. DeGOYER
ASHLEY YOUNG ADAMS

GARRETT R. WYNNE
JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MARK A. WILLIAMS
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN L. LIU
NICOLAS J. VIKSTROM†
G. HANS SPERLING
SAMANTHA R. SMITH*

† ADMITTED IN ALASKA
* ADMITTED IN WASHINGTON
≈ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
‡ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
   OF HONG KONG & ADMITTED IN NEW YORK
⋊ SOLICITOR ADMITTED IN ENGLAND, WALES AND NORTHERN
   IRELAND

ALL OTHERS ADMITTED IN CALIFORNIA

November 13, 2007

Charles McKinley
Assistant Field Solicitor
Office of the Solicitor
U.S. Department of the Interior
1111 Jackson Street, Suite 735
Oakland, CA 94607

Katherine Verrue-Slater
Staff Counsel III
Department of Fish and Game
Office of Spill Prevention and Response
1700 K Street #250
Sacramento, CA 95811

Chris Plaisted
NOAA Office of General Counsel
Suite 4470
501 West Ocean Boulevard
Long Beach, CA 90802

Re:    *M/V COSCO BUSAN*- Oil Pollution Act:  Funding for Joint
        Preassessment /Assessment Activities

Dear Counsel:

        This is to confirm that Regal Stone Limited wish to participate with
the Natural Resource Trustees (trustees) in their pre-assessment and assessment of
injuries to natural resources resulting from the oil spill, involving the above-named
vessel, which occurred in San Francisco Bay on November 7, 2007.  In consideration
of the trustees' agreement to allow Regal Stone Limited to participate cooperatively
in these activities, pursuant to the Oil Pollution Act Natural Resource Damages
Regulations, 15 CFR Part 990, Regal Stone Limited hereby agrees to pay the
reasonable costs previously incurred and to be incurred by the Department of the
Interior (including the Fish and Wildlife Service, the National Park Service, the
Bureau of Land Management, the Office of Environmental Policy and Compliance,
and the Office of the Solicitor) (DOI), the California  Department of Fish and Game,
Office of Spill Prevention and Response (CDFG), the California Department of
Parks and Recreation (CDPR), and the National Oceanic and Atmospheric
Administration (NOAA) for such activities.

SAN FRANCISCO OFFICE
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136 - (415) 981-7729

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4239

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

EXHIBIT  B

Charles McKinley
Katherine Verrue-Slater
Chris Plaisted
November 13, 2007
Page 2

Re:   M/V COSCO BUSAN- Oil Pollution Act:  Funding for Joint
Preassessment /Assessment Activities

So as to avoid any potential for violation of the Anti-Deficiency Act, Regal Stone Limited agrees to provide within ten (10) days an initial payment of $100,000 to the Department of the Interior for its costs incurred and to be incurred pursuant to instructions to be provided by DOI to Regal Stone Limited.

The trustees and Regal Stone Limited expect to negotiate and enter into a Cooperative Agreement for further specific, cooperative assessment activities. However, until any such Cooperative Agreement becomes effective, or until Regal Stone Limited provides written notice 15 days in advance, Regal Stone Limited's agreement to pay as contained in this letter shall remain in effect.

For purposes of this Agreement, and unless and until directed otherwise by Regal Stone Limited, all requests for reimbursement for these activities should be provided, along with supporting documentation, to:

Keesal, Young & Logan
400 Oceangate
Long Beach, CA. 90801
Attention:  Joseph A. Walsh II (2418-229)

Very truly yours,

Joseph A. Walsh II
Keesal, Young & Logan
As Attorney in Fact
for Regal Stone Limited

JAW:tw (KYL_LB1119521)

**EXHIBIT C**



**U.S. Department of Justice**

**Environment and Natural Resources Division**

LJG:CLR
DJ # 90-5-1-4-485

_Environmental Defense Section_                    _Washington, DC 20026-3986_

                                           May 21, 1997

**VIA FEDERAL EXPRESS MAIL**
Frank E. Goodroe, Clerk
United States District Court
Central District of California
U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

                RE:  <u>Unocal Corp.,et al. v. United States, et al.,</u>
                     Case No. 97-0024 RSWL(RCx)

Dear Mr. Goodroe:

        Please find enclosed for lodging with the Court an
original and one copy of the proposed ORDER in the above-
captioned case.  I am also enclosing one extra copy of the order
which I would appreciate being date-stamped and returned to me in
the self-addressed envelope provided.

        Thank you very much for your assistance.  Should you
have any questions, please call me at (202) 514-3701.

                        Sincerely,

                        Assistant Attorney General
                        Environment and Natural
                        Resources Division

                By:   _Cherie L. Rogers_

                        Cherie L. Rogers, Attorney
                        Environmental Defense Section

Enclosures

cc: Counsel of Record

EXHIBIT  _C_

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

UNOCAL CORPORATION, UNION OIL )
COMPANY OF CALIFORNIA, and ERST, )
INC., )
                                          )
                    Plaintiffs, )
                                          )
          v. )
                                          )
THE UNITED STATES OF AMERICA, THE )
NATIONAL POLLUTION FUNDS CENTER, )
DANIEL SHEEHAN as the DIRECTOR OF )   Case No. 97-0024 RSWL(RCx)
THE NATIONAL POLLUTION FUNDS )
CENTER, THE SOUTHERN CALIFORNIA )
REGIONAL RAIL AUTHORITY dba )
METROLINK, KRUZE & KRUZE )
CONSTRUCTION & ENGINEERING, INC., )
and ECCO EQUIPMENT CORPORATION, )
                                          )
                    Defendants. )
                                          )
                                          )

### ORDER

AND NOW, this _____ day of _____, 1997, upon

consideration of the United States' Motion to Dismiss Claim for

Monetary Relief and to Stay Proceeding with Regard to the United

States, and the Court being fully advised in the premises, it is

hereby ORDERED AND ADJUDGED that:

1.  Pursuant to Fed. R. Civ. P. 12(b), the United States'

motion to dismiss Plaintiffs' claim seeking monetary relief

against the United States is granted on the grounds that there

has been no waiver of sovereign immunity under the Administrative

Procedure Act, 5 U.S.C. § 702, et seq., which would allow this

Court to award monetary damages, and therefore, subject matter

1    jurisdiction is lacking to award such relief as Plaintiffs have

2    prayed for; and

3        2.    In the interest of judicial economy and for good cause

4    shown, the proceeding against the United States shall be held in

5    abeyance (including the filing of the administrative record)

6    until further order of this Court.

7        IT IS SO ORDERED.

8

9

10                              _____
                                Honorable Ronald S. W. Lew
                                United States District Judge

11

12

13

14

15

16

17

18   Presented by:

19

20   CHERIE L. ROGERS, Trial Attorney
     United States Department of Justice
21   Environment and Natural Resources Div.
     Environmental Defense Section
22   P.O. Box 23986
     Washington, DC 20026-3986
23   Telephone No. (202) 514-3701

24   Attorney for DEFENDANT THE UNITED STATES

25

26

27

28
                                    -2-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the proposed ORDER has been sent by first class mail to the following counsel of record on May 21ˢᵗ, 1997:

WILLIAM H. COLLIER, JR.
JOSEPH A. WALSH II
JOHN M. WHELAN
Keesal, Young & Logan
400 Oceangate
Post Office Box 1730
Long Beach, CA 90801-1730
Telephone No. (310) 436-2000

Attorneys for PLAINTIFFS UNOCAL
CORPORATION, UNION OIL COMPANY
OF CALIFORNIA and ERST, INC.


ALEX JOVANOVICH
Wheatley, Scott, Osaki & Jovanovich
2600 E. Nutwood Avenue
Fullerton, CA 92831
Telephone No. (714) 992-6300

Attorney for DEFENDANTS KRUZE & KRUZE
ENGINEERING, INC. and ECCO EQUIPMENT
CORPORATION

GREGORY M. BERGMAN
ALAN H. MITTELMAN
MICHELE M. GOLDSMITH
Bergman & Wedner, Inc.
10880 Wilshire Blvd.
Suite 900
Los Angeles, CA 90024-4101
Telephone No. (310) 470-6110

Attorneys for DEFENDANT SOUTHERN
CALIFORNIA REGIONAL RAIL AUTHORITY
dba METROLINK

Cherie L. Rogers

3877-12
P

1  LOIS J. SCHIFFER
   Assistant Attorney General
2  Environment and Natural Resources Div.

3  NORA MANELLA
   United States Attorney
4  Central District of California

5  MONICA MILLER
   Assistant United States Attorney
6  Central District of California
   Telephone No. (213) 894-4061
7
   CHERIE L. ROGERS
8  Trial Attorney
   United States Department of Justice
9  Environment and Natural Resources Div.
   Environmental Defense Section
10 P.O. Box 23986
   Washington, DC 20026-3986
11 Telephone No. (202) 514-3701

12 Attorneys for DEFENDANT THE UNITED STATES

13
                IN THE UNITED STATES DISTRICT COURT
14            FOR THE CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
15 _____
                                      )
16 UNOCAL CORPORATION, UNION OIL       )
   COMPANY OF CALIFORNIA, and ERST,    )
17 INC.,                               )
                                      )
18            Plaintiffs,              )
                                      )
19         v.                          )    Case No. 97-0024 RSWL(RCx)
                                      )
20 THE UNITED STATES OF AMERICA, THE   )
   NATIONAL POLLUTION FUNDS CENTER,    )  **UNITED STATES' REPLY**
21 DANIEL SHEEHAN as the DIRECTOR OF   )  **MEMORANDUM IN SUPPORT OF**
   THE NATIONAL POLLUTION FUNDS        )  **MOTION TO DISMISS CLAIM**
22 CENTER, THE SOUTHERN CALIFORNIA     )  **FOR MONETARY RELIEF AND TO**
   REGIONAL RAIL AUTHORITY dba         )  **STAY PROCEEDING WITH REGARD**
23 METROLINK, KRUZE & KRUZE            )  **TO THE UNITED STATES**
   CONSTRUCTION & ENGINEERING, INC.,   )
24 and ECCO EQUIPMENT CORPORATION,     )
                                      )  Date: May 19, 1997
25            Defendants.              )  Time: 10:00 a.m.
                                      )  Courtroom: No. 21
26 _____)

27

28

1
**INTRODUCTION**

2      The United States, the National Pollution Funds Center

3 ("NPFC"), and Daniel Sheehan, Director of the National Pollution

4 Funds Center (hereinafter referred to jointly as the "United

5 States") submit this reply memorandum in further support of their

6 motion to dismiss Unocal's claim for monetary relief and to stay

7 this proceeding with regard to the United States.  As explained

8 below, Unocal's opposition to the United States' motion (Pls.

9 Opp.) misconstrues the procedural context of the United States'

10 motion, relevant statute and regulations, and case law

11 interpreting and applying the Oil Pollution Act ("OPA").  For the

12 reasons described in the United States' initial memorandum, and

13 herein, the Court should dismiss Unocal's claim for monetary

14 relief against the United States and grant the requested stay.

15
**ARGUMENT**

16 I.   **UNOCAL HAS FAILED TO ESTABLISH THAT THE COURT HAS SUBJECT**
     **MATTER JURISDICTION OVER ITS CLAIM FOR MONETARY RELIEF**
17     **AGAINST THE UNITED STATES**

18      As demonstrated in our initial memorandum, this Court lacks

19 jurisdiction over Unocal's monetary claim because there has been

20 no waiver of sovereign immunity.  Unocal contends that because

21 its claim against the United States is for restitution, the

22 United States has waived its sovereign immunity and, therefore,

23 the Court must have jurisdiction.  (Pls. Opp. at 4-5).  However,

24 this argument is without merit.

25      Unocal relies on <u>International Marine Carriers v. Oil Spill</u>

26 <u>Liab. Trust Fund</u>, 903 F. Supp. 1097 (S.D. Tex. 1994), to support

27 an argument that the Administrative Procedure Act ("APA") waives

28

1  sovereign immunity for those suits seeking reimbursement of
2  removal costs under the OPA because such suits are in the form of
3  equitable relief.    However, to the extent the <u>International</u>
4  <u>Marine Carriers</u> decision implies that a court can award monetary
5  relief under the APA, such a conclusion is incorrect.    It is the
6  United States' position that the <u>International Marine Carriers</u>
7  case did not reach that issue and that the decision is
8  essentially dicta, as the court granted summary judgment in favor
9  of the United States on grounds that the NPFC did not act
10 arbitrarily, capriciously, or abuse its discretion in denying
11 plaintiff's claim.    Consequently, the issue of the court actually
12 ordering monetary relief, vice remand to the NPFC for further
13 consideration, was not decided because it was therefore
14 unnecessary.

15      In the instant case, Unocal specifically requests the Court
16 to order the payment of money for removal costs incurred in
17 responding to an oil spill.    While Unocal may characterize such
18 request as an equitable action for restitution, it is clearly a
19 request for monetary relief which is unavailable under the APA.
20 Restitution refers to restoring a party to its status quo prior
21 to the injury.    The status quo prior to the NPFC decision
22 situated Unocal as a responsible party, attempting to establish a
23 defense to liability and entitlement to payment for removal costs
24 under the OPA.    The NPFC determined that Unocal failed to
25 establish such a defense and therefore denied Unocal's claim for
26 removal costs.    Because there has been no decision by the NPFC
27 that Unocal is entitled to payment of removal costs (or that the
28

1  quantum of Unocal's removal costs are allowed under the OPA),

2  Unocal's only remedy is judicial review of the NPFC decision, not

3  the payment of money.[1]/

4        The APA does not confer authority upon the federal courts to

5  order the payment of money to compensate those suffering a legal

6  wrong.  Instead, the APA is intended to protect those injured by

7  agency action by allowing judicial review of an agency's

8  decision.  Section 702 of the APA provides in pertinent part:

9            A person suffering legal wrong because of
             agency action, or adversely affected or
10           aggrieved by agency action within the meaning
             of a relevant statute, is entitled to judicial
11           review thereof.

12  5 U.S.C. § 702.

13        This Court has jurisdiction to review the final agency

14  decision of the NPFC pursuant to 5 U.S.C. §§ 702, 704.  If this

15  Court were to find that the NPFC decision was arbitrary and

16  capricious, the Court has the authority to remand this matter to

17  the NPFC for further consideration.  However, monetary relief may

18  not be awarded by the Court under the APA.

19        Additionally, it is firmly established that an agency of the

20  United States may not be sued eo nomine unless Congress

21  _____

22  [1]/    While it is well settled that a monetary award may be
      equitable in nature where it results from a statutory mandate to
23  pay money, Bowen v. Massachusetts, 487 U.S. 879, 900 (1988), this
      is not the case here.  Unlike Unocal, the state in Bowen brought an
24  action for judicial review under the APA seeking declaratory and
      injunctive relief, not a direct order for the payment of money.  As
25  previously stated, Unocal is seeking an order requiring the Court
      to award the payment of money when there has been no decision by
26  the NPFC that Unocal is entitled to payment under the OPA.  This
      Court is without authority to order such monetary relief.
27

28                                   - 4 -

1  specifically authorizes such suit.  <u>Blackmar v. Guerre</u>, 342 U.S.

2  512, 515 (1925); <u>Midwest Growers Co-op. v. Kirkemo</u>, 533 F.2d 455,

3  465 (9th Cir. 1976); <u>City of Whittier v. U.S. Dep't of Justice</u>,

4  598 F.2d 561, 562 (9th Cir. 1979).  Here, there is no explicit

5  language in the OPA which waives sovereign immunity for suits

6  against the Director of the NPFC and the NPFC itself.

7       Accordingly, because sovereign immunity has not been waived,

8  this Court lacks subject matter jurisdiction.

9  **II.   THE UNITED STATES' REQUESTED STAY OF JUDICIAL REVIEW OF**
   **THE NPFC DECISION IS CONSISTENT WITH THE OPA**

10

11      In its opposition, Unocal makes a plea to the Court to

    review the merits of the NPFC decision before adjudicating
12
    Unocal's claims against the private defendants.  Unocal asserts
13
    that this "will both serve the interests of judicial economy and
14
    comply with the intent of Congress."  Pls. Opp. at 6.
15
        To the contrary, judicial review of the NPFC decision while
16
    litigation between Unocal and the private defendants is pending
17
    is clearly in direct conflict with the statutory provisions and
18
    intent of the OPA.
19
        The Oil Pollution Act of 1990, 33 U.S.C. § 2701 <u>et seq.</u>,
20
    imposes strict liability on responsible parties for removal costs
21
    and damages resulting from the discharge of oil into navigable
22
    waters of the United States.  33 U.S.C. § 2702(a).  A responsible
23
    party is defined as any owner or operator of a facility, which
24
    includes any equipment or device used for exploring or drilling
25
    for oil.  33 U.S.C. §§ 2701(9), 2701(32).
26
        Under the OPA, a responsible party may avoid liability for
27

28
                                    - 5 -

1 removal costs and damages if it can prove that the discharge of

2 oil into or upon navigable waters was the sole fault of a third

3 party, and that it exercised due care and took precautions to

4 guard against the foreseeable actions of a negligent third party.

5 33 U.S.C. § 2703(a)(3).  Where a responsible party can establish

6 such a defense, it may submit a claim for compensation for such

7 removal costs and damages against the third party as the actual

8 responsible party or the Oil Spill Liability Trust Fund ("Fund").

9 33 U.S.C. §§ 2701(3), 2702(d)(1)(A), 2708, and 2713.

10      Thus, a "claimant may elect to commence an action in court

11 against the responsible party or guarantor or to present the

12 claim to the Fund."  33 U.S.C. § 2713(c) (emphasis added).

13 Logically, the statute apparently assumes that the election would

14 lead to one or the other, i.e., that, should a plaintiff

15 determine that a lawsuit is preferable given the facts and

16 potential recoverable damages, to a claim against the Fund, only

17 the lawsuit would be filed.  That is not the case here, as Unocal

18 filed a claim against the Fund, and then subsequently elected to

19 file a lawsuit against the putative responsible parties.

20 Nevertheless, the law also recognizes that possibility, for the

21 OPA bars the payment of claims against the Fund where there is

22 "an action by the person in court to recover costs which are the

23 subject of the claim."  33 U.S.C. § 2713(b)(2); 33 C.F.R. §

24 136.103(d).

25      Unocal then cannot contend that this explicit limitation on

26 the NPFC's ability to approve or certify a claim while litigation

27 involving the same claim is pending is inconsistent with the

28

1  intent of Congress, or that this frustrates Unocal's right to

2  recoup.   As explained in our initial memorandum, the requested

3  stay in the instant case is predicated on this statutory

4  provision.   Contrary to Unocal's assertions, the requested stay

5  is simply not an attempt to avoid the Court's review of the NPFC

6  decision, but is the result compelled by the statute.   Unocal has

7  voluntarily elected to seek removal costs and damages, as well as

8  interest and attorney fees, from the potential responsible

9  parties.   Because Unocal has made the election to litigate this

10 matter against potential responsible parties, payment of Unocal's

11 claim for removal costs is statutorily prohibited.   Therefore,

12 the action against the United States becomes essentially "moot"

13 until the elected lawsuit is resolved.

14      As discussed in our initial memorandum, judicial economy is

15 served by first resolving the dispute between Unocal and the

16 private defendants.   Resolution of that lawsuit may also readily

17 resolve any claim Unocal has against the United States.   Even

18 were that not so, Unocal's purported interest in speedy

19 resolution of this case cannot overcome compliance with the

20 explicit statutory and regulatory provisions of the OPA.

21 Accordingly, the United States' motion to stay judicial review of

22 the NPFC decision should be granted.

23                          **CONCLUSION**

24      For the reasons set forth above and in the United States'

25 initial memorandum, the United States respectfully requests that

26 this Court dismiss Unocal's Ninth Cause of Action to the extent

27 it seeks monetary relief against the United States, and stay this

28

                              - 7 -

1  proceeding with regard to any remaining claims against the United

2  States.

3                              Respectfully submitted,

4                              LOIS J. SCHIFFER
                               Assistant Attorney General
5                              Environment and Natural Resources Div.

6                              NORA M. MANELLA
                               United States Attorney
7                              Central District of California

8                              MONICA MILLER
                               Assistant United States Attorney
9                              Central District of California

10

11  DATE: May 8ᵗʰ, 1997        _Cherie L. Rogers_____
                               CHERIE L. ROGERS, Trial Attorney
12                             United States Department of Justice
                               Environment and Natural Resources Div.
13                             Environmental Defense Section

14

15  OF COUNSEL:

16  DEREK A. CAPIZZI, Attorney
    National Pollution Funds Center
17  United States Coast Guard
    4200 Wilson Boulevard, Suite 1000
18  Arlington, VA 22203
    Telephone No. (703) 235-4791
19
    JAMES K. AUGUSTINE, Attorney
20  United States Coast Guard
    Office of Claims and Litigation
21  2100 Second Street, S.W.
    Washington, DC 20593
22  Telephone No. (202) 267-2245

23

24

25

26

27

28

                              - 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIM FOR MONETARY RELIEF AND TO STAY PROCEEDING WITH REGARD TO THE UNITED STATES has been sent by federal express mail to the following counsel of record on May _8ᵗʰ_, 1997:

WILLIAM H. COLLIER, JR.
JOSEPH A. WALSH II
JOHN M. WHELAN
Keesal, Young & Logan
400 Oceangate
Post Office Box 1730
Long Beach, CA 90801-1730
Telephone No. (310) 436-2000

Attorneys for PLAINTIFFS UNOCAL
CORPORATION, UNION OIL COMPANY
OF CALIFORNIA and ERST, INC.

ALEX JOVANOVICH
Wheatley, Scott, Osaki & Jovanovich
2600 E. Nutwood Avenue
Fullerton, CA 92831
Telephone No. (714) 992-6300

Attorney for DEFENDANTS KRUZE & KRUZE
ENGINEERING, INC. and ECCO EQUIPMENT
CORPORATION

GREGORY M. BERGMAN
ALAN H. MITTELMAN
MICHELE M. GOLDSMITH
Bergman & Wedner, Inc.
10880 Wilshire Blvd.
Suite 900
Los Angeles, CA 90024-4101
Telephone No. (310) 470-6110

Attorneys for DEFENDANT SOUTHERN
CALIFORNIA REGIONAL RAIL AUTHORITY
dba METROLINK


_Cherie L. Rogers_
Cherie L. Rogers

(KMR\PLD\420143)

P: 3877-12

1  WILLIAM H. COLLIER, JR. (Bar No. 97491)
   JOSEPH A. WALSH II (Bar No. 143694)
2  JOHN M. WHELAN (Bar No. 174928)
   KEESAL, YOUNG & LOGAN
3  A Professional Corporation
   400 Oceangate
4  Post Office Box 1730
   Long Beach, California 90801-1730
5  Telephone:  (562) 436-2000

6  Attorneys for Plaintiffs UNOCAL CORPORATION,
   UNION OIL COMPANY OF CALIFORNIA and
7  ERST, INC.

FILED
CLERK, U.S. DISTRICT COURT

APR 2 8 1997

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  UNOCAL CORPORATION, UNION OIL          )    No. CV-97-0024 RSWL (RCx)
    COMPANY OF CALIFORNIA and ERST,        )
12  INC.,                                  )    PLAINTIFFS' OPPOSITION TO
                                           )    UNITED STATES' MOTION TO
13                    Plaintiffs,          )    DISMISS CLAIM AND TO STAY
                                           )    PROCEEDINGS
14         vs.                             )
                                           )    Date: May 12, 1997
15  THE UNITED STATES OF AMERICA, THE )    Time: 9:00 a.m.
    NATIONAL POLLUTION FUNDS CENTER,       )    Courtroom: 21
16  DANIEL SHEEHAN as the DIRECTOR OF )
    THE NATIONAL POLLUTION FUNDS           )
17  CENTER, THE SOUTHERN CALIFORNIA        )
    REGIONAL RAIL AUTHORITY dba            )
18  METROLINK, KRUZE & KRUZE               )
    CONSTRUCTION & ENGINEERING,INC.,       )
19  ECCO EQUIPMENT CORPORATION,            )
                                           )
20                    Defendants.          )
                                           )
21  _____       )

22         UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA

23  and ERST, INC. (hereinafter "Unocal") respectfully submit this

24  Memorandum of Law in opposition to the United States' motion to

25  dismiss and motion to stay.

26  ///

27

28  ///

                          -1-

16

(KMR\PLD\4201`3)

I.

**INTRODUCTION**

With respect to the United States' motion to dismiss, Unocal respectfully requests that the Court deny the motion on the ground that the relief which Unocal seeks is equitable in nature. As such, Unocal's claim is not barred by the doctrine of sovereign immunity, despite the United States' arguments to the contrary. The United States has consented to such suits pursuant to the relevant provisions of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* (specifically § 702.)

With respect to the United States' motion to stay, Unocal submits that fairness and judicial economy can only be served by denying the United States' motion and reviewing the National Pollution Funds Center's decision in the context of a motion for summary judgment as soon as practical after the United States produces the administrative record on which the NPFC based its decision.

II.

**LEGAL ARGUMENT**

A.    UNOCAL'S CLAIM AGAINST THE UNITED STATES SEEKING
       EQUITABLE RELIEF IS NOT BARRED BY THE DOCTRINE OF
       SOVEREIGN IMMUNITY.

Unocal has brought a claim against the United States under the Administrative Procedures Act, 33 U.S.C. § 551, *et seq.*, seeking judicial review of the National Pollution Funds Center's

(KMR\PLD\420113)

1  ("NPFC") denial of Unocal's claim for reimbursement of removal

2  costs from the Federal Oil Spill Liability Trust Fund ("OSLTF").[1]

3  The Administrative Procedures Act ("APA") provides, in pertinent

4  part, that an action seeking relief other than <u>money damages</u>

5  shall not be dismissed on the ground that the United States is a

6  defendant.  5 U.S.C. § 702.  This provision of the APA acts as a

7  waiver of the United States' sovereign immunity for suits subject

8  to the section.  <u>Hill v. United States</u>, 571 F.2d 1098, 1102 (9th

9  Cir. 1978); <u>Aminoil USA, Inc. v. California State Water Resources

10  Control Board</u>, 674 F.2d 1227 (9th Cir. 1982).  Unocal seeks relief

11  other than direct money damages from the United States and,

12  therefore, the United States' sovereign immunity does not bar

13  Unocal's claim.

14      Notwithstanding the fact that Unocal seeks monetary

15  <u>relief</u> against the United States, the nature of the relief sought

16  is equitable, not legal.  Unocal does not seek compensatory

17  damages from the United States for an injury which Unocal contends

18  to have suffered as a result of the NPFC's denial of its claim

19  for reimbursement.  Rather, Unocal seeks to enforce the NPFC's

20  statutory mandate to pay money as reimbursement.  It is well

21  settled that such relief is equitable in nature.  <u>Bowen v.

22  Massachusetts</u>, 487 U.S. 879, 900 (1988).

23      Whether the United States' sovereign immunity bars a

24  suit brought under 33 U.S.C. § 702 depends not on whether the

25

26      [1] The OSLTF was established in conjunction with the Oil
    Pollution Act of 1990, 33 U.S.C. § 2701, et seq., to provide a
27  pool of money available for the President to pay, among other
    things, claims for unreimbursed removal costs.  <u>See</u> 33 U.S.C.
28  § 2712.

1   relief sought is monetary or non-monetary but, rather, whether the

2   nature of the relief sought is in the form of restitution or other

3   equitable relief, on the one hand, and money damages, on the other

4   hand.  Bowen, 487 U.S. at 901.  Federal courts routinely award

5   monetary relief to plaintiffs bringing APA claims against the

6   United States whenever the relief sought is equitable in nature;

7   see DeVargas v. Mason & Hanger-Silas Mason Company, Inc., 911 F.2d

8   1377 (10th Cir. 1990), cert. denied, 498 U.S. 1074 (1991)

9   (plaintiff's suit to collect back pay held equitable in nature

10  and not barred by United States' sovereign immunity); National

11  Association of Counties v. Baker, 842 F.2d 369 (D.C. Cir. 1988),

12  cert. denied, 488 U.S. 1005 (1989) (local government's suit for

13  release of trust fund monies not claimed for money damages within

14  meaning of APA).

15          At least one district court has already ruled that

16  reimbursement of OPA removal costs from the OSLTF constitutes

17  restitution, not damages.  International Marine Carriers v. Oil

18  Spill Liability Trust Fund, 903 F. Supp. 1097, 1102 (S.D. Tex.

19  1994).  Plaintiff IMC sought judicial review of the NPFC's denial

20  of IMC's claim for reimbursement of removal costs.  As the United

21  States has done here, the United States moved to dismiss on the

22  ground that IMC's suit was barred by the doctrine of sovereign

23  immunity.  The district court denied the United States' motion to

24  dismiss, ruling instead that the APA's waiver of sovereign immuni-

25  ty applied to IMC's suit since the monetary relief which IMC

26  sought was in the form of equitable relief.  Id. at 1103.  As the

27  United States is aware, no published decision contradicts Inter-

28  national Marine Carrier's classification of reimbursement of OPA

-4-

(KMR\PLD\420??3)

1  removal costs as equitable relief.

2      A close analogy to the type of relief sought by Unocal
3  is found in the cost recovery actions under Section 107 of the
4  Comprehensive Environmental Response, Compensation, and Liability
5  Act ("CERCLA"), 42 U.S.C. § 9607.  The courts recognize CERCLA
6  recovery actions as equitable claims.  See United States v.
7  Northeastern Pharmaceutical, 810 F.2d 726, 749 (8th Cir. 1986),
8  cert. denied, 484 U.S. 848 (1987); United States v. Northern Aire
9  Plating Company, 685 F. Supp. 1410, 1413 (W.D. Mich. 1988),
10 affirmed sub nom; United States v. R.W. Meyer, Inc., 889 F.2d 1497
11 (6th Cir. 1989), cert. denied, 494 U.S. 1057 (1990); GN Industries
12 of Michigan, Inc. v. Forstmann-Little, 800 F. Supp. 695, 698
13 (S.D. Ind. 1991).

14      Inasmuch as Unocal's action against the United States
15 seeks equitable relief, the APA's waiver of sovereign immunity
16 applies to Unocal's suit for judicial review.  On this ground, the
17 United States' motion to dismiss should be denied.

18

19      B.    LEGISLATIVE INTENT AND THE INTERESTS OF JUDICIAL
20            ECONOMY AND FUNDAMENTAL FAIRNESS WILL BE SERVED BY
21            DENYING THE UNITED STATES' MOTION TO STAY.

22      Unocal submitted a claim to the NPFC to recover removal
23 costs which it incurred as the result of an oil spill which
24 occurred in February 1995 when a Metrolink contractor struck and
25 punctured a Unocal oil pipeline.

26      Unocal contends that its claim to the NPFC, and the
27 evidence which Unocal submitted in support of its claim, clearly
28 demonstrated that Unocal was entitled to reimbursement from the

-5-

1  OSLTF.  Unocal contends that the NPFC improperly denied its claim,

2  in that the NPFC failed to adequately investigate Unocal's claim

3  and the cause of the spill, failed to properly apply relevant

4  legal principles as required by the relevant statute and APA.

5  Moreover, the NPFC considered inaccurate and insufficient informa-

6  tion supplied by Metrolink's attorney which should not have been

7  considered, inasmuch as the information was not only inaccurate,

8  but it met no accepted evidentiary standard of credibility.

9       Unocal now seeks the Court's review of the NPFC's

10  decision pursuant to the Administrative Procedures Act.  33 U.S.C.

11  § 551 *et seq*.  Unocal respectfully requests that the Court ad-

12  dress this claim first, before hearing Unocal's claims against

13  Metrolink, Kruze & Kruze Construction & Engineering, Inc. and Ecco

14  Equipment Corporation (the "private defendants").  Granting the

15  United States' motion to stay and adjudicating Unocal's claim

16  against the private defendants will reward the NPFC for its

17  failure to comply with its responsibility to properly consider

18  Unocal's claim.  Such a ruling may encourage the NPFC to deny

19  similar claims in the future.

20       Addressing Unocal's claim against the United States

21  first will both serve the interests of judicial economy and comply

22  with the intent of Congress.

23

24       1.   The OPA '90 Statutory Scheme.

25       Seeking to improve upon "a fragmented collection of

26  federal and state laws providing inadequate cleanup and damages

27  remedies" for oil spills, Congress passed the Oil Pollution Act of

28  1990 ("OPA"), 33 U.S.C. § 2701, et seq.  *See* 1990 U.S. Code Cong.

1 & Admin. News 722, 723.  Consistent with this goal, OPA estab-

2 lished procedures pursuant to which persons who had suffered

3 economic injury as the result of an oil spill could gain reim-

4 bursement for their losses from certain funds available in the Oil

5 Spill Liability Trust Fund ("OSLTF").  33 U.S.C. § 2713.

6       OPA specifically provides access to the OSLTF to owners

7 of underground oil pipelines, so long as the pipeline owner

8 demonstrates to the NPFC, by a preponderance of the evidence,

9 that the discharge was caused by the acts or omissions of a third

10 party.  See 33 U.S.C. §§ 2703, 2708, 2713.  Congress did not

11 condition access to such relief on the amount claimed, the

12 claimant's wealth or its participation in the oil industry.

13       The legislative history of OPA casts significant light

14 on the purpose of the OSLTF and OPA's claims procedures:

15           The Fund is to provide compensation for

16       damage claims _fully and promptly_.  While the

17       Fund must require some evidence of loss and

18       the establishment of a causal connection with

19       oil pollution, _it should not routinely contest_

20       _or delay the settlement of damage claims_.  The

21       Fund will sometimes be providing compensation

22       where there is little chance of subrogation

23       against the discharger.  Even so, _litigation_

24       _or lengthy adjudicatory proceedings over lia-_

25       _bility, defenses, or the propriety of claims_

26       _should be reserved for subrogation actions_

27       _against dischargers_.

28 1990 U.S. Code Cong. & Admin. News 722, 732 (emphasis added).

-7-

1    Clearly, Congress found that the navigable waters of the
2  United States would be most effectively protected with a statutory
3  scheme that provided *prompt* reimbursement of removal costs and
4  other damages to parties who suffered damages from an oil spill,
5  but were not responsible for the spill.  Such a scheme encourages
6  members of the oil and transportation industries to respond
7  promptly to oil spills for the purpose of protecting the environ-
8  ment, even in cases where the oil industry member did not cause
9  the spill, because the oil company can count on the prompt reim-
10 bursement of removal costs without resort to litigation, as OPA
11 guarantees.

12    The United States' motion to stay asks the Court to
13 force Unocal to litigate the underlying action against the parties
14 allegedly responsible for the spill first, before the Court
15 determines whether the NPFC properly administered Unocal's claim.
16 This request, if granted, would completely turn the statutory
17 scheme on its head.  As Congress intended, the litigation of the
18 underlying facts should be left for the United States to pursue in
19 a subrogation action against the dischargers.  Unocal, having
20 submitted a valid claim to the NPFC, is entitled to prompt and
21 full compensation from the OSLTF, without resort to litigation.

22

23    2.    Staying the Court's Review of the NPFC's
24          Decision Will Undermine Judicial Economy and
25          Frustrate the Intent of Congress.

26    Judicial economy, fundamental fairness and the intent of
27 Congress can only be served if this Court first reviews the NPFC's
28 denial of Unocal's claim before the underlying facts are litigated

-8-

(KMR\PLD\420?``)

between Unocal and the private defendants.  Congress intended that the NPFC, not this Court, adjudicate Unocal's claim for removal costs.  Unocal contends that the administrative record clearly supports its claim that the NPFC inadequately and improperly did so.

This lawsuit can be most expeditiously resolved after hearing Unocal's motion for summary judgment which Unocal intends to file promptly following the United States' production of the administrative record.  If the Court grants Unocal's motion and orders the NPFC to reimburse Unocal, Unocal's claims against the private defendants need not be litigated at all.  Furthermore, since the administrative record cannot be supplemented with discovery, the Court's early review of the NPFC's decision may obviate the need for any discovery as between Unocal and the private defendants.

The United States wants to delay the Court's review of the NPFC decision with the hope that such a review will eventually be unnecessary.  While a delay may serve the interests of the United States, it will not serve the interests of this Court, Unocal or the private defendants.  Only the United States' inter-ests will be served by staying judicial review of the NPFC's decision.  This Court will be required to commit its scarce resources to litigate claims that the Congress entrusted to the NPFC to resolve.  The private defendants will be forced to endure the time and expense of preparing for trial.  And Unocal will be required to prosecute a lengthy, expensive trial to recover its removal costs and other damages despite a statutory framework adopted specifically to relieve claimants in Unocal's shoes from

(KMR\PLD\4201)

1    being forced to travel such an arduous, expensive path.

2

3                                    III.

4                              **CONCLUSION**

5

6            For the foregoing reasons, Unocal respectfully requests

7    that the Court deny the United States' motion to dismiss and

8    motion to stay.

9

10                                    Respectfully submitted,

11

12   Dated: April 2⅙, 1997    _____
                                     WILLIAM H. COLLIER, JR.
13                                   JOSEPH A. WALSH II
                                     JOHN M. WHELAN
14                                   KEESAL, YOUNG & LOGAN
                                     Attorneys for Plaintiffs UNOCAL
15                                   CORPORATION, UNION OIL COMPANY OF
                                     CALIFORNIA and ERST, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -10-

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

      On April 28, 1997, I served the foregoing document described as OPPOSITION TO UNITED STATES' MOTION TO DISMISS CLAIM FOR MONETARY RELIEF AND TO STAY PROCEEDING WITH REGARD TO THE UNITED STATES on the parties in this action by placing a true copy thereof enclosed in a sealed envelopes addressed as indicated on the attached service list.

      I deposited such envelope(s) in the mail at Long Beach, California.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

      Executed on April 28, 1997, at Long Beach, California.

      Pursuant to the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

JANICE JACO

(JAJ\FORM\403776)

## SERVICE LIST

**Counsel for Kruze & Kruze Engineering, Inc. and Ecco Equipment Corp.:**
Alex Jovanovich, Esq.
WHEATLEY, SCOTT, OSAKI &
  JOVANOVICH
2600 E. Nutwood Avenue
Fullerton CA 92831
Tel:  714.992.6300

**Counsel for Southern California Regional Rail Authority dba Metrolink:**
Gregory M. Bergman, Esq.
BERGMAN & WEDNER, INC.
10880 Wilshire Blvd.
Suite 900
Los Angeles, CA 90024-4101
Tel:  310.470.6110

**Counsel for Federal Defendants:**

Cherie Rogers, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel:  202.514.3701

**Co-Counsel for Defendant The United States:**

Monica Miller, Esq.
Assistant United States Attorney
Central District of California
300 N. Los Angeles Street, Room 7516
Los Angeles, CA 90012

## PROOF OF SERVICE BY TELECOPIER

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

      On April 28, 1997, I served the foregoing document described as OPPOSITION TO UNITED STATES' MOTION TO DISMISS CLAIM FOR MONETARY RELIEF AND TO STAY PROCEEDING WITH REGARD TO THE UNITED STATES on the parties in this action by faxing a true copy thereof as follows:

    Cherie Rogers, Esq.
    U.S. Department of Justice
    Environment and Natural
    Resources Division
    Environmental Defense
    Section
    P.O. Box 23986
    Washington, D.C. 20026-3986
    Fax:  202.514.2584

      Executed on April 28, 1997, at Long Beach, California.

      Pursuant to the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                   _____
JANICE JACO

## PROOF OF PERSONAL SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

On April 28, 1997, I personally served the foregoing document described as OPPOSITION TO UNITED STATES' MOTION TO DISMISS CLAIM FOR MONETARY RELIEF AND TO STAY PROCEEDING WITH REGARD TO THE UNITED STATES on the parties in this action as follows:

Monica Miller, Esq.
Assistant U.S. Attorney
Central District of California
300 N. Los Angeles Street
Room 7516
Los Angeles, CA 90012

Executed on April 28, 1997 at Long Beach, California.

Pursuant to the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

CHRISTOPHER J. BIBY

LAW OFFICES

# KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
TELECOPIER:
(562) 436-7416
TELEX:
KEESAL LGB 656460

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
ROBERT H. LOGAN
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
ROBERT D. FEIGHNER
PHILIP A. McLEOD
NEAL S. ROBB
BEN SUTER
STEPHEN C. CLIFFORD
E. SCOTT DOUGLAS
SHANNON L. McDOUGALD+
WILLIAM E. McDONNELL, JR.
MICHAEL A. THURMAN
DAWN M. SCHOCK
TIMOTHY N. WILL
ALBERT E. PEACOCK III§
CAMERON STOUT
JOHN R. LOFTUS
DAVID M. BARTHOLOMEW
ROBERT J. STEMLER
LISA M. BERTAIN

JANET M. SIMMONS
ROBERT J. BOCKO†
MICHELE R. PRON
ROBERT A. BLECHER
MICHAEL L. ARMITAGE
ROBERT B. ERICSON
ELIZABETH P. BEAZLEY
PAUL J. SCHUMACHER
BRIAN L. ZAGON
DOUGLAS R. DAVIS*
ELIZABETH A. KENDRICK
JOHN A. TREPTOWS
SUSAN WRIGHT MASON*
JON W. ZINKE*
LINDA A. LOFTUS
ERIC R. SWETT
GREGORY E. COPELAND
JOSEPH A. WALSH II
MICHAEL C. LICOSATI
JODI S. COHEN
MARK W. NELSON
PHILIP R. LEMPRIERE♦
LESLIE M. SULLIVAN
HERBERT H. RAY, JR.*
E. SCOTT PALMER
JILL E. OLOFSON

JULIE L. TAYLOR
LISA K. DONAHUE
STACEY MYERS GARRETT
MICHAEL A. SITZMAN
GORDON C. YOUNG
WILLIAM J. BRIDGEN
GREGORY A. BOSS
RICHARD W. SMRL
PAUL I. HAMADA
ELIZABETH H. LINDH
LAUREN SARA FORBES
PETER J. MORGAN III
JEFFREY S. SIMON
KELLY A. MOYNIHAN
ALISSA B. JANES
DANIEL J. FINNERTY
GABRIELLE L. WALKER
THADDEUS I. PAUL+

CRAIG E. HOLDEN
ESTHER S. KIM
KIMBERLY WONG
JOHN M. WHELAN
LAUREN N. SCHWAKE
TERESA S. MACK
CHRISTINE A. MILLER
ELIZABETH C. CRANDALL
D. SHANE BRUN
DENA L. MURPHY
KATHLEEN N. HIROSE
SARAH TONG SANGMEISTER
TED P. ANGUS
SHANNON S. WAGONER
ADYM W. RYGMYR
PAMELA J. REEDER
MICHAEL W. BIARD
JILANA L. MILLER

♦ ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
* ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
♠ ADMITTED IN DISTRICT OF COLUMBIA AND FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
OF HONG KONG AND ADMITTED IN NEW YORK STATE
ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL
MICHAEL H. WOODELL*                RICHARD A. APPELBAUM♠
REESE H. TAYLOR, JR.               REAR ADMIRAL, U.S.C.G. (RET.)

## TELECOPIER TRANSMITTAL
### DATE: April 28, 1997

Job No. 14428

**TO:**                Cherie Rogers, Esq.

**TELECOPIER NO.:**    202.514.2584

**FROM:**              John M. Whelan

**TELECOPIER NO.:**    (562) 436-7416  or  (562) 590-8332

**RE:**                Unocal v. The United States
**OUR FILE NO.:**      3877-12

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET):** 15

If there is a problem receiving this transmission, please call Janice Jaco at (562) 436-2000.
Thank you.

**MESSAGE:**

**ORIGINAL MAILED OR NOT MAILED:** mailed

CONFIDENTIALITY NOTICE

"WARNING:            Unauthorized interception of this telephonic communication could be a violation of federal law."

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged.
The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is
strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the
original documents to us.

SAN FRANCISCO OFFICE
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
TELECOPIER:
(415) 981-7729 • (415) 362-8535

ANCHORAGE OFFICE
SIXTH FLOOR
1029 WEST THIRD AVENUE
ANCHORAGE, ALASKA 99501-1954
(907) 279-9696
TELECOPIER: (907) 279-4239

SEATTLE OFFICE
SUITE 2714
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
TELECOPIER: (206) 343-9529

HONG KONG OFFICE
1003 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
TELEX: 65117 NAIAD
CABLE: NAIADSHK HONG KONG
TELECOPIER: (852) 2541-6189

04/28/97  MON 13:33 FAX 310 436 7416          KY&L LB                          ☒001

```
                        *********************
                  ***    TX REPORT     ***
                        *********************


         TRANSMISSION OK

         TX/RX NO            1827
         CONNECTION TEL      ##14428#12025142584#
         SUBADDRESS
         CONNECTION ID       DOJ-EDS
         ST. TIME            04/28 13:28
         USAGE T             04'17
         PGS.                15
         RESULT              OK
```

LAW OFFICES

# KEESAL, YOUNG & LOGAN

A PROFESSIONAL CORPORATION

400 OCEANGATE

P.O. BOX 1730

LONG BEACH, CA 90801-1730

(562) 436-2000

TELECOPIER

(562) 436-7416

TELEX:

KEESAL LGB 656460

SAMUEL A. KEESAL, JR
STEPHEN YOUNG
ROBERT H. LOGAN
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT P. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
ROBERT D. FEIGHNER
PHILIP A. McLEOD
NEAL S. ROBB
BEN SUTER
STEPHEN C. CLIFFORD
E. SCOTT DOUGLAS
SHANNON L. McDOUGALD♦
WILLIAM E. McDONNELL, JR.
MICHAEL A. THURMAN
DAWN M. SCHOCK
TIMOTHY N. WILL
ALBERT R. PEACOCK IIR
CAMERON STOUT
JOHN R. LOFTUS
DAVID M. BARTHOLOMEW
RODNEY J. STEMLER
LISA M. BERTAIN

JANET M. SIMMONS
ROBERT J. BOCKO†
MICHELE K. MION
ROBERT A. H.RICHER
MICHAEL L. ARMITAGE
ROBERT H. ERICSON
ELIZABETH P. BEAZLEY
PAUL J. SCHUMACHER
BRIAN L. ZAGON
DOUGLAS R. DAVIS*
ELIZABETH A. KENDRICK
JOHN A. TREPTOW♦
SUSAN WRIGHT MASON*
JON W. ZINKE*
LINDA A. LOFTUS
ERIC R. SWETT
GREGORY E. COPELAND
JOSEPH A. WALSH II
MICHAEL C. LICCIOTTI
JODI S. COHEN
MARK W. NELSON
PHILIP R. LEMPRIERE♦
LESLIE M. SULLIVAN
HERBERT R. KAY, JR.*
E. SCOTT PALMER
JILL Z. OLOFSON

JULIE L. TAYLOR
LISA K. DONAHUE
STACEY MYERS GARRETT
MICHAEL A. SITZMAN
GORDON C. YOUNG
WILLIAM J. BRIDGEN
GREGORY A. HOPE
RICHARD W. SMIRL
PAUL A. HAMADA
ELIZABETH H. LINDH
LAUREN SAKA FORBES
PETER J. MORGAN III
JEFFREY S. SIMON
KELLY J. MOYNIHAN
ALISSA B. JANES
DANIEL J. FINNERTY
GABRIELLE L. WALKER
THADDEUS I. PAUL*

CRAIG K. HOLDEN
ESTHER S. KIM
KIMBERLY WONG
JOHN M. WHELAN
LAUREN N. SCHWARK
TERESA S. MACK
CHRISTINE A. MILLER
ELIZABETH C. CRANDALL
D. SHANE BRUN
DENA L. MURPHY
KATHLEEN N. HIROSE
SARAH TUNG RANGMEISTER
TED F. ANGUS
SHANNON E. WAGONER
ADYM W. RYGMYR
PAMELA J. KEEDER
MICHAEL W. GIARD
JILANA L. MILLER

* ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
# ADMITTED IN WASHINGTON & CALIFORNIA
& ADMITTED IN ALASKA & CALIFORNIA
♦ ADMITTED IN DISTRICT OF COLUMBIA AND FLORIDA
◦ REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
   OF HONG KONG AND ADMITTED IN NEW YORK STATE
ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL
MICHAEL H. WOODELL*          RICHARD A. APPELBAUM≈
REESE H. TAYLOR, JR.         REAR ADMIRAL, U.S.C.G. (RET.)

## TELECOPIER TRANSMITTAL

### DATE: April 28, 1997

Job No. 14428

**TO:**              Cherie Rogers, Esq.

**TELECOPIER NO.:**   202.514.2584

**FROM:**            John M. Whelan

**TELECOPIER NO.:**   (562) 436-7416  or  (562) 590-8332

**RE:**              Unocal v. The United States

**OUR FILE NO.:**     3877-12

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET):** 15

If there is a problem receiving this transmission, please call Janice Jaco at (562) 436-2000. Thank you.

**MESSAGE:**

**ORIGINAL MAILED OR NOT MAILED:**  mailed



*3877-12*
*P*

**U.S. Department of Justice**

**Environment and Natural Resources Division**

LJG:CLR
DJ # 90-5-1-4-485

─────────────────────────────────────────

*Environmental Defense Section*                    *Washington, DC 20026-3986*

April 18, 1997

**VIA FEDERAL EXPRESS MAIL**
Frank E. Goodroe, Clerk
United States District Court
Central District of California
U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

      RE:  Unocal Corp.,et al. v. United States, et al.,
          Case No. 97-0024 RSWL(RCx)

Dear Mr. Goodroe:

      Please find enclosed for filing in the above-captioned
case an original and one copy of the UNITED STATES' NOTICE,
MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIM FOR
MONETARY RELIEF AND TO STAY PROCEEDING WITH REGARD TO THE UNITED
STATES.  I am also enclosing one extra copy of the notice,
motion, and memorandum which I would appreciate being file-
stamped and returned to me in the self-addressed envelope
provided.

      Thank you very much for your assistance.  Should you
have any questions, please call me at (202) 514-3701.

               Sincerely,

               Assistant Attorney General
               Environment and Natural
               Resources Division

      By:  *Cherie L. Rogers*

               Cherie L. Rogers, Attorney
               Environmental Defense Section

Enclosures

cc: Counsel of Record

*14*

1 | LOIS J. SCHIFFER
Assistant Attorney General
2 | Environment and Natural Resources Div.

3 | NORA MANELLA
United States Attorney
4 | Central District of California

5 | MONICA MILLER
Assistant United States Attorney
6 | Central District of California
Telephone No. (213) 894-4061
7 |
CHERIE L. ROGERS
8 | Trial Attorney
United States Department of Justice
9 | Environment and Natural Resources Div.
Environmental Defense Section
10 | P.O. Box 23986
Washington, DC 20026-3986
11 | Telephone No. (202) 514-3701

12 | Attorneys for DEFENDANT THE UNITED STATES

13 |

14 |

15 |                IN THE UNITED STATES DISTRICT COURT
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
16 |                       WESTERN DIVISION
   | ─────────────────────────────────
17 | UNOCAL CORPORATION, UNION OIL         )
   | COMPANY OF CALIFORNIA, and ERST,      )
18 | INC.,                                 )
   |                                       )
19 |                Plaintiffs,            )
   |                                       )
20 |          v.                           )   Case No. 97-0024 RSWL (RCx)
   |                                       )
21 | THE UNITED STATES OF AMERICA, THE     )   **UNITED STATES' NOTICE**
   | NATIONAL POLLUTION FUNDS CENTER,      )   **OF MOTION, AND MOTION**
22 | DANIEL SHEEHAN as the DIRECTOR OF     )   **TO DISMISS CLAIM FOR**
   | THE NATIONAL POLLUTION FUNDS          )   **MONETARY RELIEF AND TO**
23 | CENTER, THE SOUTHERN CALIFORNIA       )   **STAY PROCEEDING WITH**
   | REGIONAL RAIL AUTHORITY dba           )   **REGARD TO THE UNITED STATES**
24 | METROLINK, KRUZE & KRUZE              )
   | CONSTRUCTION & ENGINEERING, INC.,     )   Date: May 12, 1997
25 | and ECCO EQUIPMENT CORPORATION,       )   Time: 9:00 a.m.
   |                                       )   Courtroom: No. 21
26 |                Defendants.            )
   | ─────────────────────────────────
27 |

28 |

1                              **NOTICE**

2       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE that on May 12, 1997 at 9:00 a.m., or

4  as soon thereafter as the matter can be heard, in the Courtroom

5  of the Honorable Ronald S.W. Lew, Defendants the United States,

6  the National Pollution Funds Center, and Daniel Sheehan,

7  Director of the National Pollution Funds Center (hereinafter

8  referred to as the "United States") will move (i) for dismissal

9  of Plaintiffs' Ninth Cause of Action to the extent Plaintiffs

10 seek a monetary award against the United States; and (ii) for a

11 stay of this proceeding with regard to the United States.

12                              **MOTION**

13      The United States hereby moves this Court for an order

14 dismissing Plaintiffs' Ninth Cause of Action to the extent

15 Plaintiffs seek a monetary award against the United States, and

16 staying this proceeding with regard to the United States.   In

17 support of this motion, the United States relies on the

18 arguments and authorities presented in the accompanying

19 memorandum.

20                         Respectfully submitted,

21                         LOIS J. SCHIFFER
                           Assistant Attorney General
22                         Environment and Natural Resources Div.

23                         NORA M. MANELLA
                           United States Attorney
24                         Central District of California

25                         MONICA MILLER
                           Assistant United States Attorney
26                         Central District of California

27

28

                              - 2 -

1  DATE: April 18th, 1997          _Cherie L. Rogers_
                                   CHERIE L. ROGERS, Trial Attorney
2                                  United States Department of Justice
                                   Environment and Natural Resources Div.
3                                  Environmental Defense Section

4
   OF COUNSEL:
5
   DEREK A. CAPIZZI, Attorney
6  National Pollution Funds Center
   United States Coast Guard
7  4200 Wilson Boulevard, Suite 1000
   Arlington, VA 22203
8  Telephone No. (703) 235-4791

9  JAMES K. AUGUSTINE, Attorney
   United States Coast Guard
10 Office of Claims and Litigation
   2100 Second Street, S.W.
11 Washington, DC 20593
   Telephone No. (202) 267-2245
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  LOIS J. SCHIFFER
   Assistant Attorney General
2  Environment and Natural Resources Div.

3  NORA MANELLA
   United States Attorney
4  Central District of California

5  MONICA MILLER
   Assistant United States Attorney
6  Central District of California
   Telephone No. (213) 894-4061
7
   CHERIE L. ROGERS
8  Trial Attorney
   United States Department of Justice
9  Environment and Natural Resources Div.
   Environmental Defense Section
10 P.O. Box 23986
   Washington, DC 20026-3986
11 Telephone No. (202) 514-3701

12 Attorneys for DEFENDANT THE UNITED STATES

13
                    IN THE UNITED STATES DISTRICT COURT
14                FOR THE CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
15 _____
                                   )
16 UNOCAL CORPORATION, UNION OIL    )
   COMPANY OF CALIFORNIA, and ERST, )
17 INC.,                            )
                                    )
18           Plaintiffs,            )
                                    )
19           v.                     )   Case No. 97-0024 RSWL(RCx)
                                    )
20 THE UNITED STATES OF AMERICA, THE)
   NATIONAL POLLUTION FUNDS CENTER, )   UNITED STATES' MEMORANDUM
21 DANIEL SHEEHAN as the DIRECTOR OF)   IN SUPPORT OF MOTION
   THE NATIONAL POLLUTION FUNDS     )   TO DISMISS CLAIM FOR
22 CENTER, THE SOUTHERN CALIFORNIA  )   MONETARY RELIEF AND TO
   REGIONAL RAIL AUTHORITY dba      )   STAY PROCEEDING WITH REGARD
23 METROLINK, KRUZE & KRUZE         )   TO THE UNITED STATES
   CONSTRUCTION & ENGINEERING, INC.,)
24 and ECCO EQUIPMENT CORPORATION,  )
                                    )   Date: May 12, 1997
25           Defendants.            )   Time: 9:00 a.m.
                                    )   Courtroom: No. 21
26                                  )
   _____)
27

28

1                           **INTRODUCTION**

2        The United States, the National Pollution Funds Center, and

3   Daniel Sheehan, Director of the National Pollution Funds Center

4   (hereinafter referred to jointly as the "United States")

5   respectfully submit this memorandum of law in support of their

6   motion to dismiss Plaintiffs' claim for monetary relief and to

7   stay this proceeding with regard to the United States.

8        Plaintiffs Unocal Corporation, Union Oil Company of

9   California, and ERST, Inc. ("Unocal") allege that they have

10  incurred $4,657,542.40 in removal costs in responding to an oil

11  spill caused solely by the acts or omissions of a third party,

12  who is not an employee or agent of Unocal.  Compl. ¶¶ 15, 54.

13  Unocal filed this action seeking cost recovery from three private

14  defendants.  However, in the Ninth Cause of Action, Unocal seeks

15  to recover these same costs from the United States via a claim

16  under the Administrative Procedure Act ("APA").  Specifically,

17  Unocal challenges the decision of the Coast Guard's National

18  Pollution Funds Center ("NPFC") denying Unocal's claim for

19  removal costs under the Oil Pollution Act of 1990 ("OPA"), and

20  asks this Court to order the United States to reimburse Unocal

21  for all removal costs it has incurred in responding to the oil

22  spill.  Compl. ¶¶ 1, 57.

23       As set forth below, however, this Court does not have

24  subject matter jurisdiction over Unocal's claim for monetary

25  relief.  The APA does not provide a waiver of sovereign immunity

26  for monetary actions against the United States.  Thus, Unocal's

27  claim for monetary relief must be dismissed.

28

1    The United States also asks that this proceeding be stayed

2   as to the United States because Unocal is now seeking to recover

3   its costs from the other private defendants.  Until the claims

4   between Unocal and the other private defendants are resolved, it

5   is unnecessary for the Court to consider Unocal's challenge to

6   the NPFC decision.

7                        **STATEMENT OF FACTS**

8       On or about February 20, 1995, a Caterpillar 983 track

9   loader being utilized by Defendants Southern California Regional

10  Rail Authority dba Metrolink ("Metrolink"), Kruze & Kruze

11  Construction & Engineering, Inc. ("Kruze & Kruze"), and Ecco

12  Equipment Corporation ("Ecco"), struck and ruptured Unocal's

13  pipeline causing an oil spill.  Compl. ¶ 12.  The oil passed

14  through an adjacent storm drain system and into the San Gabriel

15  River, which is a navigable waterway of the United States.

16  Compl. ¶ 13.

17      Unocal responded to the spill and immediately began to clean

18  up and remove the spilled oil, incurring $4,657,542.40 in removal

19  costs.  Compl. ¶¶ 14, 15.  On September 15, 1995, Unocal

20  submitted a claim to Metrolink for reimbursement of removal costs

21  incurred in responding to the oil spill.  However, Metrolink

22  denied the claim.  Compl. ¶ 17.

23      As owner of the pipeline, Unocal then submitted a claim to

24  the NPFC on March 8, 1996 seeking reimbursement of the removal

25  costs it incurred, asserting that it had a defense to liability

26  under the OPA, 33 U.S.C. § 2703, in that the discharge of oil and

27  resulting removal costs were caused solely by the act of a third

28
                                -3-

1    party.    Compl. ¶¶ 18, 56.

2        The NPFC denied Unocal's claim on June 12, 1996.

3    Subsequently, on August 7, 1996, Unocal submitted a written

4    request for reconsideration of the denial, supplemented with

5    additional information.    Compl. ¶¶ 19, 20.    The NPFC denied

6    Unocal's request on October 9, 1996.    Compl. ¶ 21.    On January 2,

7    1997, Unocal filed this action against the operators of the

8    Caterpillar 983 track loader and against the United States.

9                         **STATUTORY BACKGROUND**

10        The Oil Pollution Act of 1990, 33 U.S.C. § 2701 <u>et seq.</u>,

11    established a new oil pollution liability and compensation

12    regime.    The owner of a pipeline, such as Unocal, from which oil

13    is discharged is a responsible party and is strictly liable for

14    removal costs and damages.    33 U.S.C. §§ 2701(32), 2702.    A

15    responsible party may avoid liability under the OPA if that party

16    can prove that the discharge of oil was the sole fault of a third

17    party who is not an employee or agent of the responsible party.

18    33 U.S.C. § 2703(a)(3).    Where a responsible party can establish

19    such a defense, such party may submit a claim for removal costs

20    against the Oil Spill Liability Trust Fund ("Fund").    33 U.S.C.

21    §§ 2708, 2713.    However, the OPA prohibits the approval of any

22    claim against the Fund while litigation involving that same claim

23    is pending in court.    33 U.S.C. § 2713(b)(2).

24                         **STANDARD OF REVIEW**

25        In evaluating a motion to dismiss under the Fed. R. Civ. P.

26    12(b), a court must generally consider the factual allegations in

27    the complaint as true.    <u>Buckey v. County of Los Angeles</u>, 968 F.2d

28                                    -4-

1  791, 794 (9th Cir. 1992); <u>see also</u> <u>Parks Sch. of Business, Inc.</u>

2  <u>v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, in a

3  Rule 12(b)(1) motion, plaintiffs bear the burden of establishing

4  that the allegations as pled give rise to subject matter

5  jurisdiction.  <u>Thornhill Publ'g Co. v. General Tel. & Elec.</u>

6  <u>Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

7  **ARGUMENT**

8  **I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS'
       CLAIM FOR MONETARY RELIEF**

9

10      **A.   The Administrative Procedure Act Does Not Provide
            A Jurisdictional Basis For Unocal's Monetary Claim
            Against The United States.**

11      The United States, as sovereign, is immune from suit except

12  insofar as it waives that immunity and consents to be sued, "and

13  the terms of its consent to be sued in any court define that

14  court's jurisdiction to entertain the suit."  <u>United States v.</u>

15  <u>Sherwood</u>, 312 U.S. 584, 586 (1941); <u>United States v. Mitchell</u>,

16  445 U.S. 535, 538 (1980).  The United States' consent to be sued

17  is "not lightly inferred."  <u>Hillier v. Southern Towing Co.</u>, 714

18  F.2d 714, 723 (7th Cir. 1983).  Any waiver by the United States

19  of its sovereign immunity is subject to whatever constitutional

20  condition and limitations Congress wishes to impose.  <u>Deakyne v.</u>

21  <u>Department of Army Corps of Eng'rs</u>, 701 F.2d 271, 274 n.4 (3d

22  Cir. 1983).  Strict compliance with statutes waiving sovereign

23  immunity is required.  <u>Id.</u>, <u>see also</u> <u>United States v. Sherwood</u>,

24  312 U.S. at 590.  If a plaintiff, in suing the United States,

25  fails to strictly comply with congressionally mandated conditions

26  for applying a waiver of sovereign immunity, the federal courts

27

28
- 5 -

1  have no subject matter jurisdiction to entertain such a lawsuit.

2  United States v. Testan, 424 U.S. 392, 399 (1976); United States

3  v. King, 395 U.S. 1, 4 (1969); McCarty v. United States, 929 F.2d

4  1085, 1087 (5th Cir. 1991); Amella v. United States, 732 F.2d

5  711, 713 (9th Cir. 1984).  A waiver of sovereign immunity "cannot

6  be implied but must be unequivocally expressed."  United States

7  v. King, 395 U.S. at 4; United States v. Mitchell, 445 U.S. at

8  538.  Federal courts, which derive their authority to hear and

9  adjudicate claims from Congress, Neirbo Co. v. Bethlehem

10  Shipbuilding Corp., 308 U.S. 165, 167 (1939), are powerless to

11  entertain cases not within their subject matter jurisdiction.

12  Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1157 (5th

13  Cir. Unit B Mar. 1981).

14      Unocal's only claim against the United States in this matter

15  (i.e., the Ninth Cause of Action) is based on the APA.  Compl. at

16  16.  Section 704 of the APA provides for judicial review of

17  "final agency action."  However, to the extent Unocal seeks

18  monetary damages against the United States, this Court lacks

19  subject matter jurisdiction to hear Unocal's claim because the

20  United States has not waived its sovereign immunity under the

21  APA.[1]/

22      Although section 702 of the APA does provide a waiver of

23

24  [1]/    Likewise, the OPA does not provide a waiver of sovereign

25  immunity.  Nowhere in the OPA has Congress expressly provided for
    a cause of action to be maintained against the Director of the NPFC

26  or the NPFC itself.  Consequently, because there is no unequivocal,

27  express language waiving sovereign immunity against the Director or
    the NPFC, this Court cannot imply such a right to sue.

28

1  sovereign immunity for certain non-monetary suits brought against

2  the United States, 5 U.S.C. § 702, the APA does not waive

3  sovereign immunity for monetary suits.   Bowen v. Massachusetts,

4  487 U.S. 879 (1988); Aquino v. Stone, 768 F. Supp. 529, 532 (E.D.

5  Va. 1991), aff'd 957 F.2d 139 (4th Cir. 1992); Scanwell

6  Laboratories, Inc. v. Thomas, 521 F.2d 941, 948 (D.C. Cir.

7  1975).²/   Thus, since there has been no waiver of sovereign

8  immunity, this Court lacks subject matter jurisdiction over

9  Unocal's monetary claim against the United States.

10  **II.   THIS PROCEEDING SHOULD BE STAYED WITH REGARD TO THE**
    **UNITED STATES UNTIL UNOCAL'S CLAIMS AGAINST THE REMAINING**
11  **DEFENDANTS HAVE BEEN RESOLVED**

12       The APA does provide a basis for Unocal's challenge to the

13  NPFC decision on the ground that the decision was "arbitrary,

14  capricious, an abuse of discretion, or otherwise not in

15  accordance with law."  5 U.S.C. § 706(2)(A).   However, the Court

16  should stay all proceedings with regard to the merits of the NPFC

17  decision because Unocal may recover its costs from the other

18  private defendants, making it unnecessary for the Court to even

19  consider the claim against the United States.

20       In this same action, Unocal has also sued Metrolink, Kruze &

21  Kruze, and Ecco for the same removal costs as those claimed by

22  Unocal against the United States.   Unocal, as the responsible

23

24  ²/   See International Marine Carriers v. The Oil Spill Liab. Trust

25  Fund, 903 F. Supp. 1097, 1101-03 (S.D. Tex. 1994) (where the court
    found that the NPFC decision was reviewable under the APA, 5 U.S.C.

26  § 704, and held that the proper standard of review is the

27  "arbitrary and capricious" standard mandated by 5 U.S.C. § 706).

28

1 party under the OPA, alleges, as a defense to its strict
2 liability, that the discharge of oil and the resulting damages
3 were caused solely by the acts or omissions of Metrolink, Kruze &
4 Kruze, and Ecco.  Accordingly, Unocal seeks recovery from these
5 defendants for removal costs it incurred and will incur in
6 responding to the oil spill.

7　　　Ultimately, the liability among Unocal, Metrolink, Kruze &
8 Kruze, and Ecco should be the primary focus of this Court's
9 attention.  If Unocal is successful in its claims against
10 Metrolink, Kruze & Kruze, and ECCO, Unocal's challenge to the
11 decision of the NPFC will be moot.  On the other hand, if this
12 Court finds that the discharge was not the sole fault of
13 Metrolink, Kruze & Kruze, and/or ECCO, Unocal's claim against the
14 United States will be moot in the absence of a sole fault third-
15 party defense to its strict liability.  33 U.S.C. § 2703(a)(3).

16　　　A stay of the claim against the United States would be
17 consistent with the provisions of the OPA.  Section 2713(b)(2) of
18 the OPA provides that "[n]o claim of a person against the Fund
19 may be approved or certified during the pendency of an action by
20 the person in court to recover costs which are the subject of the
21 claim."  33 U.S.C. § 2713(b)(2).

22　　　In sum, all roads lead to the necessity of resolving the
23 liability between Unocal and the other private defendants before
24 resolution of Unocal's claim against the United States.

25　　　It is well established that "the power to stay proceedings
26 is incidental to the power inherent in every court to control the
27 disposition of the causes on its docket with economy of time and

28

1 effort for itself, for counsel, and for litigants." Landis v.
2 North American Co., 299 U.S. 248, 254 (1936); see also
3 Mediterranean Enter., Inc. v. Ssangyong Corp., 708 F.2d. 1458,
4 1465 (9th Cir. 1983). In the instant case, judicial review of
5 the administrative record is premature and would clearly be a
6 waste of judicial resources at this time. Therefore, in the
7 interest of judicial economy, the United States respectfully
8 requests that Unocal's claim against the United States be stayed
9 until the claims against Metrolink, Kruze & Kruze, and Ecco are
10 fully resolved.

11                          **CONCLUSION**

12      For the reasons set forth above, the United States
13 respectfully requests that this Court dismiss Unocal's Ninth
14 Cause of Action to the extent it seeks monetary relief against
15 the United States, and stay this proceeding with regard to any
16 remaining claims against the United States.

17                          Respectfully submitted,

18                          LOIS J. SCHIFFER
                            Assistant Attorney General
19                          Environment and Natural Resources Div.

20                          NORA M. MANELLA
                            United States Attorney
21                          Central District of California

22                          MONICA MILLER
                            Assistant United States Attorney
23                          Central District of California

24

25 DATE: April 18th, 1997

26                          CHERIE L. ROGERS, Trial Attorney
                            United States Department of Justice
27                          Environment and Natural Resources Div.
                            Environmental Defense Section

28
                              - 9 -

1 | OF COUNSEL:

2 | DEREK A. CAPIZZI, Attorney
National Pollution Funds Center
3 | United States Coast Guard
4200 Wilson Boulevard, Suite 1000
4 | Arlington, VA 22203
Telephone No. (703) 235-4791

5 |

JAMES K. AUGUSTINE, Attorney
6 | United States Coast Guard
Office of Claims and Litigation
7 | 2100 Second Street, S.W.
Washington, DC 20593
8 | Telephone No. (202) 267-2245

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the UNITED STATES' NOTICE, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIM FOR MONETARY RELIEF AND TO STAY PROCEEDING WITH REGARD TO THE UNITED STATES has been sent by federal express mail to the following counsel of record on April 18th, 1997:

WILLIAM H. COLLIER, JR.
JOSEPH A. WALSH II
JOHN M. WHELAN
Keesal, Young & Logan
400 Oceangate
Post Office Box 1730
Long Beach, CA 90801-1730
Telephone No. (310) 436-2000

Attorneys for PLAINTIFFS UNOCAL
CORPORATION, UNION OIL COMPANY
OF CALIFORNIA and ERST, INC.

ALEX JOVANOVICH
Wheatley, Scott, Osaki & Jovanovich
2600 E. Nutwood Avenue
Fullerton, CA 92831
Telephone No. (714) 992-6300

Attorney for DEFENDANTS KRUZE & KRUZE
ENGINEERING, INC. and ECCO EQUIPMENT
CORPORATION

GREGORY M. BERGMAN
ALAN H. MITTELMAN
MICHELE M. GOLDSMITH
Bergman & Wedner, Inc.
10880 Wilshire Blvd.
Suite 900
Los Angeles, CA 90024-4101
Telephone No. (310) 470-6110

Attorneys for DEFENDANT SOUTHERN
CALIFORNIA REGIONAL RAIL AUTHORITY
dba MERTOLINK

Cherie L. Rogers

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA AND ERST, INC.<br><br>               PLAINTIFF(S) | CASE NUMBER<br><br>CV- **97** - **0024** RSWL (RCx) |
| VS.<br>THE UNITED STATES OF AMERICA, THE NATIONAL POLLUTION FUNDS CENTER, DANIEL SHEEHAN as the DIRECTOR OF THE NATIONAL POLLUTION FUNDS CENTER, THE SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY dba MEROLINK, KRUZE & ~~DEFENDANT(S)~~ | S U M M O N S<br>*Non-Federal Defendants* |

KRUZE CONSTRUCTION & ENGINEERING, INC.,
EGCO EQUIPMENT CORPORATION

TO THE ABOVE NAMED DEFENDANT(S), You are hereby summoned and required to file with this court and serve upon

UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA and ERST, INC.

Plaintiff's attorney, whose address is:
WILLIAM H. COLLIER, JR./JOSEPH A. WALSH II/JOHN M. WHELAN
KEESAL, YOUNG & LOGAN
400 Oceangate
P.O. Box 1730
Long Beach, CA 90801-1730

an answer to the complaint which is herewith served upon you within <u>20</u> days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

DATE: _____1/2/97_____

                            CLERK, U.S. DISTRICT COURT

                By_____

                          Deputy Clerk

                    (SEAL OF THE COURT)

S U M M O N S

CV-1A  (1/87)

                                                    CCD-1A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA AND ERST, INC. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV- **97** - **0024** RSWL (RCx) |

VS.

THE UNITED STATES OF AMERICA, THE NATIONAL POLLUTION FUNDS CENTER, DANIEL SHEEHAN as the DIRECTOR OF THE NATIONAL POLLUTION FUNDS CENTER, THE SOUTHERN CALIFORNIA REGIONAL ~~DEFENDANTS(S)~~ RAIL AUTHORITY dba MEROLINK, KRUZE & KRUZE CONSTRUCTION & ENGINEERING, INC., ~~BCCE EQUIPMENT CORPORATION~~

S U M M O N S

*Federal Defendants*

TO THE ABOVE NAMED DEFENDANT(S), You are hereby summoned and required to file with this court and serve upon

UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA and ERST, INC.

Plaintiff's attorney, whose address is:
WILLIAM H. COLLIER, JR./JOSEPH A. WALSH II/JOHN M. WHELAN
KEESAL, YOUNG & LOGAN
400 Oceangate
P.O. Box 1730
Long Beach, CA 90801-1730

an answer to the complaint which is herewith served upon you within *60* days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

DATE: *1/2/97*

CLERK, U.S. DISTRICT COURT

By _____
   Deputy Clerk

(SEAL OF THE COURT)

ORIGINAL

S U M M O N S

CV-1A  (1/87)                                                    CCD-1A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules Governing Duties of Magistrate Judges, the following Magistrate Judge has been designated to hear discovery motions for this case at the discretion of the assigned District Judge:

☐ Robert N. Block (RNBx)                ☐ Arthur Nakazato (ANx)

☑ Rosalyn M. Chapman (RCx)              ☐ Virginia A. Phillips (VAPx)

☐ Elgin Edwards (EEx)                   ☐ Brian Q. Robbins (BQRx)

☐ Charles F. Eick (Ex)                  ☐ Carolyn Turchin (CTx)

☐ R.J. Groh, Jr. (JGx)                  ☐ Andrew J. Wistrich (AJWx)

☐ Stephen J. Hillman (SHx)              ☐ Carla M. Woehrle (CWx)

☐ James W. McMahon (Mcx)

Upon the filing of a discovery motion, the motion will be presented to the United States District Judge for consideration and may thereafter be referred to the Magistrate Judge for hearing and determination.

The Magistrate Judge's initials should be used on all documents filed with the Court so that the case number reads as follows:   97 - 0024 RSWL

CV-_____

NOTE:    A COPY OF THIS NOTICE MUST BE SERVED WITH THE

COMPLAINT ON ALL DEFENDANTS.

## NOTICE TO COUNSEL

**THE COURT HAS DIRECTED THAT THE FOLLOWING RULES BE SPECIFICALLY CALLED TO YOUR ATTENTION.**

      I.      Continuing Obligation to Report Related Cases (Local Rule 4)

      II.     Service of Papers and Process (Local Rule 5)

      III.    Notice of Right to Consent to disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. §636 (c) and General Order 194-G].

## I.  CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 4.3.3 provides: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 4.3.1, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 4.3, be heard by the same judge."

Local Rule 4.2.1. provides: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge." Whenever an action is dismissed before judgment and thereafter the same or essentially the same action is refiled, the latter action shall be assigned to the judge to whom the first action was assigned. It shall be the continuing duty of every attorney or party appearing in such a refiled action promptly to bring the prior action to the attention of the Clerk in writing by so noting on the civil cover sheet or by filing a separate notice of related case.

## II.  SERVICE OF PAPERS AND PROCESS

Local Rule 5.4 provides: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 12 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, as required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA and ERST, INC.

### DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Svreign.Nation
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WILLIAM H. COLLIER, JR./JOSEPH A. WALSH II/JOHN M. WHELAN
KEESAL, YOUNG & LOGAN
400 Oceangate, Long Beach, CA 90802

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Negligence; indemnity; apportionment of fault; indebitatus assumpsit; quantum meruit; breach of oral contract; recovery of oil spill removal costs (33 USC 2702); dec. relief; jud. review (5 USC 702)

### VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Action

97 - 0024

### VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
January 2, 1997

UNITED STATES DISTRICT COURT
CV-71 (07/92)

SIGNATURE OF ATTORNEY OF RECORD
JOSEPH A. WALSH II
(CONTINUED ON REVERSE SIDE)

P3877-12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Fed defendants
3/8/97
Non-Fed defs
1/27/97

10,268,326

| ... COMPANY | CASE NUMBER |
| --- | --- |
| ... | cv- 97 - 0024 RSWL (RCx) |
| ... THE ...ER, ...R OF ...CENTER ...NAL ...KRUZE & ...ING, INC., | SUMMONS |
| | Federal Defendants |

S), You are hereby summoned and required to
e upon
COMPANY OF CALIFORNIA and ERST, INC.

Plaintiff's attorney, whose address is:
WILLIAM H. COLLIER, JR./JOSEPH A. WALSH II/JOHN M. WHELAN
KEESAL, YOUNG & LOGAN
400 Oceangate
P.O. Box 1730
Long Beach, CA 90801-1730

an answer to the complaint which is herewith served upon you
within 60 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

DATE: _1/2/97_

CLERK, U.S. DISTRICT COURT

By_____
Deputy Clerk
BRENT FACILLAS

(SEAL OF THE COURT)

SEAL

ORIGINAL

S U M M O N S

CV-1A   (1/87)                                                                        CCD-1A

SAP\PLD\3984

P 3877-12

1   WILLIAM H. COLLIER, JR. (Bar No. 97491)
    JOSEPH A. WALSH II (Bar No. 143694)
2   JOHN M. WHELAN (Bar No. 174928)
    KEESAL, YOUNG & LOGAN
3   A Professional Corporation
    400 Oceangate
4   Post Office Box 1730
    Long Beach, California 90801-1730
5   Telephone:  (310) 436-2000

6

7   ELLEN A. WHELAN (Bar No. 135279)
    Assistant Counsel/Legal Affairs
8   CALIFORNIA OPERATING SERVICES,
    UNOCAL CORPORATION
9   Hartley Center
    376 South Valencia Avenue
10  Brea, California  92621
    Telephone:  (714) 577-2030

11  Attorneys for UNOCAL CORPORATION,
    UNION OIL COMPANY OF CALIFORNIA and
12  ERST, INC.

13

14              UNITED STATES DISTRICT COURT

15         FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                                  97 - 0024 RSWL (RCx)

17  UNOCAL CORPORATION, UNION OIL   )   No. _____
    COMPANY OF CALIFORNIA and ERST, )
18  INC.,                           )
                                    )   COMPLAINT FOR NEGLIGENCE;
19               Plaintiffs,        )   INDEMNITY; APPORTIONMENT
                                    )   OF FAULT; INDEBITATUS
20          vs.                     )   ASSUMPSIT; QUANTUM
                                    )   MERUIT; BREACH OF ORAL
21  THE UNITED STATES OF AMERICA, THE )  CONTRACT; RECOVERY OF OIL
    NATIONAL POLLUTION FUNDS CENTER, )   SPILL REMOVAL COSTS (33
22  DANIEL SHEEHAN as the DIRECTOR OF )  U.S.C. § 2702);
    THE NATIONAL POLLUTION FUNDS    )   DECLARATORY RELIEF;
23  CENTER, THE SOUTHERN CALIFORNIA )   JUDICIAL REVIEW OF FINAL
    REGIONAL RAIL AUTHORITY dba     )   AGENCY ACTION (5 U.S.C.
24  METROLINK, KRUZE & KRUZE        )   § 702)
    CONSTRUCTION & ENGINEERING,INC., )
25  ECCO EQUIPMENT CORPORATION,     )
                                    )
26               Defendants.        )
    _____ )

27

28

                        -1-

1    UNOCAL CORPORATION and UNION OIL COMPANY OF CALIFORNIA
2    (hereinafter collectively "Unocal") and ERST, INC. (collectively
3    "Unocal/ERST, Inc."), the Plaintiffs herein, file this original
4    complaint, complaining of the UNITED STATES OF AMERICA, THE
5    NATIONAL POLLUTION FUNDS CENTER, DANIEL SHEEHAN as the Director of
6    the NATIONAL POLLUTION FUNDS CENTER, the SOUTHERN CALIFORNIA
7    REGIONAL RAIL AUTHORITY dba METROLINK, KRUZE & KRUZE CONSTRUCTION
8    ENGINEERING, INC., and ECCO EQUIPMENT CORPORATION, for the causes
9    of action herein alleged:

10    1.    This action arises under the Administrative
11    Procedure Act, 5 U.S.C. § 702, the Oil Pollution Act of 1990, 33
12    U.S.C. § 2701 *et. seq.*, and the law of the state of California.
13    The jurisdiction of this court is founded on 28 U.S.C. § 1331 and
14    33 U.S.C. § 2717.   This court also has supplemental jurisdiction,
15    pursuant to 28 U.S.C. § 1367(a), over the state law claims herein
16    alleged inasmuch as the state law claims form part of the same case
17    or controversy and arise from the same operative facts from which
18    the federal claims arise.

19    2.    The United States District Court for the Central
20    District of California is the proper venue for this action pursuant
21    to 33 U.S.C. § 2717(b), in that the discharge of oil which is the
22    subject of this action occurred in the city of Norwalk, California,
23    which lies within this judicial district.

24    3.    Plaintiff UNOCAL CORPORATION is a Delaware corpor-
25    ation with its principal place of business in Los Angeles County.
26    Plaintiff UNION OIL CORPORATION OF CALIFORNIA is a California
27    corporation with its principal place of business in Los Angeles
28    ///

-2-

County.  Plaintiff ERST, Inc. is a Delaware corporation with its
principal place of business in Orange County.

4.    The UNITED STATES OF AMERICA is a sovereign nation.

5.    Defendant NATIONAL POLLUTION FUNDS CENTER (herein-
after "NPFC") is the entity that administers the federal Oil Spill
Liability Trust Fund established pursuant to the Oil Pollution Act
of 1990, 33 U.S.C. § 2701 et.seq., to provide funds for the payment
of claims for reimbursement of oil spill removal costs, among other
things.  The NPFC is an agency of the United States of America,
within the Department of Transportation.

6.    Defendant DANIEL SHEEHAN is, and at all relevant
times herein mentioned was, the Director of the National Pollution
Funds Center.

7.    Defendant SOUTHERN CALIFORNIA REGIONAL RAIL AUTHOR-
ITY dba Metrolink (hereinafter "Metrolink") is, and at all times
herein mentioned was, a California public entity registered with
the State of California Secretary of State's office, doing business
as Metrolink, in the County of Los Angeles, California.

8.    Defendant KRUZE & KRUZE CONSTRUCTION & ENGINEERING,
INC. (hereinafter "Kruze & Kruze") is, and at all times herein
mentioned was, a California corporation doing business in the
County of Los Angeles, California.

9.    Defendant ECCO EQUIPMENT CORPORATION (hereinafter
"Ecco") is, and at all times herein mentioned was, a California
corporation doing business in the County of Los Angeles,
California.

10.    Unocal is informed and believes, and based thereon
alleges, that Metrolink, Kruze & Kruze, and Ecco each was the

-3-

1   agent, joint venturer, an independent contractor or employee, of

2   each other, and in doing the things hereinafter alleged, each was

3   acting within the course and scope of said agency, joint venture,

4   and employment or independent contractor relationship with the

5   advance knowledge, acquiescence, or subsequent ratification of each

6   one of them.

7        11.   In or about February 1995, Metrolink, Kruze & Kruze

8   and Ecco were engaged in the construction of a train station in the

9   city of Norwalk, California.   Unocal owns and operates an under-

10  ground crude oil pipeline which passes beneath a portion of the

11  train station construction site.

12       12.   On or about February 20, 1995, Metrolink, Kruze &

13  Kruze and Ecco were utilizing a Caterpillar 983 track loader to

14  excavate at the train station construction site in the vicinity of

15  Unocal's underground crude oil pipeline, in violation of the

16  California Pipeline Safety Act, California Government Code § 4216,

17  et. seq.[1]   In the course of this excavation, the Caterpillar 983

18  track loader was operated in a negligent and otherwise unsafe and

19  improper manner striking and puncturing Unocal's pipeline and

20  causing the discharge of approximately 1,090 barrels of crude oil.

21       13.   A portion of the oil travelled from the site of the

22  pipeline puncture through the adjacent underground storm drains

23  into the flood control channel system ultimately reaching the San

24  ///

25

26       [1]California's Pipeline Safety Act imposes a duty upon a person
27  excavating in the vicinity of underground oil pipelines and other
    subsurface installations to excavate only with handtools until the
28  exact location of the underground pipeline is ascertained.
    California Government Code § 4216.4(a).

-4-

SAP\PLD\39846

1  Gabriel River, a navigable waterway of the United States, as

2  defined by 33 U.S.C. § 2701(21).

3    14.  Unocal, as owner of the facility from which the oil

4  was discharged, complied with all of its obligations under federal

5  and state law to report the spill to the appropriate federal, state

6  and local authorities and to clean up and remove the spilled oil.

7  In accordance with the National Contingency Plan, Unocal estab-

8  lished an Incident Command System, with the active participation of

9  various federal and state officials, to execute the spill response

10  and activated its Emergency Strike Response Team, "ERST, Inc.," to

11  respond to the spill.

12    15.  On or about February 21, 1995, Metrolink in a

13  meeting attended by representatives of Metrolink, Unocal/ERST, Inc

14  and California Department of Fish and Game, Office of Oil Spill

15  Prevention and Response, agreed to reimburse Unocal/ERST, Inc. for

16  all costs incurred responding to the spill.  In the course of its

17  response, Unocal retained ERST, Inc. to render care, aid and

18  assistance in the removal effort and hired third party clean-up

19  contractors to remove the oil, restore the environment, and reha-

20  bilitate all affected wildlife.  Efforts to restore the environment

21  continue to this day.  Unocal/ERST, Inc. funded, and continues to

22  fund, the extensive clean-up and restoration efforts.  Unocal/ERST,

23  Inc. also made payment to all the clean-up contractors.  As a

24  result of its response, Unocal/ERST, Inc. has incurred removal

25  costs to date of $4,657,542.40.

26    16.  On April 6, 1995, June 16, 1995, and August 17,

27  1995, Unocal/ERST, Inc. demanded full payment from Metrolink for

28  all removal costs incurred as a result of the discharge of oil.

-5-

1  Despite these demands for payment, Defendant Metrolink refused, and

2  continues to refuse, to reimburse Unocal/ERST, Inc. for its removal

3  costs.

4          17.  On September 15, 1995, Unocal/ERST, Inc. formally

5  presented a claim, pursuant to California Government Code § 900 *et*

6  *seq.* to Defendant Metrolink for reimbursement of oil spill response

7  and clean-up expenses by mailing copies of the claim to the secre-

8  tary and clerk of the Board of the Southern California Regional

9  Rail Authority pursuant to California Government Code § 915.  On

10  October 10, 1995, Metrolink informed Unocal/ERST, Inc. by letter

11  that the claim had been denied.

12          18.  On March 8, 1996, Unocal presented a written claim,

13  with substantial supporting evidence, to the NPFC for reimbursement

14  of the removal costs Unocal/ERST, Inc. incurred as a result of the

15  discharge of oil.   Unocal's claim conformed, in all material

16  respects, to the requirements stated in 33 U.S.C. § 2713 and

17  applicable federal regulations.

18          19.  On June 12, 1996, the NPFC, via letter from

19  Mr. J. Abramson, denied Unocal's claim for reimbursement. Unocal's

20  request was denied on the basis that Unocal had failed to demon-

21  strate that the discharge was caused solely by the act or omission

22  of a third party.

23          20.  On August 7, 1996, Unocal submitted to the NPFC a

24  written request for reconsideration of the denial with additional

25  supporting evidence.

26          21.  On October 9, 1996, in a letter written by Mr. D.W.

27  Calkins, Jr., the NPFC denied Unocal's request for reconsideration

28  on the basis that Unocal had failed to demonstrate that the dis-

-6-

1    charge was caused solely by the act of a third party.    The denial

2    constituted final agency action by the NPFC.

3

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(For Negligence Against Metrolink, Kruze & Kruze and Ecco)

7

8        22.    Unocal/ERST, Inc. incorporates by this reference

9    each and all of the allegations contained in Paragraphs 1 through

10   21 of this Complaint as fully as though set forth at length herein.

11       23.    Upon    discovering   Unocal's   crude   oil   pipeline

12   traversing, underground, the location of Metrolink's construction

13   site, and at all times and places mentioned herein, Metrolink,

14   Kruze & Kruze and Ecco owed a general duty of care to Unocal, which

15   duty required that Metrolink, Kruze & Kruze and Ecco exercise

16   reasonable care in their construction activity so as not to cause

17   damage to Unocal's oil pipeline.    Further, pursuant to California

18   Government Code § 4216.4(a), Metrolink, Kruze & Kruze, and Ecco

19   were under a statutorily imposed duty to use hand tools during

20   excavation to determine the exact location of the marked under-

21   ground pipeline.    Metrolink, Kruze & Kruze, and Ecco negligently

22   breached these duties of care by knowingly engaging in an activity

23   which was likely to lead to the unlawful discharge of oil and by

24   negligently excavating and puncturing the pipeline as hereinbefore

25   alleged.

26       24.    Metrolink, Kruze & Kruze and Ecco were under an

27   additional statutory duty, imposed by California Government Code

28   § 8670.25 upon any person who causes or permits oil to be dis-

SAP\PLD\398461

1  charged on the waters of the State of California, to immediately

2  contain, clean up and remove the oil. Metrolink, Kruze & Kruze and

3  Ecco negligently breached this duty by failing to contain, clean up

4  and remove the oil.

5       25.  As a direct and proximate result of the negligence

6  of Metrolink, Kruze & Kruze, and Ecco, Unocal's pipeline was

7  damaged, oil was permitted to enter navigable waters of the United

8  States and state marine waters, and Unocal was obligated to expend

9  substantial time, monies and effort to contain and remove the oil,

10 restore the environment and rehabilitate wildlife affected by the

11 spill as hereinbefore alleged. Unocal/ERST, Inc. has expended

12 substantial effort and money to repair the damage to the pipeline

13 and to clean up the resulting oil spill. Unocal lost 1090 barrels

14 of crude oil as a result of the pipeline puncture. Unocal also

15 lost the use of the pipeline for a period of time while the pipe-

16 line was being repaired.

17      WHEREFORE, Unocal/ERST, Inc. prays judgment against

18 Metrolink, Kruze & Kruze and Ecco, and each of them, as hereinafter

19 set forth.

20

21                    **SECOND CAUSE OF ACTION**

22            (For Equitable Indemnity Against Metrolink,

23                   Kruze & Kruze, and Ecco)

24

25      26.  Unocal/ERST, Inc. incorporates by this reference

26 each and all of the allegations contained in Paragraphs 1 through

27 25 of this Complaint as fully as though set forth at length herein.

28 ///

SAP\PLD\398461

27.   Pursuant to the Federal Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, and California law, Unocal, as owner of the pipeline from which the oil spilled, is strictly liable for the removal costs and damages which resulted from the spill.  As hereinbefore alleged, the spill occurred solely as the result of the negligent acts and omissions of Metrolink, Kruze & Kruze, and Ecco, and these parties should bear the related removal costs which Unocal/ERST, Inc. has paid to date.   Unocal's responsibility is solely of a secondary nature, imposed by statute, based upon the direct and primary acts or misconduct of Metrolink, Kruze & Kruze and Ecco, and each of them, as set forth above, and by reason of the foregoing acts, Unocal is entitled to complete, total or full indemnification from Metrolink, Kruze & Kruze and Ecco, and each of them.

28.   As a direct and foreseeable result of the negligence of Metrolink, Kruze & Kruze, and Ecco, Unocal, as the owner of the pipeline, has been forced to expend substantial efforts and sums of money to respond to the oil spill caused by Metrolink, Kruze & Kruze, and Ecco.   By the acts hereinbefore alleged, Metrolink, Kruze & Kruze, and Ecco, have incurred an obligation to Unocal by reason of their negligence to indemnify Unocal/ERST, Inc. for the costs incurred by Unocal/ERST, Inc. for the oil spill clean up for which Metrolink, Kruze & Kruze, and Ecco are solely responsible.

29.   Metrolink, Kruze & Kruze, and Ecco have failed and refused, and continue to fail and refuse, to reimburse Unocal/ERST, Inc. for the $4,657,542.40 expended by Unocal/ERST, Inc. to remove the spilled oil despite Unocal/ERST, Inc.'s demand for same.

///

1    WHEREFORE, Unocal/ERST, Inc. prays judgment against
2    Metrolink, Kruze & Kruze, and Ecco, and each of them, as
3    hereinafter set forth.

4

5                    **THIRD CAUSE OF ACTION**
6         (For Partial Indemnity and Apportionment of Fault
7             against Metrolink, Kruze & Kruze, and Ecco)

8

9         30.  Unocal/ERST, Inc. incorporates by this reference
10   each and all of the allegations contained in Paragraphs 1 through
11   29 of this Complaint as fully as though set forth at length herein.
12        31.  Unocal/ERST, Inc. alleges that Metrolink, Kruze &
13   Kruze, and Ecco are fully and completely responsible for the
14   removal costs alleged in this Complaint.  However, in the alterna-
15   tive, if recovery is denied to Unocal/ERST, Inc. on its cause of
16   action for indemnity, and if Unocal is found to be in any way
17   negligent or otherwise responsible for any portion of the removal
18   costs, Unocal/ERST, Inc. seeks partial indemnity and apportionment
19   of fault from Metrolink, Kruze & Kruze, and Ecco, and each of them,
20   in accordance with the comparative fault attributable to each of
21   them for causing the removal costs alleged.
22        WHEREFORE, Unocal/ERST, Inc. prays judgment against
23   Metrolink, Kruze & Kruze, and Ecco, and each of them, as herein-
24   after set forth.

25

26   ///

27

28   ///

                              -10-

## FOURTH CAUSE OF ACTION

(For Indebitatus Assumpsit Against

Metrolink, Kruze & Kruze, and Ecco)

32. Unocal/ERST, Inc. incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 31 of this Complaint as fully as though set forth at length herein.

33. Subsequent to the oil spill on February 20, 1995, Metrolink, Kruze & Kruze, and Ecco became indebted to Unocal/ERST, Inc. for removal costs in the sum $4,657,542.40, for costs to repair the damage to the pipeline in the sum of $8,646.81 and for the loss of 1,090 barrels of crude oil in the sum of $16,153.80, all of which represents money paid by Unocal/ERST, Inc. for the account of Metrolink, Kruze & Kruze, and Ecco.

34. Unocal/ERST, Inc. has repeatedly demanded payment from Metrolink. No payment has been made by any defendant to Unocal/ERST, Inc., and there is now due, owing, and unpaid, the sums of $4,657,542.40 for removal costs, $8,646.81 for pipeline repair, and $16,153.80 for lost oil, with interest on those amounts at the legal rate, according to proof.

WHEREFORE, Unocal/ERST, Inc. prays judgment against Defendants Metrolink, Kruze & Kruze, and Ecco, and each of them, as hereinafter set forth.

///

///

-11-

SAP\PLD\398461

## FIFTH CAUSE OF ACTION

(For Quantum Meruit against

Metrolink, Kruze & Kruze, and Ecco)


35. Unocal/ERST, Inc. incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 34 of this Complaint as fully as though set forth at length herein.

36. On and after February 20, 1995, at Norwalk, California, Unocal/ERST, Inc. performed oil spill response services for Defendants Metrolink, Kruze & Kruze, and Ecco, which were necessitated by an oil spill solely caused by these defendants and their agents. Metrolink, Kruze & Kruze, and Ecco requested these clean-up services, knew that these services were being provided, and promised to reimburse Unocal/ERST, Inc. for the value of the services provided.

37. Unocal/ERST, Inc. has repeatedly demanded payment from Defendant Metrolink. The fair and reasonable value of the services provided to Metrolink, Kruze & Kruze, and Ecco by Unocal/ERST, Inc. is at least $4,657,542.40. No payment has been made by any of these defendants to Unocal/ERST, Inc., and there is now due, owing, and unpaid, the sum of at least $4,657,542.40.

WHEREFORE, Unocal/ERST, Inc. prays judgment against Metrolink, Kruze & Kruze, and Ecco, and each of them, as hereinafter set forth.


///


///

SAP\PLD\39846-1

1          **SIXTH CAUSE OF ACTION**

2          (For Breach of Oral Contract against Metrolink))

3

4          38.  Unocal/ERST, Inc. incorporates by this reference

5     each and all of the allegations contained in Paragraphs 1 through

6     37 of this Complaint as fully as though set forth at length herein.

7          39.  On or about February 21, 1995, Unocal/ERST, Inc. and

8     Metrolink entered into an oral contract witnessed by representa-

9     tives of both parties and by representatives of California Depart-

10    ment of Fish and Game, Office of Oil Spill Prevention and Response,

11    whereby Unocal/ERST, Inc. agreed to conduct and oversee the oil

12    spill clean-up in consideration for Metrolink's agreement to

13    promptly pay Unocal/ERST, Inc. and its subcontractors for all

14    services necessary in conducting the oil spill clean-up.

15         40.  Unocal/ERST, Inc. has performed all conditions,

16    covenants, and promises required to be performed by Unocal/ERST,

17    Inc. in accordance with the terms and conditions of its contract.

18         41.  On or about April 6, 1995, June 16, 1995, August 17,

19    1995, and October 10, 1995, Metrolink breached the terms of the

20    oral contract by failing to pay Unocal/ERST, Inc. when payment was

21    demanded.

22         42.  As a result of Metrolink's breach of the contract,

23    Unocal/ERST, Inc. has suffered damages in the sum of $4,657,542.40.

24         WHEREFORE, Unocal/ERST, Inc. prays judgment against

25    Metrolink as hereinafter set forth.

26

27

28    ///

-13-

**SEVENTH CAUSE OF ACTION**

(For Recovery of Removal Costs Pursuant to 33 U.S.C. § 2702

against Metrolink, Kruze & Kruze, and Ecco)


43.    Unocal/ERST, Inc. incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 42 of this Complaint as fully as though set forth at length herein.

44.    The Oil Pollution Act of 1990 provides in pertinent part that a pipeline owner may recover removal costs arising from the discharge of oil from a pipeline from a party whose acts or omissions were the sole cause of the discharge of oil, provided that the party causing the discharge was not the agent or employee of the pipeline owner and was not in a contractual relationship with the pipeline owner, and provided further that the pipeline owner exercised due care with respect to the oil concerned and took precautions against the foreseeable acts or omissions of the party causing the discharge.

45.    Unocal/ERST, Inc. is informed and believes, and thereon alleges, that the discharge of oil hereinbefore alleged, and the resulting damages and removal costs, were caused solely by the acts or omissions of Metrolink, Kruze & Kruze, and Ecco, who were neither the agents nor employees of Unocal.  The discharge of oil did not occur in connection with any contractual relationship between Unocal/ERST, Inc. and Metrolink, Kruze & Kruze or Ecco.

46.    Unocal/ERST, Inc., at all relevant times, exercised due care with respect to the oil by, among other things, visiting the construction site and carefully marking the location and

///

-14-

SAP\PLD\39846

1    alignment of the pipeline in full compliance with California's

2    Pipeline Safety Act, California Government Code § 4216, et.seq.

3          47.   Unocal/ERST, Inc. is informed and believes, and

4    thereon alleges, that Metrolink, Kruze & Kruze, and Ecco are the

5    parties responsible for the removal costs incurred by Unocal/ERST,

6    Inc. as a result of the pipeline puncture and ensuing oil spill.

7          WHEREFORE, Unocal/ERST, Inc. prays judgment against

8    Metrolink, Kruze & Kruze and Ecco, and each of them, as hereinafter

9    set forth.

10

11                    **EIGHTH CAUSE OF ACTION**

12              (For Declaratory Relief against Metrolink,

13                    Kruze & Kruze, and Ecco)

14

15          48.   Unocal/ERST, Inc. incorporates by this reference

16   each and all of the allegations contained in Paragraphs 1 through

17   47 of this Complaint as fully as though set forth at length herein.

18          49.   An actual controversy has arisen and now exists

19   between Unocal/ERST, Inc. and Metrolink, Kruze & Kruze, and Ecco,

20   concerning their respective rights and duties in that Unocal/ERST,

21   Inc. contends that Metrolink, Kruze & Kruze, and Ecco are the

22   responsible parties for the purpose of determining liability, under

23   the Federal Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.,

24   for removal costs incurred by Unocal, which resulted from the

25   pipeline puncture.

26          50.   Unocal/ERST, Inc. desires a judicial determination

27   of its rights and duties, and a declaration of Metrolink's, Kruze

28   ///

1 & Kruze's, and Ecco's status as the "Responsible Parties" under the

2 Federal Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*

3    51.  A judicial declaration is necessary and appropriate

4 at this time in order that Unocal/ERST, Inc.'s rights under 33

5 U.S.C. § 2701 *et seq.* can be formally recognized and in order to

6 permit Unocal/ERST, Inc. to recover from Metrolink, Kruze & Kruze,

7 and Ecco the removal costs incurred as a result of the pipeline

8 puncture and oil spill.

9    WHEREFORE, Unocal/ERST, Inc. prays judgment against

10 Metrolink, Kruze & Kruze, and Ecco, and each of them, as herein-

11 after set forth.

12

13              **NINTH CAUSE OF ACTION**

14    (For Judicial Review of Final Agency Action Pursuant to

15          5 U.S.C. § 702 against the United States

16       and Daniel Sheehan, as the Director of the NPFC)

17

18    52.  Unocal/ERST, Inc. incorporates by this reference

19 each and all of the allegations contained in Paragraphs 1 through

20 51 as fully as those set forth at length herein.

21    53.  The Oil Pollution Act of 1990 provides, in 33 U.S.C.

22 §§ 2703, 2708 and 2713, that a pipeline owner is entitled to reim-

23 bursement from the NPFC for removal costs incurred as the result of

24 the discharge of oil from its pipeline if the pipeline owner estab-

25 lishes by a preponderance of the evidence that the discharge of oil

26 and resulting removal costs were caused solely by the acts or omis-

27 sions of a third party, who is not an employee or agent of the

28 pipeline owner and with whom the pipeline owner does not have a

                              -16-

contractual relationship, provided that the pipeline owner estab-
lishes by a preponderance of the evidence that the pipeline owner
exercised due care with respect to the oil concerned and took pre-
cautions against the foreseeable acts or omissions of the third
party.

54.  The discharge of oil and resulting removal costs
were caused solely by the acts or omissions of Metrolink, Kruze &
Kruze, and Ecco.  At all relevant times, no contractual rela-
tionship existed between Unocal and Metrolink, Kruze & Kruze, or
Ecco.  At all relevant times, Unocal exercised due care with
respect to the oil and the underground pipeline and took adequate
precautions to prevent the discharge of oil by, among other things,
properly marking the location of the underground oil pipeline such
that excavation, if properly performed, could take place without
damaging the pipeline.

55.  Unocal is not responsible for the spill; rather,
Metrolink, Kruze & Kruze, and Ecco are solely responsible for the
spill of February 20, 1995, as was acknowledged by them in their
agreement to fully reimburse Unocal/ERST, Inc.

56.  The claim which Unocal submitted to the NPFC on
March 8, 1996, together with Unocal's written request for recon-
sideration submitted to the NPFC on August 7, 1996 demonstrated by
a preponderance of the evidence that the discharge of oil and
resulting removal costs were caused solely by the acts or omissions
of third parties, specifically Metrolink, Kruze & Kruze and Ecco.
Despite Unocal's showing that it was entitled to reimbursement, the
NPFC denied Unocal's claim.  The NPFC's action, in light of the
evidence which Unocal provided to the NPFC, was arbitrary, capri-

SAP\PLD\39846

1  cious, an abuse of discretion, or otherwise not in accordance with

2  law or the NPFC's governing regulations, was unsupported by the

3  evidence and contrary to representations made by Metrolink and

4  Kruze & Kruze contemporaneously with the response efforts, and was

5  unwarranted by the facts such that Unocal is entitled to judicial

6  review of the NPFC's action.

7      57.  Unocal is entitled to reimbursement from the NPFC

8  for the removal costs associated with the clean-up of the spill, in

9  the amount of $4,657,542.40.

10      WHEREFORE, Unocal prays judgment against the United

11  States and Daniel Sheehan, as the Director of the National

12  Pollution Funds Center, and each of them, as hereinafter set forth.

13

14                              **PRAYER**

15

16      On the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH AND

17  SEVENTH CAUSES OF ACTION:

18      (1) for removal costs in the amount of $4,657,542.40

19  incurred to date, and for future removal costs to be incurred, in

20  responding to the oil spill;

21      (2) for compensatory damages for loss of oil and

22  pipeline repair according to proof at trial;

23      (3) for interest as allowed by law;

24      (4) for costs of suit incurred, including attorneys'

25  fees; and

26      (5) for such other and further relief as the Court

27  may deem proper.

28

-18-

SAP\PLD\398461

On the EIGHTH CAUSE OF ACTION:

(1) for declaration that Defendants Metrolink, Kruze & Kruze, and Ecco are the responsible parties for the purposes of determining liability under the Federal Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*; and

(2) for removal costs incurred by Unocal as a result of the pipeline puncture and ensuing oil spill;

(3) for such other and further relief as the Court may deem proper.


On the NINTH CAUSE OF ACTION:

(1) that this Court order the NPFC to reimburse Unocal for all removal costs which Unocal incurred responding to the subject discharge of oil;

(2) for interest as allowed by law;

(3) for costs of suit incurred, including attorneys' fees, and

(4) for any other relief to which Unocal may show itself entitled under law or equity.

Dated:  January 2, 1997

_____
WILLIAM H. COLLIER, JR.
JOSEPH A. WALSH II
JOHN M. WHELAN
KEESAL, YOUNG & LOGAN

ELLEN A. WHELAN
Assistant Counsel/Legal Affairs
CALIFORNIA OPERATING SERVICES
UNOCAL CORPORATION

Attorneys for UNOCAL CORPORATION, UNION OIL COMPANY OF CALIFORNIA and ERST, INC.

**EXHIBIT D**

LODGED

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

97 MAY 22 PM 5:14

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

```
UNOCAL CORPORATION, UNION OIL      )
COMPANY OF CALIFORNIA, and ERST,   )
INC.,                              )
                                   )
              Plaintiffs,          )
                                   )
      v.                           )
                                   )
THE UNITED STATES OF AMERICA, THE  )
NATIONAL POLLUTION FUNDS CENTER,   )
DANIEL SHEEHAN as the DIRECTOR OF  )   Case No. 97-0024 RSWL(RCx)
THE NATIONAL POLLUTION FUNDS       )
CENTER, THE SOUTHERN CALIFORNIA    )
REGIONAL RAIL AUTHORITY dba        )
METROLINK, KRUZE & KRUZE           )
CONSTRUCTION & ENGINEERING, INC.,  )
and ECCO EQUIPMENT CORPORATION,    )
                                   )
              Defendants.          )
                                   )
_____)
```

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 1997

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

### ORDER

AND NOW, this _19th_ day of _MAY_, 1997, upon consideration of the United States' Motion to Dismiss Claim for Monetary Relief and to Stay Proceeding with Regard to the United States, and the Court being fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1.   Pursuant to Fed. R. Civ. P. 12(b), the United States' motion to dismiss Plaintiffs' claim seeking monetary relief against the United States is granted on the grounds that there has been no waiver of sovereign immunity under the Administrative Procedure Act, 5 U.S.C. § 702, et seq., which would allow this Court to award monetary damages, and therefore, subject matter

EXHIBIT D

ENTERED ON ICMS

JUN 0 9 1997

28

1  jurisdiction is lacking to award such relief as Plaintiffs have

2  prayed for; and

3      2.  In the interest of judicial economy and for good cause

4  shown, the proceeding against the United States shall be held in

5  abeyance (including the filing of the administrative record)

6  until further order of this Court.

7      IT IS SO ORDERED.

8

9  _____

Honorable Ronald S. W. Lew
10  United States District Judge

11

12

13

14

15

16

17

18  Presented by:

19  _Cherie L. Rogers_

20  CHERIE L. ROGERS, Trial Attorney
United States Department of Justice
21  Environment and Natural Resources Div.
Environmental Defense Section
22  P.O. Box 23986
Washington, DC 20026-3986
23  Telephone No. (202) 514-3701

24  Attorney for DEFENDANT THE UNITED STATES

25

26

27

28

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the proposed ORDER has been sent by first class mail to the following counsel of record on May 21st, 1997:

WILLIAM H. COLLIER, JR.
JOSEPH A. WALSH II
JOHN M. WHELAN
Keesal, Young & Logan
400 Oceangate
Post Office Box 1730
Long Beach, CA 90801-1730
Telephone No. (310) 436-2000

Attorneys for PLAINTIFFS UNOCAL
CORPORATION, UNION OIL COMPANY
OF CALIFORNIA and ERST, INC.


ALEX JOVANOVICH
Wheatley, Scott, Osaki & Jovanovich
2600 E. Nutwood Avenue
Fullerton, CA 92831
Telephone No. (714) 992-6300

Attorney for DEFENDANTS KRUZE & KRUZE
ENGINEERING, INC. and ECCO EQUIPMENT
CORPORATION

GREGORY M. BERGMAN
ALAN H. MITTELMAN
MICHELE M. GOLDSMITH
Bergman & Wedner, Inc.
10880 Wilshire Blvd.
Suite 900
Los Angeles, CA 90024-4101
Telephone No. (310) 470-6110

Attorneys for DEFENDANT SOUTHERN
CALIFORNIA REGIONAL RAIL AUTHORITY
dba METROLINK

Cherie L. Rogers