JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH, II, CASB No. 143694
joe.walsh@kyl.com
JOHN C. COX, CASB NO. 197687
john.cox@kyl.com
DAVID TONG, CASB NO. 238971
david.tong@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 398-6000
Facsimile:  (415) 981-0136

Attorneys for Defendants
REGAL STONE, LTD. and FLEET MANAGEMENT, LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. C 07 06045 (SC) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF REGAL STONE LTD. AND FLEET MANAGEMENT LTD.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS** |
| M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE, LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*, | ) Date: May 9, 2008<br>) Time: 10:00 a.m.<br>) Dept.: 1<br>) (The Honorable Samuel Conti) |
| Defendants. | ) |

I, CYNTHIA A. HUDSON, declare under penalty of perjury as follows:

- 1 -

KYL_SF459881

DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF DEFENDANTS REGAL STONE LTD. AND FLEET MANAGEMENT, LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS - Case No. C-07-5800-SC

1.     I am Senior Vice President of Hudson Marine Management Service ("HMMS"). I have personal knowledge of the matters set forth in this Declaration, and if called to testify, I could and would competently testify to those matters.

2.     HMMS provides, among other services, services relating to marine management, marine casualties and claims and environment management. The scope of services encompasses most aspects of marine casualties and claims support. Over the last four years, our team has responded to more than 90 marine incidents.

3.     The Oil Pollution Act of 1990 ("OPA 90") requires that the Responsible Party for an oil spill establish a claims process to provide compensation to individuals who have suffered damages as a result of the oil spill. With respect to the November 7, 2007 M/V COSCO BUSAN oil spill, it is my understanding that the Responsible Party is the shipowner, Regal Stone, Ltd. HMMS was retained by Regal Stone's third party underwriter to audit and monitor clean up operations and process claims in accordance with OPA 90 and the federal regulations promulgated under that statutory scheme.

4.     On November 10, 2007 Hudson Marine Management Services ("HMMS") set up a claims center and widely advertised the claims handling process with advertisements in local media, the internet and by posting fliers at relevant marinas and other locations. HMMS has affirmatively reached out to government entities and municipalities and to claimants that have reported to HMMS but never submitted the required documentation in order to educate affected individuals of their right to obtain relief. Since November 9, HMMS has been receiving and processing claims every business day.

5.     In determining an appropriate claims process, HMMS collaborated with a number of industry experts such as Natural Resource Consultants ("NRC"), as well as attorneys representing groups of potential claimants. We are working with

- 2 -

KYL_SF459881

DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF REGAL STONE LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS - Case No. C-07-5800-SC

approximately 9 attorneys representing over 196 claimants to discuss a process to resolve their clients' claims. Those attorneys were extremely helpful in creating a process to be used to fairly and expeditiously process claims.

6. The normal practice following a spill is for the United States to issue invoices to the Responsible Party for its response costs. The Responsible Party then reimburses the United States for its costs. To date, five claims have been received from the United States: (1) Travis Air Force Base claimed damage to a dock and required cleaning by the Unified Incident Command and cash settlement for the replacement of the oiled dock floats which was paid on January 25, 2008, (2) U.S. Coast Guard claimed a patrol boat was oiled and required cleaning by the Unified Incident Command, (3) U.S. Army Corp of Engineers claimed three vessels and its property were oiled and required cleaning, (4) a claim for $1,103,565.53 purportedly from the U.S. Coast Guard submitted to Keesal, Young & Logan on February 20, 2008 by counsel for the United States of America, Mike Underhill, and (5) the San Francisco Maritime National Historical Park submitted a claim for on March 13, 2008 for $200,000. Three claims have been resolved and two are pending. The pending claims are less than 90 days old.

7. The United States Coast Guard ("USCG") is also very involved in this process. In fact, HMMS submits a daily/weekly report to the USCG Incident Command Center with respect to claims submitted and resolved. Further, the USCG, through Federal On Scene Commander ("FOSC") Captain Paul Gugg (and various of Unified/Incident Command representatives), have been provided with extensive information regarding the claims process and efficacy. If at any time the USCG or National Pollution Funds Center ("NPFC") is unhappy with the claims process established and administered by HMMS on behalf of the Responsible Party, the USGC/NPFC can unilaterally take over the claims process. It is my understanding that the USCG has informed the NPFC that the claims process in satisfactory. In December,

DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF REGAL STONE LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS - Case No. C-07-5800-SC

I personally presented to the NPFC in Washington D.C with a detailed report regarding the claims process, the requirements to submit a claim, the need and requirements for prepayments, the documentation needed for final resolution and the efficacy of the claims process. I have never been told nor has it ever been inferred to me that the claims process established and administered by HMMS is viewed by the USCG or the NPFC as anything less than exemplary.

Executed this 21st day of March 2008, in Pennsauken, New Jersey. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

*Cynthia A. Hudson*
Cynthia A. Hudson

- 4 -

KYL_SF459881

DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF REGAL STONE LTD.'S MOTION TO DISMISS AND STAY PROCEEDINGS - Case No. C-07-5800-SC