WALTER G. COPPENRATH, JR. (SBN: 81691)
waltla@aol.com
PHILLIP S. DALTON (SBN: 65576)
pdalton@coppenrathlaw.com
GEORGE M. JONES (SBN: 160227)
gjones@coppenrathlaw.com
COPPENRATH & ASSOCIATES
400 Oceangate, Suite 700
Long Beach, California 90801
Telephone:   (562) 216-2948
Facsimile:    (562) 252-1136

Attorneys for Defendant
JOHN COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>M/V COSCO BUSAN, LR/IMO SHIP. NO. 9231743 HER ENGINES, APPAREL, ELECTRONICS, TACKLE, BOATS, APPURTENANCES, etc., *in rem*, THE SHIP OWNERS' INSURANCE & GUARANTY COMPANY LIMITED, REGAL STONE, LIMITED, FLEET MANAGEMENT LIMITED, and JOHN COTA, *in personam*,<br><br>  Defendants. | Case No.: NO. C-07-06045-SC<br><br>NOTICE OF JOINDER AND JOINDER IN MOTION TO DISMISS AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:   MAY 9, 2008<br>TIME:    10:00 AM<br>COURTROOM: 1<br><br>THE HON. SAMUEL CONTI<br><br>COMPLAINT FILED: NOV. 30, 2007<br>TRIAL DATE: NONE SET |

**TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant JOHN COTA hereby joins in the Motion to Dismiss and Stay Proceedings previously filed by Defendants REGAL STONE, LIMITED and FLEET MANAGEMENT, LIMITED (hereinafter

-1-

-2-

1  collectively REGAL). This Joinder is made upon the grounds set forth in
2  REGAL's Motion, and in the following Memorandum of Points and Authorities.

4  Dated: April 17, 2008

COPPENRATH & ASSOCIATES

By _____
WALTER G. COPPENRATH
Attorneys for Defendant
JOHN COTA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant JOHN COTA was the pilot aboard the vessel MV/COSCO BUSAN at the time of the November 7, 2007 allision alleged in the Complaint. He is named as a defendant only in the First Cause of Action (National Marine Sanctuaries Act, 16 USC § 1436 *et seq.*) and Fifth Cause of Action (Park System Resource Protection Act, 16 USC § 19jj *et seq.*). He is not named as a defendant in those Causes of Action seeking recovery under the Oil Pollution Act of 1990, 33 USC § 2701 *et seq.* (hereafter "OPA")[1] or the Sixth Cause of Action brought pursuant to the Federal Water Pollution Control Act.

**DISMISSING OR STAYING THESE PROCEEDINGS AGAINST DEFENDANT JOHN COTA PROMOTES THE ENDS OF JUSTICE AND CONSERVES JUDICIAL RESOURCES**

As noted in the moving papers, given the circumstances of the incident alleged in the Complaint, the remediation/restoration damages sought by the United States under the National Marine Sanctuaries Act ("NMSA"), Park System Resource Protection Act ("PSRPA"), and OPA essentially overlap, and are effectively subsumed within the latter statute's claims protocol. Since there can be no double recovery of these damage claims (33 USC § 2706(d)(3)) and since moving parties are apparently already appropriately responding to them, if the pending litigation is dismissed or stayed as to Defendants REGAL STONE, LIMITED and FLEET MANAGEMENT, LIMITED, it would defy judicial economy and simply make no sense to continue these proceedings against Defendant JOHN COTA alone.

/ / /

/ / /

---

[1] Indeed, it has been held that vessel personnel are not "operators" within the contemplation of OPA, and hence not within its liability net. *Green Atlas Shipping SA v. United States*, 306 Fed. Supp. 2d 974 (D. Or., 2003).

The Court is vested with inherent power to grant a stay. According to the Ninth Circuit in *CMAX, Inc. v. Hall*, 300 Fed. 2d 265 (9th Cir, 1962) at page 268:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which would be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. [citation omitted]

Here, in the event the Court grants the pending motion, and stays further proceedings against Defendants REGAL STONE, LIMITED and FLEET MANAGEMENT, LIMITED pending resolution of the OPA claims procedures, it is difficult to imagine any resultant prejudice to the United States in granting a co-extensive stay to Defendant JOHN COTA. On the other hand, if such a stay is not extended to this defendant, the prejudice against JOHN COTA would be palpable. At a minimum, he would incur substantial costs in defending himself against claims necessarily subsumed and resolved through the OPA remediation/restoration procedures already underway. As for conservation of judicial resources, it presently appears that staying the entire action pending resolution of the OPA claims process may very well be dispositive of the entire action.

/ / /

/ / /

/ / /

## CONCLUSION

Defendant JOHN COTA respectfully submits that the pending motion by Defendants REGAL STONE, LIMITED and FLEET MANAGEMENT, LIMITED is meritorious, and that the dismissal and/or stay requested therein should be granted. Moreover, he respectfully submits that, in the event the NMSA and PSARA Causes of Action are stayed as to Defendants REGAL STONE, LIMITED and FLEET MANAGEMENT, LIMITED, they should be similarly stayed as to this defendant.

Dated: April 17, 2008

COPPENRATH & ASSOCIATES

By _____
WALTER G. COPPENRATH
Attorneys for Defendant
JOHN COTA

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF JOINDER AND JOINDER IN MOTION TO DISMISS AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES** was served on the following on April 17, 2008 through the Court's CM/ECF:

| | |
|---|---|
| Bradley Robert O'Brien | brad.o'brien@usdoj.gov |
| Geoffrey David Owen | geoff.owen@usdoj.gov |
| Michael Underhill | mike.underhill@usdoj.gov |
| John D. Giffin | john.giffin@kyl.com |
| Darrel Christopher Menthe | dmenthe@mcguirewoods.com |
| Nicole Sheldon Bussi | nicole.bussi@kyl.com |
| Richard L Jarashow | rjarashow@mcguirewoods.com |
| Sidney K. Kanazawa | skanazawa@vsblaw.com |

EXECUTED on April 17, 2008 at Long Beach, California.

Marlene Amaral

PROOF OF SERVICE

(CV-07-6045-SC)