JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
United States Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, DC 20530
BRADLEY R. O'BRIEN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6484;
Facsimile: (415) 744-6476
brad.obrien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem*, REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Civil No. C07-6045 SC<br><br>(AND RELATED CASES: C07-5800 SC; C07-5926 SC)<br><br>IN ADMIRALTY<br><br>DECLARATION OF R. MICHAEL UNDERHILL IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANTS REGAL STONE'S AND FLEET MANAGEMENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS<br><br>Date: May 9, 2008<br>Time: 10:00 a.m.<br>Courtroom: Honorable Samuel Conti |

R. MICHAEL UNDERHILL, declares as follows:

1. I am the Attorney in Charge, Torts Branch, Civil Division, West Coast Office, United States Department of Justice, and one of the attorneys for the United States of America in this matter. I either have personal knowledge of the matters hereinafter stated or, upon information officially furnished to me, believe the same to be true and correct.

2. Attached hereto as Exhibit "A" is a true and correct copy of a cover letter dated February 20, 2008, said letter signed by me and sent that date to John Giffin, of Keesal, Young, and Logan, counsel for defendants COSCO BUSAN, Regal Stone Limited, and Fleet Management Limited in this action.

3. Attached hereto as Exhibit "B" is a true and correct copy of a letter dated February 25, 2008, said letter signed by me and sent that date to John Giffin, of Keesal, Young, and Logan, counsel for defendants COSCO BUSAN, Regal Stone Limited, and Fleet Management Limited in this action.

4. The foregoing letters state the terms of the United States demand for interim partial payment of certain response costs. To date, the defendants have not paid the demand of the United States or stated whether they will comply unconditionally with the terms of the demand.

I declare under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: April 10, 2008.

                                 /s/ R. Michael Underhill
                                 R. MICHAEL UNDERHILL



RMU:li
62-402

U.S. Department of Justice
Civil Division
February 20, 2008

Torts Branch
West Coast Office
7-5395 Federal Building
Post Office Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: 415-436-6648
Fax:        415-436-6632
Internet:   mike.underhill@usdoj.gov

<u>VIA MESSENGER (Cover Letter via Fax)</u>

Regal Stone Limited and all Responsible Parties,
Their Insurers/P&I Clubs/Reinsurers
c/o John Giffin, Keesal, Young & Logan
4 Embarcadero Ctr # 1500
San Francisco, CA 94111

   RE: M/V COSCO BUSAN, LR/IMO Ship No. 9231743
      *United States of America v. M/V COSCO BUSAN, in rem, et al.*
      <u>N.D. Cal. – Civil No. C07-6045 SC</u>

Dear John:

  We are enclosing materials underlying a partial/interim demand of the United States Coast Guard ("USCG"), National Pollution Funds Center ("NPFC"), Oil Spill Liability Trust Fund ("OSLTF") for $1,103,565.53. The foregoing amount represents monies paid out *by* the Fund and owed *to* the Fund by the responsible parties, as well as others, as a result of the COSCO BUSAN incident. Additional amounts and debts owed by the responsible parties (and others) as a result of the COSCO BUSAN spill are continuing to accrue and will be forwarded at the appropriate time(s). The enclosed binder sets out in detail the itemized expenses that comprise the foregoing sum.

  On behalf of the United States Coast Guard, National Pollution Funds Center, Oil Spill Liability Trust Fund, we hereby respectfully request/demand that the foregoing amount be paid immediately. Such payment would be applied to reduce the total debt that ultimately will be owed by your clients. We have sent this letter and the enclosures to you in your capacity as counsel representing the various responsible parties, at least those of which we presently are aware. If the letter and enclosures should go to others, we kindly ask that you forward these materials to the appropriate persons/entities on our behalf.

  We have been given to understand that if the responsible parties pay the foregoing monies, they will seek to get the same monies back. If we might paraphrase, we understand that your clients' intent is, "We'll pay the money, but we'll try to get it – *and much more* – back." Indeed, we understand that they intend to seek *many tens of millions of dollars* back, and not merely the partial/interim amount that is the subject of this letter and the enclosures. Specifically, we understand:

  o  The responsible parties, including Regal Stone, would seek to have the United States Coast Guard, National Pollution Funds Center, Oil Spill Liability Trust Fund ultimately pay back *your* clients – the COSCO BUSAN interests – for monies your clients pay fishermen and other private parties damaged by the COSCO BUSAN spill;

1

UNDERHILL DECLARATION, Exhibit "A", Page 1 of 2

- o  The responsible parties, including Regal Stone, would seek to have the USCG, National Pollution Funds Center, Oil Spill Liability Trust Fund pay back *your* clients – the COSCO BUSAN interests – for monies your clients pay city and local governments for certain damages caused by the COSCO BUSAN spill;

- o  Your clients have a financial guarantee obligation to the State of California under applicable state law. You would know better than us, but we understand the guarantee to be $300,000,000. The responsible parties, including Regal Stone, would seek to have the USCG, National Pollution Funds Center, Oil Spill Liability Trust Fund ultimately pay back *your* clients – the COSCO BUSAN interests – for monies your clients become obligated to pay under the state guarantee;

- o  The responsible parties, including Regal Stone, would seek to have the USCG, National Pollution Funds Center, Oil Spill Liability Trust Fund ultimately pay back *your* clients – the COSCO BUSAN interests – for monies your clients pay the federal government and its agencies for the damages and injuries sustained by the Government as a result of the COSCO BUSAN incident (including the monies claimed in this letter).

We stress that in responding to this request/demand for payment, the responsible part(ies) certainly are free to make the foregoing (and any other) reservations if they so choose. If they do so, however, they must make them *explicitly*. If they fail to make them *explicitly*, we shall consider them permanently to be *waived as a matter of fact and law*. Alternatively, if the responsible parties do make any such reservations, either expressly or impliedly, we shall consider the United States' request/demand herein to be unsatisfied as to a material condition: *i.e.*, that money once paid is not a conditional or temporary payment whereby your client(s) would pay money to our client – only to seek to get it back.

We look forward to your prompt response. If you have any questions, please address them or any related correspondence to me in my capacity as co-counsel for the United States and its various agencies. In the event that we are unable to answer your questions, we will contact the necessary persons/entities and clients concerning an appropriate response. Please also contact me regarding payment instructions. Please further note that any unpaid portion of the foregoing partial/interim bill is subject to interest which will begin to accrue 30 days after this date. Any payments received after 30 days would be first applied to the interest and then to the principal.

Very truly yours,

R. Mike Underhill
Attorney in Charge
Department of Justice, Torts Branch

Enclosures

cc: Brad O'Brien, DOJ ENRD (w/o encl.)

2



U.S. Department of Justice
Civil Division
February 25, 2008

RMU:li
62-402

Torts Branch
West Coast Office
7-5395 Federal Building
Post Office Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: 415-436-6648
Fax:        415-436-6632
Internet:   mike.underhill@usdoj.gov

Regal Stone Limited and all Responsible Parties,
Their Insurers/P&I Clubs/Reinsurers
c/o John Giffin, Keesal, Young & Logan
4 Embarcadero Ctr # 1500
San Francisco, CA 94111

    RE:   M/V COSCO BUSAN, LR/IMO Ship No. 9231743
           *United States of America v. M/V COSCO BUSAN, in rem, et al.*
           N.D. Cal. – Civil No. C07-6045 SC

Dear John:

    Thank you for forwarding our previous letter and materials to the entity to whom you think most appropriate. Since your clients are represented by counsel, we nevertheless shall continue to send related matters to you. If you deem it best to forward such materials to others, we leave that decision to you in your capacity as counsel.

    Insofar as your request for assurances that our previous letter's paraphrasing of your clients' intent was not a paraphrasing of anything you had said, we assure you that you are correct. With respect to your request for advice on the law of waiver, we believe the wisest course is to leave it to your clients' own counsel to provide them legal analysis. Finally, we had thought the terms of our request/demand for the partial/interim payment were sufficiently clear. So that there is no misunderstanding of certain material terms of the demand, we shall sum up.

    We have made a demand for payment of monies upon specified terms. Your clients may choose to honor the demand, or not, as is wholly their choice. If they choose to honor the demand, they will pay $1,103,565.53, plus any applicable interest, that amount representing monies paid out *by* the United States Coast Guard ("USCG"), National Pollution Funds Center ("NPFC"), Oil Spill Liability Trust Fund ("OSLTF") and owed *to* the Fund by your clients as a result of the COSCO BUSAN incident. A *material condition* of the demand is that monies be paid irrevocably and not temporarily or conditionally; that is, that the money, once paid, is not a conditional or temporary payment whereby your client(s) would purport to pay the money to the Fund – only to seek to get monies back at a later time from the Fund.

UNDERHILL DECLARATION, Exhibit "B", Page 1 of 2

Accordingly, if your clients choose to pay the monies, we will require that they expressly specify whether they have chosen to agree to *all* material conditions of the request/demand. We stress, as we did before, that the decision to accept or reject the material terms is wholly your clients'. For our part, however, specification of the terms of payment is necessary so that, if monies are to be paid, *we understand all conditions under which the payment is being made*. In order that we can respond and take such action as may be appropriate, we therefore will require prior to your clients' payment (if they in fact choose to pay) their express and unequivocal written statement as whether they have agreed (or not) to all material terms. Thus, they will need to state, *inter alia*:

(a) Your clients accept all material terms, including the condition that the monies paid would be paid irrevocably and unconditionally, such that your clients/responsible parties will not/would not seek in any manner to get monies back at a later time; or

(b) Your clients/responsible parties will seek to get monies back at a later time. If that is the case, your clients would fail to satisfy a material term; or

(c) Your clients/responsible parties refuse or decline to state whether they will seek to get monies back at a later time from the Fund. If that is the case, your clients likewise would fail to satisfy a material term of the request/demand.

If you have any further questions, please address them or any related correspondence to me in my capacity as co-counsel for the United States and its various agencies. In the event that we are unable to answer your questions, we will contact the necessary persons/entities and clients concerning an appropriate response.

                    Very truly yours,

                    R. Mike Underhill
                    Attorney in Charge
                    Department of Justice, Torts Branch

cc: Brad O'Brien, DOJ ENRD (w/o encl.)

2