May 1, 2008


United States District Court
Northern District of California
Attn:  Teresa De Martini, Deputy Clerk for
Judge Samuel Conti
450 Golden Gate Ave.
San Francisco, CA 94102


<u>Amended Case Management Statement</u>


*United States of America v. Regal Stone Ltd., et al.*
USDC Case No. C-07-06045-SC

Per Local Rule 16-10(d), counsel jointly submits this cover letter and the attached February 22, 2008 Case Management Statement for the May 9, 2008 Case Management Conference.  Except for a new action against co-Defendant John Cota entitled *United States of America v. John Joseph Cota* (3:08-cr-00160-SI-1), and the newly related case *Continental Insurance Company v. Regal Stone, Ltd. et al.* (07-cv-5800) the information provided in the previously filed and attached February 22, 2008 statement submitted continues to be accurate and true.

The parties jointly advise the Court of additional motions filed after the February 22, 2008 Case Management Conference.  On March 21, 2008, Defendants Regal Stone, Ltd. and Fleet Management, Ltd. filed a Motion to Dismiss or in the alternative a Motion to Stay.  The hearing date was set for April 25, 2008.  On March 26, 2008, Plaintiff filed an Amended Complaint.  On April 4, 2008, Defendants Regal Stone, Ltd. and Fleet Management, Ltd. filed a revised Motion to Dismiss or in the alternative a Motion to Stay.  On April 17, 2008, Defendant John Cota filed a joinder to the foregoing motion, thereby also seeking dismissal as to himself.  The Court scheduled a hearing date of May 9, 2008 for the revised Motion to Dismiss.

Defendants advise that because they believe that joinder of the State of California is necessary, they may file a motion for joinder under Fed. Rule Civ. Proc. 19.

With respect to discovery matters, it appears that certain COSCO BUSAN crewmen, all of them non-United States citizens, may be in a position to leave the United States and its jurisdiction as early as late May or June of 2008.  The United States intends to take the depositions of those crewmen before they depart the United States' and the Court's jurisdiction in

May 1, 2008
Page 2

*United States of America v. Regal Stone Ltd., et al.*
USDC Case No. C-07-06045-SC

order to preserve their testimony.  In the event that any party or witness declines to so cooperate (and hopefully that will not occur), the United States or other parties shall seek the Court's assistance.

/s/ John D. Giffin_____
John  D. Giffin
Joseph A. Walsh II
John C. Cox
Keesal Young & Logan
Attorneys for Defendants Regal
Stone, Ltd. and Fleet Management, Ltd.

/s/ _____
R. Michael Underhill
Brad O'Brien
Torts Branch Civil Division
U.S. Department of Justice
Attorneys for Plaintiff

/s/ _____
Walter G. Coppenrath, Jr.
Coppenrath & Associates
Attorneys for John J. Cota

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
7-5395 Federal Bldg. Box 36028
450 Golden Gate Avenue
San Francisco, California   94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington D.C. 20530
BRADLEY R. O'BRIEN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6484;
Facsimile: (415) 744-6476
brad.o'brien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | C 07-6045(SC) |
| Plaintiff, | ) | |
| | ) | IN ADMIRALTY |
| vs. | ) | |
| | ) | |
| M/V COSCO BUSAN, LR/IMO Ship No. | ) | PROPOSED CASE MANAGEMENT |
| 9231743, her engines, apparel, electronics, tackle, | ) | PLAN AND PROPOSED ORDER |
| boats, appurtenances, *etc., in rem,* THE | ) | |
| SHIPOWNERS' INSURANCE & GUARANTY | ) | |
| COMPANY LTD., REGAL STONE LIMITED, | ) | |
| FLEET MANAGEMENT LTD., AND JOHN | ) | DATE: February 22, 2008 |
| COTA, *in personam,* | ) | TIME: 10:00 a.m. |
| | ) | COURT:  Hon. Samuel Conti |
| Defendants. | ) | Courtroom 1 |

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC

1       **MEETING**

2       Pursuant to the Court's Order of December 13, 2007, the following parties and their

3   representatives conferred on January 31, 2007:

4       A.      **Appearing on behalf of Plaintiff United States:**

5               R. Michael Underhill, United States Department of Justice, Torts Branch, Civil

6   Division;

7               Bradley R. O'Brien, United States Department of Justice, Environment and

8   Natural Resources Division, Environmental Enforcement Section.

9       B.      **Appearing on behalf of Defendants: M/V COSCO BUSAN ("COSCO**

10  **BUSAN"); Regal Stone Limited ("Regal Stone"), the latter presently appearing solely**

11  **pursuant to Supplemental Admiralty Rule E(8) of the Fed.R.Civ.P. as claimant to COSCO**

12  **BUSAN, and Fleet Management Ltd. ("Fleet Management"):**

13              John D. Giffin and Nicole Bussi, Keesal Young & Logan.

14      C.      **Appearing on behalf of Defendant John Cota ("Cota"):**

15              Walter G. Coppenrath, Jr., Phillip S. Dalton and George M. Jones, Coppenrath &

16  Associates.

17      D.      **Appearing on behalf of Defendant Shipowners' Insurance & Guaranty**

18  **Company Ltd. ("SIGCO"):**

19              Richard L. Jarashow and Sidney Kanazawa, McGuire Woods.

20  I.  **JURISDICTION AND SERVICE**

21      **Jurisdiction**: The United States brought this suit and has alleged jurisdiction pursuant to

22  the following statutes:

23              a.      28 U.S.C. § 1345;

24              b.      The National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et*

25  *seq.*, including sections 1437 and 1443;

26              c.      The Park System Resource Protection Act ("PSRPA"), 16 U.S.C. § 19jj, *et*

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC          - 2 -

1    *seq.*, including section 19jj-2; and

2          **d.**     The Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*,

3    including section 2717.

4          **e.**     As set forth below, the United States may amend its complaint to assert a

5    claim for a judicially assessed civil penalty pursuant to the Clean Water Act,

6    33 U.S.C. § 1321(b)(7), as amended by OPA.

7          **Service**:  The United States has served all parties other than defendant Regal Stone,

8    which purports to be an entity located in Hong Kong.  The United States has attempted to serve

9    Regal Stone under provisions of the Hague Service Convention, but to date no return of the

10   summons and complaint has been received.

11         **Counterclaims**:

12         No counterclaims have been asserted.

13         **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:  As

14   described more fully below, Defendants contest subject matter jurisdiction and will move to

15   dismiss on that basis.

16   **II.    FACTS**

17         The United States' complaint alleges that on November 7, 2007, the COSCO BUSAN

18   allided with the base and/or fendering system of the "Delta Tower," one of the support towers of

19   the western span of the San Francisco-Oakland Bay Bridge (the "Incident").  The allision with

20   the Bay Bridge resulted in a rupture of the COSCO BUSAN's fuel tanks, thereby allowing fuel

21   oil to be discharged into navigable waters of the United States.  The United States contends that

22   the discharge impacted adjoining shorelines of San Francisco Bay, the Pacific Ocean, the Gulf of

23   the Farallones National Marine Sanctuary and the Monterey Bay National Marine Sanctuary, and

24   units of the National Park System, including, but not limited to, the Golden Gate National

25   Recreation Area, Point Reyes National Seashore, San Francisco Maritime National Historic Park,

26   and Rosie the Riveter/World War II Home Front National Historic Park.

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 3 -

1    The United States' complaint alleges that at the time of the Incident Regal Stone was the

2    owner of the COSCO BUSAN; that Fleet Management was the operator of the vessel; that Cota

3    was the pilot of COSCO BUSAN. The United States' complaint further has alleged that

4    defendant SIGCO provided evidence of financial responsibility and certain guarantees pertaining

5    to the Vessel, said financial guarantees made pursuant to OPA, 33 U.S.C. § 2716, and regulations

6    promulgated pursuant to OPA.

7    In signing this Case Management Plan, none of the defendants herein admit, nor shall

8    they be deemed to have admitted, any allegation of the United States' complaint and, conversely,

9    the defendants each reserve any and all claims, rights, denials, and defenses as may be set out by

10    way or answer, responsive pleading, and/or motion.

11    **III.    LEGAL ISSUES**

12    **United States' Position**: The defendants' liability, without limitation, declaratory relief,

13    potential forfeiture, interest, and disbursements sustained by the United States under the various

14    statutes and causes of action pled in the United States's complaint, as well as pursuant to any

15    amended complaint asserting civil penalties, including judicially assessed civil penalties under

16    the Clean Water Act, 33 U.S.C. § 1321(b)(7).

17    The United States is submitting this proposed Case Management Order solely as it relates

18    to the instant civil judicial action and solely as a result of the Court's Orders concerning the Case

19    Management Plan and Case Management Conference. The United States' undersigned attorneys

20    in this civil action are not aware of any indictment or criminal case that has been filed against any

21    of the defendants herein. The United States therefore takes no position at this time, and has no

22    comment upon, allegations or statements made by certain defendants in this proposed Case

23    Management Order relating to criminal proceedings.

24    **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**: This

25    action fails to present a justiciable case in controversy. The position of the Defendants COSCO

26    BUSAN, Regal Stone Ltd. and Fleet Management Ltd. is that the United States' claims are not

27

28

1   ripe, that this Court lacks subject matter jurisdiction over the claims asserted by the United States

2   and that the United States is required by applicable law to submit its claims for removal costs and

3   damages first to the designated Responsible Party (Regal Stone Ltd.) before it may initiate a

4   lawsuit.

5       **Defendant John Cota's Position**:  Cota will join in Co-Defendants' Motion to Dismiss

6   or Stay on the grounds that the United States' claim is not ripe and of a lack of jurisdiction and

7   failure of the United States to comply with applicable administrative procedures.  Cota will

8   further move to the dismiss or stay this action in that the United States Department of Justice

9   contemplates a criminal proceeding against him and requiring civil discovery of Captain Cota

10   would violate his Fifth Amendment rights; additionally, the United States has not exhausted its

11   administrative remedies.

12   **IV.**    **MOTIONS**

13       No motions have been filed.

14       **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:  A

15   Motion to Dismiss the United States' Complaint will be filed by Defendants M/V COSCO

16   BUSAN, Regal Stone Ltd. and Fleet Management Ltd.  The basis of the Motion will be, as stated

17   above, *i.e.*, the United States' claim is not ripe, lack of subject matter jurisdiction and failure of

18   the United States to comply with applicable administrative procedures.  In the alternative, and for

19   the same reasons above along with the fact that the United Stated is already pursing a

20   contemporaneous criminal proceeding, the Defendants will ask the Court to stay the suit.

21       **Defendant John Cota's Position**:  Cota will join in Co-Defendants' Motion to Dismiss

22   or Stay on the grounds that the United States' claim is not ripe and of a lack of jurisdiction and

23   failure of the United States to comply with applicable administrative procedures.  Cota will

24   further move to the dismiss or stay this action in that the United States Department of Justice

25   contemplates a criminal proceeding against him and requiring civil discovery of Captain Cota

26   would violate his Fifth Amendment rights and the United States has not exhausted its

27

28

1  administrative remedies.

2  **Defendant SIGCO's Position:**

3  Unless agreement can be reached with the United States pursuant to pending discussions

4  regarding voluntary dismissal of SIGCO, following discovery or an admission by the United

5  States confirming that the OPA limits applicable to SIGCO's Guaranty at the time of the incident

6  have been expended for OPA removal costs and damages, SIGCO intends to move by way of

7  summary judgment for dismissal of the case as to SIGCO.

8  **V.  AMENDMENT OF PLEADINGS**

9  **United States' Position:**

10  The United States asserts that it may amend its complaint.  If filed, the amended

11  complaint could include:

12  **a.**  A claim for a judicially assessed civil penalty pursuant to the Clean Water

13  Act, 33 U.S.C. § 1321(b)(7), as amended by OPA;

14  **b.**  Removal of SIGCO as a defendant.  The United States and SIGCO are

15  discussing the possibility of dismissing said defendant without prejudice.

16  **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position:**

17  Defendants M/V COSCO BUSAN, Regal Stone Ltd. and Fleet Management Ltd. have no

18  present intention to amend their pleadings.  Defendants will contest the assertion by the

19  Government in paragraph c. above, on the basis that it is a pretext for the United States to

20  conduct early discovery on strict liability issues to gain an unfair advantage in its pending

21  criminal investigation and or other proceedings.

22  **VI.  EVIDENCE PRESERVATION**

23  **United States' Position:**  The obligation to preserve evidence relevant to the issues

24  reasonably relevant in this action shall be as set forth in the United States' proposed Case

25  Management Plan.

26  //

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 6 -

**Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

Defendants Regal Stone Ltd. and Fleet Management Ltd., and their counsel, are taking appropriate steps to preserve relevant evidence, and assert that the Federal Rules of Civil Procedure, specifically 26(f) and this District Court's Standing Order effective since March 1, 2007 are sufficiently adequate and should be followed over the modified approach suggested by the Government.

**Defendant John Cota's Position**:  Defendant Cota has taken and will continue to take appropriate steps to preserve relevant evidence.

## VII.    LITIGATION AND INITIAL DISCLOSURES

**United States' Position**:  The United States believes this is a complex case, but does not believe that the procedures of the Manual for Complex Litigation should be utilized.  The United States believes that, in the interest of efficiency and judicial economy, that litigation should be phased as follows:

**Phase I**:    Liability, damages (other than natural resource damages reserved for Phase III), declaratory relief (Fourth Cause of Action, 33 U.S.C. § 2717(f)(2)), and civil penalty issues.  Phase I will extend for a period not to exceed 15 months

**Phase II**:    Mediation relating to the natural resource damage assessment, natural resource injuries, and natural resource damages; and other unresolved Phase I issues.  Phase II will extend for a period not to exceed three months.

**Phase III**:    If Phase II does not lead to settlement, issues relating to the natural resource damage assessment, natural resource injuries, and natural resource damages.  Phase III will extend for a period not to exceed 15 months.

All fact and expert discovery, dispositive motions, and trials shall be conducted during

1  the appropriate phase.  No schedule or discovery limits shall be entered at this time with respect

2  to Phase III; these requirements shall be determined in a case management order to be entered

3  upon commencement of Phase III.

4        Consistent with the this phased approach, and pursuant to Fed. R. Civ. P. 26(a)(1), the

5  parties will exchange initial Phase I disclosures (including Rule 26 requirements) on or before

6  May 1, 2008, and will exchange initial Phase III disclosures (including Rule 26 requirements)

7  within 30 days of the initiation of Phase III.  The parties will reach agreement on the selection of

8  the mediator for Phase II and are expected to complete the mediation process within the specified

9  three month period without the aide of the Court.

10        To the extent it is otherwise consistent with this Case Management Plan, the parties will

11  attempt to coordinate discovery with the related cases described in Section X of this Case

12  Management Plan, and litigation that is initiated in other jurisdictions.

13  **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

14        Defendants M/V COSCO BUSAN, Regal Stone Ltd. and Fleet Management Ltd. believe

15  that the United States' lawsuit should be dismissed in its entirety, or in the alternative, stayed

16  pending the United States' proper submission of its claims in accordance with applicable law and

17  its own established administrative procedures.

18        Defendants M/V COSCO BUSAN, Regal Stone Ltd. and Fleet Management Ltd.  further

19  assert that the United States' suggested approach of phased litigation is unwarranted,

20  unnecessarily complex and actually illustrates the fact that there is no case in controversy because

21  its case is not ripe and that the United States is simply seeking to conduct discovery to gain an

22  unfair advantage on issues currently being investigated by United States in its criminal

23  investigation.

24  **Defendant John Cota's Position**:  Defendant Cota believes that the United States'

25  lawsuit should be dismissed in its entirety or, in the alternative, stayed pending the United States'

26  proper submission of claims in accordance with applicable law.  Cota further contends that the

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 8 -

1   United States' lawsuit must be dismissed or stayed pending the resolution of a parallel criminal

2   proceeding contemplated by the United States against defendant Cota.

3   **VIII.   DISCOVERY AND FACTS**

4          **United States' Position**:

5          No discovery has been taken to date.  Certain crew of the COSCO BUSAN (*i.e.*,

6   crewmembers aboard the vessel on the date of the bridge allision) are believed by the

7   undersigned Government counsel still to be in the United States.  These percipient

8   witnesses/crew are not United States citizens or resident aliens.  Thus, to the extent they already

9   are or later may be outside the jurisdiction of the United States and the Court, they will be

10  beyond the *subpoena* power of United States courts, state courts, and federal or state

11  administrative agencies.  The United States has served notices of depositions *de bene esse* of the

12  said crewmembers in order to preserve their testimony for trial and/or motion practice.  The

13  notices did not include specific dates and it is the intention of the Government to work with all

14  counsel to seek mutually convenient times and dates, but, in any event, to conduct the

15  depositions before the crew leave the United States and the Court's jurisdiction and *subpoena*

16  power.  Should one or more defendants move for a stay of this action, and should such a motion

17  be granted, the United States will seeks the Court's permission and assistance in securing the said

18  depositions as an exception to the stay.

19         **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:  M/V

20  COSCO BUSAN, Regal Stone Ltd. and Fleet Management Ltd. believe that no discovery should

21  be taken, as the United States' claim is premature and further on the grounds that applicable law

22  makes the Defendant Regal Stone strictly liable for the very damages arising from the oil spill

23  alleged in the United States' Complaint.  There is no case in controversy, and again the United

24  States' attempt to engage in discovery on an issue where Defendant Regal Stone is strictly liable

25  is simply unwarranted, a waste of judicial resources and a pretext to gain an unfair advantage in

26  other proceedings being pursued by the United States.

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 9 -

Case 3:07-cv-06045-SC    Document 30    Filed 02/15/2008    Page 10 of 27

1      The United States is well aware that six crew members from COSCO BUSAN are in the

2  United States; in fact, it issued and served material witnesses warrants on each of these crew

3  members and they are currently being held in the United States pursuant to those warrants.  The

4  United States knows that each of those crew members are individually represented by separate

5  counsel.

6  **Defendant John Cota's Position**:

7      Defendant Cota contends that, as currently alleged, all causes of action provide for strict

8  liability.  Vessel Interests are currently funding all approved claims, response costs and natural

9  resource damages as they are determined pursuant to applicable statutes and regulations.  There is

10  consequently no need for discovery or a trial at this time and this case should be stayed or

11  dismissed pending the ultimate outcome of all administrative processes related to damages and

12  payments therefore.  Furthermore, in light criminal proceedings contemplated by the Department

13  of Justice against Captain Cota, it would be unfair and prejudicial to require him to participate in

14  civil discovery in light of his Fifth Amendment rights.

15      Accordingly, Cota contends there is presently no need for a Discovery Schedule or

16  agreement as to discovery procedures unless and until the Court rules on the upcoming motions

17  to dismiss or stay this action.

18      Furthermore, Defendant Cota strenuously disagrees with and objects to the United States'

19  position that it has no obligation to preserve or produce documentary evidence, as articulated in

20  Section VIII.B.a.  Such a position is, at the very least, violative of due process and fundamental

21  fairness.

22      **B(m)(1)(b)** The exchange of electronic documents shall be in PDF format, not TIFF as

23  proposed by the USA.

24  //

25  //

26  //

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC        - 10 -

1  **A.     Discovery Plan:**

2  **United States' Position:**

3  The United States proposes the following discovery and trial schedule for Phase I:

4  Close of Fact Discovery                              _____

5        Expert Reports

6            Plaintiff:                                _____

7            Defendants:                              _____

8            Plaintiff's Rebuttal                      _____

9        Deadline to Amend Pleadings                  _____

10       Close of Expert Discovery                    _____

11       Last Day to File Dispositive Motions         _____

12       Meeting of Counsel Prior to

13            Final Pretrial Conference               _____

14       Joint Exhibit List                           _____

15       Memorandum of Contentions of

16            Fact and Law                            _____

17       Last Day for Filing Motions in Limine        _____

18       Final Pretrial Conference Order              _____

19       Pretrial Conference                          _____

20       Disclosure of Demonstratives                 _____

21       Trial Brief                                  _____

22       Trial on Liability                           Dependent upon the Court's

23                                                    schedule, and barring potential stay

24                                                    of this action (as one or more

25                                                    defendants may propose), the United

26                                                    States proposes May or June of 2009,

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 11 -

1            with all pretrial dates to be set by the

2            Court in accordance with the trial

3            <u>date ordered by the Court</u>.

4    **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

5       Defendants object to a discovery plan proposed by the government based on a phased

6 litigation. As stated above, such an approach is unwarranted and designed simply to give the

7 United States an unfair advantage.

8    **B.**      **General Matters:**

9       **United States' Position**:

10       **a.**     **Documents**: The United States shall have no obligation to preserve,

11 search for or produce, or otherwise identify as privileged, documents in the files of the

12 United States Department of Justice or within the files of legal counsel for the National

13 Oceanic and Atmospheric Administration, the Department of the Interior, the United

14 States Coast Guard, or any other federal agency that brings a claim in this action.

15 Defendants shall have no obligation to preserve, produce or otherwise identify as

16 privileged, documents in the files of its outside litigation counsel in this case or within the

17 files of in-house legal counsel. This limitation has no effect on the parties' obligations to

18 search for, produce or otherwise identify as privileged, copies of all documents that are

19 otherwise in a party's possession.

20       **b.**     **Non-waiver**: By exchanging documents and communications with each

21 other, the parties do not waive any privilege, immunity, or other basis for confidentiality

22 that otherwise applies to these documents and communications.

23       **c.**     **Unnecessary Assertions of Privilege**: It is unnecessary to identify any

24 documents prepared by or at the direction of counsel after November 7, 2007, or assert

25 any privilege over such documents. It is unnecessary to identify any electronic mail sent

26 among the attorneys jointly representing a client in the matter at issue, or between an

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC         

attorney and his or her client in the matter at issue, without regard to the date on which such electronic communication was sent. This provision shall also apply to electronic mail sent among attorneys of various governmental agencies that share a common interest in pursuit of claims, penalties/fines, damages, and other regulatory and/or injunctive relief related to the Incident.

d.    **Electronic Service**: All discovery requests served by a party shall include service by electronic mail in a word processing format, such as Word and/or Word Perfect.

e.    **Sequential Numbering**: For purposes of clarity and efficiency, to the extent possible, deposition exhibits (including fact and expert deposition exhibits) will be sequentially numbered during each deposition and throughout the course of depositions. For example, the first exhibit of the first deposition will be numbered one, the second exhibit will be numbered two and so forth. If the first deposition ends with exhibit five, then the second deposition will begin with exhibit six. If a previously numbered exhibit is used in a subsequent deposition, the parties will use the number initially assigned to it.

f.    **Interrogatories**: Each party is limited to 20 interrogatories for Phase I, including, pursuant to Fed. R. Civ. P. 33(a), all discrete subparts.

g.    **Requests for Admission**: The parties anticipate serving requests for admissions, pursuant to Fed. R. Civ. P.36.

h.    **Requests for Productions**: The parties anticipate serving requests for production, pursuant to Fed. R. Civ. P. 34.

i.    **Fact Depositions**: There will be a maximum of 20 fact depositions taken by each party for Phase I without leave of court. The parties will make good faith efforts to confer prior to scheduling depositions and to adhere to any schedules agreed upon by counsel. The parties will adhere to the following procedures.

1.    Notices of depositions may be served on officers and employees of

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                - 13 -

the parties, without resort to subpoenas or further process;

2.     The time between service of deposition notice and the date set for the deposition by that notice shall be no less than 20 business days unless shortened by agreement of the parties or order of the Court;

3.     Each deposition of a fact witness, not including 30(b)(6) deponents, shall be limited to one day of 7 hours, excluding breaks, unless extended by agreement o f the parties or order of the Court.  Each deposition taken pursuant to 30(b)(6) shall be limited to two days of 7 hours each, excluding breaks, unless extended by agreement o f the parties or order of the Court.

**j.     Expert Discovery**:  Notwithstanding any provision in the Fed. R. Civ. P. to the contrary, the following terms apply to both the productions of documents under Rul 26(a)(2)(B), Rule 34, and Rule 45, and to the timing and scope of expert deposition testimony.

1.     At the time of submission of expert reports, the parties will identify "the data or other information considered by the witness in forming [his or her] opinions," in accordance with Fed. R. Civ. P. 26(a)(2).  For the purpose of this Case Management Plan, except as noted below, "considered documents" shall be those documents (other than those determined not to be relevant after cursory review) that have been furnished to the expert to be used in forming opinions, have ben received and read or reviewed, or taken into account by the expert, regardless of whether the expert actually relies upon the document, in forming his or her opinion.  Such "data or other information" may be subject to questioning during expert depositions.  The party submitting expert reports will provide all copies of all "considered" documents to the other party within

7 days of submitting the corresponding expert report(s). Where such "data or other information" was produced by either party in this litigation, identification by Bates number will be sufficient. The party submitting expert reports shall identify information that is publicly available, but is required to produce such documents only if it is more burdensome for the party receiving the report to obtain them than it would be for the party producing the report, and upon specific request.

2.     Notwithstanding paragraph 1, all drafts and pre-final versions of the expert's report shall be outside the scope of expert discovery. "Drafts and pre-final versions" shall be interpreted to encompass only the following:

a.     Draft or preliminary spreadsheets, tables, or other quantitative analyses, outlines, notes, or other work papers or preliminary drafts of the expert's report that were created by the expert (or persons employed by or otherwise working for the expert) as part of preparing his/her report. However, if the testifying expert relies upon spreadsheets, tables, or other quantitative analysis created in preparation of his/her report, the final iteration of the document relied upon is subject to discovery, unless all information relied upon is contained in the expert's final report;

b.     Drafts and pre-final versions exchanged between the expert (or persons employed by or otherwise working for the expert) and another testifying expert. However, if one testifying expert ("Expert A") relies on a document authored by another testifying expert ("Expert B"), the version of the document relied on is

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 15 -

subject to discovery from Expert A, notwithstanding its status as a "draft" to the authoring expert, Expert B, unless all information considered by Expert A is contained in Expert B's final report; and

    **c.**    Non-substantive communications (including electronic mail) between the expert (or persons employed by or otherwise working for the expert) and the party or any representative thereof (including counsel);

    **3.**    Additionally, the following two categories of communication are not discoverable:

    **a.**    The substance of comments (both written and verbal) about drafts and pre-final versions of expert reports by an attorney or other representative of a party are not discoverable;

    **b.**    Except for the expert's hourly rate and estimates of the total time spent preparing the expert report, all documents or other information relating to the expert's contractual arrangement with the party (or any representative thereof) for purposes of preparing the expert report (e.g., billing statement, statements of work, etc.) shall not be discoverable, unless such documents fall into the category described in VI(F)(1) above.

    **4.**    With regard to the expert depositions:

    **a.**    There will be no formal numeric limitation on the number of expert depositions;

    **b.**    Each party will pay for the time that the party's own expert spends in deposition; and

    **c.**    The 7 hour, one-day limit imposed by Rule 30(d)(2) shall not apply to expert depositions. Except as otherwise set forth in

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC    - 16 -

1    this subparagraph, the deposition of an expert shall be limited to 14

2    hours.  Without agreement of counsel, no deposition of an expert

3    shall last more than 7 hours in any calendar day excluding breaks.

4    If a party anticipates either before or during a deposition of an

5    expert that an expert's deposition will take longer than 14 hours,

6    the parties shall discuss the need for an extension.  If the parties in

7    this case cannot reach an agreement regarding an extension, the

8    party taking the deposition may seek relief from the Court and

9    bears the burden of demonstrating that 14 hours are inadequate.

10          **k.**    **Effect of Inadvertent Production of Documents**:  The parties agree that

11  the inadvertent production of documents or metadata shall not, in and of itself, waive any

12  privilege that would otherwise attach to the documents produced.  The following

13  procedures shall apply to any such claim of inadvertent production.

14      Promptly from the time the party actually learns of the inadvertent production, the

15  producing party shall give all counsel of record notice of the claimed inadvertent production.

16  The notice shall identify the document, the portions of the document that were inadvertently

17  produced, and the first date the document was produced.  If the party that produced a document

18  claims that only a portion of the document was inadvertently produced, the party shall provide

19  the notice of inadvertent production, a new copy of the document with the allegedly privileged

20  portions redacted.

21      A party receiving documents is under a good-faith obligation to promptly alert the

22  producing party if a document appears on its face or in light of facts known to the receiving party

23  to be privileged.

24      Once an inadvertently produced document has been identified, the receiving party must

25  promptly return, sequester, or destroy the specified information and may not use or disclose the

26  information until the claim is resolved.  Upon resolution of an inadvertent production claim in

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC        - 17 -

1    favor of the producing party, the originally produced non-redacted documents and all copies will

2    be returned to the producing party.

3         **l.     Joinder of Additional Parties**:  The United States is not aware that

4    additional parties or related parties will be joined.

5         **m.     Electronic Disclosures**:

6              **1.     Criteria for the Production of Electronic Documents.**  All

7    documents or information provided by electronic means shall be provided in a

8    reasonably usable form.  Specifically, all documents or information shall:

9                   **a.     be provided on a CD-ROM or on an external hard drive,

10   USB 2.0, for Windows compatible personal computers;

11                  **b.     be provided as 300 dpi single-page TIFF files;

12                  **c.     minimally contain a start and end Bates number for each

13   document and its extracted or OCR-processed text;

14                  **d.     be uniquely Bates numbered (as part of the actual image

15   file - not as an overlay);

16                  **e.     be accompanied by a "cross reference file" which associates

17   each Bates number with its corresponding single-page Tiff image

18   file.  The cross reference should also contain the image file path for

19   each Bates numbered page.  Cross reference files shall be

20   formatted for Opticon or IPRO software; and

21                  **f.     not contain passwords protecting files or media, or if

22   passwords are contained, the passwords shall be provided.

23         **2.     Preservation and Production of Electronically Stored Information.**

24   The parties need not preserve the following categories of electronic

25   information for this litigation:

26                  **a.     data duplicated in any electronic back-up system for the

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 18 -

purpose of system recovery or information restoration, including but not limited to, system recovery back-up tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

**b.** voicemail messages;

**c.** instant messages that are not ordinarily printed or saved or maintained in a database;

**d.** electronic mail sent to or from a Personal Digital Assistant (e.g., Blackberry handheld) provided that a copy of such mail is routinely saved elsewhere;

**e.** other electronic data stored on a Personal Digital Assistant, such as calendar or contract data or notes, provided that a copy of such information is routinely saved elsewhere;

**f.** logs of calls made from cellular phones;

**g.** deleted computer files, whether fragmented or whole;

**h.** temporary or cache files, including internet history, web browser cache and cookie files, where located;

**i.** server, system or network logs; and

**j.** electronic data temporarily stored by laboratory equipment, monitoring equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

**3.** Similarly, the parties have no general obligation to provide privilege logs for the category of electronically stored information listed

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                - 19 -

1       above in Section VIII. 2. a - j.

2       **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

3       Defendants believe that the Federal Rules of Civil Procedure, including specifically 26

4    (a)(2), 26 (f) and this District Court's Standing Order effective since March 1, 2007 are

5    sufficiently adequate and should be followed over the modified discovery approach suggested by

6    the Government.

7       Defendants alert the Court to the fact that many of the federal agencies which make up

8    the United States have separate counsel that are acting in capacities other than as litigation

9    counsel. Moreover, to the extent that United States has initiated this civil action at this time

10   (which the defendants assert is premature), and at the same time now seeks to carve out its

11   compulsory claim for Natural Resource Damages, the Court should be advised that the State of

12   California is also involved which presents significant Eleventh Amendment issues, particularly

13   for the Defendants. That is, expert analysis and communications could be conducted by the State

14   and then withheld from discovery in this action. In addition the parties, including the United

15   States and the State of California are already actively engaged in an ongoing cooperative

16   assessment process being funded entirely by Regal Stone for determining damage/injury and

17   restoration. The governments' proposal for exempting out its obligations to identify and preserve

18   privileged communications, and documents as otherwise required under FRCP 26 is inconsistent

19   with its efforts in the cooperative process. In addition, the Defendants believe that as a matter of

20   complete fairness, if discovery is conducted that it should simply be conducted in accordance

21   with Rule 26. This approach would also apply to draft and pre-final versions of expert reports

22   FRCP 26 (4) and (5).

23   **IX.    CLASS ACTIONS**

24       Not applicable to the present action, C07-6045 SC.

25   //

26   //

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                          - 20 -

1    X.    **RELATED CASES**

2        Chelsea, LLC *et al* v. Regal Stone, Ltd. *et al.*, Civil Action No. 07-5800; and

3        Shogren Living Trust, *et al* v. Regal Stone, Ltd. *et al.* Civil Action No. 3:07-5926.

4    XI.    **RELIEF**

5        **United States' Position**:

6        The United States seeks response costs and damages, without limitations, declaratory

7    relief, potential forfeiture, interest, disbursements sustained by the United States, and reserves the

8    right to assert claims for penalties, as aforesaid.

9        Natural resource damages will be determined through a natural resource damages

10   assessment (NRDA), which is currently being conducted pursuant to procedures contained in 15

11   CFR, Part 990. Pursuant to this process, data is being collected and studies undertaken to

12   determine the extent of injuries to natural resources and will be used to select and "scale"

13   restoration projects that will compensate the public for injuries to resources and their losses or

14   services they provide. The cost of these restoration projects will determine the amount of

15   damages.

16       The NRDA process has to date identified nine categories of injured resources: birds,

17   mammals, fish, human uses, cultural resources, and rocky intertidal, sandy beach, saltmarsh, and

18   eelgrass habitats. Currently identified injuries include thousands of oiled birds, nearly 100 miles

19   of oiled shoreline and habitat, and substantial lost human use days at beaches, parks, and other

20   recreation areas in the vicinity of the spill.  Data collection, however, is still ongoing and the

21   scope and extent of the injuries may increase.  The United States intends that the ongoing NRDA

22   process be sufficiently complete to allow the phased approach to litigation to result in efficient

23   litigation and preserve the court's and the parties' resources.

24       **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

25       Defendants M/V COSCO BUSAN, Regal Stone Ltd. and Fleet Management Ltd. contend

26   that the United States' claims, should be dismissed in their entirety and that the United States

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 21 -

1  should submit its claims for damages arising from the oil spill alleged in its Complaint to the

2  designated Responsible Party as required by applicable law.

3      **Defendant John Cota's Position:**

4      Defendant Cota joins in Co-Defendants' contention that the United States' claims should

5  be dismissed in their entirety.

6      **Defendant SIGCO's Position**:

7      Defendant SIGCO contends that the United States' claims against it should be dismissed

8  with prejudice in their entirety.

9  **XII.  SETTLEMENT AND ADR**

10     The parties have not participated in ADR.

11 **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

12     The United States does not consent to utilizing a magistrate judge.

13 **XIV.  OTHER REFERENCES**

14     The United States does not consent to utilizing binding arbitration, a special master, or

15 the Judicial Panel of MultiDistrict Litigation.

16 **XV.  NARROWING OF ISSUES**

17     **United States' Position**:

18     The United States' intent is that the phased described in its proposed Case Management

19 Plan approach will narrow the issues.

20     **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

21     Defendants M/V COSCO BUSAN, Regal Stone Ltd. and Fleet Management Ltd. contend

22 that the United States' claims, in their entirety, can be resolved without litigation if the United

23 States will comply with applicable law and submit their claims to the designated Responsible

24 Party for review and payment.

25     **Defendant John Cota's Position**:

26     Defendant Cota joins in Co-Defendants' contention that the United States' claims, in their

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 22 -

1  entirety, can and should be resolved without litigation if the United States will comply with

2  applicable law and submit their claims to the designated Responsible Part for review and

3  payment.

4  **XVI.  EXPEDITED SCHEDULE**

5      Not applicable.

6  **XVII.  SCHEDULING**

7      See above.

8  **XVIII. TRIAL**

9      **United States' Position**:

10      The expected length of the Phase I trial is ten days.  The expected length of the Phase III

11  trial is 21 days.  The parties have not reached agreement on whether the case could and/or would

12  be tried to a jury or to the Court.

13      **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

14      Defendants contend that there should be no trial and that the United States' claims should

15  be dismissed in their entirety.

16  **XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

17      **United States' Position**:

18      The United States is not required to file a Certification of Interested Entities or Person,

19  but states that it is unaware of any specific persons, firms, partnerships, corporations (including

20  parent corporations) or other entities other than the parties to have either: (I) a financial interest

21  in the subject matter in controversy or in a party to the proceedings; or (ii) any other kind of

22  interest that could be substantially affected by the outcome of the proceeding.

23      **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position**:

24      Defendants will file a Certification of Interested Entities prior to the Case Management

25  Conference.

26  //

27

28

CASE MANAGEMENT PLAN AND PROPOSED ORDER – C07-6045 SC                    - 23 -

1    **XX.    CONCLUSION**

2        **United States' Position:**

3        The United States proposes that the Court adopt the United States proposed Case

4    Management Plan.

5        **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position:**

6        Defendants' position is that the United States' claims should be dismissed in their

7    entirety.

8        **Defendant John Cota's Position:**

9        Defendant Cota's position is that the United States' claims should be dismissed in their

10    entirety or, at the very least, stayed pending exhaustion of the administrative claims process and

11    resolution of the criminal proceedings contemplated by the Department of Justice targeting

12    defendant Cota.

13        Defendant Cota further urges this Court to continue the Case Management Conference

14    until resolution of the aniticipated Motions to Dismiss or, in the alternative, Stay this action.

15        **Defendant SIGCO's Position:**

16        Defendant SIGCO's position is that the Complaint should be dismissed with prejudice in

17    its entirety against SIGCO.

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27

28

Case 3:07-cv-06045-SC    Document 30    Filed 02/15/2008    Page 25 of 27

1

## UNITED STATES [PROPOSED] ORDER

2    The Court, having reviewed the foregoing Proposed Case Management Plan hereby

3  ORDERS that the schedules and agreements as proposed by the United States as set forth therein

4  are entered as the Case Management Order for this action.

5  IT IS SO ORDERED.

6

7  DATED:_____          _____

8                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: Dated: February 15, 2008.      JEFFREY S. BUCHOLTZ
2                                        Acting Assistant Attorney General

3

4                                        R. MICHAEL UNDERHILL
                                       Attorney in Charge, West Coast Office
5                                        GEOFFREY D. OWEN
                                       Trial Attorney
6                                        Torts Branch, Civil Division
                                       United States Department of Justice
7
                                       RONALD J. TENPAS
8                                        Assistant Attorney General
                                       Environment and Natural Resources Division
9                                        /s/ Bradley R. O'Brien
                                       BRADLEY R. O'BRIEN
10                                        Senior Attorney
                                       Environmental Enforcement Section
11                                        United States Department of Justice

12                                        Attorneys for Plaintiff
13                                        United States of America

14    Dated: Dated: February 15, 2008.      KEESAL, YOUNG & LOGAN

15

16                                        /s/ John Giffin
                                       By: JOHN GIFFIN
17
                                       Attorneys for Defendants M/V COSCO BUSAN,
18                                        Regal Stone Limited, the latter presently appearing
                                       solely pursuant to Supplemental Admiralty Rule
19                                        E(8) of the Fed.R.Civ.P. as claimant to COSCO
                                       BUSAN, and Fleet Management Ltd.
20
   Dated: Dated: February 15, 2008.      COPPENRATH & ASSOCIATES
21
                                       /s/ Walter G. Coppenrath, Jr.
22                                        By: WALTER G. COPPENRATH, JR.

23                                        COPPENRATH & ASSOCIATES

24                                        Attorneys for John Cota

25                                        //
                                       //
26                                        //
                                       //
27

28

1    Dated: Dated: February 15, 2008.          McGUIRE WOODS

2                                              /s/ Sidney Kanazawa
                                               By: SIDNEY KANAZAWA
3
                                               Attorneys for Shipowners' Insurance & Guaranty
4                                              Company Ltd.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28