JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
United States Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, DC  20530
BRADLEY R. O'BRIEN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105
Telephone: (415) 744-6484;
Facsimile: (415) 744-6476
brad.obrien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem,* REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>　　　　Defendants. | Civil No. C07-6045 SC<br><br>(AND RELATED CASES:<br>C07-5800 SC; C07-5926 SC;<br>C08-2052 SC )<br><br>IN ADMIRALTY<br><br>MEMORANDUM OF UNITED STATES IN OPPOSITION TO DEFENDANT COTA'S "JOINDER" IN REGAL STONE'S AND FLEET MANAGEMENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS<br><br>Date: May 9, 2008<br>Time: 10:00 a.m.<br>Courtroom: Honorable Samuel Conti |

**PRELIMINARY STATEMENT**

On April 17th, defendant Cota filed his "joinder" in the motion to dismiss filed nearly two weeks earlier by defendants Regal Stone and Fleet Management. The United States has already responded to the underlying motion pursuant to the Government's Memorandum and Declaration filed collectively at Docket No. 56. In response to Cota's filing, the United States incorporates by reference its foregoing papers and files the following brief response to the issues raised separately as a result of Cota's joinder.

**DISCUSSION**

The underlying motion in which Cota "joins" is premised *solely* upon Regal Stone's and Fleet Management's attempt to rewrite the Oil Pollution Act ("OPA"), 33 U.S.C. §§ 2701, *et seq.* Under the reading of OPA made by Cota through his "joinder", an Article III court, indeed *this* Court, has neither the jurisdictional right nor the ability to take evidence, make rulings and issue orders, decide liability, and determine damages. And in place of the Article III court that Cota would seek to oust, the "joined" motion would have the Defendant shipowner's and ship operator's attorneys and "claims handlers" step into the breach and render what could hardly be called neutral and independent "justice." We have already seen the results of what that process would entail since the Court has already been forced to issue two separate ruling on the subject.[1]

The fundamental problem for Cota, wholly aside from the flawed premise of the underlying motion, is that Cota is ***not*** even a defendant under the OPA cause of action. Indeed, neither Cota *nor* the COSCO BUSAN, *in rem*, are OPA defendants and, conversely, both are sued exclusively under the separate and independent statutory causes of action established by the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, and the Park System Resource Protection Act ("PSRPA"), 16 U.S.C. §§ 19jj, *et seq.* [Amended Complaint, Docket No. 44, First and Fifth Causes of Action.]

---

[1] We shall not comment here on issues relating to Regal Stone's and Fleet Management's attempt to control the right of injured parties to seek relief. The Court's Orders of February 22nd and April 25th speak for themselves. [Orders of February 22 and April 25, 2008, in *Chelsea, LLC v. Regal Stone, Ltd., et al.*, N.D. Cal., No. C07-5800-SC.]

UNITED STATES' RESPONSE TO DEFENDANT COTA'S "JOINDER" IN MOTION
TO DISMISS FILED BY REGAL STONE AND FLEET MANAGEMENT – C07-6045 SC          2

Our response to Cota's "joinder" shall be brief and can be summed up by demonstrating, step-by-step, the literally absurd results which would follow were Cota's argument to be taken at face value:

- o  Regal Stone and Fleet Management, like Cota and COSCO BUSAN, *in rem*, are defendants under the NMSA and PSRPA, both of which are statutes wholly separate and independent of OPA. As their names imply, the NMSA and PSRPA each govern highly protected areas of special national and environmental importance. Conversely, neither Cota nor COSCO BUSAN, *in rem*, are named under OPA;[2]
- o  Regal Stone and Fleet Management filed their motion, arguing that OPA's "claims presentation" provision, 33 U.S.C. § 2713, precludes this Court from deciding evidentiary, liability, and damages issues; instead, according to the argument Cota implicitly adopts *via* his "joinder", control over such issues is vested exclusively with Regal Stone and Fleet Management, who control the "claims" (*i.e.*, settlement) process. In turn, this defendant-controlled "claims" process is necessary so that Regal Stone and Fleet Management can file an administrative claim with a federal agency in order to allow the latter two Defendants not only (a) to *limit* their liability, but (b) allow them to seek *reimbursement and recovery* from a federal administrative agency for the shipowner's and operator's own liability and damages;
- o  Cota's next implicitly adopted argument is that the foregoing process (*i.e.*, whereby the keys to the courthouse are controlled by the shipowner and ship operator) bars the United States from seeking relief before the Court – despite the fact that the presentment section of OPA, 33 U.S.C. § 2713, applies to a "person", which term does *not* include the United States, 33 U.S.C. § 2701(27), and despite the fact that the Oil Spill Liability Trust Fund (the "Fund"), which is administered by the National Pollution Funds Center (on whose behalf the Third Cause of Action is

---

[2] Regal Stone and Fleet Management were also sued under the judicially assessed civil penalty provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7). Neither Cota nor the COSCO BUSAN were sued thereunder.

asserted) is ***not*** defined in OPA as either a "person" or a "claimant", but instead is a separately defined entity.  33 U.S.C. § 2701(11);

- o  The next step of Cota's adopted argument is to ignore, completely, the various statutory "savings clauses", not to mention *United States v. Locke*, 529 U.S. 89, 105-06, 120 S.Ct. 1135, 1146, 146 L.Ed.2d 69 (2000), that undercut the foundation for the novel and flawed argument that this Court has neither the ability nor the right to decide evidentiary issues, make rulings, determine liability, and assess damages. Cota's joinder thus ignores, *inter alia*, OPA's savings clause, 33 U.S.C. § 2718(c); the PSRPA's savings clause, 16 U.S.C. § 19jj-1(d); and the legislative history emphasizing the broad scope of the PSRPA's savings clause.  See, S. REP. NO. 101-328, at 7 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 603, 607;

- o  Cota's adopted argument then proceeds to ignore Section 1017(f)(2) of OPA, 33 U.S.C. § 2717(f)(2), which explicitly provides that the United States can initiate an action "at any time" to recover removal costs.  That section clearly authorizes the United States to immediately file a judicial action without any necessity of handing the courthouse keys to Regal Stone and Fleet Management, who also are alleged to be paying the fees of Cota in this action;[3]/

- o  If we follow the next step implicit in Cota's argument, the United States would be required to wait up to five years to determine whether Regal Stone and Fleet Management, who control the "settlement and claims checkbook", agree at *their* absolute discretion to "settle" claims.  *See., e.g.*, Mauseth Declaration filed by Regal Stone and Fleet, Docket No. 39; see also, with respect to the "claims handling" process to date, footnote one above regarding the necessity of the Court's issuance of its Orders of February 22nd and April 25th.

//

---

[3]/   *Continental Insurance Co. v. John Cota, Regal Stone, Fleet Management, et al.*, C08-2052 SC (related case), Docket No. 1, paragraphs 38-39.

UNITED STATES' RESPONSE TO DEFENDANT COTA'S "JOINDER" IN MOTION
TO DISMISS FILED BY REGAL STONE AND FLEET MANAGEMENT – C07-6045 SC          4

    o    At the end of the five years (or whatever length of time the Defendants may choose to draw out the claims process), only *then* could the United States file suit. Indeed, in the case of the Third Cause of Action asserted on behalf the Fund, the Fund could decide to file suit or ... file a claim against itself!

    o    Meanwhile, this Court already will have decided the cases before the Court, as well as any yet to be filed.[4]/ Thus, after five years, give or take – again, wholly dependent upon Regal Stone's and Fleet Management's strategic decisions as to how to control the "presentment" and "claims" process – this litigation could (re)commence, resulting in discovery and eventual trial to be scheduled anywhere between seven to ten years after the COSCO BUSAN hit the Bay Bridge in 2007. *That* is the interpretation of OPA, 33 U.S.C. § 2713, that Cota implicitly makes through his joinder in Regal Stone's and Fleet Management's motion.

Finally, we assume that Cota does ***not*** join in Regal Stone's and Fleet Management's motion to the extent the Defendants' Reply Memorandum denies civil liability on their part and instead attempts to lay civil fault solely on defendant Cota's doorstep. Based upon the opening brief filed by Regal Stone and Fleet Management, we presume that Cota assumed that the two Defendants meant *precisely what they stated to the Court* as the central tenet of their motion. Rather than paraphrase, we quote from the representation made to the Court by Regal Stone and Fleet Management:

> Defendants [Regal Stone and Fleet Management] have already acknowledged that they are strictly liable to pay for removal costs and damages resulting from the COSCO BUSAN incident. Given this situation, there is no case or controversy for the court to address.

Opening Brief of Regal Stone and Fleet Management, Docket No. 36, page 2, lines 5-9. As if the point of a concession of liability needed emphasizing in a case with private and government damages of the magnitude here, Regal Stone and Fleet Management *restated* the civil liability concession

---

[4]/    *Shogren v Regal Stone, et al.,* N.D. Cal., No. C07-5926-SC; *Chelsea LLC v. Regal Stone, et al.*, N.D. Cal., No. C07-5800-SC; *Continental Insurance Co. v. Cota, Regal Stone, et al.*, C08-2052 SC. In addition, there are two state court cases that have been filed, one by local governments and one by private parties.

1  again at page 15, lines 24-26.

2      We now find, however, that after their representation to the Court was taken by the litigants (and presumably the Court) at face value, the Defendants are engaged in backtracking at breakneck speed and urging that what they *really* meant to say to the Court (but didn't) was that they concede strict civil liability – *but only subject to whatever defenses they might conjure!*

    Wholly besides the liability about-face and the matter of judicial admissions and estoppel, Regal Stone's and Fleet Management's belated attempt to "reserve" defenses despite an express admission of strict civil liability is made even more breathtaking by their profoundly contrary assertion that "there is no case or controversy for the court to address".  In any event, we shall assume (unless otherwise advised by Cota) that Cota's "joinder" in the motion does not include joinder in Regal Stone's and Fleet Management's statements directed at him in the related civil cases before the Court.[5/]

### CONCLUSION

    For the reasons stated above, Defendant Cota's "joinder" in the motion filed by Regal Stone and Fleet, said joinder requesting dismissal of the action as against Cota, should be denied.

Dated: May 1, 2008.      JEFFREY S. BUCHOLTZ
    Acting Assistant Attorney General

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL
Attorney In Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ Bradley R. O'Brien
BRADLEY R. O'BRIEN
Environmental Enforcement Section

Attorneys for Plaintiff United States of America

---

[5]/     Cota is a defendant in three of the related civil cases before the Court: *United States v. Regal Stone Ltd., et al.*; *Shogren Living Trust, et al v. Cota, Regal Stone, Ltd., et al*; and *Continental Insurance Co. v. Cota, Regal Stone, et al.*