GREGORY G. KATSAS
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
CHAD KAUFFMAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington D.C. 20530
BRADLEY R. O'BRIEN
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6484; Facsimile: (415) 744-6476
brad.o'brien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, in rem, REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Civil No. C-07-6045 SC<br>(AND RELATED CASES:<br>C-07-5800 SC; C-07-5926 SC;<br>C-08-2052 SC)<br><br>IN ADMIRALTY<br><br>*EX PARTE* REQUEST FOR ORDER TO REQUIRE APPEARANCE OF COSCO BUSAN CREW MEMBERS SHUN BIAO ZHAO, KONG XIANG HU, LIANG XIAN ZHENG & THEIR COUNSEL AT CASE MANAGEMENT CONFERENCE ON MAY 9, 2008, 10:00 A.M., COURTROOM 1, 17TH FLOOR, COURTROOM OF JUDGE CONTI |

EX PARTE REQUEST FOR ORDER REQUIRING ATTENDANCE IN COURT – C07-6045 SC                  1

## MEET AND CONFER OBLIGATION

As set forth below, a good faith discovery dispute presently exists between the United States and three percipient witness crewmen who were aboard the COSCO BUSAN at the time of the incident that gives rise to this litigation. On May 6th, counsel for the Government and counsel for the three crewmen conferred by telephone in an attempt to resolve the matter. Those attempts were not successful. Pursuant to Rules 26, 30, 37, and 45 of the Fed.R.Civ.P., and Local Rule 37-1, the United States brings the matter before the Court in an attempt to secure resolution.

## DISCUSSION

As the Government previously advised the Court at the Case Management Conference on February 22, 2008, and again in the Amended Joint CMC letter of May 1st, certain crewmembers of the COSCO BUSAN remain in the United States. The crewmen, none of whom are United States citizens, are percipient witnesses whose testimony will be central to the case as respects various parties and causes of action. (We understand that all the crew are citizens of the People's Republic of China). Conversely, the inability to procure their testimony for purposes of evidentiary hearings, motion practice, and trial would prejudice the United States, as well as other plaintiffs and parties in these related cases.

In order to preserve their testimony, the Government previously advised that it would seek to take the depositions of COSCO BUSAN crewmen before they depart the jurisdiction of the United States and the Court. Simply put, once the crew depart the United States, as non-parties they would not be subject to *subpoena* power or *any* orders of the Court. At the February 22nd Case Management Conference, the Court indicated that the depositions could proceed.

On May 5, 2008, a hearing was held before Magistrate Judge Spero in the matter titled *In re: Material Witness Warrants*, Case No. 07-90522 MISC VRW (JCS). The hearing concerned a motion to schedule Federal Rule of Criminal Procedure 15 depositions (hereafter "Rule 15 depositions") of the six COSCO BUSAN crewmen apparently still in the United States. The hearing was conducted in open court and attended by members of the public.

EX PARTE REQUEST FOR ORDER REQUIRING ATTENDANCE IN COURT – C07-6045 SC                2

As a result of the hearing, it appears that three of the six COSCO BUSAN crew (Shun Bia Zhao, Kong Xiang Hu, and Liang Xian Zheng) likely will have their Rule 15 depositions taken as early as late May of 2008.[1] Once their Rule 15 depositions are completed, it is expected that the crew immediately will attempt to depart the United States.

The three crewmen are represented by Jonathan Howden, of Thelen Reid Brown Raysman & Steiner LLP.[2] On May 6th, Government counsel contacted Mr. Howden to request that his clients, *i.e.*, the foregoing three crewmen, appear for civil depositions immediately *following* the conclusion of their Rule 15 depositions, but *before* Mr. Howden's clients leave the jurisdiction of the United States and the Court. Mr. Howden kindly agreed to accept service of civil deposition *subpoenae*, but also conditioned acceptance of service on the right to quash the *subpoenae* prior to commencement of the civil depositions. Mr. Howden also stated that in lieu of the depositions requested by the United States, his clients instead could later be deposed in Hong Kong.

With respect to taking the depositions in Hong Kong, we do *not* question the good faith of either Mr. Howden or his clients. Nevertheless, the fact remains that even if the crew presently state, even in open court, that they presently have every intention of appearing for later depositions in a foreign country, the individuals may later simply change their minds for a nearly infinite variety of reasons, legitimate or otherwise. Should they do so, there would be nothing that the Government, other parties, or the Court could do about it since, by that time, the crew would be beyond the

---

[1] Based upon argument and/or discussions at the hearing before Magistrate Judge Spero, it appears the Fed.R.Crim.P. Rule 15 depositions of the remaining three COSCO BUSAN crewmen are likely to take place a month or more after the depositions of the three witnesses who are the subject of this LR 37-1 request.

[2] Attached to the Declaration of Michael Underhill as Exhibits A through D are letters by and between Government counsel and Mr. Howden (and other counsel), as well as the Deposition Notice (Exhibit E) sent to counsel on February 26, 2008, regarding the civil depositions. In the letters, the United States advised counsel for the parties and the witnesses of how the United States planned to proceed timing-wise and how any legally reimbursable expenses of the witnesses, *e.g.*, food and lodging, would be handled. We emphasize, in the strongest terms, that the proposed civil depositions would proceed only *after* any witness's Fed.R.Crim.P. Rule 15 obligations have concluded.

EX PARTE REQUEST FOR ORDER REQUIRING ATTENDANCE IN COURT – C07-6045 SC                     3

jurisdiction of the United States and the Court. The result would be the inability to secure critical testimony of percipient witnesses.

Moreover, as a practical matter, and even assuming the crew followed through on (unenforceable) promises to appear in a foreign country at a later time, the procedure would require any number of interested parties' counsel to travel abroad at significant expense to their clients, all to take the depositions of crewmen who already are in the United States – and who presently could be deposed in the United States. Likewise, should discovery issues arise during the depositions that require the immediate assistance of the Court, the simple logistics of foreign depositions, time zones, *etc.*, militate in favor of going forward in the United States.

From the Government's perspective, rather than have a motion to quash arise at an indefinite time or at a time when the Court is unavailable, or even possibly have the issue arise immediately prior to the planned commencement of the civil depositions in late May or early June, all parties would be better served by having the matter decided immediately in order that all counsel in these cases can properly plan for and schedule a smooth-functioning deposition proceeding. (We note, for example, that some counsel, like counsel for defendant Cota, are based in Long Beach.)

In order to accomplish that goal, the United States therefore requests that the Court issue an order, such as the proposed Order filed herewith, that requires the attendance of the three COSCO BUSAN crewmembers and their counsel at the Case Management Conference to be held by the Court this Friday, May 9, 2008, at 10:00 a.m. Should the Court issue the proposed order, all parties, the witnesses, and their respective counsel would have the opportunity to present their arguments to the Court as to why the civil depositions should or should not proceed and, if they do proceed, under what conditions they should go forward.

As set out in the proposed Order, attendance of the three crewmen in Court would be required. However, if their counsel is able to represent to the Court at the Case Management Conference and discovery hearing that he has the express authority of his clients whereby his clients agree to be bound by any Orders of the Court concerning the civil depositions, attendance in Court

EX PARTE REQUEST FOR ORDER REQUIRING ATTENDANCE IN COURT – C07-6045 SC        4

of any of the witnesses who so agree to be bound would be excused.

All parties in these related cases, as well as counsel for the three crewmen witnesses, have been advised orally of the United States' intent to file these papers and all are being served with copies via fax.

Dated: May 7, 2008.          Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General
CHAD KAUFFMAN
Trial Attorney


/s/ R. Michael Underhill
R. MICHAEL UNDERHILL
Attorney In Charge, West Coast Office
U.S. Department of Justice

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
BRADLEY R. O'BRIEN
Environmental Enforcement Section

Attorneys for Plaintiff United States of America

EX PARTE REQUEST FOR ORDER REQUIRING ATTENDANCE IN COURT – C07-6045 SC      5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2008, I served a copy of the foregoing Ex Parte Request for Order Requiring Appearance and Certificate of Service by first-class mail and fax, postage prepaid, to:

John Giffin
Keesal, Young & Logan
4 Embarcadero Ctr # 1500
San Francisco, CA 94111
FAX: 415-981-0136

Counsel for Regal Stone, Fleet Management, and COSCO BUSAN, in rem

Walter G. Coppenrath, Jr.
George Jones
Coppenrath & Associates
400 Oceangate, Suite 400
Long Beach, CA 90802
Telephone: 562-216-2948
FAX: 562-252-1136

Counsel for John Cota

Jonathan Howden
Thelen Reid Brown Raysman & Steiner LLP
101 2nd St Ste 1800
San Francisco, CA 94105
FAX: 415-369-8683
TEL: 415-369-7157

Counsel for Shun Biao Zhao, Kong Xiang Hu, Liang Xian Zheng, and Zong Bin Li

Doug Schwartz
Schwartz & Cera LLP
44 Montgomery St #3850
San Francisco, CA 94104-4823
FAX: 415-438-2655
TEL: 912-5886

Counsel for Mao Cai Sun

Audet and Partners LLP (C-07-5800 SC)
William Audet
221 Main St., Ste. 1460
San Francisco, CA 94105
FAX: 415-568-2556

Attorneys for Plaintiffs in C-07-5800 SC

Birnberg & Associates (C-07-5926 SC)
Cory Birnberg
703 Market St., Ste. 600
San Francisco, CA 94103-2114
FAX: 415-398-2001

Attorneys for Plaintiffs in C-07-5926 SC

Brian Getz
Law Office Brian H Getz
44 Montgomery St Ste 3850
San Francisco, CA 94104-4823
FAX: 415-438-2655
Tel: 415-912-5886

Counsel for Hong Zhi Wang

Kevin Kin-Man Jo & Samuel Harold Ruby
Bulllivant Houser Bailey, PC
607 California Street
18th Floor
San Francisco, CA 94108
FAX: 415-352-2701

Attorneys for Plaintiff in C-08-2052 SC

_____
BONNIE LI

EX PARTE REQUEST FOR ORDER REQUIRING ATTENDANCE IN COURT – C07-6045 SC                6