1  JOHN D. GIFFIN, CASB NO. 89608
   john.giffin@kyl.com
2  JOSEPH A. WALSH II, CASB NO 143694
   joe.walsh@kyl.com
3  JOHN COX, CASB NO. 197687
   john.cox@kyl.com
4
   NICOLE S. BUSSI, CASB NO. 252763
5  nicole.bussi@kyl.com
6  KEESAL, YOUNG & LOGAN
   A Professional Corporation
7  450 Pacific Ave.
   San Francisco, California 94133
8  Telephone:   (415) 398-6000
   Facsimile:   (415) 981-0136
9

10 Attorneys for Claimant, REGAL STONE LIMITED; Defendants,
   Counter-Claimants, and Third-Party Claimants: REGAL STONE
11 LIMITED and FLEET MANAGEMENT LTD.

12
           UNITED STATES DISTRICT COURT
13        NORTHERN DISTRICT CALIFORNIA

14 UNITED STATES OF AMERICA,            )  Case No. C 07 06045 (SC)
                                        )
15              Plaintiff,              )  IN ADMIRALTY
                                        )
16      vs.                             )
                                        )
17                                      )  **AMENDED THIRD PARTY
   M/V COSCO BUSAN, LR/IMO Ship. No.    )  COMPLAINT AGAINST STATE OF
18 9231743 her engines, apparel, electronics, )  CALIFORNIA AND CHARLES
   tackle, boats, appurtenances, etc., *in rem*, )  CALZA, M.D., BY UNITED STATES
19 THE SHIPOWNERS' INSURANCE &          )  OF AMERICA [FRCP 14(c)].**
   GUARANTY COMPANY LTD., REGAL         )
20 STONE, LTD., FLEET MANAGEMENT,       )
   LTD., and JOHN COTA, *in personam*,  )
21                                      )
22              Defendants.             )
                                        )
23 UNITED STATES OF AMERICA,            )
                                        )
24              Plaintiff,              )
                (FRCP 14(c))            )
25      vs.                             )
                                        )
26                                      )
   STATE OF CALIFORNIA, and CHARLES     )
27 CALZA, M.D.                          )
                Third-Party Defendant   )
28              (FRCP 14(c))            )

AMENDED THIRD-PARTY COMPLAINT – Case No. C 07 06045 (SC)

KYL_SF465570

## RULE 14(c) CLAIM BY UNITED STATES

## AGAINST STATE OF CALIFORNIA

Pursuant to Federal Rule of Civil Procedure 14(c), Regal Stone Limited ("Regal Stone") and Fleet Management Ltd. ("Fleet") demand judgment against the State of California (the "State") and Charles Calza, M.D., in favor of the United States of America, as if the United States had commenced an action directly against the State of California and Dr. Calza.

1.    The United States is the Plaintiff in this action.  It filed its First Amended Verified Complaint on March 26, 2008.  A copy of Plaintiff's First Amended Verified Complaint is attached hereto as Exhibit "A."

2.    Regal Stone and Fleet answered Plaintiffs First Amended Verified Complaint and counter claimed against the United States on June 5, 2008.  A copy of Fleet and Regal Stone's Answer, Counter-Claim and Third-Party Complaint is attached hereto as Exhibit "B."

3.    The United States' First Amended Verified Complaint alleges that this is a case of admiralty and maritime jurisdiction within Rule 9(h) of the Federal Rules of Civil Procedure.

4.    The United States alleges it is authorized to bring suit, and that the Court has jurisdiction over its claims.

5.    In its Complaint, the United States seeks response costs and damages from Regal Stone and Fleet, resulting from an oil spill from the COSCO BUSAN.

6.    The United States alleges that the COSCO BUSAN, while piloted by Defendant John Cota, struck the San Francisco-Oakland Bay Bridge on November 7, 2007.

7.    The United States alleges that as a result of this allision, oil spilled from the COSCO BUSAN, and the United States has incurred response costs and damages as a result of the oil spill.

KYL_SF465570

1    8.    The true facts and circumstances regarding the allision are that it
2    was caused in whole or in part by the State's negligent and improper licensing and
3    renewal of a marine pilot's license to Defendant John Cota, who was not medically fit or
4    competent to pilot a vessel such as the COSCO BUSAN at the time of the allision.  Dr.
5    Calza was the State appointed physician who examined Defendant Cota and who
6    certified that Cota was fit to perform the duties of a marine pilot.  At all relevant times,
7    Dr. Calza had the ability and duty to prevent Defendant Cota from renewing his license
8    by advising the pilot commission that Cota was not fit for duty.    Dr. Calza also had the
9    ability and duty to warn defendant Cota that he was not medically fit to pilot
10    commercial vessels, but failed to do so.

11    9.    The State employed Dr. Calza in 2006 and 2007 to examine Pilot
12    Cota in order to determine whether he was medically fit to perform his duties as a
13    marine pilot.  Dr. Calza acted as an agent of the State.  In 2005, 2006 and 2007, Dr.
14    Calza, and other physicians and mental health experts employed by the State, examined
15    Defendant Cota and certified that he was fit to perform his pilotage duties.

16    10.    The State's decision to renew Pilot Cota's license was negligent, or
17    grossly negligent, given Pilot Cota's medical condition, history of prior accidents, and his
18    history of addiction to alcohol and/or substances.  The State's negligence, and the
19    negligence of Dr. Calza and other physicians, for whom the State is vicariously liable,
20    proximately caused the allision.  The State and Dr. Calza are therefore wholly or
21    partially liable to the United States for its damages.

22
23    **COUNT I**
24    NEGLIGENCE OF STATE
25    11.    Regal Stone and Fleet incorporate and re-allege the allegations
26    contained in paragraphs 1 to 10 by reference.
27    12.    The State was negligent in renewing, or failing to revoke Pilot Cota's
28    license before the Cosco Busan allided with the San Francisco-Oakland Bay Bridge.

KYL_SF465570
AMENDED THIRD-PARTY COMPLAINT – Case No. C 07 06045 (SC)

1      13.     The State and/or its agents were negligent in determining that Pilot

2   Cota was medically fit to perform the duties of a marine pilot.

3      14.     The negligence of the State and/or its agents was a proximate legal

4   cause of the response costs and damages the United States is seeking in its lawsuit

5   against Regal Stone and Fleet.

6      15.     The State is wholly or partially liable to the United States for such

7   damages.

8   ## COUNT II

9   ### NEGLIGENCE OF DR. CALZA

10     16.     Fleet and Regal incorporate and re-allege the allegations contained

11  in paragraphs 1 to 15 by reference.

12     17.     Dr. Calza had the ability to prevent Cota from piloting commercial

13  vessels by advising the pilot commission that Cota was not physically fit to pilot vessels.

14  Dr. Calza was negligent in certifying that Defendant Cota was fit to perform the duties

15  of a marine pilot.

16     18.     Dr. Calza owed Cota a duty to warn him that the prescription drugs

17  he was taking could impair his judgment and made him unfit to pilot large commercial

18  vessels.  By failing to warn Cota, Dr. Calza breached this duty.  Had Dr. Calza warned

19  defendant Cota, Cota would not have renewed his pilots license, or would have adjusted

20  his medication so that it did not impair his judgment.

21     19.     The negligence of Dr. Calza was a proximate legal cause of the

22  response costs and damages the United State is seeking in its lawsuit against Regal

23  Stone and Fleet.

24     20.     Dr. Calza is wholly or partially liable to the United States for such

25  damages.

26

27

28

KYL_SF465570
AMENDED THIRD-PARTY COMPLAINT – Case No. C 07 06045 (SC)

1

## COUNT III

2

MISREPRESENTATION

3      21.    Fleet and Regal incorporate and re-allege the allegations contained

4  in paragraphs 1 to 20 by reference.

5      22.    The State is wholly or partially liable to the United States for the

6  negligent, reckless or intentional misrepresentations made by State employees and

7  agents in connection with the renewal of Pilot Cota's license.

8      23.    Dr. Calza is wholly or partially liable to the United States for the

9  negligent, reckless, or intentional misrepresentations made by Dr. Calza in connection

10  with the renewal of Pilot Cota's license.

11      24.    Said misrepresentations allowed Pilot Cota to retain his marine

12  pilot's license, and were a proximate legal cause of the response costs and damages the

13  United States is seeking in its lawsuit against Regal Stone and Fleet.

14      25.    The State and Dr. Cota are wholly or partially liable to the United

15  States for such damages.

16

## COUNT IV

17

MANDATORY DUTY

18      26.    Regal Stone and Fleet incorporate and re-allege the allegations

19  contained in paragraphs 1 to 25 by reference.

20      27.    The Board of Pilot Commissioners, as an agency of the State of

21  California, is under a mandatory duty imposed by the California Harbors and

22  Navigation Code §§ 1154 *et. seq.* to properly license, train, and supervise all San

23  Francisco Bar Pilots.

24      28.    The Board of Pilot Commissioners failed to discharge its duties as

25  under California Government Code § 815.6 and improperly licensed, trained, and

26  supervised Pilot Cota.

27

28

KYL_SF465570
AMENDED THIRD-PARTY COMPLAINT – Case No. C 07 06045 (SC)

1    29.    The State's breach of these mandatory duties was a proximate legal

2  cause of the damages the United States is seeking in its lawsuit against Regal Stone and

3  Fleet.

**COUNT V**

BREACH OF PUBLIC TRUST

6    30.    Regal Stone and Fleet incorporate and re-allege the allegations

7  contained in paragraphs 1 to 29 by reference.

8    31.    The Board of Pilot Commissioners is required by California Harbors

9  and Navigation Code §§ 1154 *et. seq* to properly train, license, and supervise San

10  Francisco Bar Pilots to ensure the safety of public.

11    32.    This requirement creates a public trust in the State of California to

12  exercise its duties with due care and to avoid violating any duty or guaranty the State of

13  California has made to the public.

14    33.    The Board of Pilot Commissioners, by negligently training,

15  supervising, and licensing Pilot Cota, failed in its obligation to exercise its duties with

16  due care and breached its duty of guaranty and duty of warranty and as a result caused

17  harm to the public's trust.

18    34.    The United States has incurred, and will continue to incur costs,

19  damages, losses and penalties caused directly and proximately by the State's breach of

20  trust.  The State is liable to the United States for its damages resulting from this breach

21  of the public trust.

**COUNT VI**

CREATION OF DANGEROUS CONDITION

24    35.    Third-Party Plaintiffs incorporate and re-allege the allegations

25  contained in paragraphs 1 to 34 by reference.

26    36.    The State of California knowingly and unreasonably created a

27  dangerous condition under California Government Code § 835 by its acts and omissions

28  related to the improper licensing, training, and supervision of Pilot Cota.

KYL_SF465570

AMENDED THIRD-PARTY COMPLAINT – Case No. C 07 06045 (SC)

1    37.    The San Francisco Bay is a public property owned and controlled by

2  the State of California.

3    38.    Pilot Cota was incompetent and unfit to navigate the COSCO

4  BUSAN.  By issuing pilot Cota a license to pilot large vessels in foggy conditions through

5  San Francisco Bay, the State of California created an unsafe condition in the San

6  Francisco Bay.

7    39.    The United States has incurred, and will continue to incur  costs

8  and damages,  caused directly and proximately by the State's creation of a dangerous

9  condition.

10                    **PRAYER FOR RELIEF**

11    WHEREFORE, Regal Stone Limited and Fleet Management Ltd. pray for

12  the following relief:

13    1.    With respect to this Amended Rule 14(c) third-party complaint, that

14  judgment be entered in favor of the United States on its claims and against the State of

15  California and Dr. Calza;

16    2.    For an award of costs and attorney's fees incurred in this matter;

17  and

18    3.    For all other relief to which they may be entitled at law or in equity.

19

20

21

22  DATED:  August ___, 2008          /s/ Joe Walsh_____

23                    JOHN D. GIFFIN
      JOSEPH A. WALSH II
24                    JOHN COX
      NICOLE S. BUSSI
25                    Attorneys for REGAL STONE LIMITED
      and FLEET MANAGEMENT LTD.

26

27

28

KYL_SF465570

AMENDED THIRD-PARTY COMPLAINT – Case No. C 07 06045 (SC)

1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
3  Torts Branch, Civil Division
   U.S. Department of Justice
4  7-5395 Federal Bldg., Box 36028
   450 Golden Gate Avenue
5  San Francisco, California  94102-3463
   Telephone: (415) 436-6648
6  mike.underhill@usdoj.gov

7  RONALD J. TENPAS
   Assistant Attorney General
8  Environment and Natural Resources Division
   United States Department of Justice
9  Washington D.C. 20530
   BRADLEY R. O'BRIEN
10 Environmental Enforcement Section
   United States Department of Justice
11 301 Howard Street, Suite 1050
   San Francisco, California 94105
12 Telephone: (415) 744-6484; Facsimile: (415) 744-6476
   brad.o'brien@usdoj.gov
13

14 Attorneys for Plaintiff
   United States of America

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17 UNITED STATES OF AMERICA,           )   Civil No. C07-6045 SC
                                       )
18            Plaintiff,               )   IN ADMIRALTY
                                       )
19       v.                            )
                                       )   FIRST AMENDED
20 M/V COSCO BUSAN, LR/IMO Ship No.    )   VERIFIED COMPLAINT OF
   9231743, her engines, apparel, electronics, tackle, )   THE UNITED STATES
21 boats, appurtenances, etc., in rem, REGAL STONE)
   LIMITED, FLEET MANAGEMENT LTD., and )
22 JOHN COTA, in personam,             )
                                       )
23            Defendants.              )
                                       )
24 ──────────────────────────────────

25

26

27

28 FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                          1



Plaintiff, the United States of America, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure, and, further, is an action brought, *inter alia*, under the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, and the Park System Resource Protection Act ("PSRPA"), 16 U.S.C. § 19jj, *et seq.*, against Defendants M/V COSCO BUSAN, *in rem*, and REGAL STONE LIMITED ("REGAL STONE"), FLEET MANAGEMENT LTD. ("FLEET MANAGEMENT"), and JOHN COTA, ("COTA"), *in personam*.

2.     The United States expressly reserves the right further to amend this First Amended Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present Defendants herein.

## JURISDICTION AND VENUE

3.     The United States is authorized to bring this suit and the Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1345, 16 U.S.C. §§ 1437 and 1443, 33 U.S.C. §§ 1321 and 2717, and 16 U.S.C. § 19jj-2.

4.     Venue is properly in this Court pursuant to, *inter alia*,  28 U.S.C. § 1391 and 1395, 16 U.S.C. § 1443, 33 U.S.C. § 2717, and 16 U.S.C. § 19jj-2.

## DEFENDANTS

5.     At all times material herein, defendant M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem* (hereafter the "Vessel"), was flagged in Hong Kong is now or during the pendency of this action will be within the navigable waters of this District and within the jurisdiction of this Court.

6.     At all times material herein, defendant REGAL STONE, a foreign corporation or entity, presently believed to be headquartered in Hong Kong, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including, but not limited

1 | to, through operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

2 | 7.    At all times material herein, REGAL STONE owned the Vessel.

3 | 8.    At all times material herein, REGAL STONE operated the Vessel.

4 | 9.    At all times material herein, REGAL STONE managed the Vessel.

5 | 10.    At all times material herein, REGAL STONE chartered the Vessel.

6 | 11.    At all times material herein, REGAL STONE controlled the Vessel.

7 | 12.    At all times material herein, defendant FLEET MANAGEMENT, a foreign

8 | corporation or entity, presently believed to be headquartered in the Hong Kong, had a place of

9 | business and/or was doing business within this district and within the jurisdiction of this Court,

10 | including, but not limited to, through operation of the Vessel at the time of, and with respect to, the

11 | matters sued upon herein.

12 | 13.    At all times material herein, FLEET MANAGEMENT owned the Vessel.

13 | 14.    At all times material herein, FLEET MANAGEMENT operated the Vessel.

14 | 15.    At all times material herein, FLEET MANAGEMENT managed the Vessel.

15 | 16.    At all times material herein, FLEET MANAGEMENT chartered the Vessel.

16 | 17.    At all times material herein, FLEET MANAGEMENT controlled the Vessel.

17 | 18.    At all times material herein, defendant COTA was a resident of the State of

18 | California and/or had a place of business and/or was doing business within this district and within

19 | the jurisdiction of this Court.

20 | 19.    At all times material herein, defendant COTA was a licensed maritime pilot and,

21 | *inter alia,* was licensed to pilot vessels such as the M/V COSCO BUSAN on the waters of San

22 | Francisco Bay.

23 | **GENERAL ALLEGATIONS**

24 | 20.    On the morning of November 7, 2007, defendant COTA boarded the Vessel at its

25 | berth at the Port of Oakland, California, in preparation for piloting the Vessel outbound from

26 | Oakland, through the waters of San Francisco Bay, across the bar outside the Golden Gate, and

27 |

28 | FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                    3

1   thereafter to the pilot station offshore San Francisco, at which point COTA was to disembark the

2   Vessel and transfer to a pilot boat. The Vessel thereafter was to continue directly on its voyage to

3   a foreign port of call, believed to be South Korea.

4        21.    On the morning of November 7, 2007, defendant COTA, the Vessel, and her crew

5   departed the Vessel's berth in Oakland and proceeded outbound through the waters of San Francisco

6   Bay.

7        22.    At the time the foregoing voyage commenced, and at all relevant times herein,

8   defendant COTA was on the bridge of the Vessel and serving in the capacity as pilot of the Vessel.

9        23.    At the time the foregoing voyage commenced, and at all relevant times herein,

10  the Vessel's Master and various crew of the Vessel were on the bridge of the Vessel.

11       24.    At or about 0830 hours on November 7, 2007, while on navigable waters of the

12  United States, the Vessel allided with the base and/or fendering system of the "Delta Tower", one

13  of the support towers of the western span of the San Francisco-Oakland Bay Bridge (the "Bay

14  Bridge").

15       25.    The foregoing allision with the Bay Bridge resulted, *inter alia*, in a rupture of the

16  Vessel's tanks, thereby allowing a portion of the Vessel's bunkers to be discharged into navigable

17  waters of the United States and onto adjoining shorelines, including, but not limited to, navigable

18  waters and adjoining shorelines of San Francisco Bay, including its appurtenant waters and

19  tributaries; the Pacific Ocean, including, but not limited to, the Gulf of the Farallones National

20  Marine Sanctuary and the Monterey Bay National Marine Sanctuary; and the navigable waters and

21  adjoining shorelines of units of the National Park System, including, but not limited to, the Golden

22  Gate National Recreation Area, Point Reyes National Seashore, San Francisco Maritime National

23  Historic Park, Rosie the Riveter/World War II Home Front National Historic Park, and other

24  resources subject to the protections of the PSRPA. The foregoing allision and subsequent discharge

25  of bunkers is hereafter referred to as the "COSCO BUSAN Incident".

26       26.    As a direct and proximate result of the COSCO BUSAN Incident, the United States

27

28  FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                    4

1  has expended and/or sustained, *inter alia*, response costs and damages within the meaning of the

2  NMSA, OPA, and PSRPA and, further, will continue to expend and/or sustain such response costs

3  and damages.

4       27.    The COSCO BUSAN Incident was proximately caused, *inter alia*, by the acts,

5  omissions, strict liability, fault, negligence, and breach of federal safety and operating regulations

6  by the *in rem* and *in personam* Defendants and, as applicable, their agents, servants, employees,

7  crew, and others for whom Defendants were responsible, all within the privity and knowledge of the

8  Defendants.

9       28.    The amount of damages sustained as a result of the COSCO BUSAN Incident

10  presently is not known and shall be established according to proof at the time of trial.

11  **AS AND FOR A FIRST CAUSE OF ACTION AGAINST**

12  **ALL DEFENDANTS**

13  **(NATIONAL MARINE SANCTUARIES ACT)**

14       29.    Plaintiff, United States of America, refers to and incorporates by reference as though

15  fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

16       30.    Pursuant to the NMSA, any person who destroys and/or causes the loss of and/or

17  injures National Marine Sanctuaries and their resources are strictly liable for, *inter alia*, all damages,

18  response costs, and interest thereon. 16 U.S.C. §§ 1436-37.

19       31.    Pursuant to the NMSA, vessels used to destroy and/or cause the loss of and/or

20  injure National Marine Sanctuaries and their resources are strictly liable *in rem* and are subject to

21  a maritime lien for all response costs, damages, and/or disbursements specified in the NMSA. 16

22  U.S.C. § 1437(d)(3).

23       32.    Pursuant to the NMSA, vessels used to destroy and/or cause the loss of and/or

24  injure National Marine Sanctuaries and their resources are subject to forfeiture to the United States.

25  16 U.S.C. § 1437(e)(1).

26       33.    As a direct and proximate result of the actions set forth in the United States'

27

28  FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC           5

1 | Complaint, Defendants are liable to the United States, without limitation, by virtue of the NMSA,

2 | 16 U.S.C. §§ 1437 and 1443, for all response costs and damages.

3 | **AS AND FOR A SECOND CAUSE OF ACTION AGAINST**

4 | **REGAL STONE, AND FLEET MANAGEMENT**

5 | **(OIL POLLUTION ACT OF 1990)**

6 | 34.    Plaintiff, United States of America, refers to and incorporates by reference as though

7 | fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

8 | 35.    Defendant REGAL STONE, *inter alia*, is a "responsible party" within the meaning

9 | of OPA.

10 | 36.    Defendant FLEET MANAGEMENT, *inter alia*, is a "responsible party" within the

11 | meaning of OPA.

12 | 37.    Pursuant to OPA, 33 U.S.C. § 2706(b), the federal government designates officials

13 | to act as trustees for natural resources.

14 | 38.    "Natural resources," as that term is defined in OPA, 33 U.S.C. § 2701(20), held in

15 | trust by Federal trustees, have been injured, destroyed, or lost as the result of the Defendants'

16 | discharge of oil into navigable waters, within the meaning of 33 U.S.C. § 2702(b)(2).

17 | 39.    Pursuant to OPA, 33 U.S.C. § 2702(a) and (b), each responsible party for a vessel

18 | from which oil is discharged, or which poses the substantial threat of discharge, into or upon the

19 | navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is

20 | strictly liable for all response costs, damages, and/or disbursements specified in the Act, including,

21 | but not limited to, damages for injuries to natural resources.

22 | 40.    Under the circumstances herein, Defendants REGAL STONE and FLEET

23 | MANAGEMENT are liable to the United States of America, without limitation, for all the aforesaid

24 | response costs, damages, and/or disbursements sustained by the United States of America as a result

25 | of the COSCO BUSAN Incident.

26 | //

27 |

28 | FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                      6

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST**

**REGAL STONE, AND FLEET MANAGEMENT**

**(OIL POLLUTION ACT OF 1990)**

41.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

42.    Pursuant to OPA, 33 U.S.C. §§ 2712(f) and 2715, the National Pollution Funds Center ("Fund"), on behalf of the Oil Spill Liability Trust Fund, shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

43.    As a result of the COSCO BUSAN Incident, the Fund may incur costs, damages and/or disbursements by reason of claims for removal costs and damages brought against it under OPA, 33 U.S.C. § 2713.

44.    Pursuant to OPA, Defendants REGAL STONE and FLEET MANAGEMENT are liable to the United States of America, without limitation, for all such costs, damages, and/or disbursements which may be sustained by the Fund.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST**

**REGAL STONE AND FLEET MANAGEMENT**

**(OIL POLLUTION ACT OF 1990)**

45.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

46.    Pursuant to OPA, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against Defendants REGAL STONE and FLEET MANAGEMENT that said Defendants are liable for removal costs and damages in any such subsequent action or actions.

//

//

//

FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                          7

**AND AS FOR A FIFTH CAUSE OF ACTION AGAINST**

**ALL DEFENDANTS**

**(PARK SYSTEM RESOURCE PROTECTION ACT)**

47.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this First Amended Complaint.

48.    Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(a), any person who destroys, causes the loss of, or injures any park system resource is strictly liable to the United States for response costs and damages resulting from such destruction, loss, or injury.

49.    Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(b), any vessel used to destroy and/or cause the loss of and/or injure any park system resource or any marine or aquatic park resource shall be liable *in rem* to the United States for response costs and damages resulting from such destruction, loss, or injury to the same extent as a person is liable under § 19jj-1(a). .

50.    As a direct and proximate result of the COSCO BUSAN Incident, Defendants are liable to the United States, without limitation, by virtue of the PSRPA for all response costs and damages specified therein.

**AS AND FOR A SIXTH CAUSE OF ACTION**

**AGAINST REGAL STONE AND FLEET MANAGEMENT**

**(FEDERAL WATER POLLUTION CONTROL ACT, 33 U.S.C. § 1321(b)(7)).**

51.    Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint. .

52.    Pursuant to 33 U.S.C § 1321(b)(7), REGAL STONE and FLEET MANAGEMENT are subject to a judicially assessed civil penalty. .

53.    Pursuant to 33 U.S.C § 1321(b)(7), REGAL STONE and FLEET MANAGEMENT are liable to the United States for a judicially assessed civil penalty in an amount to be determined at trial.

//

WHEREFORE, the United States of America prays as follows:

1.      That United States of America be granted judgment against all Defendants pursuant to the First Amended Verified Complaint of the United States herein;

2.      That if Defendants REGAL STONE and FLEET MANAGEMENT cannot be found within this District, then, pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, that all of any such absent Defendants' property of any description, whatsoever, including other vessels or real property, located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due plaintiff herein;

3.      That actual notice of the commencement of this suit, in a manner approved by the Court, be given to the custodian, master or other ranking officer of the Vessel, as may be applicable, and to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the said Vessel;

4.      That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Honorable Court enter an order authorizing a warrant for the arrest of the Vessel, her engines, tackle, appurtenances, etc.;

5.      That a warrant issue for the arrest of the Vessel, her engines, tackle, appurtenances, *etc.*;

6.      That judgment of condemnation and sale be entered against the Vessel, her engines, tackle, appurtenances, *etc.*;

7.      That plaintiff United States of America be declared the holder of a valid preferred maritime lien on the Vessel, *in rem*;

8.      That the Vessel be sold and the proceeds of the Vessel be applied first to any judgments, costs, and expenses of the United States with respect to the Verified Complaint of the United States herein;

9.      In the alternative, that the Vessel, as defined in the NMSA, 16 U.S.C. § 1437(e), be forfeited to the United States;

FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                    9

1   10.  For such other relief as the Court deems just and proper in the premises.

2 Dated: March 14, 2008.   JEFFREY S. BUCHOLTZ
            Acting Assistant Attorney General

3

4            /s/ R. Michael Underhill
            R. MICHAEL UNDERHILL

5            Attorney In Charge, West Coast Office
            Torts Branch, Civil Division

6            U.S. Department of Justice

7            RONALD J. TENPAS
            Assistant Attorney General

8            Environment and Natural Resources Division

9

10           /s/ Bradley R. O'Brien
           BRADLEY R. O'BRIEN

11           Environmental Enforcement Section

12           Attorneys for Plaintiff United States of America

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC      10

1          <u>VERIFICATION</u>

2          R. Michael Underhill says:

3          I am one of the attorneys for plaintiff, United States of America, herein, and make this

4   verification by authority for and on its behalf; I have read the foregoing First Amended Complaint,

5   know the contents thereof, and from information officially furnished to me believe the same to be

6   true.

7          I verify under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is

8   true and correct.

9          Dated: March 14, 2008.

10

11

12

13                     /s/ R. Michael Underhill
                       R. MICHAEL UNDERHILL
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  FIRST AMENDED VERIFIED COMPLAINT – C07-6045 SC                                    11

1   JOHN D. GIFFIN, CASB NO. 89608
    john.giffin@kyl.com
2   JOSEPH A. WALSH II, CASB NO 143694
    joe.walsh@kyl.com
3   JOHN COX, CASB NO. 197687
    john.cox@kyl.com
4   NICOLE S. BUSSI, CASB NO. 252763
    nicole.bussi@kyl.com
5
6   KEESAL, YOUNG & LOGAN
    A Professional Corporation
7   Four Embarcadero Center, Suite 1500
    San Francisco, California 94111
8   Telephone:  (415) 398-6000
    Facsimile:   (415) 981-0136
9

10   Attorneys for Defendants, Counterclaimants, and Cross-Claimants:
11   REGAL STONE, LTD. and FLEET MANAGEMENT, LTD.

12

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT CALIFORNIA

15

16   UNITED STATES OF AMERICA,     )  Case No. C 07 06045 (SC)
                         )
17             Plaintiff,    )  IN ADMIRALTY
                         )
18          vs.             )
                         )  **ANSWER TO COMPLAINT,**
19   M/V COSCO BUSAN, LR/IMO Ship. No.  )  **AFFIRMATIVE DEFENSES,**
  9231743 her engines, apparel, electronics, )  **COUNTERCLAIM AND THIRD**
20   tackle, boats, appurtenances, etc., *in rem,* )  **PARTY COMPLAINT OF**
  THE SHIPOWNERS' INSURANCE &     )  **DEFENDANTS REGAL STONE,**
21   GUARANTY COMPANY LTD., REGAL   )  **LTD. AND FLEET MANAGEMENT**
  STONE, LTD., FLEET MANAGEMENT,  )  **LTD.**
22   LTD., and JOHN COTA, *in personam,*   )
                         )
23          Defendants.   )
                         )
24   _____  )
                         )
25   REGAL STONE, LTD., FLEET      )
  MANAGEMENT LTD.,          )
26                          )
27         Counter-Claimants,  )
                         )
28          vs.             )

**EXHIBIT B**

KYL_SF462849

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

1    UNITED STATES OF AMERICA,                )
                                              )
2              Counter-Defendant.             )
                                              )
3    REGAL STONE, LTD., FLEET                 )
     MANAGEMENT, LTD.,                        )
4                                             )
                                              )
5              Cross- Claimants,              )
                                              )
6         vs.                                 )
                                              )
7    STATE OF CALIFORNIA,                     )
                                              )
8                                             )
                                              )
9              Cross-Defendant.               )
                                              )

10

11        Defendant and Claimant to the vessel M/V COSCO BUSAN, REGAL STONE,

12   LTD. ("Regal Stone") and Defendant FLEET MANAGEMENT, LTD. ("Fleet")

13   (collectively referred to as "Answering Defendants") hereby answer Plaintiff UNITED

14

15   STATES OF AMERICA's ("Plaintiff") First Amended Verified Complaint in this matter,

16   assert a counterclaim against the United States, and assert claims pursuant to Federal

17   Rules of Civil Procedure Rule 14(c) by the United States of America against the State of

18   California.

19

20          **ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**

21        Answering Defendants respond to Plaintiff's First Amended Verified

22   Complaint as follows:

23        1.    Answering Defendants deny in their entirety those allegations

24   contained in Paragraphs 8-11, 13, 14, 16, 17, 40, and 44 of Plaintiff's First Amended

25   Verified Complaint.

26        2.    Answering Defendants admit those allegations contained in

27   Paragraphs 4, and 18-24 of Plaintiff's First Amended Verified Complaint.

28

                                                                    KYL SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

3.    Answering Defendants have insufficient information to respond to those allegations contained in Paragraphs 28, 36, 43, and 50 of Plaintiff's First Amended Verified Complaint, and therefore based upon their lack of information and belief, deny the allegations contained therein in their entirety.

4.    To the extent that the Plaintiff incorporates by reference allegations contained in Paragraphs 29, 34, 41, 45, 47, and 51 of Plaintiff's First Amended Verified Complaint, Answering Defendants incorporate herein its responses thereto.

5.    In response to Paragraphs 1-3, 30-33, 37-39, 42, 46, 48, 49, 52, and 53, of Plaintiff's First Amended Verified Complaint, Answering Defendants state that the allegations contained state issues of law which require no answer.  To the extent an answer is required, Answering Defendants deny the allegations.

6.    In response to Paragraph 5 of Plaintiff's First Amended Verified Complaint, Answering Defendants admit that Defendant M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc., in rem*, was flagged in Hong Kong.  All other allegations contained therein are denied in their entirety.

7.    In response to Paragraph 6 of Plaintiff's First Amended Verified Complaint, Answering Defendants admit Regal Stone is a foreign corporation head-quartered in Hong Kong, that on November 7, 2007 Regal Stone owned the M/V COSCO BUSAN, and that the M/V COSCO BUSAN was within this judicial district on November 7, 2007.  All other allegations contained therein are denied in their entirety.

8.    In response to Paragraph 7 of Plaintiff's First Amended Verified Complaint, Answering Defendants admit that on November 7, 2007 Regal Stone owned the M/V COSCO BUSAN.  All other allegations contained therein are denied in their entirety.

9.    In response to Paragraph 12 of Plaintiff's First Amended Verified Complaint, Answering Defendants admit that Fleet is a foreign corporation head-quartered in Hong Kong, that on November 7, 2007 Fleet was the technical manager of

1    the M/V COSCO BUSAN, and that the M/V COSCO BUSAN was within this judicial

2    district on November 7, 2007. All other allegations contained therein are denied in their

3    entirety.

4          10.    In response to Paragraph 15 of Plaintiff's First Amended Verified

5    Complaint, Answering Defendants admit Fleet was the technical manager of the M/V

6    COSCO BUSAN on November 7, 2007. All other allegations contained therein are

7    denied in their entirety.

8          11.    In response to Paragraph 25 of Plaintiff's First Amended Verified

9    Complaint, Answering Defendants admit that the allision with the Bay Bridge resulted

10   in the rupture of two of the M/V COSCO BUSAN's fuel tanks, thereby allowing a portion

11   of the M/V COSCO BUSAN's bunkers from one of the ruptured tanks to be discharged

12   into navigable waters of the United States and onto adjoining shorelines, including

13   navigable waters and adjoining shoreline of San Francisco Bay. In response to the

14   remaining allegations in Paragraph 25, Answering Defendants have insufficient

15   information to admit or deny the remaining allegations, and therefore based on their

16   lack of information and belief, Answering Defendants deny those allegations contained

17   therein in their entirety.

18         12.    In response to Paragraph 26 of Plaintiff's First Amended Verified

19   Complaint, Answering Defendants admit the United States has expended and/or

20   sustained response costs and damages within the meaning of the Oil Pollution Act of

21   1990. Answering Defendants have insufficient information to admit or deny the

22   remaining allegations, and therefore based on their lack of information and belief, deny

23   those allegations in their entirety.

24         13.    In response to Paragraph 27 of Plaintiff's First Amended Verified

25   Complaint, Answering Defendants admit that the COSCO BUSAN incident was

26   proximately caused by the acts, omissions, fault, and/or negligence of the pilot John

27   Cota. All other allegations contained therein are denied in their entirety.

28

KYL SF462849

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

14.    In response to Paragraph 35 of Plaintiff's First Amended Verified Complaint, Defendant Regal Stone admits it is a responsible party within the meaning of the Oil Pollution Act of 1990.  All other allegations contained therein are denied in their entirety.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's First Amended Verified Complaint, and as separate and distinct affirmative defenses, Answering Defendants allege the following defenses:

15.    AS A FIRST, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants allege that Plaintiff's First Amended Verified Complaint and each and every allegation therein, fails to state a claim upon which relief can be granted.

16.    AS A SECOND, SEPARATE, DISTINCT AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants are informed and believe and thereon allege that, by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise efforts to mitigate its damages, and therefore Plaintiff's recovery, if any, must be barred or diminished accordingly.

17.    AS A THIRD, SEPARATE, DISTINCT AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants allege that the alleged damages for which Plaintiff seeks to hold the Answering Defendants liable, resulted in whole or in part from the negligent, deliberate, intentional, reckless, and/or unlawful acts or omissions of third parties, and Answering Defendants are not responsible for or liable to Plaintiff for any such acts or omissions on the part of third parties.

18.    AS A FOURTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants allege that

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

1   Plaintiff has failed to join all indispensable parties as the State of California is an

2   indispensable party with respect to the United States' claims including claims for

3   damages to natural resources and therefore these claims should be dismissed if the state

4   is not joined as an indispensable party.

5           19.    AS A FIFTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to

6   Plaintiff's First Amended Verified Complaint, Answering Defendants allege that the

7   M/V COSCO BUSAN incident was caused, in whole or in part, by the negligence of the

8   United States, and its recovery must be reduced in proportion to its fault pursuant to the

9   doctrines of recoupment and/or setoff.

10           20.    AS A SIXTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to

11   Plaintiff's First Amended Verified Complaint, Answering Defendants allege that the

12   M/V COSCO BUSAN incident was caused, in whole or in part, by the negligence of the

13   United States, and Answering Defendants are entitled to indemnity and/or contribution

14   against any recovery that may be awarded in favor of Plaintiff.

15           21.    AS A SEVENTH, SEPARATE, DISTINCT, AFFIRMATIVE

16   DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants

17   allege that this Court lacks subject matter jurisdiction over the United States' claims

18   brought under the Oil Pollution Act of 1990, because Plaintiff has failed to comply and

19   continues to fail to comply with the claims presentation requirement set forth in

20   33 U.S.C. § 2713(a)-(c).

21           22.    AS AN EIGHTH, SEPARATE, DISTINCT, AFFIRMATIVE

22   DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants

23   allege this Court lacks subject matter jurisdiction with respect to the issue of whether

24   Answering Defendants have defenses to liability, or can limit their liability, under the

25   Oil Pollution Act of 1990 (33 U.S.C. §§ 2703, 2704), and whether Answering Defendants

26   can seek reimbursement of response costs and damages they have paid pursuant to

27   33 U.S.C. §§ 2708, 2713.

28

KYL_SF462849

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

23.     AS A NINTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants allege the United States' forfeiture claim under the Marine Sanctuary Act must be dismissed since no vessel was involved in the taking of marine sanctuary resources.

24.     AS AN TENTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants allege the United States' injuries, if any, were caused, in whole or in part, by its gross negligence or willful misconduct, such that recovery by the United States against Defendants is barred or limited by 33 U.S.C. § 2703(b).

25.     AS A ELEVENTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants allege the United States claims are barred by the doctrines of waiver and estoppel.

26.     AS A TWELFTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to Plaintiff's First Amended Verified Complaint, Answering Defendants reserve the right to assert additional affirmative defenses.

## COUNTER-CLAIM

Defendants and Counter-Claimants Regal Stone, Ltd. ("Regal Stone") and Fleet Management, Ltd. ("Fleet") (collectively "Counter-Claimants") allege:

27.     The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1333, 1345, 1346, 33 USC §§ 2709 & 2717(b), and 46 U.S.C. § 30903.

28.     Venue in this Court is proper pursuant to 33 U.S.C § 2717(b) and 46 U.S.C. § 30903.

29.     Regal Stone, a Hong Kong based company, was, on or about November 7, 2007 and at all times relevant hereto, the owner of the vessel M/V COSCO BUSAN ("COSCO BUSAN"). The COSCO BUSAN is a vessel in excess of 300 gross tons.

30.     Fleet, a Hong Kong based company, was, on or about November 7, 2007 and at all times relevant hereto, the technical manager of the COSCO BUSAN.

31.     John J. Cota ("Pilot Cota") boarded the COSCO BUSAN as a compulsory pilot on November 7, 2007 as required by California law, and navigated the vessel west from the Port of Oakland towards the San Francisco-Oakland Bay Bridge.

32.     Under Pilot Cota's compulsory pilotage, the COSCO BUSAN discharged approximately 53,000 gallons of fuel oil in the San Francisco Bay (the "Incident"). Regal Stone, as the owner of the vessel, was designated the Responsible Party by the United States under the Oil Pollution Act of 1990 ("OPA '90") and by the State of California, Office of Spill Prevention and Response.

33.     As a result of being designated the Responsible Party, Regal Stone has been required to, among other things, pay for removal costs for the November 7, 2007 oil spill as well as other damages, disbursements and costs relating to that incident including, but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses, consultants' and specialist fees, natural resource damages, assessment costs, third party claims, claims by municipalities and government agencies and/or class action lawsuits, litigation costs, attorneys fees and civil penalties. The complete costs and damages are undetermined at this time, but will be ascertainable once the cleanup, response, natural resource damage assessment and litigation are completed, but are expected to be in excess of $60,000,000.

34.     The counterclaims arise from the discharge of bunker fuel from the COSCO BUSAN into the waters of the San Francisco Bay on November 7, 2007 and subsequent removal efforts.

35.     The counterclaims arise from injuries to natural resources within the waters of the San Francisco Bay and the Pacific Ocean resulting from the Incident and damages arising there from.

36.     The United States of America alleges that it has incurred response costs, damages and other disbursements resulting from the discharge of bunkers from the COSCO BUSAN. It seeks recovery of these amounts from Regal Stone and Fleet.

KYL_SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

37.    The United States has waived sovereign immunity with respect to the claims asserted in these counterclaims, pursuant to 28 U.S.C. §§ 2674, 2675, and 46 U.S.C. § 30903.

38.    At the time of the Incident, Pilot Cota held a merchant mariner's license issued by the United States Coast Guard. Possession of such a license by Pilot Cota was a prerequisite to qualifying to pilot vessels on the waters of San Francisco Bay.

39.    Pilot Cota was medically unfit and incompetent to perform the duties required by his United States Coast Guard license. Pilot Cota suffers from numerous medical conditions including sleep apnea and depression. For several years prior to the Incident and within the knowledge of the United States, Pilot Cota had been taking a long list of disqualifying prescription medications including valium for sleep and Provigil to keep him awake. Pilot Cota's medical condition and his use of prescription medications resulted in the impairment of his cognitive abilities and contributed to his lack of situational awareness.

40.    In 2006 and 2007, Pilot Cota disclosed to the United States Coast Guard his medical conditions and use of medications that rendered him unfit for duty, medically disqualified and prone to periods of confusion (lack of situational awareness).

41.    Prior to November 7, 2007, the United States knew or should have known of Pilot Cota's disclosures, medical history and/or medical condition prior to the incident.

42.    The United States was negligent in licensing Pilot Cota, insofar as it failed to determine that Pilot Cota was not medically fit for duty pursuant to the applicable regulations. Specifically, despite Pilot Cota's medical history and medical condition prior to the accident, all known to the United States Coast Guard, the United States Coast Guard failed to revoke his license and instead granted him annual renewals. In essence, the United States Coast Guard failed to "guard to the coast" by failing to disqualify Pilot Cota and instead renewing his license.

43.     Pilot Cota's personal history prior to the Incident includes convictions for driving under the influence (DUI) offenses in 1971 and again in 1998, and completion of a 30-day Alcohol and Chemical Recovery Program in March 1999.

44.     On November 30, 1999, the United States Coast Guard's National Maritime Center "Medical Waivers" staff issued a license waiver because of Pilot Cota's condition and ongoing treatment.  The document from the National Maritime Center required that a waiver statement be physically placed on his license when it was issued.  On January 4, 2000, the United States Coast Guard negligently issued a license to Pilot Cota and failed to note any indication of medical conditions or waiver on that license.

45.     Following the Incident, and even before completing a comprehensive investigation of the Incident, the United States Coast Guard suspended Pilot Cota's license based solely on the medical disclosures made by him in January 2007, some ten months prior to the incident.  Had the United States Coast Guard properly evaluated Pilot Cota's written disclosures about his medical conditions and use of certain prescription medicines, he would never have been allowed to pilot COSCO BUSAN on the day of the Incident.

46.     The United States Coast Guard negligently allowed Pilot Cota to maintain and renew his Coast Guard license, and failed to annotate the waiver on Pilot Cota's license.  The United States negligence included, but is not limited to, its failure to revoke Pilot Cota's license and its decision to renew his license.

47.     If the United States Coast Guard had properly reviewed Pilot Cota's license application and disclosures in accordance with its own procedures and prior recommendations of the National Transportation Safety Board following the STAR PRINCESS grounding and the tragic Staten Island Ferry incident, it would not have renewed Pilot Cota's licenses in 2006 and again in 2007 and the November 7, 2007 Incident would not have occurred.

48.     As the COSCO BUSAN was approaching the Bay Bridge, the United States Coast Guard Vessel Traffic Service ("VTS") for the San Francisco Bay knew that

KYL SF462849

1   the vessel was off track and standing into danger. VTS owed and/or assumed a duty to

2   timely monitor vessel traffic within the VTS system, and to competently intervene by

3   issuing advisements, warnings and/or directions in the event a vessel in the VTS system

4   is off course, in peril and/or otherwise standing into danger.

5        49.    VTS breached its duties: by failing to properly monitor the vessel's

6   movement, by failing to make timely contact with Pilot Cota, by providing Pilot Cota

7   with inaccurate information, by failing to warn Pilot Cota of the impending danger, and

8   by failing to direct, order and/or use its authority to command that the pilot change his

9   intended track, steer away from the danger, change course, reverse engines, or otherwise

10  maneuver so as to avoid the bridge tower.

11       50.    Moreover, instead of taking action to properly and timely monitor,

12  advise, warn and/or direct the Pilot Cota away from the peril so that the vessel would

13  not allide with the bridge, VTS operators placed bets and/or wagers among themselves

14  as to whether the vessel would pass safely or strike the bridge.

15       51.    VTS further breached the duties it owed and/or assumed to Regal

16  Stone, Fleet, the public, and the environment by abandoning its role and mission to

17  properly monitor, advise, warn and direct vessel traffic.

18                          **FIRST COUNTER-CLAIM**

19       52.    Counter-Claimants reallege and incorporate by reference the

20  allegations contained in paragraphs 27 through 51 of their counterclaims.

21       53.    The discharge of bunker fuel from the COSCO BUSAN into the

22  navigable waters of San Francisco Bay, the Pacific Ocean and adjoining shorelines

23  resulted from the negligence of the United States.

24       54.    The discharge of bunker fuel from the COSCO BUSAN into the

25  navigable waters of San Francisco Bay, the Pacific Ocean and adjoining shorelines

26  resulted from the gross negligence and/or willful misconduct of the United States.

27       55.    As a consequence of the United States' negligence, gross negligence,

28  or willful misconduct, Counter-Claimants have sustained costs, damages, and losses and

1   continue to sustain costs, damages and losses. They are entitled to the remedy of setoff

2   or recoupment, up to the full value of the United States' claims asserted against them.

3                          **SECOND COUNTER-CLAIM**

4       56.   Counter-Claimants re-allege and incorporate by reference the

5   allegations contained in paragraphs 27 through 55 of their counterclaims.

6       57.   The negligence, gross negligence, or willful misconduct of the United

7   States resulted in the discharge of bunker fuel onto navigable waters and adjoining

8   shorelines, and caused injury to natural resources. It also resulted in damage to the

9   vessel and the San Francisco-Oakland Bay Bridge, damages to third parties, damages to

10  natural resources, and caused Fleet and Regal to incur fines, penalties and other losses.

11      58.   Counter-Claimants have incurred, and will continue to incur costs,

12  damages, losses and penalties caused directly and proximately by the United States'

13  tortious acts and omissions.

14      59.   The United States is liable to Counter-Claimants for all such costs,

15  damages, losses and penalties.

16                          **THIRD COUNTER-CLAIM**

17      60.   Counter-Claimants reallege and incorporate by reference the

18  allegations contained in paragraphs 27 through 59 of their counterclaims.

19      61.   The negligence, gross negligence, or willful misconduct of the United

20  States resulted in the discharge of bunker fuel onto navigable waters, damages to third

21  parties, and injuries to natural resources.

22      62.   Counter-Claimants have incurred, and will continue to incur,

23  response costs, damages and other losses as a result of the discharge of bunker fuel onto

24  navigable waters, and the resulting injury to the natural resources within those waters.

25      63.   The United States is liable in contribution to Counter-Claimants for

26  an amount in proportion to its culpability in causing the incident which represents the

27  response costs, damages, disbursements and other losses that Counter-Claimants have

28

KYL_SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

1  incurred and/or will incur as a result of the discharge of bunkers into and onto the

2  navigable waters of the United States.

3  ## FOURTH COUNTER-CLAIM

4      64.    Counter-Claimants re allege and incorporate by reference the

5  allegations contained in paragraphs 27 through 63 of their counterclaims.

6      65.    The negligence, gross negligence, or willful misconduct of the United

7  States resulted in the discharge of bunker fuel onto navigable waters, and caused injury

8  to the natural resources within those waters.

9      66.    Counter-Claimants have incurred, and will continue to incur,

10  response costs and damages as a result of the discharge of bunker fuel onto navigable

11  waters, and the resulting injury to the natural resources within those waters.

12      67.    The United States is liable to Counter-Claimants for the response

13  costs and damages they have incurred, or will incur, as a result of the discharge of

14  bunkers into and onto the navigable waters of the United States.

15

16  ## RULE 14(C) CLAIM BY UNITED STATES

17  ## AGAINST STATE OF CALIFORNIA

18      Pursuant to Federal Rule of Civil Procedure 14(c), Regal Stone, Ltd. ("Regal

19  Stone") and Fleet Management, Ltd. ("Fleet") (collectively "Cross-Claimants") and

20  Claimant demand judgment against the State of California (the "State") in favor of the

21  United States of America, as if the United States had commenced an action directly

22  against the State of California.

23      68.    Cross-Claimants incorporate and re-allege the allegations contained

24  in paragraphs 27 to 67 of their Counterclaims against the United States by reference.

25      69.    The United States is the Plaintiff in this action. It filed its First

26  Amended Verified Complaint on March 26, 2008.

27

28

KYL SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

70.     The United States' First Amended Verified Complaint alleges that this is a case of admiralty and maritime jurisdiction within Rule 9(h) of the Federal Rules of Civil Procedure.

71.     The United States alleges it is authorized to bring suit, and that the Court has jurisdiction over its claims.

72.     In this action, the United States seeks response costs and damages from Cross-Claimants resulting from an oil spill from the COSCO BUSAN.

73.     The United States alleges that the COSCO BUSAN, while piloted by Defendant John Cota, struck the San Francisco-Oakland Bay Bridge on November 7, 2007.

74.     The United States alleges that as a result of this allision, oil spilled from the COSCO BUSAN, and the United States has incurred response costs and damages as a result of the oil spill.

75.     In its First Amended Verified Complaint, the United States blames Defendant John Cota, as well as Cross-Claimants for the allision.

76.     The true facts and circumstances regarding the allision are that it was caused by the State's negligent decision to issue a pilots license to Defendant John Cota, who was not medically fit or competent to pilot a vessel such as the COSCO BUSAN at the time of the allision.  The State of California issued Pilot Cota's state license to pilot vessels such as the COSCO BUSAN, and renewed that license.

77.     The State employed physicians to examine Pilot Cota in order to determine whether he was medically fit to perform his duties as a marine pilot.  These physicians acted as agents of the State.

78.     The State's decision to renew Pilot Cota's license was negligent, or grossly negligent, given Pilot Cota's medical condition, history of prior accidents, and his history of addiction to alcohol and/or substances.  The State's negligence, and/or negligence of agents of the State for whom the State is vicariously liable, proximately

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

1  caused the allision, and it is therefore directly liable to the United States for its

2  damages.

3        79.    The physicians who examined Pilot Cota acted with negligence, gross

4  negligence, or willfully, in that they certified he was fit to perform his duties as a pilot

5  when they knew, or reasonable should have known, that Pilot Cota was not medically fit

6  to do so.

7        80.    The State is liable to the United States for negligently renewing Pilot

8  Cota's license.

9        81.    The State is liable to the United States for the negligence of its

10  physicians in certifying that Pilot Cota was fit to perform his duties.

11        82.    The State is liable to the United States for the gross negligence,

12  willful misconduct, and willful actions of its employees and agents in connection with the

13  renewal of Pilot Cota's license.

14        83.    The State is liable to the United States for the negligent and

15  intentional misrepresentations made by State employees and agents in connection with

16  the renewal of Pilot Cota's license.

17  **FIRST CROSS-CLAIM**

18        84.    Cross-Claimants incorporate and re-allege the allegations contained

19  in paragraphs 27 to 83 by reference.

20        85.    Cross-Claimants have incurred, and will continue to incur costs,

21  damages, losses and penalties caused directly and proximately by the State's acts and

22  omissions.

23        86.    The Incident was proximately caused by the State's failure to use due

24  care in its licensing, supervision and training of Pilot Cota.

25        87.    Cross-Claimants are entitled to indemnification from the State for

26  any costs, damages, losses and penalties it paid or will pay as a result of the Incident.

27

28

KYL SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

**SECOND CROSS-CLAIM**

88.    Cross-Claimants incorporate and re-allege the allegations contained in paragraphs 27 to 87 by reference.

89.    Cross-Claimants have incurred, and will continue to incur costs, damages, losses and penalties caused directly and proximately by the State's acts and omissions.

90.    The Incident was proximately caused by the State's failure to use due care in its licensing, supervision and training of Pilot Cota.

91.    Cross-Claimants are entitled to contribution from the State for any costs, damages, losses and penalties it paid or will pay as a result of the Incident.

**THIRD CROSS-CLAIM**

92.    Cross-Claimants incorporate and re-allege the allegations contained in paragraphs 27 to 91 by reference.

93.    The State has a duty to ensure that any San Francisco Bar Pilot appointed to navigate a vessel is properly licensed, trained, and supervised.

94.    The State breached its duty to ensure that Pilot Cota was properly licensed, trained, and supervised.

95.    The State's breach of this duty proximately caused the Incident.

96.    The State was negligent under California Government Code §§ 815.2 and 815.4.

97.    Cross-Claimants have incurred, and will continue to incur costs, damages, losses and penalties caused directly and proximately by the State's negligence.

**FOURTH CROSS-CLAIM**

98.    Cross-Claimants incorporate and re-allege the allegations contained in paragraphs 27 to 97 by reference.

KYL_SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

99.     The Board of Pilot Commissioners, as an agency of the State of California, is under a mandatory duty imposed by the California Harbors and Navigation Code §§ 1154 *et. seq.* to properly license, train, and supervise all San Francisco Bar Pilots.

100.    The Board of Pilot Commissioners failed to discharge its duties as under California Government Code § 815.6 and improperly licensed, trained, and supervised Pilot Cota.

101.    Cross-Claimants have incurred, and will continue to incur costs, damages, losses and penalties caused directly and proximately by the State's failure to properly discharge its mandatory duties.

## FIFTH CROSS-CLAIM

102.    Cross-Claimants incorporate and re-allege the allegations contained in paragraphs 27 to 101 by reference.

103.    The Board of Pilot Commissioners is required by California Harbors and Navigation Code §§ 1154 *et. seq* to properly train, license, and supervise San Francisco Bar Pilots to ensure the safety of public.

104.    This requirement creates a public trust in the State of California to exercise its duties with due care and to avoid violating any duty or guaranty the State of California has made to the public.

105.    The Board of Pilot Commissioners, by negligently training, supervising, and licensing Pilot Cota, failed in its obligation to exercise its duties with due care and breached its duty of guaranty and duty of warranty and as a result caused harm to the public's trust.

106.    Cross-Claimants have incurred, and will continue to incur costs, damages, losses and penalties caused directly and proximately by the State's breach of trust.

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

KYL_SF462849

## SIXTH CROSS-CLAIM

107.    Cross-Claimants incorporate and re-allege the allegations contained in paragraphs 27 to 106 by reference.

108.    The State of California knowingly and unreasonably created a dangerous condition under California Government Code § 835 by its acts and omissions related to the improper licensing, training, and supervision of Pilot Cota.

109.    The San Francisco Bay is a public property.

110.    Pilot Cota was medically unfit to navigate the COSCO BUSAN and the State of California created an unsafe condition in the San Francisco Bay when it directed Pilot Cota to navigate Regal Stone's vessel.

111.    Pilot Cota's history of prior pilot incidents rendered him unfit for pilotage and the State of California created an unsafe condition in the San Francisco Bay when it directed Pilot Cota to navigate Regal Stone's vessel.

112.    Cross-Claimants have incurred, and will continue to incur costs, damages, losses and penalties caused directly and proximately by the State's creation of a dangerous condition.

WHEREFORE, Regal and Fleet pray for the following relief:

1.    The United States' claims be dismissed against them with prejudice;

2.    The *in rem* claims against the M/V COSCO BUSAN be dismissed with prejudice;

3.    That the Court enter judgment in their favor on the United States' claims against them;

4.    With respect to Rule 14(c) third-party complaint, judgment be entered in favor of the United States on its claims and against the State of California;

5.    That the Court rule in their favor on their counter-claims against the United States;

KYL SF462849

ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

6.     That the Court rule in their favor on their cross-claims against the State of California;

7.     For an award of costs and attorney's fees incurred by them in this matter; and

8.     For all other relief to which they may be entitled at law or in equity.

DATED: June 4, 2008

/s/ John Giffin
JOHN D. GIFFIN
JOSEPH A. WALSH II
JOHN COX
NICOLE S. BUSSI
Attorneys for REGAL STONE, LTD. and FLEET MANAGEMENT, LTD.

KYL SF462849
ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT – Case No. C 07 06045 (SC)

1

## PROOF OF SERVICE

2          I, the undersigned, hereby declare that I am employed in the City and
County of San Francisco. I am over the age of eighteen years and not a party to the
3  within action. My employer and business address is Keesal, Young & Logan, 450 Pacific
Avenue, San Francisco, CA 94133, and my telephone number is (415) 398-6000.

4

On AUGUST 21, 2008, Following Ordinary Business Practices, I Served **AMENDED**
5  **THIRD PARTY COMPLAINT AGAINST STATE OF CALIFORNIA AND**
**CHARLES CALZA, M.D., BY UNITED STATES OF AMERICA [FRCP 14(c)]**
6  on the parties involved addressed as follows:

7  Ronald J. Tenpas
8  United States Department of Justice
Environment and Natural Resources Division
9  Washington, DC 20530

10

11

12  **[X]    BY U.S. MAIL**: I am readily familiar with my employer's practice for collection
and processing of documents for mailing with the United States Postal Service
13      and that practice is that the documents are deposited with the United States
Postal Serve with postage fully prepaid the same day as the collection in the
14      ordinary course of business. On this date, I served the above interested parties
following my employer's ordinary business practice.

15
I declare under penalty of perjury under the laws of the State of California that
16      the foregoing is true and correct.

17      Executed on August 21, 2008, at San Francisco, California.

18

19                              /s/ Megan Albertson
                              Megan Albertson

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE