JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH II, CASB NO. 143694
joe.walsh@kyl.com
JOHN C. COX, NO 197687
john.cox@kyl.com
NICOLE S. BUSSI, CASB NO. 252763
nicole.bussi@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Ave
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendants, Counterclaimants, and Third Party Claimants:
REGAL STONE LIMITED., FLEET MANAGEMENT LTD.
*in personam,* M/V COSCO BUSAN *in rem*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE LIMITED, FLEET MANAGEMENT, LTD., AND JOHN COTA, *in personam,*<br><br>Defendants. | Case No. C 07 06045 (SC)<br><br>IN ADMIRALTY<br><br>**PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER**<br><br>DATE: September 5, 2008<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Samuel Conti |

**MEETING**

Pursuant to the Court's Order and local Rule 16-9, the following parties and their representatives conferred on August 25, 2008:

**A. Appearing on behalf of Plaintiff United States:**

R. Michael Underhill, United States Department of Justice, Torts Branch, Civil Division;

Bradley R. O'Brien, United States Department of Justice, Environment and Natural Resources Division, Environmental Enforcement Section.

**B. Appearing on behalf of Defendants M/V COSCO BUSAN ("COSCO BUSAN"), Regal Stone Limited (Regal Stone), and Fleet Management Ltd. ("Fleet Management"):**

John D. Giffin, Joseph A. Walsh II, John C. Cox and Nicole S. Bussi, Keesal Young & Logan.

**C. Appearing on behalf of Defendant John Cota ("Cota"):**

Walter G. Coppenrath, Jr., and George M. Jones, Coppenrath & Associates.

## I. JURISDICTION AND SERVICE

**Jurisdiction**: The United States brought this suit and has alleged jurisdiction pursuant to the following statutes:

a. 28 U.S.C. § 1345;

b. The National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, including sections 1437 and 1443;

c. The Park System Resource Protection Act ("PSRPA"), 16 U.S.C. §§ 19jj, *et seq.*, including section 19jj-2; and

d. The Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, including section 2717.

e. The Clean Water Act, 33 U.S.C. § 1321(b)(7), as amended by OPA (for judicially assessed civil penalties).

**Service**: The United States has served all parties.

**Counterclaim and Third Party Claim**:

In conjunction with their Answer to the United States' First Amended Complaint,

Regal Stone and Fleet Management filed a Counterclaim against the United States. The United States has answered the Counterclaim, denying liability.

Regal Stone and Fleet Management also asserted a Third Party claim against the State of California pursuant to FRCP 14(c) seeking to require the State of California to answer the complaint of the Plaintiff United States as if the latter had sued the State of California. Regal Stone and Fleet Management amended their Third Party Claim and also added Dr. Charles Calza, M.D. as a third party defendant, which was filed on August 21, 2008. The State of California's responsive pleading is now due on or about September 10, 2008 and Dr. Calza's response is due September 15, 2008.

In addition to any other rights under the Fed.R.Civ.P, the United States reserves the right to challenge Regal Stone's and Fleet Management's Amended Third-Party Complaint, as recently filed.

In a related action, 3:08-2268(SC), Regal Stone was sued by the State of California, acting by and through the Department of Transportation, for which it has answered and filed a counter claim against the State of California. Regal Stone filed an amended answer to the complaint and a counterclaim on August 21, 2008. Regal Stone will move to consolidate that action with this case on the basis that both arise out of the same Incident or occurrence and to the extent that the State of California may also seek natural resource damages also sought by the United States.

## II. FACTS

The United States' complaint alleges that on November 7, 2007, the COSCO BUSAN allided with the base and/or fendering system of the "Delta Tower," one of the support towers of the western span of the San Francisco-Oakland Bay Bridge (the "Incident"). The allision with the Bay Bridge resulted in a rupture of the COSCO BUSAN's fuel tanks, thereby allowing fuel oil to be discharged into navigable waters of the United States. The United States contends that the discharge impacted adjoining shorelines of San Francisco Bay, the Pacific Ocean, the Gulf of the Farallones National Marine Sanctuary and the Monterey Bay National Marine Sanctuary, and units of the

National Park System, including, but not limited to, the Golden Gate National Recreation Area, Point Reyes National Seashore, and the San Francisco Maritime National Historic Park.

The United States' complaint alleges that at the time of the Incident, Regal Stone was the owner of the COSCO BUSAN; that Fleet Management was the operator of the vessel; that Cota was the pilot of COSCO BUSAN. With respect to Regal Stone and Fleet, and based upon information made public in documents filed in the criminal case pending against Cota, the United States further alleges, inter alia, that said Defendants' crewmen of the vessel altered and/or deleted and/or created anew various documents and material evidence and, with respect to operation of the vessel itself, the United States further alleges that crew of the vessel were not trained by Fleet or Regal with respect to performance of essential duties aboard the vessel, including operation of critical navigation equipment.

Regal Stone and Fleet Management generally allege in their Counterclaims against the United States that the United States is liable for the negligent licensing of Pilot John J. Cota, insofar as it failed to determine that Pilot Cota was not medically fit for duty pursuant to applicable regulations and procedures. Regal Stone and Fleet Management's Counterclaims allege that the United States Coast Guard is responsible for the proper licensing of Pilot Cota and that it failed to adequately perform its responsibilities which proximately caused the Incident and damage to Regal Stone and Fleet Management. Regal Stone and Fleet Management also generally alleged that the United States is liable because its Vessel Traffic Service ("VTS") gave inaccurate and confusing information to the Pilot, failed to properly monitor, advise, warn and direct the Pilot so as to proximately cause the allision. Regal Stone and Fleet Management assert that the United States is liable to them under maritime and common law theories of negligence and that they are entitled to contribution, setoff and recoupment from the United States, as well as other costs, damages, losses and penalties they may incur.

Regal Stone and Fleet Management generally allege in a Third Party Rule 14(c)

claim seeking to require the State of California to answer the complaint of the Plaintiff United States as if the latter had sued the State of California, that the State is wholly or in part liable to the United States for its negligently issuance and renewal of the license of Pilot John J. Cota and that the COSCO BUSAN oil spill was proximately caused by the State's failure to use due care in its licensing, supervision and training of Pilot Cota. Regal Stone and Fleet Management claim they are entitled in whole or in part to contribution, indemnification, and/or reimbursement for their costs, damages, losses and penalties they have incurred or may incur as a result of the State's negligence.

In signing this Case Management Plan, none of the parties herein admit, nor shall they be deemed to have admitted, any allegation made by any other party and, conversely, each party reserves any and all claims, rights, denials, and defenses as may be set out by way or answer, responsive pleading, and/or motion.

## III. LEGAL ISSUES

**United States' Position**:

The Defendants' liability and damages, in personam and in rem, without limitation, declaratory relief, potential forfeiture, interest, and disbursements sustained by the United States under the causes of action and various statutes, including judicially assessed civil penalties under the Clean Water Act, 33 U.S.C. § 1321(b)(7) pled in the United States' First Amended Complaint. .

The United States is submitting this proposed Case Management Order solely as it relates to the instant civil judicial action and solely as a result of the Court's Orders concerning the Case Management Plan and Case Management Conference.

**Defendants' COSCO BUSAN, Regal Stone and Fleet Management Position**: Reserving their right to limit liability under 33 U.S.C. §§ 2704, 2708 and 2713, the position of Defendants COSCO BUSAN, Regal Stone and Fleet Management is that the United States and State of California are liable for their proportionate share of all damages and costs resulting from the Cosco Busan allision.

## IV. MOTIONS

The parties are in general agreement that this action, including discovery, presently should be stayed (with the exception of the depositions of certain crewmembers of COSCO BUSAN who presently remain in the United States as a result of criminal proceedings pending against Defendant Cota and Defendant Fleet as of July 22, 2008). Trial in the latter action is currently set for November 7, 2008.

**The United States' Position**:

At the appropriate time, the United States may file dispositive motions relating to the Counterclaims asserted by Regal Stone and Fleet Management, as well as potential motions relating to said defendants' alleged right to limit liability under provisions of the Oil Pollution Act of 1990.

**Defendants' COSCO BUSAN, Regal Stone and Fleet Management Position:**

a. Regal Stone and Fleet Management plan to file a motion to consolidate this action with the related case *People of the State of California v. Regal Stone et al.*, 3:2008-cv-02268-SC.

b. Regal Stone and Fleet Management will likely move the Court for an order to consolidate or in the alternative to coordinate discovery in this matter with the other related actions identified in Section X.

c. Regal Stone and Fleet Management reserve their right to file a motion to join any indispensable party under Fed. R. Civ. Proc. 19 as necessary.

**Defendant John Cota's Position:** Cota may move to the stay this action or at least any discovery directed to him in that the United States Department of Justice has initiated a criminal proceeding against him presently set for trial in October 2008. Consequently, any civil discovery requiring responses by Captain Cota would violate his Fifth Amendment rights. Defendant Cota also reserves his right to move for a change of venue.

## V. AMENDMENT OF PLEADINGS

**United States' Position:**

The United States reserves the right to amend its pleading based upon information discovered following the filing of the complaint, including, but not limited to, information pertaining to acts and omissions of Fleet Management, Regal, and their crewmen employees, as well as upon information yet to be discovered.

**Defendants' COSCO BUSAN, Regal Stone and Fleet Management Position:**

Defendants Regal Stone and Fleet Management have amended the Third Party 14(c) claim against the State of California.

## VI. EVIDENCE PRESERVATION

The parties acknowledge and agree that the Federal Rules of Civil Procedure, specifically 26(f) and this District Court's Standing Order effective since March 1, 2007 are sufficiently adequate with respect to preservation of evidence. Exceptions and special circumstances are addressed in the proposed Case Management Plan. The parties advise that they have taken and will continue to take appropriate steps to preserve relevant evidence.

## VII. LITIGATION AND INITIAL DISCLOSURES

The parties believe that this is a complex case, but does not believe that the procedures of the Manual for Complex Litigation should be utilized.

The parties believe that in light of their proposal that the instant litigation be stayed, and in the interest of efficiency and judicial economy, that a proposed detailed case management be submitted to the Court after the stay of this litigation is no longer in effect.

The parties intend that such future case management order shall include a phased approach to litigation, with the natural resource damage component of this case litigated in a latter phase. The parties further intend that initial disclosures to the

extent not yet made, fact and expert discovery (with the exception of certain crewmen, as previously discussed), and trials shall be conducted during the appropriate phase. The specific requirements shall be determined in the future case management order.

**VIII. DISCOVERY**

A federal criminal case pends against Fleet Management and Cota. Trial in that case presently is set for mid-November of this year, although Fleet advises that it will seek to have trial in that matter moved to late February 2009. The parties therefore believe that a stay of discovery in this action presently is appropriate, subject to an exception concerning crewmen of COSCO BUSAN who remain in the United States as material witnesses. In May of 2008, the civil depositions of three crew members were conducted in accordance with the stipulation of the parties and order of the Court on May 9, 2008. Three additional crew members remain in the United States as material witnesses. Scheduling of trial testimony of certain of those witnesses under Rule 15 of the Fed.R.Crim.P. is scheduled for early October. The Parties are interested in obtaining the deposition testimony of these three as yet non-deposed crew members as soon as they are released as material witnesses, but before they leave the United States on the same or similar terms as the May 9th stipulation. The witnesses are represented by independent counsel and are not a party to this or any of the related actions. It is the parties' understanding that the remaining crew members are currently invoking their 5th Amendment rights.

The parties believe that in light of their proposal that the instant litigation be stayed, and in the interest of efficiency and judicial economy, that a proposed detailed case management plan concerning discovery and related matters be submitted to the Court after the stay of this litigation is no longer in effect.

The parties intend that such future case management order shall include a phased approach to litigation, with the natural resource damage component of this case litigated in a latter phase. The parties further intend that initial disclosures to the

extent not yet made, fact and expert discovery (with the exception of certain crewmen, as previously discussed), and trials shall be conducted during the appropriate phase. The specific requirements shall be determined in the future case management order.

## IX. CLASS ACTIONS

Not applicable to the present action, C07-6045 SC, but see section X below with respect to Chelsea, LLC v. Regal Stone, Ltd. et al, Civil Action No. 07-5800. There is also a competing class action being pursued in state court.

## X. RELATED CASES

*Chelsea, LLC et al v. Regal Stone, Ltd. et al.*, Civil Action No. 07-5800; and *Shogren Living Trust. et al v. Regal Stone. Ltd. et al.* Civil Action No. 3:07-5926 (dismissed).

*The Continental Insurance Co. v. Regal Stone, Ltd. et al.*, No. 3:08-2052

*The People of the State of California, Acting by and through the Department of Transportation v. Regal Stone, Ltd. et al.*, No. 3:08-2268

## XI. RELIEF

**United States' Position:**

The United States seeks response costs and damages, without limitations, declaratory relief, potential forfeiture, interest, disbursements sustained by the United States, and reserves he right to assert claims for penalties, as aforesaid.

Natural resource damages will be determined through a natural resource damages assessment (NRDA), which is currently being conducted pursuant to procedures contained in 15 CFR, Part 990. Pursuant to this process, data is being collected and studies undertaken to determine the extent of injuries to natural resources and will be used to select and "scale" restoration projects that will compensate the public for injuries to resources and their losses or services they provide. The cost of these restoration projects will determine the amount of damages. The NRDA process has to

date identified seven categories of potentially injured resources: birds, mammals, fish, human uses and cultural resources, and rocky intertidal/sandy beach, and saltmarsh/ eelgrass habitats. Currently identified injuries include thousands of oiled birds, nearly 100 miles of oiled shoreline and habitat, and substantial lost human use days at beaches, parks, and other recreation areas in the vicinity of the spill. Data collection, however, is still ongoing and the scope and extent of the injuries may increase. The United States intends that the ongoing NRDA process be sufficiently complete to allow the phased approach to litigation to result in efficient litigation and preserve the court's and the parties' resources.

**Defendants' COSCO BUSAN, Regal Stone and Fleet Management Position:**

Defendants COSCO BUSAN, Regal Stone and Fleet Management generally deny that they are liable to the United States as claimed.

Defendants COSCO BUSAN, Regal Stone and Fleet Management seek contribution, setoff, and recoupment of its costs, damages, losses and penalties from the United States and any additional relief Defendants are entitled to by law or in equity.

Defendants COSCO BUSAN, Regal Stone and Fleet Management seek damages, in forms of contribution and indemnification for costs, damages, losses and penalties from the State of California and any additional relief Defendants are entitled to by law or in equity.

**Defendant John Cota's Position:**

Defendant Cota generally denies that the United States is entitled to the relief it is seeking against him. Defendant Cota also contends that the Cosco Busan, Regal Stone and Fleet Management are obligated by statute to defend him and hold him harmless from all claims and damages.

## XII. SETTLEMENT AND ADR

The parties have not participated in ADR and believe it is premature to do so.

They believe however, that certain aspects, particularly with respect to natural resource damages, may lend themselves to resolution. Upon submission of a phase litigation proposal, the parties will re-evaluate and address ADR.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The United States does not consent to utilizing a magistrate judge.

## XIV. OTHER REFERENCES

The United States does not consent to utilizing binding arbitration, a special master, or the Judicial Panel of Multi District Litigation.

## XV. NARROWING OF ISSUES

The parties believe a phase approach to the litigation will assist in narrowing the issues.

**United States' Position**:

The United States may file dispositive motions relating to the counterclaims asserted by Regal Stone and Fleet Management, as well as potential motions relating to said defendants' alleged right to limit liability under the provisions of the Oil Pollution Act of 1990.

**Defendants' COSCO BUSAN, Regal Stone and Fleet Management Position**:

Defendants COSCO BUSAN, Regal Stone and Fleet Management contend that the United States and the State of California played a roll in the COSCO BUSAN oil spill and must be held accountable for their actions and contribute the appropriate amount of damages as a result. The phased approach to this litigation will assist in narrowing of these issues. Defendants also believe that this case must be consolidated with *The People of the State of California, acting by and through the Department of Transportation v. Regal Stone, Ltd. et al.*, No. 3:08-2268 and intends to bring an

appropriate motion. Defendants also request that the litigation be suspended until the conclusion of the criminal proceedings.

**<u>Defendant John Cota's Position</u>:**

Defendant Cota also believes the phased litigation approach described herein shall narrow the issues. Defendant Cota also contends that all discovery against him should be stayed pending the final outcome of the pending criminal charges against him by the federal government.

**XVI. EXPEDITED SCHEDULE**

Not applicable.

**XVII. SCHEDULING**

See above.

**XVIII. TRIAL**

The parties intend to propose a phased approach to the litigation. It is premature to give an estimate of the length for trial at this point given the current criminal proceedings and request for stay due to the criminal proceedings. The parties have not reached agreement on whether the case could and/or would be tried to a jury or to the Court. Regal Stone and Fleet Management seek a jury trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**<u>United States' Position:</u>**

Not required

**<u>Defendants COSCO BUSAN, Regal Stone and Fleet Management Position:</u>**

Defendants have filed their Certificates of Interested Entities or Persons required by Local Rule 3-16.

**<u>Defendant Cota Position:</u>**

Defendant Cota has filed his Certificate of Interested Entities or Persons required by Local rule 3-16.

## XX. CONCLUSION

The parties propose that the Court adopt the foregoing Case Management Plan. At the appropriate time (i.e., depending on the circumstances relating to the criminal proceedings) the parties will come back to the Court for further scheduling and case management.

**[PROPOSED] ORDER**

The Court, having reviewed the foregoing Proposed Case Management Plan hereby ORDERS that the schedules and agreements as proposed by the parties as set forth therein are entered as the Case Management Order for this action.

IT IS SO ORDERED.

DATED: ____________________

______________________________________
UNITED STATES DISTRICT JUDGE

Dated: ___________________ KEESAL, YOUNG & LOGAN

/s/ John Giffin
By: JOHN GIFFIN

Attorneys for Defendants
REGAL STONE, LTD., FLEET MANAGEMENT, LTD. *in personam,* M/V COSCO BUSAN *in rem*

Dated: ___________________ GREGORY KATSAS
Acting Assistant Attorney General

__/s/ R. Michael Underhill
___________________________________________
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
CHAD KAUFFMAN
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ Bradley R. O'Brien
BRADLEY R. O"BRIEN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice

Attorneys for Plaintiff
United States of America

Dated: ___________________ COPPENRATH & ASSOCIATES

/s/ Walter g. Coppenrath Jr.
By: WALTER G. COPPENRATH, JR.

Attorneys for John Cota