GREGORY G. KATSAS
Acting Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
CHAD E. KAUFFMAN
Trial Attorney
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington D.C. 20530
BRADLEY R. O'BRIEN
Environmental Enforcement Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6484; Facsimile: (415) 744-6476
brad.o'brien@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem*, REGAL STONE LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Civil No. C07-6045 SC<br>(AND RELATED CASES)<br><br>IN ADMIRALTY<br><br>ANSWER OF THE UNITED STATES TO COUNTERCLAIMS OF REGAL STONE, LTD. (DEFENDANT AND CLAIMANT TO *IN REM* DEFENDANT M/V COSCO BUSAN) AND DEFENDANT FLEET MANAGEMENT, LTD. |

ANSWER OF UNITED STATES TO COUNTERCLAIMS – C07-6045 SC   1

The answer of the United States of America to the Counterclaims of Regal Stone, Ltd. ("hereafter Regal Stone"), Defendant and Claimant to *in rem* Defendant M/V COSCO BUSAN (hereafter the "Vessel"), and Defendant Fleet Management, Ltd. (hereafter "Fleet"), admits, denies, and alleges on information and belief as follows:

1.  Paragraph 27 of the Counterclaims allege matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 27 of the Counterclaims, except admits and alleges the United States' Amended Complaint alleges matters of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, further, that the United States of America has waived its sovereign immunity from suit and consented to be sued herein, if at all, only pursuant to specific statutory waivers of sovereign immunity, and not otherwise.

2.  Paragraph 28 of the Counterclaims allege matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 28 of the Counterclaims, except admits and alleges that venue of the United States' action pursuant to its Amended Complaint is proper within this District and, further, that venue concerning the Counterclaims would lie within this District in the event that the Court had subject matter jurisdiction over the Counterclaims, the latter of which is denied pursuant to this Answer and affirmative defenses *infra*.

3.  Denies the allegations of Paragraph 29 of the Counterclaims for lack of knowledge and information, except admits and alleges that at all times relevant to this action Regal Stone was/is, *inter alia*, the owner of the Vessel and, further, that the Vessel was/is in excess of 300 gross tons.

4.  Denies the allegations of Paragraph 30 of the Counterclaims for lack of knowledge and information, except admits and alleges that at all times relevant to this action Fleet, *inter alia*, operated, chartered, managed, and controlled the Vessel.

5.  Paragraph 31 of the Counterclaims allege certain matters of law to which no

response is required. To the extent that a response would be required, denies the allegations of Paragraph 31 of the Counterclaims, except admits and alleges that John J. Cota ("Cota") boarded the Vessel at its berth at the Port of Oakland, California, on the morning of November 7, 2007; that Cota was licensed by the State of California for pilotage on, *inter alia*, the waters of San Francisco Bay; that Cota and the crew of the Vessel jointly caused the Vessel to depart its berth at the Port of Oakland *en route* a port in the Far East and, in any event, *en route* a non-United States port; that on November 7, 2007, Cota and the crew of the Vessel jointly caused the Vessel to allide with the San Francisco-Oakland Bay Bridge (the "Allision") prior to leaving San Francisco Bay on the Vessel's foreign voyage; that Cota was sailing on his California State pilot's license at the time of the Allision and, conversely, was not sailing on his federal pilotage license at the time of the Allision.

6. Denies the allegations of Paragraph 32 of the Counterclaims, except admits and alleges that Cota was licensed by the State of California for pilotage on, *inter alia*, the waters of San Francisco Bay; that on the morning of November 7, 2007, Cota and the crew of the Vessel jointly caused the Vessel to depart its berth at the Port of Oakland *en route* a non-United States port; that on November 7, 2007, Cota and the crew of the Vessel jointly caused the Allision, thereby causing, *inter alia*, the discharge of approximately 53,000 gallons of fuel oil into the waters and adjoining shorelines of San Francisco Bay and elsewhere; that at all relevant times Regal Stone owned the Vessel and following the Allision was designated as a "Responsible Party" by the United States and the State of California pursuant to, *inter alia*, the Oil Pollution Act of 1990 and other applicable statutes and law.

7. Denies the allegations of Paragraph 33 of the Counterclaims for lack of knowledge and information.

8. Paragraph 34 of the Counterclaims allege certain matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 34 of the Counterclaims for lack of knowledge and information.

9. Paragraph 35 of the Counterclaims allege certain matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 35 of the Counterclaims for lack of knowledge and information.

10. Denies the allegations of Paragraph 36 of the Counterclaims, except admits and alleges that the United States has filed an Amended Complaint alleging, *inter alia*, that the United States has incurred response costs, damages, and other disbursements resulting from the Allision, such that Regal Stone and Fleet, among others, are liable to the United States as a result of the matters alleged in the Amended Complaint.

11. Paragraph 37 of the Counterclaims allege matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 37 of the Counterclaims, except admits and alleges the United States' Amended Complaint alleges matters of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, further, that the United States of America has waived its sovereign immunity from suit and consented to be sued pursuant to the Counterclaims herein, if at all, solely pursuant to specific statutory waivers of sovereign immunity, and not otherwise.

12. Paragraph 38 of the Counterclaims allege certain matters of law to which no response is required. To the extent that a response would be required, denies the allegations of Paragraph 38 of the Counterclaims, except admits and alleges that Cota boarded the Vessel at its berth at the Port of Oakland, California, on November 7, 2007; that Cota was licensed by the State of California for pilotage on, *inter alia*, the waters of San Francisco Bay; that Cota and the crew of the Vessel jointly caused the Vessel to depart its berth at the Port of Oakland *en route* a port in the Far East and, in any event, to a non-United States port; that on November 7, 2007, Cota and the crew of the Vessel jointly caused the Allision; that Cota held a merchant mariner's license issued by the United States Coast Guard, but was sailing solely on his California State pilot's license at the time of the Allision and,

conversely, was not sailing on his federal pilotage license at the time of the Allision; and, further, that the Amended Complaint of the United States alleges, *inter alia*, that the United States has incurred response costs, damages, and other disbursements resulting from the Allision, such that Cota, Regal Stone, Fleet, and the Vessel are jointly liable to the United States as a result of the matters alleged in the Amended Complaint.

13. Denies the allegations of Paragraph 39 of the Counterclaims for lack of knowledge and information, except admits and alleges that Cota boarded the Vessel at its berth at the Port of Oakland, California, on November 7, 2007; that Cota was licensed by the State of California for pilotage on, *inter alia*, the waters of San Francisco Bay; that Cota and the crew of the Vessel jointly caused the Vessel to depart its berth at the Port of Oakland *en route* a non-United States port; that on November 7, 2007, Cota and the crew of the Vessel jointly caused the Allision; that Cota held a merchant mariner's license issued by the United States Coast Guard, but was sailing solely on his California State pilot's license at all times relevant to this action, including at the time of the Allision and, conversely, that Cota was not sailing on his federal pilotage license at the time of the Allision; and that the Amended Complaint of the United States, incorporated by reference herein, sets out the allegations of the United States, said allegations including, *inter alia*, allegations that the United States has incurred response costs, damages, and other disbursements resulting from the Allision, such that Cota, Regal Stone, Fleet, and the Vessel are jointly liable to the United States as a result of the matters alleged in the Amended Complaint.

14. Denies the allegations of Paragraph 40 of the Counterclaims for lack of knowledge and information.

15. Denies the allegations of Paragraph 41 of the Counterclaims.

16. Denies the allegations of Paragraph 42 of the Counterclaims.

17. Denies the allegations of Paragraph 43 of the Counterclaims for lack of knowledge and information.

18. Denies the allegations of Paragraph 44 of the Counterclaims for lack of knowledge and information, except denies, without qualification, any and all allegations concerning negligence or liability of the United States.

19. Denies the allegations of Paragraph 45 of the Counterclaims for lack of knowledge and information, except denies, without qualification, any and all allegations concerning negligence or liability of the United States.

20. Denies the allegations of Paragraph 46 of the Counterclaims.

21. Denies the allegations of Paragraph 47 of the Counterclaims.

22. Denies the allegations of Paragraph 48 of the Counterclaims.

23. Denies the allegations of Paragraph 49 of the Counterclaims.

24. Denies the allegations of Paragraph 50 of the Counterclaims.

25. Denies the allegations of Paragraph 51 of the Counterclaims.

**ANSWERING THE ALLEGATIONS OF THE FIRST COUNTERCLAIM**

26. Answering the allegations of Paragraph 52 of the Counterclaims, the United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Answer to Counterclaims.

27. Denies the allegations of Paragraph 53 of the Counterclaims.

28. Denies the allegations of Paragraph 54 of the Counterclaims.

29. Denies the allegations of Paragraph 55 of the Counterclaims.

**ANSWERING THE ALLEGATIONS OF THE SECOND COUNTERCLAIM**

30. Answering the allegations of Paragraph 56 of the Counterclaims, the United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Answer to Counterclaims.

31. Denies the allegations of Paragraph 57 of the Counterclaims.

32. Denies the allegations of Paragraph 58 of the Counterclaims.

33. Denies the allegations of Paragraph 59 of the Counterclaims.

## ANSWERING THE ALLEGATIONS OF THE THIRD COUNTERCLAIM

34. Answering the allegations of Paragraph 60 of the Counterclaims, the United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Answer to Counterclaims.

35. Denies the allegations of Paragraph 61 of the Counterclaims.

36. Denies the allegations of Paragraph 62 of the Counterclaims.

37. Denies the allegations of Paragraph 63 of the Counterclaims.

## ANSWERING THE ALLEGATIONS OF THE FOURTH COUNTERCLAIM

38. Answering the allegations of Paragraph 64 of the Counterclaims, the United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Answer to Counterclaims.

39. Denies the allegations of Paragraph 65 of the Counterclaims.

40. Denies the allegations of Paragraph 66 of the Counterclaims.

41. Denies the allegations of Paragraph 67 of the Counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

42. The Counterclaims fail to state claims upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:

43. If Counterclaimants sustained injuries and damages by reason of the matters alleged in the Counterclaims, which is denied, then said injuries and damages were caused or contributed to by the acts of other parties and entities, including parties in contract with Counterclaimants, and were not caused or contributed to in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

//

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

44.  If Counterclaimants sustained injuries and damages by reason of the matters alleged in the Counterclaims, which is denied, then said injuries and damages were caused in whole or in part by said Counterclaimants' own actions and fault and were not caused in any manner by any actions or fault of the United States of America, its officers, agents, vessels, crew, servants, employees or others for whom it was responsible.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

45.  The Court lacks subject matter jurisdiction over the Counterclaims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

46.  The Court lacks subject matter jurisdiction over the Counterclaims since said Counterclaims solely allege matters of discretionary functions and acts for which the United States of America has not waived sovereign immunity and consented to be sued.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

47.  The Court lacks subject matter jurisdiction over the Counterclaims since said Counterclaims solely allege matters which are subject to the Constitutional doctrine of separation of powers for which the United States of America has not waived sovereign immunity and consented to be sued.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

48.  The Counterclaims are barred for lack of subject matter jurisdiction due to failure to comply with conditions prerequisite to suit against the United States.

//

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

49. The Counterclaims are barred pursuant to estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

50. The Counterclaims are barred pursuant to waiver.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

51. The Counterclaims are barred pursuant to unjust enrichment.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

52. Counterclaimants failed to mitigate their damages, which claims of damages, and claims of liability upon which said claims of damages are based, are fully denied by the United States.

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

53. The Counterclaims are barred pursuant to fraud.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

54. The Counterclaims are barred pursuant to the doctrine of illegality.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

55. The Counterclaims are barred pursuant to the doctrine of unclean hands.

//
//
//

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

56. To the extent Counterclaimants would seek interest on the Counterclaims, which claims are denied, any prayer for interest would be subject to the provisions and limitations of the statutory waivers of sovereign immunity applicable to the United States.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

57. To the extent Counterclaimants would seek attorney's fees on the Counterclaims, which claims are denied, any such claim would be barred since the United States has not waived its sovereign immunity for such claims.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

58. The Counterclaims are barred pursuant to *res judicata* and/or collateral estoppel.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

59. The Counterclaims are barred pursuant to provisions of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*

**AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

60. The Counterclaims are barred pursuant to provisions of the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, THE UNITED STATES ALLEGES ON INFORMATION AND BELIEF AS FOLLOWS:**

61. The Counterclaims are barred pursuant to provisions of the Park System Resource Protection Act ("PSRPA"), 16 U.S.C. § 19jj, *et seq.*

WHEREFORE, the United States of America prays as follows:

1. That United States of America be granted judgment against all Defendants pursuant to the First Amended Verified Complaint of the United States herein;

2. That the Counterclaims be dismissed, with prejudice;

3. That Counterclaimants be subject to sanctions, including, but not limited to, sanctions pursuant to Rule 11 of the Fed.R.Civ.P. pertaining to, *inter alia*, allegations of Paragraph 50 of the Counterclaims.

4. For such other relief as the Court deems just and proper in the premises.

Dated: September 3, 2008.
GREGORY G. KATSAS
Acting Assistant Attorney General


/s/ R. Michael Underhill
R. MICHAEL UNDERHILL
Attorney In Charge, West Coast Office
Torts Branch, Civil Division
CHAD E. KAUFFMAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division


/s/ Bradley R. O'Brien
BRADLEY R. O'BRIEN
Environmental Enforcement Section

Attorneys for United States of America

ANSWER OF UNITED STATES TO COUNTERCLAIMS – C07-6045 SC                     11

## VERIFICATION

R. Michael Underhill says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Answer to Counterclaims, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Dated: September 3, 2008.


                    /s/ R. Michael Underhill
                    R. MICHAEL UNDERHILL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am over the age of eighteen, am not a party to this action, and that on September 4, 2008, I served a copies of the foregoing Answer of United States to Counterclaims by first-class mail, postage prepaid, to:

John Giffin
Keesal, Young & Logan
450 Pacific Ave.
San Francisco, CA 94133

Counsel for Regal Stone, Fleet Management, and COSCO BUSAN, in rem

Joe Walsh
Keesal, Young & Logan
400 Oceangate
Long Beach 90802

Counsel for Regal Stone, Fleet Management, and COSCO BUSAN, in rem


Walter G. Coppenrath, Jr.
George Jones
Coppenrath & Associates
400 Oceangate, Suite 400
Long Beach, CA 90802
Telephone: 562-216-2948

Counsel for John Cota


Audet and Partners LLP (C-07-5800 SC)
William Audet
221 Main St., Ste. 1460
San Francisco, CA 94105

Attorneys for Plaintiffs in C-07-5800 SC


Kevin Kin-Man Jo & Samuel Harold Ruby
Bullivant Houser Bailey, PC
607 California Street
18th Floor
San Francisco, CA 94108

Attorneys for Plaintiff in C-08-2052 SC

ANSWER OF UNITED STATES TO COUNTERCLAIMS – C07-6045 SC                    13

Flynn Delich & Wise
Eric Wise
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800

Attorneys for Hanjin Shipping Co. in C-07-5800 SC and various cases

Flynn Delich & Wise
James Nebel, Conte Cicala
One California St., Suite 350
San Francisco, CA 94111

Attorneys for Hanjin Shipping Co. in C-07-5800 SC and various cases

_____
BONNIE LI