JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH II, CASB NO 143694
joe.walsh@kyl.com
JOHN COX, CASB NO. 197687
john.cox@kyl.com
NICOLE S. BUSSI, CASB NO. 252763
nicole.bussi@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Ave.
San Francisco, California 94133
Telephone:  (415) 398-6000
Facsimile:  (415) 981-0136

Attorneys for Claimant, REGAL STONE LIMITED; Defendants, Counter-Claimants, and Third-Party Claimants: REGAL STONE LIMITED and FLEET MANAGEMENT LTD.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE, LTD., FLEET MANAGEMENT, LTD., and JOHN COTA, *in personam*,<br><br>　　　　Defendants. | Case No. C 07 06045 (SC)<br><br>IN ADMIRALTY<br><br>**AMENDED THIRD PARTY COMPLAINT AGAINST STATE OF CALIFORNIA AND CHARLES CALZA, M.D. [FRCP 14(c)].** |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　　　(FRCP 14(c))<br>　vs.<br><br>STATE OF CALIFORNIA, and CHARLES CALZA, M.D.<br>　　　　Third-Party Defendant<br>　　　　(FRCP 14(c)) | |

## RULE 14(c) CLAIM

## AGAINST STATE OF CALIFORNIA

Pursuant to Federal Rule of Civil Procedure 14(c), Regal Stone Limited ("Regal Stone") and Fleet Management Ltd. ("Fleet") demand judgment against the State of California (the "State") and Charles Calza, M.D., in favor of the United States of America, as if the United States had commenced an action directly against the State of California and Dr. Calza.

1. The United States is the Plaintiff in this action. It filed its First Amended Verified Complaint on March 26, 2008. A copy of Plaintiff's First Amended Verified Complaint is attached hereto as Exhibit "A."

2. Regal Stone and Fleet answered Plaintiffs First Amended Verified Complaint and counter claimed against the United States on June 5, 2008. A copy of Fleet and Regal Stone's Answer, Counter-Claim and Third-Party Complaint is attached hereto as Exhibit "B."

3. The United States' First Amended Verified Complaint alleges that this is a case of admiralty and maritime jurisdiction within Rule 9(h) of the Federal Rules of Civil Procedure.

4. The United States alleges it is authorized to bring suit, and that the Court has jurisdiction over its claims.

5. In its Complaint, the United States seeks response costs and damages from Regal Stone and Fleet, resulting from an oil spill from the COSCO BUSAN.

6. The United States alleges that the COSCO BUSAN, while piloted by Defendant John Cota, struck the San Francisco-Oakland Bay Bridge on November 7, 2007.

7. The United States alleges that as a result of this allision, oil spilled from the COSCO BUSAN, and the United States has incurred response costs and damages as a result of the oil spill.

8. The true facts and circumstances regarding the allision are that it was caused in whole or in part by the State's negligent and improper licensing and renewal of a marine pilot's license to Defendant John Cota, who was not medically fit or competent to pilot a vessel such as the COSCO BUSAN at the time of the allision. Dr. Calza was the State appointed physician who examined Defendant Cota and who certified that Cota was fit to perform the duties of a marine pilot. At all relevant times, Dr. Calza had the ability and duty to prevent Defendant Cota from renewing his license by advising the pilot commission that Cota was not fit for duty. Dr. Calza also had the ability and duty to warn defendant Cota that he was not medically fit to pilot commercial vessels, but failed to do so.

9. The State employed Dr. Calza in 2006 and 2007 to examine Pilot Cota in order to determine whether he was medically fit to perform his duties as a marine pilot. Dr. Calza acted as an agent of the State. In 2005, 2006 and 2007, Dr. Calza, and other physicians and mental health experts employed by the State, examined Defendant Cota and certified that he was fit to perform his pilotage duties.

10. The State's decision to renew Pilot Cota's license was negligent, or grossly negligent, given Pilot Cota's medical condition, history of prior accidents, and his history of addiction to alcohol and/or substances. The State's negligence, and the negligence of Dr. Calza and other physicians, for whom the State is vicariously liable, proximately caused the allision. The State and Dr. Calza are therefore wholly or partially liable to the United States for its damages.

## COUNT I

### NEGLIGENCE OF STATE

11. Regal Stone and Fleet incorporate and re-allege the allegations contained in paragraphs 1 to 10 by reference.

12. The State was negligent in renewing, or failing to revoke Pilot Cota's license before the Cosco Busan allided with the San Francisco-Oakland Bay Bridge.

13. The State and/or its agents were negligent in determining that Pilot Cota was medically fit to perform the duties of a marine pilot.

14. The negligence of the State and/or its agents was a proximate legal cause of the response costs and damages the United States is seeking in its lawsuit against Regal Stone and Fleet.

15. The State is wholly or partially liable to the United States for such damages.

## COUNT II

### NEGLIGENCE OF DR. CALZA

16. Fleet and Regal incorporate and re-allege the allegations contained in paragraphs 1 to 15 by reference.

17. Dr. Calza had the ability to prevent Cota from piloting commercial vessels by advising the pilot commission that Cota was not physically fit to pilot vessels. Dr. Calza was negligent in certifying that Defendant Cota was fit to perform the duties of a marine pilot.

18. Dr. Calza owed Cota a duty to warn him that the prescription drugs he was taking could impair his judgment and made him unfit to pilot large commercial vessels. By failing to warn Cota, Dr. Calza breached this duty. Had Dr. Calza warned defendant Cota, Cota would not have renewed his pilots license, or would have adjusted his medication so that it did not impair his judgment.

19. The negligence of Dr. Calza was a proximate legal cause of the response costs and damages the United State is seeking in its lawsuit against Regal Stone and Fleet.

20. Dr. Calza is wholly or partially liable to the United States for such damages.

## COUNT III

### MISREPRESENTATION

21. Fleet and Regal incorporate and re-allege the allegations contained in paragraphs 1 to 20 by reference.

22. The State is wholly or partially liable to the United States for the negligent, reckless or intentional misrepresentations made by State employees and agents in connection with the renewal of Pilot Cota's license.

23. Dr. Calza is wholly or partially liable to the United States for the negligent, reckless, or intentional misrepresentations made by Dr. Calza in connection with the renewal of Pilot Cota's license.

24. Said misrepresentations allowed Pilot Cota to retain his marine pilot's license, and were a proximate legal cause of the response costs and damages the United States is seeking in its lawsuit against Regal Stone and Fleet.

25. The State and Dr. Cota are wholly or partially liable to the United States for such damages.

## COUNT IV

### MANDATORY DUTY

26. Regal Stone and Fleet incorporate and re-allege the allegations contained in paragraphs 1 to 25 by reference.

27. The Board of Pilot Commissioners, as an agency of the State of California, is under a mandatory duty imposed by the California Harbors and Navigation Code §§ 1154 *et. seq.* to properly license, train, and supervise all San Francisco Bar Pilots.

28. The Board of Pilot Commissioners failed to discharge its duties as under California Government Code § 815.6 and improperly licensed, trained, and supervised Pilot Cota.

29.     The State's breach of these mandatory duties was a proximate legal cause of the damages the United States is seeking in its lawsuit against Regal Stone and Fleet.

## COUNT V

### BREACH OF PUBLIC TRUST

30.     Regal Stone and Fleet incorporate and re-allege the allegations contained in paragraphs 1 to 29 by reference.

31.     The Board of Pilot Commissioners is required by California Harbors and Navigation Code §§ 1154 *et. seq* to properly train, license, and supervise San Francisco Bar Pilots to ensure the safety of public.

32.     This requirement creates a public trust in the State of California to exercise its duties with due care and to avoid violating any duty or guaranty the State of California has made to the public.

33.     The Board of Pilot Commissioners, by negligently training, supervising, and licensing Pilot Cota, failed in its obligation to exercise its duties with due care and breached its duty of guaranty and duty of warranty and as a result caused harm to the public's trust.

34.     The United States has incurred, and will continue to incur costs, damages, losses and penalties caused directly and proximately by the State's breach of trust. The State is liable to the United States for its damages resulting from this breach of the public trust.

## COUNT VI

### CREATION OF DANGEROUS CONDITION

35.     Third-Party Plaintiffs incorporate and re-allege the allegations contained in paragraphs 1 to 34 by reference.

36.     The State of California knowingly and unreasonably created a dangerous condition under California Government Code § 835 by its acts and omissions related to the improper licensing, training, and supervision of Pilot Cota.

1  |  37. The San Francisco Bay is a public property owned and controlled by
2  |  the State of California.
3  |  38. Pilot Cota was incompetent and unfit to navigate the COSCO
4  |  BUSAN. By issuing pilot Cota a license to pilot large vessels in foggy conditions through
5  |  San Francisco Bay, the State of California created an unsafe condition in the San
6  |  Francisco Bay.
7  |  39. The United States has incurred, and will continue to incur costs
8  |  and damages, caused directly and proximately by the State's creation of a dangerous
9  |  condition.

## PRAYER FOR RELIEF

WHEREFORE, Regal Stone Limited and Fleet Management Ltd. pray for the following relief:

1. With respect to this Amended Rule 14(c) third-party complaint, that judgment be entered in favor of the United States on its claims and against the State of California and Dr. Calza;

2. For an award of costs and attorney's fees incurred in this matter; and

3. For all other relief to which they may be entitled at law or in equity.

DATED: September ___, 2008

/s/ Nicole Bussi
JOHN D. GIFFIN
JOSEPH A. WALSH II
JOHN COX
NICOLE S. BUSSI
Attorneys for REGAL STONE LIMITED
and FLEET MANAGEMENT LTD.