JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH II, CASB NO.143694
joe.walsh@kyl.com
GORDON C. YOUNG, CASB NO.158100
gordon.young@kyl.com
CHRISTOPHER A. STECHER, CASB NO. 215329
christopher.stecher@kyl.com
DAVID A. TONG, CASB NO. 238971
david.tong@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone:    (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendants,
Counter-Claimants, and Third-Party Claimants REGAL STONE
LIMITED and FLEET MANAGEMENT LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE, LTD., FLEET MANAGEMENT, LTD., and JOHN COTA, *in personam*,<br><br>Defendants. | Case No. C 07 06045 (SC)<br><br>**DEFENDANTS REGAL STONE LTD.'S AND FLEET MANAGEMENT LTD.'S OPPOSITION TO THE STATE OF CALIFORNIA'S MOTION TO STRIKE AND DISMISS DEFENDANTS' AMENDED THIRD-PARTY COMPLAINT** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>(FRCP 14(c))<br><br>vs.<br><br>STATE OF CALIFORNIA, and CHARLES CALZA, M.D.,<br><br>Third-Party Defendant.<br>(FRCP 14(c)) | |

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................................. 1

II. STATEMENT OF ISSUES ................................................................................. 2

III. SUMMARY OF ARGUMENT .......................................................................... 2

IV. ARGUMENT .................................................................................................... 2

    A.    STANDARD OF REVIEW—MOTIONS TO DISMISS ARE DISFAVORED ............ 2

    B.    THE RULE 14(C) COMPLAINT IS ADEQUATELY AND PROPERLY PLED. ............................................................................................................... 3

        1.    Rule 14(c) Allows A Third-Party Plaintiff To Assert Claims On Behalf Of The Plaintiff Against A Third-Party Defendant As If The Plaintiff Had Pled The Claims Directly Against The Third-Party Defendant. ....................................................................... 3

            a)    Defendants Properly Invoked Rule 14(c). ............................... 3

            b)    Rule 14(c) and Its Predecessors—Admiralty Rules 56 and 59—Have Been Repeatedly Interpreted as Requiring Third-Party Defendants to Defend Themselves As If the Plaintiff Had Sued Them Directly. ................... 4

            c)    The Rule 14(c) Complaint Properly Requires California to Defend the Claims Asserted Therein As If the United States Had Brought Them Against the State Directly, and Properly Demands that Judgment be Entered in the United States' Favor Against the State of California. ......................... 6

        2.    Since the Rule 14(c) Complaint is Properly Pled, The State's Motion to Strike Should be Denied. .................................................. 6

            a)    Motions to Strike are Disfavored. ......................................... 6

            b)    The State's Motion to Strike Is, at Best, A Delay Tactic Because It Complains of Language Defendants Have *Already Removed* From the Rule 14(c) Complaint's Caption. .................................................................................. 7

            c)    Focusing on Non-Existent Surplusage in the Caption of the Rule 14(c) Complaint, Diverts This Court's Attention Away From Defendants' Undeniable Right to Invoke Rule 14(c) in an Admiralty Case. ............................... 7

        3.    The Rule 14(c) Complaint is Neither Redundant, Immaterial, Impertinent, or Scandalous. .................................................................. 8

    C.    THE CLAIMS ASSERTED UNDER RULE 14(C) IN FAVOR OF THE UNITED STATES DO NOT IMPLICATE THE ELEVENTH AMENDMENT ........... 9

- i -

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1.   The Eleventh Amendment Does Not Protect a State From Liability to the United States. ................................................................. 9

2.   Cases Addressing Claims By the United States' Against States for Indemnity, Contribution, or Apportionment Support the Conclusion the Rule 14(c) Complaint Does Not Violate the Eleventh Amendment. ....................................................................... 10

3.   The Rule 14(c) Complaint's Prayer for Relief Seeks Only a Judgment in Favor of the United States and Its Primary Purpose is to Allow the United States to Recover Its Damages. ................... 12

D.   THE STATE HAS NO SOVEREIGN IMMUNITY TO THE UNITED STATES' LAWSUIT. ................................................................ 13

E.   SIMILARLY, THE STATE OF CALIFORNIA HAS NO STATE LAW-BASED IMMUNITY- CONSTITUTIONAL, STATUTORY, COMMON LAW OR OTHERWISE- TO THE UNITED STATES' CLAIMS. ....................................... 14

V. CONCLUSION ........................................................................................... 15

KYL_SF468202

KYL_SF468202.1

1

## **TABLE OF AUTHORITIES**

2

3

### **Cases**

Alden v. Maine,
   119 S.Ct. 2240 (1999) ................................................................................ 10

Beanal v. Freeport-McMoran, Inc.,
   197 F.3d 161 (5th Cir. 1999) ....................................................................... 3

Beck v. Cantor, Fitzgerald & Co.,
   621 F. Supp. 1547 (N.D. Ill. 1985) ............................................................. 9

Bethel Native Corporation v. U.S. Department of the Interior,
   208 F.3d 11717 (9th Cir. 2000) ......................................................... 11, 13

British Airways Bd. v. Boeing Co.,
   585 F.2d 946 (9th Cir. 1978), cert. denied, 440 U.S. 981,
   99 S. Ct. 1790, 60 L. Ed. 2d 241 (1979) ...................................................... 3

British Transp. Comm'n v. U.S.,
   354 U.S. 129 (1957) ..................................................................................... 6

Bureerong vs. Uvawas,
   922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................ 7

College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,
   119 S.Ct. 2219 (1999) ................................................................................ 10

Conley v. Gibson,
   355 U.S. 41 (1957) ....................................................................................... 3

Ex parte New York,
   256 U.S. 490 (1921) ................................................................................... 10

Exxon Shipping Co. v. Baker,
   128 S.Ct. 2605 (2008) ................................................................................ 15

Fantasy, Inc. v. Fogerty,
   984 F.2d 1524 (9th Cir. 1993) ..................................................................... 9

Rule 9(h) ............................................................................................................. 4

Gilligan v. Jamco Dev. Corp.,
   108 F.3d 246 (9th Cir. 1997) ....................................................................... 2

Hans v. Louisiana,
   134 U.S. 1 (1890) ....................................................................................... 10

Hapag-Lloyd AG v. Safeway Stores, Inc.,
   60 F.3d 1370 (9th Cir. 1995) ..................................................................... 14

In re 2TheMart.com, Inc. Sec. Litig.,
   114 F. Supp. 2d 955 (C.D. Cal. 2000) ......................................................... 7

In re Glacier Bay,
   746 F. Supp. 1379 (D. Alaska 1990) .......................................................... 15

In re N.Y. & P.R. Steamship Co.,

- iii -

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

155 U.S. 523 (1895) ............................................................................................... 5

Lee v. City of L.A.,
   250 F.3d 668 (9th Cir. 2001) ............................................................................. 2

Lujan v. Nat'l Wildlife Fed'n,
   497 U.S. 871, 110 S. Ct. 3177 (1990) ............................................................... 3

Marbulk Shipping, Inc. v. Martin-Marietta Materials, Inc.,
   2003 AMC 1554 (S.D. Ala. 2003) ............................................................... 11, 13

Montauk Oil Transp. Co. v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.,
   859 F. Supp. 669 (S.D.N.Y. 1994 ........................................................... 6, 13, 15

Moore v. N.Y. Cotton Exch,
   270 U.S. 593 (1926) ........................................................................................ 5, 6

Pochiro v. Prudential Ins. Co. of Am.,
   827 F.2d 1246 (9th Cir. 1987) ........................................................................... 5

Royal Ins. Co. v. Sw. Marine,
   194 F.3d 1009 (9th Cir. 1999) ........................................................................... 8

S.E.C. v. Levin,
   No. CV 05-02547 DDP (SHX), 2005 WL 3244865, at *5 (C.D. Cal. Aug. 15, 2005) ................... 7

Seminole Tribe v. Florida,
   517 US 44 (1996) ............................................................................................. 10

Stanbury Law Firm v. I.R.S.,
   221 F.3d 1059 (8th Cir. 2000) ........................................................................... 7

Test Masters Educ. Servs., Inc. v. Singh,
   428 F.3d 559 (5th Cir. 2005) ............................................................................. 3

The ALERT,
   40 F. 836 (D.C.N.Y. 1889) ................................................................................ 5

The HUDSON,
   15 F. 162 (D.C.N.Y. 1883) ................................................................................ 5

Townsend v. Univ. of Alaska,
   No. 07-35993, __ F.3d __, 2008 WL 4093608 (9th Cir. Sept. 5, 2008) ............ 10

U.S. Abatement Corp. v. Mobil Exploration & Producing,
   39 F.3d. 556 (5th Cir. 1994) ............................................................................. 3

U.S. v. Miss.,
   380 U.S. 128 (1965) ........................................................................................ 10

U.S. v. State of Cal.,
   328 F.2d 729 (9th Cir. 1964) ........................................................................... 14

U.S. v. State of Haw.,
   832 F.2d 1116 (9th Cir. 1987) ......................................................................... 11

U.S. v. State of Ill.,
   454 F.2d 297 (7th Cir. 1971) ........................................................................... 15

U.S. v. State of Tex.,

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

143 U.S. 621 (1892) ................................................................................................ 14

W. Va. v. U.S.,
    479 U.S. 305 (1987) ........................................................................................... 10

Wilkerson v. Butler,
    229 F.R.D. 166 (E.D. Cal. 2005) ........................................................................ 9

Williams v. United States,
    42 F.R.D. 609 (1967) .................................................................................. 12, 13

**Statutes**

2 C.J.S. *Admiralty*
    § 144 (2008) .................................................................................................. 5, 6

28 U.S.C.
    § 1345 ............................................................................................................ 14

46 U.S.C.
    § 30101 .......................................................................................................... 15

**Other Authorities**

4 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
    Federal Practice And Procedure § 1465 (2d ed. 1990) ............................... 4, 5, 6

8 *Benedict on Admiralty* § 2.01[E] ........................................................................ 8

T. SCHOENBAUM, ADMIRALTY AND MARITIME LAW,
    § 3-4 at p. 93 (4th ed.) .................................................................................... 15

**Rules**

Federal Rules of Civil Procedure
    Rule 14(c) ............................................................................................... passim
    Rule 8(a) .......................................................................................................... 2
    Rule 9(h) .......................................................................................................... 4

Admiralty Rules
    Rule 56 ..................................................................................................... 5, 6, 12
    Rule 59 ............................................................................................................ 5

KYL_SF468202

KYL_SF468202.1

1

## I.

2

## **INTRODUCTION**

3          On November 7, 2007, the *M/V COSCO BUSAN* (the "Vessel") allided with the San

4     Francisco – Oakland Bay Bridge and spilled oil into San Francisco Bay.  When the Vessel hit the

5     bridge, it was under the command of Captain John Cota, a pilot licensed by the State of California,

6     acting by and through the Board of Pilot Commissioners (the "State," the "Board," or the "Board of

7     Pilot Commissioners").  Under California law, Defendant Regal Stone Limited was required use a

8     state-licensed pilot while navigating in San Francisco Bay.  Captain Cota was on the bridge of the

9     Vessel because the State required ship owners such as Regal Stone to have a pilot there and the State

10    gave Captain Cota a pilot's license to be there.  The State's own statutes and regulations required it to

11    ensure that Captain Cota was both competent and medically fit to be a pilot.  The State failed on each

12    front.  But for these failures, Captain Cota would never have been at the helm of the Vessel on that

13    fateful day.

14          As the Court knows, this lawsuit is but one of several that has been filed as a result of

15    the Vessel's allision with the San Francisco – Oakland Bay Bridge.  The State commenced one of

16    these lawsuits- Case No. C 08 02268 (SC)- against Defendant Regal Stone Limited. in this court.

17    Despite the fact that the State elected to file that lawsuit in this Court, it argues that it cannot be

18    brought into the above-captioned case under Federal Rule of Civil Procedure 14(c)("Rule 14(c)")

19    because it has Eleventh Amendment , sovereign, and certain statutory immunities

20          The State's arguments are groundless.  The third-party complaint filed pursuant to Rule

21    14(c) against the State in this lawsuit, although filed by Defendants Fleet Management Limited and

22    Regal Stone Limited (collectively, "Defendants"), seeks a judgment in favor of the United States

23    against the State.[1]  Clearly, the State has *no immunity*, Eleventh Amendment, sovereign, or

24    otherwise, against liability to the United States.  Consequently, the State's motion to dismiss should be

25    denied.

26    _____

27    [1] For the purpose of this opposition, the Defendants' third-party complaint shall be referred to as the
      "Rule 14(c) Complaint."

28

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

## II.

### STATEMENT OF ISSUES

1.    Does Rule 14(c) entitle a third-party plaintiff to insist that a plaintiff proceed to judgment against a third-party defendant?

2.    Does the Eleventh Amendment bar claims brought by the United States against a state in a lawsuit established under Rule 14(c)?

3.    Does a state's sovereign or statutory immunity bar claims brought by the United States against the state in a lawsuit established under Rule 14(c)?

## III.

### SUMMARY OF ARGUMENT

1.    The State misconstrues the nature of the claims asserted against it under Rule 14(c).  Contrary to the State's assertions, the claims do not seek a judgment against the State by Defendants.  The claims seek a judgment in favor of the United States against the State.

2.    Because the claims at issue seek a judgment in favor of the United States against the State, the Eleventh Amendment does not bar the claims.

3.    The State has no additional sovereign or statutory immunity defenses to claims by the United States.

## IV.

### ARGUMENT

#### A.    STANDARD OF REVIEW—MOTIONS TO DISMISS ARE DISFAVORED

A complaint need only contain a statement of the basis for jurisdiction, a "short and plain statement of the claim" showing that the pleader is entitled to relief, and a demand for judgment. FED. R. CIV. P. 8(a).  A short and plain statement, "do[es] not require a claimant to set out in detail the facts upon which he bases his claim." Lee v. City of L.A., 250 F.3d 668, 679 (9th Cir. 2001) (citations omitted).  Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted). For these reasons, motions to dismiss are "viewed with disfavor and . . . rarely granted." Id.; see also U.S. Abatement Corp. v. Mobil Exploration & Producing, 39 F.3d 556, 559 (5th Cir. 1994)(because

- 2 -

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1    liberality in pleadings is customarily afforded, motions to dismiss are generally "disfavored" by the

2    courts); <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999) (noting that motions to

3    dismiss are disfavored and rarely granted, and dismissal should not be granted "unless it appears

4    ***beyond doubt*** that the plaintiff can prove no set of facts in support of his claim which would entitle

5    him to relief") (emphasis added), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957); <u>Test Masters</u>

6    <u>Educ. Servs., Inc. v. Singh</u>, 428 F.3d 559, 570 (5th Cir. 2005) (noting that motions to dismiss are

7    rarely granted and generally viewed with disfavor.).

8         In reviewing a motion to dismiss a cross-complaint, a court must accept as true all facts

9    pleaded in the cross-complaint, draw all reasonable inferences in favor of the cross-complainant, and

10   determine whether those facts give rise to an actionable claim. <u>Lujan v. Nat'l Wildlife Fed'n</u>,

11   497 U.S. 871, 110 S. Ct. 3177, 3189 (1990). Furthermore, the burden of establishing that there is no

12   genuine issue of material fact lies initially with the moving party—herein, the State—and resolution of

13   all doubts should be in favor of the party opposing the motion—herein Regal Stone. <u>British Airways</u>

14   <u>Bd. v. Boeing Co.</u>, 585 F.2d 946, 951 (9th Cir. 1978), <u>cert. denied</u>, 440 U.S. 981, 99 S. Ct. 1790, 60 L.

15   Ed. 2d 241 (1979). Here, the State cannot demonstrate that there are no triable facts. Its Motion must,

16   therefore, be denied.

17    **B.**      **THE RULE 14(C) COMPLAINT IS ADEQUATELY AND PROPERLY PLED.**

18        **1.**      **Rule 14(c) Allows A Third-Party Plaintiff To Assert Claims On Behalf Of**

19                **The Plaintiff Against A Third-Party Defendant As If The Plaintiff Had**

20                **Pled The Claims Directly Against The Third-Party Defendant.**

21            **a)**      **Defendants Properly Invoked Rule 14(c).**

22   Rule 14(c) states in its entirety:

23   Rule 14. Third Party Practice

24   ….

25        (c)     Admiralty or Maritime Claim.

26          (1)     Scope of Impleader. If a plaintiff asserts an
         admiralty or maritime claim under Rule 9(h), the defendant or a

27          person who asserts a right under Supplemental Rule C(6)(a)(i)
         may, as a third-party plaintiff, bring in a third-party defendant

28          who may be wholly or partly liable—***either to the plaintiff or to***

- 3 -

KYL_SF468202

KYL_SF468202.1

*the third-party plaintiff*—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

       (2)     Defending Against a Demand for Judgment for the Plaintiff. ***The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant.*** In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and ***the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.***

FED. R. CIV. P. 14(c)(emphasis added).  "Rule 14(c) may be invoked whenever the original plaintiff's claim is specifically identified in the complaint as one in admiralty pursuant to Rule 9(h) [of the Federal Rules of Civil Procedure]…" and when the "…alleged liability of the third-party defendant [is] 'on account of the same, transaction, occurrence, or series of transactions or occurrences."  4 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1465 (2d ed. 1990)("Wright & Miller").  In this case, all of the requirements for the Rule 14(c) Complaint are met- a fact which the State does not contest in the motion to dismiss.[2]

**b)**    **<u>Rule 14(c) and Its Predecessors—Admiralty Rules 56 and 59—Have Been Repeatedly Interpreted as Requiring Third-Party Defendants to Defend Themselves As If the Plaintiff Had Sued Them Directly.</u>**

    Simply put, the plain meaning of Rule 14(c)'s above-emphasized language entitles a defendant, as a third-party plaintiff, to bring in a third-party defendant who may be wholly liable to the plaintiff.  Upon doing so, the action proceeds "*as if*" the plaintiff sued both the defendant/third-

---

[2] The United States' underlying complaint alleges jurisdiction under Rule 9(h) of the Federal Rule of Civil Procedure (Compl. ¶ 1) and the Rule 14(c) Complaint alleges the State's liability is on account of the "same series of transactions or occurrences" (See e.g., Rule 14(c) Complaint ¶¶ 8-10)- *especially* under the flexible and liberal construction courts have given this term. <u>Moore v. N.Y. Cotton Exch</u>, 270 U.S. 593, 609–610 (1926)(series of transactions does not require immediate connection- just a logical relationship); <u>Pochiro v. Prudential Ins. Co. of Am.</u>, 827 F.2d 1246, 1249 (9th Cir. 1987)(Ninth Circuit's construction of the term analyzes whether essential facts of various claims are so logically connected that judicial economy and fairness require all issues be resolved in one lawsuit).

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1  party plaintiff and the third-party-defendant.  Clearly, in third-party actions commenced under

2  Rule 14(c), "the third-party plaintiff may demand judgment against the third-party defendant in favor

3  of the plaintiff" and the third-party defendant must defend the claims of the plaintiff as if the plaintiff

4  had sued it directly.  2 C.J.S. *Admiralty* § 144 (2008).  Rule 14(c)'s language unequivocally supports

5  this procedure- a practice established by over a century's worth of precedent.

6          Since the 1800s, "[o]ne of the prominent aspects of admiralty procedure has been

7  liberal third party practice."  Wright & Miller § 1465.  Long ago, courts recognized that in admiralty

8  actions, "a plaintiff's right to control the shape of his litigation . . . must be balanced against the

9  possible detriment to defendant that might result from not being permitted to implead someone who is

10  liable for a portion of the plaintiff's claim."  Id. (citing The HUDSON, 15 F. 162 (D.C.N.Y. 1883).

11          This liberal third-party practice was first codified in 1889 in Admiralty Rule 59.

12  Although Admiralty Rule 59's terms only applied to collision cases, the rule was "given expanded use

13  by analogy."  Wright & Miller § 1465 (citing In re N.Y. & P.R. Steamship Co., 155 U.S. 523 (1895)

14  (case concerning stowage and care of cargo), and The ALERT, 40 F. 836 (D.C.N.Y. 1889) (*in rem*

15  action vessel for negligent damage to cargo)).  When the practice was recodified in 1921 as Admiralty

16  Rule 56, it was expressly made applicable to maritime actions in general and allowed the bringing in

17  of any party who may be wholly or partially liable to the plaintiff.  Wright & Miller § 1465 (citing

18  British Transp. Comm'n v. U.S., 354 U.S. 129, 137–38 (1957)).

19          When the admiralty and civil rules were combined under the Federal Rules of Civil

20  Procedure in 1966, "it was decided that certain distinctive maritime procedures were to be retained

21  . . ."—including the liberal third-party practice that had developed under Admiralty Rules 59 and 56.

22  Wright & Miller § 1465.  "To accomplish this result Rule 14(c), representing the substance of the

23  existing admiralty impleader practice, was added to the federal rules."  Id.  The comments to Federal

24  Rule of Civil Procedure 14 confirm that the broad liberal third-party practice under Admiralty Rule 56

25  remains intact under Rule 14(c):

26          Rule 14 was modeled on Admiralty Rule 56. An important feature of
           Admiralty Rule 56 was that it allowed impleader of not only a person

27          who might be liable to the defendant by way of remedy over, but also of
           any person who might be liable to plaintiff. ***The importance of this***

28          ***provision was that the defendant was entitled to insist that the plaintiff***

- 5 -

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

*proceed to judgment against the third-party defendant.*

FED. R. CIV. P. 14, 1966 Amendment (emphasis added).

Since its enactment, courts and various legal treatises have interpreted Rule 14(c) as permitting defendants to insist that judgment be entered in plaintiffs' favor directly against third-party defendants and requiring third-party defendants to defend themselves as if plaintiffs had sued them directly. Frota Oceania Brasileira v. M/V ALICE ST. PHILIP, 790 F.2d 412, 417 & n.9 (5th Cir. 1986) (citing 3 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 14.34 at 14-156 (2d ed. 1985); Montauk Oil Transp. Co. v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 859 F. Supp. 669, 675 (S.D.N.Y. 1994); Wright & Miller § 1465; 2 C.J.S. *Admiralty* § 144 (2008).

   c)   **The Rule 14(c) Complaint Properly Requires California to Defend the Claims Asserted Therein As If the United States Had Brought Them Against the State Directly, and Properly Demands that Judgment be Entered in the United States' Favor Against the State of California.**

In light of the foregoing, the State's contention that there "is no provision in the Federal Rules of Civil Procedure that would allow [Defendants] to state a claim in the name of the United States of America" is without merit. (Motion 7:27–8:1.) It is unquestionable that Rule 14(c) allows Defendants, as third-party plaintiffs, to assert claims on behalf of the United States against the State as if the United States had sued the State directly. The Third-Party Complaint accomplishes this objective and thus, the Motion should be denied.

   2.   **Since the Rule 14(c) Complaint is Properly Pled, The State's Motion to Strike Should be Denied.**

   a)   **Motions to Strike are Disfavored.**

In considering a motion to strike, the court views the pleading in the light most favorable to the non-moving party. S.E.C. v. Levin, No. CV 05-02547 DDP (SHX), 2005 WL 3244865, at *5 (C.D. Cal. Aug. 15, 2005); In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Motions to strike are generally disfavored because they are often used as delaying tactics,

- 6 -                                                    KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1   and because of the limited importance of pleadings in federal practice.  <u>Stanbury Law Firm v. I.R.S.</u>,

2   221 F.3d 1059, 1063 (8th Cir. 2000); <u>Bureerong vs. Uvawas</u>, 922 F. Supp. 1450 (C.D. Cal. 1996).

3   Therefore, "if there is *any doubt* as to whether the might be an issue in the action, courts will deny the

4   motion." <u>In re 2TheMart.com, Inc.</u>, 114 F. Supp. 2d at 965 (emphasis in original).

 b)   **The State's Motion to Strike Is, at Best, A Delay Tactic Because It**

6        **Complains of Language Defendants Have *Already Removed* From**

7        **the Rule 14(c) Complaint's Caption.**

8             In addition to the fact that Rule 14(c) permits Defendants to assert claims on behalf of

9   the United States against the State, the State's motion to strike should be denied because it complains

10  about language that Fleet and Regal already agreed to remove from the caption of the Rule 14(c)

11  Complaint.  Specifically, the State complains that the previous version of the Rule 14(c) Complaint

12  included the phrase "by the United States" in the caption.  At the State's request, Defendants filed the

13  operative, amended version of the Rule 14(c) Complaint on September 12, 2008 in which this phrase

14  was deleted from the caption.  Despite this history, the State argues that this now non-existent phrase

15  is "facially void and should be stricken under FRCP 12(f)."  (<u>See</u> Motion 8:3–4.)  Defendants agreed

16  to remove this language because it was mere surplusage, in that it did not alter the nature of the claims

17  asserted in the Rule 14(c) Complaint.

18            Quite simply, the State's motion to strike requires the parties to spend time and

19  resources arguing over language which is nowhere to be found in the operative Rule 14(c) Complaint.

20  Accordingly, the motion is, at best, a frustrating delay tactic, and should be denied.  However, the

21  motion's impropriety does not end there.

 c)   **Focusing on Non-Existent Surplusage in the Caption of the Rule**

23       **14(c) Complaint, Diverts This Court's Attention Away From**

24       **Defendants' Undeniable Right to Invoke Rule 14(c) in an Admiralty**

25       **Case.**

26            Stressing form over function, the motion to strike suggests a party's right to employ

27  Rule 14(c) depends on the styling of the pleading and that certain language is improper.  Clearly, as

28  set forth above, Defendants' right to force the State to defend itself from the claims set forth in the

- 7 -                                    KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1   Rule 14(c) Complaint as if the United States had filed them directly against the State derives from

2   Rule 14(c) and an overwhelming body of precedent- *not from the words in the caption of the pleading.*

3   However, even if the language that the State complains of had remained in the operative Rule 14(c)

4   Complaint, its presence still would not justify the State's unwarranted motion to strike.

5          In federal court, pleadings are liberally construed, and technical defects in pleadings are

6   cured by amending the pleadings, not dismissing the case.  Consistent with this rule, the Ninth Circuit

7   has held that Rule 14(c) "is to be liberally construed."  <u>Royal Ins. Co. v. Sw. Marine</u>, 194 F.3d 1009,

8   1017–18 (9th Cir. 1999) (citing 8 *Benedict on Admiralty* § 2.01[E]).  In <u>Southwest Marine</u>, the Ninth

9   Circuit rejected arguments that Rule 14(c) requires strict adherence to specific language in pleadings

10  and held that since the third-party complaint at issue in that case referred to Rule 14(c) in the caption,

11  the text of the pleading, and the prayer for relief and explained how the third-party defendants were

12  directly liable to the plaintiff—the "unmistakable meaning" was to designate the third-party defen-

13  dants as a defendants to the plaintiff's action.  194 F.3d at 1017–18.

14          A cursory review of the Rule 14(c) Complaint demonstrates it satisfies <u>Southwest</u>

15  <u>Marine</u>'s flexible standard.  Rule 14(c) is referenced throughout the Rule 14(c) Complaint including in

16  the caption, the text of the pleading, and the prayer for relief.  (Rule 14(c) Complaint 2:1, 2:3, 7:13.)

17  The Rule 14(c) Complaint sets forth causes of action against the in favor of the United States.

18  (Rule 14(c) Complaint ¶¶ 8–10.)  The Rule 14(c) Complaint's prayer for relief requests that judgment

19  be entered in favor of the United States directly against the State.  In short, the Rule 14(c) Complaint's

20  unmistakably designates the State as a defendant that, if found liable, will be directly liable to the

21  United States..  (<u>See</u> Rule 14(c) Complaint 2:3–7.)  Therefore, even if Defendants had not agreed to

22  remove the language, "by the United States," the Rule 14(c) Complaint would still be adequately and

23  properly pled.  Accordingly, the State's Motion to Strike is wholly unwarranted and should be denied.

24          **3.      The Rule 14(c) Complaint is Neither Redundant, Immaterial, Impertinent,**

25          **or Scandalous.**

26          Through the Rule 14(c) Complaint, Defendant achieved what Rule 14(c) and over two

27  hundred years of admiralty law precedent entitle it to do- insist that the United States seek judgment

28  against the State as if the United States had sued the State directly.  Moreover, the Rule 14(c)

- 8 -

KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1  Complaint, with or without the non-existent language the State complains, is adequately and properly

2  pled under applicable Ninth Circuit law.  Nothing about the Rule 14(c) Complaint runs afoul of

3  Federal Rule of Civil Procedure 12(f).[3]  Consequently, the State's Motion to Strike should be denied.

      **C.**    **THE CLAIMS ASSERTED UNDER RULE 14(c) IN FAVOR OF THE UNITED**

           **STATES DO NOT IMPLICATE THE ELEVENTH AMENDMENT.**

         **1.**    **The Eleventh Amendment Does Not Protect a State From Liability to the**

                 **United States.**

The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend
> to any suit in law or equity, commenced or prosecuted against one of the
> United States by citizens of another state, or by citizens or subjects of
> any foreign state.

U.S. CONST. amend. XI.

      The Eleventh Amendment only forbids suits against a State only when commenced by

citizens of another state or subjects of any Foreign State.[4]  Conversely, courts have repeatedly held a

---

[3] In the context of motions to strike, "redundant" matters consists of allegations that constitute a need-less repetition of other averments or which are wholly foreign to the issues involved (Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005)); "Immaterial" matters have no bearing on the contro-versy before the court (Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)); "Impertinent" matters have been defined to include unresponsive or irrelevant allegations which would be inadmissible at trial (Fogerty, 984 F.2d at 1527); "Scandalous" matters bear no possible relation to the controversy, may cause the objecting party prejudice, or cast a cruelly derogatory light on a party or person (Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547, 1565 (N.D. Ill. 1985)).

[4] The Supreme Court has held that the Eleventh Amendment merely exemplifies the inherent sovereign immunity of the States, and that this inherent immunity is broader than that set out in the text of the Amendment.  For example, the Amendment expressly applies to suits "in law or equity" but does not expressly apply to suits in admiralty.  However, the Supreme Court has held that a State has sovereign immunity from a maritime claim asserted against it by a private individual. Ex parte New York, 256 U.S. 490, 497 - 98 (1921).  Similarly, while the Eleventh Amendment does not expressly bar federal courts from hearing suits against a state by its own citizens, the Court has held that States have sovereign immunity from such claims. Hans v. Louisiana, 134 U.S. 1, 15-18 (1890).  Recent Supreme Court decisions have held that Congress may only abrogate a State's immunity to suits by individuals when it enacts legislation to protect a protected interest under the Fourteenth Amendment. See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 119 S.Ct. 2219 (1999); Alden v. Maine, 119 S.Ct. 2240 (1999); Seminole Tribe v. Florida, 517 US 44 (1996).  Congress may not abrogate such immunity through legislation enacted pursuant to its Article I powers. Id.

1   State has no Eleventh Amendment immunity from liability to the United States. <u>W. Va. v. U.S.</u>,

2   479 U.S. 305, 311 (1987); <u>U.S. v. Miss.</u>, 380 U.S. 128, 140–41 (1965) (". . . nothing in this or any

3   other provision of the Constitution prevents or has ever been seriously supposed to prevent a State's

4   being sued by the United States."); <u>see also</u> <u>Townsend v. Univ. of Alaska</u>, No. 07-35993, __ F.3d __,

5   2008 WL 4093608, at *7 n.1 (9th Cir. Sept. 5, 2008).

6           The State's motion to dismiss argues that the Eleventh Amendment bars Defendants

7   from suing the State in federal court but does not even address the fact that the Rule 14(c) Complaint

8   seeks a judgment in favor of the United States against the State, not in favor of Defendants.  The State

9   cites no case in which the Eleventh Amendment has been held to shield a state from a judgment in

10  favor of the United States under Rule 14(c).  Since the claims against the State in the Rule 14(c)

11  Complaint, if successful, would result in a judgment for the United States against the State, the

12  Eleventh Amendment does not bar the claims.

13      **2.      <u>Cases Addressing Claims By the United States' Against States for</u>**

14              **<u>Indemnity, Contribution, or Apportionment Support the Conclusion the</u>**

15              **<u>Rule 14(c) Complaint Does Not Violate the Eleventh Amendment.</u>**

16          Defendants are aware of no case in which a Court has specifically addressed whether

17  the Eleventh Amendment bars a Rule 14(c) claim brought on behalf of the United States against a

18  State.  However, cases involving analogous circumstances demonstrate that the Eleventh Amendment

19  is simply not applicable to such a claim.  Courts have held that third-party claims for indemnity,

20  contribution, or equitable apportionment brought by the United States against a State, in cases where a

21  private individual has sued the United States, are not barred by the Eleventh Amendment, even

22  thought the effect of allowing such a claim to proceed may be to force the State to contribute towards

23  the satisfaction of the plaintiff's judgment, or to make the State liable to the plaintiff under principles

24  of *res judicata*.  <u>U.S. v. State of Haw.</u>, 832 F.2d 1116, 1118 (9th Cir. 1987)(holding Eleventh

25  Amendment did not preclude Unites States contribution claim against Hawaii even if underlying

26  claims could not have been brought in federal court).

27          In <u>Bethel Native Corporation v. U.S. Department of the Interior</u>, the United States sued

28  the State of Alaska under an Alaska statute that, like Rule 14(c), allowed a defendant to bring a third-

- 10 -                                      KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

1   party claim that forces the third-party defendant to defend itself as though it had been sued by the

2   plaintiff. 208 F.3d 1171, 1174–77 (9th Cir. 2000). The Court allowed the United States to proceed

3   with the claim because the primary purpose of the third-party complaint was to reduce the United

4   States' liability to the plaintiff, even though a secondary effect of a judgment in the United States'

5   favor would be *res judicata* on any claims between the plaintiff and the State. Id. at 1175.

6           In Marbulk Shipping, Inc. v. Martin-Marietta Materials, Inc., a vessel owner sued the

7   United States for damage caused when its vessel struck an uncharted submerged object. 2003 AMC

8   1554, 1555-56 (S.D. Ala. 2003). The United States filed a third-party complaint under Rule 14(c)

9   against the State of Alabama that sought judgment in favor of the vessel owner, or, in the alternative,

10   the United States. Id. The court overruled Alabama's motion to dismiss that was based on Alabama's

11   argument that the United States' third-party complaint violated the Eleventh Amendment. Citing

12   Williams, infra, the court held that the United States' claim was proper because it sought judgment in

13   favor of the United States. Id. at 1556–57.

14           In Williams v. United States, a seaman sued the United States for injuries suffered

15   aboard a vessel. 42 F.R.D. 609, 612 (1967). Under Admiralty Rule 56, the United States impleaded

16   the State of New York for indemnity and demanded judgment in favor of the United States against the

17   state. Id. New York argued the Eleventh Amendment barred the suit because the plaintiff seaman

18   was an individual and that any money paid by New York to the United States via indemnification

19   would simply be reimbursement to the plaintiff. Id. at 614–15. The court rejected this and other[5]

20   arguments, noting that the United States, in its prayer for relief, did not seek the court to enter

21   judgment in favor of the plaintiff and against New York. Id. at 615–16.

22           In this case, the express purpose of the Rule 14(c) claim against the State is to allow the

23   United States to recover some of its losses and damages from the State. Since Defendants have filed

24

---

25   [5] New York also argued that its Eleventh Amendment immunity was in peril to the extent the state

26   would have to engage in pre-trial and trial proceedings against the plaintiff seaman and would likely take opposing stances to the plaintiff on a number of issues. The court summarily dismissed the New

27   York's additional arguments as not adding a "constitutional dimension" with which the court need to concern itself. Williams, 42 F.R.D. at 616.

28

KYL_SF468202

KYL_SF468202.1

1    counterclaims against the United States, a second potential effect of a judgment in favor of the United

2    States against the State would be to reduce the United States ultimate liability to Defendants.  The

3    Rule 14(c) complaint against the State is thus most analogous to or a claim for contribution or

4    indemnity by the United States.  The cases cited above all hold that the Eleventh Amendment does not

5    bar such claims.

**3.      The Rule 14(c) Complaint's Prayer for Relief Seeks Only a Judgment in
Favor of the United States and Its Primary Purpose is to Allow the United
States to Recover Its Damages.**

9    　　　　As the decisions in <u>Bethel</u>, <u>Marbulk</u>, and <u>Williams</u>, <u>supra</u>, demonstrate, so long as a

10   third-party complaint only prays for relief on behalf of the United States or simply seeks to reduce the

11   United States' liability, then a state's Eleventh Amendment rights are not jeopardized. In light of this

12   foregoing, the Rule 14(c) Complaint does not place the State's Eleventh Amendment rights in peril.

13   Critically, the Rule 14(c) Complaint's prayer for relief only seeks a judgment against the State in favor

14   of the United States.  (Rule 14(c) Complaint 7:13–15.)  Even if the Rule 14(c) Complaint could be

15   construed as seeking a judgment against the State in favor of the Defendants, which it cannot, it still

16   would not violate the State's Eleventh Amendment rights.  The Rule 14(c) Complaint's substance is

17   not a private right of action against the State; rather, its primary purpose is to reduce the United States'

18   liability under the mandatory counterclaims for recoupment that Defendants were forced to bring as

19   result of the United States filing the above-captioned action.[6]

20   　　　　The State's motion to dismiss is premised on the grounds that Defendants cannot state

21   a claim against the State due to its Eleventh Amendment immunity.  This argument displays a funda-

22   mental misunderstanding by the State of the procedural posture of a Rule 14(c) Complaint.  A claim

23   brought pursuant to Rule 14(c), which impleads a party "on the ground that it is liable to plaintiff, fails

24   to state a claim for which relief can be granted only if the plaintiff has no cause of action against the

25   third party defendant under the facts alleged in the complaint." <u>Montauk Oil Transp. Corp. v.</u>

26   _____

[6] Pursuant to Federal Rule of Evidence 201(d), Defendants respectfully request that the Court take
27   judicial notice of its Answer and Counterclaims to the above-captioned action on file in this matter as
Docket No. 075.

28

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1   Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 859 F. Supp. 669, 675 (S.D.N.Y 1994).  The

2   Rule 14(c) Complaint in this case clearly states claims by the United States against the State on which

3   relief can be granted.  Thus, the State's motion should be denied.

4       **D.**    **THE STATE HAS NO SOVEREIGN IMMUNITY TO THE UNITED STATES'**

5           **LAWSUIT.**

6          It is beyond dispute that when a state is admitted into the Union upon equal footing

7   with the other states, it consents to all suits brought against it by the United States.  U.S. v. State of

8   Tex., 143 U.S. 621, 646 (1892); see also, U.S. v. State of Cal., 328 F.2d 729, 732 (9th Cir. 1964)

9   (holding that 28 U.S.C. § 1345, which grants district courts original jurisdiction over all civil actions

10  commenced by the United States, does not require a state's waiver of its sovereign immunity for that

11  jurisdiction to have effect).  Since United States v. State of Texas, the federal judiciary "has repeatedly

12  entertained suits by the United States against a State, without the State's consent."  State of Cal.,

13  328 F.2d at 732 & 739 n.8 (citing cases).  Accordingly, since Rule 14(c) requires the State to defend

14  the United States' claims as if the United States had sued the State directly, it follows that the State

15  cannot raise its failure to waive its sovereign immunity as a defense.

16         Moreover, since Rule 14(c) requires that this action proceed as if the United States had

17  sued the State directly, the State's argument that Rule 14(c) cannot be used to create jurisdiction

18  where none otherwise exists and its citation to Hapag-Lloyd AG v. Safeway Stores, Inc., 60 F.3d 1370

19  (9th Cir. 1995) is support thereof, is meritless.  In Hapag-Lloyd, a shipping company's Rule 14(c)

20  third-party complaint alleged a shoreside retailer negligently stored and handled cans of ham.  Id. at

21  1373.  The Ninth Circuit found that there was *no admiralty jurisdiction* over the claim since it alleged

22  a land-based tort, and that there was no ancillary jurisdiction.  It remanded the case to determine if

23  diversity jurisdiction could be established.  Id. at 1375.

24         Of course, the most significant difference with this case and Hapag-Lloyd is that the

25  claims brought against the State are claims of the United States- not a private litigant.  Since the

26  United States is a party to this lawsuit, this Court has jurisdiction over the Rule 14(c) Complaint.  See

27  State of Cal., 328 F.3d at 732 ("There is no suggestion in any of the opinions in cases brought by the

28  United States against a State . . . that the subject matter of the controversy was relevant to the Court's

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

1   jurisdiction.").

2           Furthermore, unlike Hapag-Lloyd, this Court clearly retains admiralty jurisdiction over

3   the claims asserted by the United States via the Rule 14(c) Complaint given that an oil spill is a

4   maritime tort, as is an allision between a ship and a bridge. T. SCHOENBAUM, ADMIRALTY AND

5   MARITIME LAW, § 3-4 at p. 93 (4th ed.)("Schoenbaum"). The Admiralty Jurisdiction Extension Act

6   ("AJEA") extended the admiralty and maritime jurisdiction of the Court to include all cases of damage

7   or injury caused by a vessel on navigable waters, even though such damage may have occurred on

8   land. 46 U.S.C. § 30101. As a result of the enactment of the AJEA, "a claim for repairs of a bridge

9   … is now within the [admiralty] jurisdiction." Schoenbaum, at p. 93. Claims for damages resulting

10  from an oil spill from a vessel also fall within the court's admiralty jurisdiction and are governed by

11  the maritime law, because the spill occurred on navigable waters and bore a significant relationship to

12  maritime activity. In re Glacier Bay. 746 F. Supp. 1379, 1383 (D. Alaska 1990); see also Exxon

13  Shipping Co. v. Baker, 128 S.Ct. 2605 (2008) (applying maritime law rule of punitive damages

14  following oil spill from tanker).

15      **E.      SIMILARLY, THE STATE OF CALIFORNIA HAS NO STATE LAW- BASED**

16              **IMMUNITY- CONSTITUTIONAL, STATUTORY, COMMON LAW OR**

17              **OTHERWISE- TO THE UNITED STATES' CLAIMS.**

18          Courts have held that a state cannot raise its immunity under its own constitution or

19  statutes as a defense to an action brought by the United States. See, e.g., U.S. v. State of Ill., 454 F.2d

20  297, 300–01 (7th Cir. 1971) (holding provisions in Illinois' constitution that state "shall never be a

21  defendant in any court of law or equity" did not bar United States' lawsuit against Illinois). On the

22  contrary, absent Congress providing otherwise, "jurisdiction is vested in the federal district courts over

23  suits by the United States against a state." Id. at 301.

24          The State's assertion of its immunity under the various sections of the California

25  Government Code and its status as a "quasi-judicial tribunal" to the claims asserted on behalf of the

26  United States under Rule 14(c) displays a fundamental misunderstanding by the State of the

27  procedural posture of a Rule 14(c) Complaint. A claim brought pursuant to Rule 14(c), which

28  impleads a party "on the ground that it is liable to plaintiff, fails to state a claim for which relief can be

                                            - 14 -                              KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1

1  granted only if the *plaintiff* has no cause of action against the third party defendant under the facts

2  alleged in the complaint." <u>Montauk Oil Transp. Corp. v. Steamship Mut. Underwriting Ass'n</u>

3  <u>(Bermuda) Ltd.</u>, 859 F. Supp. 669, 675 (S.D.N.Y 1994).  The Rule 14(c) Complaint in this case

4  clearly states claims by the United States against the State on which relief can be granted. The State is

5  liable to the United States if, under the general maritime law, the State is liable to the United States in

6  tort.

7                                                     **V.**

8                                              <u>**CONCLUSION**</u>

9          The motion to dismiss and the motion to strike both break down in the first instance

10  due to the State's misunderstanding of Rule 14(c)'s application.  The result of the Rule 14(c)

11  Complaint is *not* the assertion of claims by Defendants against the State; rather it is the assertion of

12  claims *by the United States* against the State.  Due to this posture, the State's various arguments

13  regarding Eleventh Amendment, sovereign, and statutory immunity become irrelevant as the State has

14  no such defenses to claims brought by the United States.  Consequently, the motion to dismiss should

15  be dismissed.

16

17  Dated:  October 17, 2008                  KEESAL, YOUNG & LOGAN

18

19                                            /s/ Gordon C. Young
                                              JOHN D. GIFFIN

20                                            JOSEPH A. WALSH II
                                              GORDON C. YOUNG

21                                            CHRISTOPHER A. STECHER
                                              DAVID A. TONG

22                                            Attorneys for Defendants, Counter-Claimants, and Third-Party

23                                            Claimants REGAL STONE LIMITED and FLEET
                                              MANAGEMENT LTD.

24

25

26

27

28

- 15 -                                                              KYL_SF468202

REGAL STONE'S & FLEET MGMT.'S OPP./CALIF.'S MOT./STRIKE & DISMISS DEFTS' AM. 3RD PARTY
COMPLAINT - Case No. C 07 06045 (SC)

KYL_SF468202.1