UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M/V COSCO BUSAN, LR/IMO Ship. No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem, REGAL STONE, LIMITED, FLEET MANAGEMENT LTD., and JOHN COTA, in personam,<br><br>　　　　Defendants.<br>_____<br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　　　(FRCP 14(c))<br><br>　　v.<br><br>STATE OF CALIFORNIA, and CHARLES CALZA, M.D.,<br><br>　　　　Third-Party Defendant.<br>　　　　(FRCP 14(c))<br>_____ | Case No. 07-6045 SC<br><br>ORDER GRANTING THE STATE OF CALIFORNIA'S MOTION TO STRIKE AND DISMISS AMENDED THIRD PARTY COMPLAINT OF REGAL STONE, LTD., AND FLEET MANAGEMENT LTD. PURPORTING TO BE MADE ON BEHALF OF UNITED STATES |

**I.   INTRODUCTION**

This matter comes before the Court on the Motion to Strike and Dismiss Amended Third Party Complaint of Regal Stone Ltd., and Fleet Management Ltd. Purporting to be Made on Behalf of United States ("Motion") filed by the third-party defendant the State of California ("California"). Docket No. 101. The defendants Regal

Stone, Ltd. and Fleet Management, Ltd. ("Defendants") submitted an Opposition and California filed a Reply. Docket Nos. 106, 108. The plaintiff the United States of America ("United States") filed a Memorandum of Non-Opposition to California's Motion. Docket No. 107. For the following reasons, California's Motion is GRANTED.

**II. BACKGROUND**

On November 7, 2007, the nine hundred foot-plus cargo ship the COSCO BUSAN hit the Bay Bridge while attempting to sail out of the San Francisco Bay. As a result of this allision, the COSCO BUSAN discharged more than 50,000 gallons of heavy bunker fuel into the bay. The United States subsequently filed an action against the Hong Kong-flagged COSCO BUSAN, the ship's owner, Regal Stone, the ship's operator, Fleet Management, and the ship's pilot, John Cota. Various additional lawsuits were also filed in both state and federal court. The four federal actions, including that of the United States, have been related and are before this Court. See Chelsea v. Regal Stone, Ltd. et al., Case No. 07-5800; Shogren Living Trust et al. v. Regal Stone, Ltd. et al., Case No. 07-5926; Continental Ins. Co. v. Cota et al., Case No. 08-2052.

The United States' Amended Complaint states four bases of statutory liability: the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701 et seq.; the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. § 1431 et seq.,; the Park System Resource Protection Act ("PSRPA"), 16 U.S.C. § 19jj et seq.; and the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7), as amended by OPA. First Am. Compl., Docket No. 44.

2

On September 12, 2008, after this Court had denied Defendants' motion to dismiss the Amended Complaint of the United States, see Docket No. 71, Defendants filed what has been styled as an "Amended Third Party Complaint Against the State of California and Charles Calza, M.D." ("Defendants' Complaint").[1] Docket No. 100. Included in Defendants' Complaint are allegations against California's Board of Pilot Commissioners as an agency of California. Id. ¶ 27. Defendants' Complaint was brought pursuant to Federal Rule of Civil Procedure 14(c), which governs third-party practice for admiralty or maritime claims. Defendants allege that the allision between the COSCO BUSAN and the Bay Bridge was in fact caused in whole or part by California's negligent and improper licensing and renewal of Cota's marine pilot's license. Defs.' Compl. ¶ 8. Defendants thus argue that California is liable to the United States for the damages that the United States seeks from Defendants. California has moved to dismiss Defendants' Complaint under various theories.

### III. LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is

---

[1] Dr. Calza, according to Defendants' Complaint, was the State appointed physician who examined Defendant John Cota and certified that Cota was fit to perform the duties of a marine pilot. Defs.' Compl. ¶ 8. Defendants' allege that Dr. Calza was acting as an agent of California. Id.

3

plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. Id. Unreasonable inferences or conclusory legal allegations cast in the form of factual allegations, however, are insufficient to defeat a motion to dismiss. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

**IV. DISCUSSION**

California argues that dismissal is proper under several alternative theories, including sovereign immunity under the Eleventh Amendment of the United States Constitution; immunity from suit because the Board of Pilot Commissioners is a quasi-judicial tribunal; and immunity for the Board under California's Tort Claims Act, which provides that a public entity is not liable for tortious injury, "whether such injury arises out of an act or omission of the public entity or a public employee or any other person," except as provided by statute. Cal. Gov. Code § 815. Although all of these theories, at first blush, might appear compelling, the Court need only discuss the theory of dismissal under the Eleventh Amendment, as it is dispositive.

The Eleventh Amendment states:

> The Judicial power of the United States

4

>shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. IX. As the Ninth Circuit has held, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). In addition, the "Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." Id. The parties agree that California has not consented to suit by Defendants and it is uncontested that California's Board of Pilot Commissioners is an agency of California.

The United States Amended Complaint asserts admiralty jurisdiction. See Am. Compl. ¶ 1 (stating "[t]his is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure . . ."). Federal Rule of Civil Procedure 14(c) addresses third-party practice in relation to admiralty or maritime claims. It states:

>(1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant . . . may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable - either to the plaintiff or to the third-party plaintiff - for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

5

> (2) <u>Defending Against a Demand for Judgment for the Plaintiff</u>. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c).

The Eleventh Amendment does not bar an action by the United States against a state in federal court. <u>United States v. Mississippi</u>, 380 U.S. 128, 140 (1965). The issue before the Court, therefore, hinges on the interplay between Rule 14(c) and the Eleventh Amendment. Defendants argue that, pursuant to Rule 14(c), they have brought in California "as if" California had been sued by the United States, and, accordingly, that the Eleventh Amendment is not implicated. Opp'n at 4 (citing Fed. R. Civ. P. 14(c)(2)). In other words, Defendants argue that Rule 14(c) permits them to bring in California as a third-party defendant notwithstanding the fact that the Eleventh Amendment typically shields a state from being haled into federal court by individuals.

After review of the parties' submissions and relevant law, it appears that no other courts have squarely addressed the issue of whether the Eleventh Amendment bars a Rule 14(c) claim brought by an individual defendant/third-party plaintiff against a state as a third-party defendant, where the United States is the original plaintiff. In light of Rule 14(c) itself and the relevant caselaw, however, the Court concludes that the Eleventh Amendment

6

1 precludes Defendants' Complaint in the present action.

2 As an initial matter, the Federal Rules of Civil Procedure
3 "do not extend or limit the jurisdiction of the district courts .
4 . . ." Fed. R. Civ. P. 82. Courts have recognized that this
5 limitation applies with equal force to Rule 14(c) and its
6 precursor, Admiralty Rule 56. For example, the Second Circuit has
7 stated:

> The intention of the fifty-sixth rule is to allow the respondent to bring in a party jointly liable for the wrong complained of in any case which is within the admiralty jurisdiction . . . . But it certainly could not have been intended to enlarge the admiralty jurisdiction by permitting a party to be impleaded in a matter respecting which it would otherwise have no jurisdiction.

14 Fido v. Braziliero, 283 F. 62, 72 (2nd Cir. 1922). The Ninth
15 Circuit has also addressed Rule 14(c)'s inability to confer
16 independent jurisdiction. See Galt G/S v. Hapag-Lloyd AG, 60 F.3d
17 1370, 1374 (9th Cir. 1995) (stating "Rule 14(c) could not provide
18 the basis for jurisdiction"). Accordingly, a third-party
19 plaintiff may not rely on Rule 14(c) to create jurisdiction where
20 none would exist otherwise.

21 The Ninth Circuit has noted that the Eleventh Amendment is a
22 "jurisdictional bar [that] covers suits naming state agencies and
23 departments as defendants . . . ." Brooks, 951 F.2d at 1053.
24 Defendants themselves concede that the Eleventh Amendment would
25 preclude them from suing California directly. See Mot. at 9 n. 4
26 (stating "the Supreme Court has held that a State has sovereign
27 immunity from a maritime claim asserted against it by an

7

individual") (citing <u>In re New York</u>, 256 U.S. 490, 497-98 (1921)). Defendants seek to avoid this jurisdictional bar by haling California into federal court under the guise of Rule 14(c). Rule 82, however, would appear to prevent this.

Further undermining Defendants' argument is the language of Rule 14(c) itself. Rule 14(c) states that "the action proceeds <u>as if</u> the plaintiff had sued both the third-party defendant and the third-party plaintiff." Fed. R. Civ. P. 14(c)(2) (emphasis added). In a sense, the Rule permits courts to indulge in a legal fiction and proceed under the pretend assumption that the plaintiff had in fact sued the third-party defendant. Notably, however, Rule 14 does not say that, by its operation, the plaintiff <u>does in fact</u> sue a third-party defendant brought in by the third-party plaintiff. This distinction is significant, as there is no dispute that the United States could sue California in this Court. Before legal fictions may be indulged, however, jurisdiction must exist.

"The preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." <u>Fed. Mar. Comm'n v. S.C. State Ports Auth.</u>, 535 U.S. 743, 760 (2002). Thus, "[t]he founding generation thought it neither becoming nor convenient that the several States of the Union, invested with that large residuum of sovereignty which had not been delegated to the United States, should be summoned as defendants to answer the complaints of private persons." <u>Alden v. Maine</u>, 527 U.S. 706, 748 (1999) (internal quotation marks omitted). There is no question that, in the

8

present case, it is Defendants, rather than the United States, that seek to hale California into this Court. Although Rule 14(c) may typically permit such a course of action when the third-party defendant is an individual, to permit it now would entail stepping over the Eleventh Amendment in order to comply with Rule 14. Not only is such action contrary to Rule 82, it also conflicts with more than two hundred years of law in which the sovereignty of the states has been recognized. See, e.g., Alden, 527 U.S. at 748, supra.

The cases cited by Defendants in support of their argument are inapposite. In United States v. Hawaii, 832 F.2d 1116 (9th Cir. 1987), the plaintiffs filed suit in Hawaii state court against the State of Hawaii and the United States for injuries suffered when their car was struck by one driven by a member of the Hawaii National Guard. Id. at 1116-17. The United States removed the action to federal court. Id. at 1117. After the plaintiffs voluntarily dismissed the State of Hawaii, the United States filed a third-party complaint, and ultimately obtained a judgment, against Hawaii. Id. On appeal, Hawaii argued that the federal district court lacked jurisdiction to hear the United States' third-party claim because, under state law, only Hawaii state courts have jurisdiction to hear tort claims against Hawaii. Id. Disagreeing, the Ninth Circuit instead affirmed the straightforward principal that, pursuant to 28 U.S.C. § 1345, "'the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States . . . .' 28 U.S.C. § 1345 (1982)." Id. (emphasis in

original). As there can be little dispute that the United States did not "commence" any action against California, Defendants' reliance on United States v. Hawaii is misplaced.

Interestingly, the court in United States v. Hawaii also held that "the filing of a third-party complaint 'commences' a civil action." Id. Thus, according to the very caselaw relied upon by Defendants, it was Defendants, and not the United States, which "commenced" the action against California. Plainly, the Eleventh Amendment bars such actions.

Defendants also rely on Bethel Native Corp. v. U.S. Department of Commerce, 208 F.3d 1171 (9th Cir. 2000), although for what it is not clear. In Bethel, the court held that "Eleventh Amendment immunity does not extend to third-party claims brought by the United States against a state in this circumstance." Id. at 1172. The circumstances of Bethel were the following: after the plaintiff sued the United States seeking damages for leaking fuel, the United States sought, and the district court granted, leave to file a third-party complaint against the State of Alaska, the city, and the city's contractors. Id. at 1172-73. Alaska moved to dismiss the claim on the basis of Eleventh Amendment immunity. Id. at 1173. The Ninth Circuit affirmed the district court and held that Eleventh Amendment immunity does not extend to actions brought by the United States in federal courts. Id. at 1173. Although Alaska conceded this general proposition, it nonetheless argued that "nuances of Alaska law" required a departure from the general Eleventh Amendment rule. Id. at 1174.

10

As should be clear, Bethel does not help Defendants' cause. More importantly, in Bethel the United States itself filed a third-party complaint against the state. In the present case, Defendants, rather than the United States, seek to bring in the state. This distinction renders Bethel inapplicable to the present action.

The two additional district court cases relied on by Defendants are also of no moment. In both cases, as Defendants themselves recognize, the United States, as a defendant, directly filed third-party claims against the State of Alabama and the State of New York, respectively. See Marbulk Shipping, Inc. v. Martin-Marietta Materials, Inc., No. Civ. 02-0190, 2003 WL 22096105, at *1 (S.D. Ala. June 10, 2004); Williams v. United States, 42 F.R.D. 609 (S.D.N.Y. 1967). Both courts upheld the unremarkable and undisputed proposition that the United States, as a third-party plaintiff, may bring in a state as a third-party defendant through Rule 14 without running afoul of the Eleventh Amendment. Unlike these cases, in the present case it is the individual Defendants, not the United States, that seek to bring in California under Rule 14.

To conclude, the United States was free to file claims against California. It did not and opted to sue Defendants. In what is, as far as this Court can tell, a first, Defendants seek to hale the State of California into court in an effort to mitigate their potential liability for the spillage of more than 50,000 gallons of heavy bunker fuel into the San Francisco Bay from a ship owned and operated by Defendants. At the end of the

11

day, however, the Eleventh Amendment bars individuals from bringing a sovereign state into court.  Rule 14(c), which permits liberal impleading of third parties in admiralty and maritime actions, is insufficient to overcome Eleventh Amendment immunity.

**V.    CONCLUSION**

For the foregoing reasons, California's Motion is GRANTED and Defendants' Complaint is DISMISSED.  As amendment cannot cure the jurisdictional defect, the dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 17, 2008

_____
UNITED STATES DISTRICT JUDGE