JOSEPH A. WALSH II, CASB No. 143694
joe.walsh@kyl.com
GORDON C. YOUNG, CASB No. , CASB No. 158100
gordon.young@kyl.com
CHRISTOPHER A. STECHER, CASB No. 215329
christopher.stecher@kyl.com
DAVID A. TONG, CASB NO. 238971
david.tong@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California  94133
Telephone:     (415) 398-6000
Facsimile:     (415) 981-0136

Attorneys for REGAL STONE LIMITED and FLEET MANAGEMENT LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem, THE SHIPOWNERS' INSURANCE & GUARANTY COMPANY LTD., REGAL STONE, LTD., FLEET MANAGEMENT, LTD., and JOHN COTA, in personam,<br><br>                     Defendants.<br><br>REGAL STONE LIMITED, FLEET MANAGEMENT LTD,<br><br>                     Counterclaimants,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                     Counterdefendant. | Case No. C 07 06045 (SC)<br><br>IN ADMIRALTY<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASE NOS. C 07 06045 (SC), CV 07 05800 (SC), CV 08 02052 (SC), CV 08 2268 (SC), CV 08 5098 (SC) FOR PRETRIAL PURPOSES; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>F.R.C.P. 42(a)(2)<br><br>Date:     January 23, 2009<br>Time:    10:00 a.m.<br>Dept.:    1 (Hon. Samuel Conti) |

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA, )|
| 2 | Plaintiff, )<br>(FRCP 14(c)) )|
| 3 | vs. )|
| 4 | CHARLES CALZA, M.D., )|
| 5 | Third-Party Defendant. )<br>(FRCP 14(c)) )|

**ACTIONS FOR WHICH PRE-TRIAL CONSOLIDATION IS SOUGHT**

| | | |
|---|---|---|
| 8 | CHELSEA, LLC, MARK RUSSO, and ALLEN ) | Case No. C-07-5800-SC |
| 9 | LORETZ, individually and on behalf of all others )<br>similarly situated, )| |
| 10 | )| |
| 11 | Plaintiff, )| |
| 12 | vs. )| |
| 13 | REGAL STONE, LTD., HANJIN SHIPPING CO., )<br>LTD., SYNERGY MARITIME, LTD, FLEET )<br>MANAGEMENT, LTD, and JOHN COTA, *In* )| |
| 14 | *Personam*; M/V COSCO BUSAN, their engines, )<br>tackle, equipment, appurtenances, freights, and cargo )| |
| 15 | *In Rem*, )| |
| 16 | Defendant. )| |
| 17 | )| |
| 18 | RLI INSURANCE COMPANY, ) | Case No. C-08-2052-SC |
| 19 | Plaintiff-in-Intervention, )| |
| 20 | vs. )| |
| 21 | REGAL STONE LIMITED; FLEET )<br>MANAGEMENT, LTD.; and the M/V COSCO )| |
| 22 | BUSAN, LR/IMO Ship No. 9231743, her engines, )<br>apparel, electronics, tackle, boats, appurtenances, )| |
| 23 | etc., *in rem*, )<br>Defendants. )| |
| 24 | REGAL STONE LIMITED and FLEET )<br>MANAGEMENT, LTD., )| |
| 25 | Counterclaimants, )| |
| 26 | vs. )| |
| 27 | THE CONTINENTAL INSURANCE COMPANY, )| |
| 28 | Counterdefendant. )| |

- 1 -

KYL_SF471395

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES; POINTS & AUTHORITIES IN SUPPORT THEREOF – CASE NO. C-07-06045 (SC)

| | | |
|---|---|---|
| 1 | THE PEOPLE OF THE STATE OF CALIFORNIA, ) acting by and through the DEPARTMENT OF ) TRANSPORTATION, ) | Case No. C 08 02268 (SC) |
| 2 | | |
| 3 | Plaintiff, ) vs. ) | |
| 4 | ) | |
| 5 | REGAL STONE LIMITED, HANJIN SHIPPING ) CO., LTD., CONTI CAIRO KG, NSB ) NEIDERELBE, SYNERGY MARITIME, LTD., *in* ) *personam;* M/V COSCO BUSAN, their engines, ) tackle, equipment, appurtenances, freights, and cargo ) *In Rem*, ) | |
| 6 | | |
| 7 | | |
| 8 | Defendants. ) | |
| 9 | REGAL STONE LIMITED, ) | |
| 10 | Counter-Claimant, ) | |
| 11 | vs. ) | |
| 12 | THE PEOPLE OF THE STATE OF CALIFORNIA, ) acting by and through the DEPARTMENT OF ) TRANSPORTATION, ) | |
| 13 | | |
| 14 | Counter-Defendant. ) | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | REGAL STONE LIMITED, and FLEET ) MANAGEMENT, LTD, ) | Case No. CV 08 5098 (SC) |
| 19 | Plaintiffs, ) | |
| 20 | vs. ) | |
| 21 | JOHN J. COTA, an individual, THE SAN ) FRANCISCO BAR PILOT'S ASSOCIATION, an ) unincorporated association, PETER McISAAC, an ) individual, and RUSSELL NYBORG, an individual, ) | |
| 22 | | |
| 23 | | |
| 24 | Defendants. ) | |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on January 23, 2009 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court, the Honorable Samuel Conti presiding, REGAL STONE LIMITED ("Regal") and FLEET MANAGEMENT LTD. ("Fleet") (collectively, "Moving Parties") will move this Court for an order consolidating for *pre-trial purposes* this action with the following related cases:

- *Chelsea, LLC* v. *Regal Stone Limited, et al.*, Case No. CV 07 05800 (SC).
- *The Continental Insurance Co.* v. *Regal Stone Limited, et al.*, Case No. CV 08 02052 (SC).
- *The People of the State of California* v. *Regal Stone Limited, et al.*, Case No. CV 08 2268 (SC).
- *Regal Stone Limited, et al.* v. *John J. Cota, The San Francisco Bar Pilot's Association, et al.*, Case No. CV 08 5098 (SC).

This Motion is made pursuant to Rule 42(a) of the Federal Rules of Civil Procedure upon the grounds that these related actions (the "Cases") involve common questions of law and fact and involve substantially the same principal parties. The Motion is premised upon the following general facts:

    The Cases are all before this Court, have been determined by the Court to be related cases, involve common parties, and involve common questions of fact and law, including specifically the underlying transactions and occurrences that arise from the November 7, 2007 allision of the *M/V COSCO BUSAN* with the San-Francisco-Oakland Bay Bridge. Further, consolidation for pre-trial purposes will achieve a speedier resolution of the Cases and will lessen the risk of prejudice and inconsistent discovery and other pre-trial rulings. Finally, consolidation of the Cases will conserve the Court's resources.

    This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings, records and papers on file herein and in the

KYL_SF471395

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES; POINTS & AUTHORITIES IN SUPPORT THEREOF – CASE NO. C-07-06045 (SC)

- 4 -

| | |
|---|---|
| 1 | related Cases, and upon such further oral and documentary evidence as may be presented at the |
| 2 | hearing on this Motion. |

DATED: December 19, 2008

/s/ Gordon C. Young
JOSEPH A. WALSH II
GORDON C. YOUNG
CHRISTOPHER A. STECHER
DAVID A. TONG
KEESAL, YOUNG & LOGAN
Attorneys for REGAL STONE LIMITED and
FLEET MANAGEMENT, LTD.

- 4 -

KYL_SF471395

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
# OF MOTION TO CONSOLIDATE

## I. INTRODUCTION

Moving Parties move under Federal Rule of Civil Procedure 42(a)(2) to consolidate for pre-trial purposes this action, Case No. 07 06045 (SC), and the following related Cases:

- *Chelsea, LLC* v. *Regal Stone Limited, et al.*, Case No. CV 07 05800 (SC).
- *The Continental Insurance Co.* v. *Regal Stone Limited, et al.*, Case No. CV 08 02052 (SC).
- *The People of the State of California* v. *Regal Stone Limited, et al.*, Case No. CV 08 2268 (SC).
- *Regal Stone Limited, et al.* v. *John J. Cota, The San Francisco Bar Pilot's Association, et al.*, Case No. CV 08 5098 (SC).

The Cases are pending before this Court and involve common parties.[1]

The reasons for consolidating the Cases are straight-forward. The Cases arise from the same incident, i.e., the allision of the *M/V COSCO BUSAN* with the San Francisco-Oakland Bay Bridge on November 7, 2007 (the "Incident"). The various Parties seek damages from and/or judicial determinations regarding, among others, Regal and Fleet arising out of the Incident. In all cases, Moving Parties have asserted defenses and/or affirmative claims seeking to allocate responsibility for the Incident to other Parties.

Not surprisingly, the Cases involve numerous common issues of fact and law. Thus, if all the claims go to trial, the trier-of-fact will be charged with allocating fault for the Incident among each of the Parties. All of the Cases should be consolidated for pretrial purposes to avoid inconsistent rulings, to avoid duplicative discovery and motion practice and for the purpose of judicial economy.

---

[1] Pursuant to Federal Rule of Evidence 201(d), Moving Parties respectfully request this Court to take judicial notice of the following facts: (1) the Cases are before this Court and have already been related; and (2) the Cases involve many common parties. For the purposes of this Motion, the parties to the various related lawsuits are referred to collectively as the "Parties."

## II. FACTS

By now, many of the facts and positions of the Parties are well known to the Court. However, a brief summary demonstrates why the Cases are appropriate for consolidation under Federal Rule of Civil Procedure 42(a)(2).

### A. The United States' Case Against Moving Parties

In Case No. C 07 06045 (SC), the United States seeks response costs, damages, civil penalties, and other relief from Moving Parties and pilot John Cota. Moving Parties answered and filed a Counterclaim against the United States and a Third-Party Complaint against the State of California and Dr. Charles Calza.[2] Moving Parties' Counterclaim and affirmative defenses allege the Incident was caused, in whole or in part, by the United States' tortious conduct. The remaining Third-Party Complaint asserts Dr. Calza was negligent and is liable to the United States, in whole or in part, for the damages the United States seeks to recover from Moving Parties.

### B. Chelsea, LLC's Case Against Moving Parties

In Case No. CV 07 05800 (SC), the Plaintiffs filed a class action against Regal, Fleet, Hanjin Shipping Co. Ltd., Synergy Maritime, Ltd, John Cota and the *M/V COSCO BUSAN* in rem for damages arising out the closure of the crab fishery as a result of the Incident. The class, as defined in the Second Amended Complaint, includes "all commercial fishing operations." The Court has not certified a class. The Plaintiffs assert that Regal and Fleet were negligent, violated certain statutes, and created a public nuisance. Moving Parties have argued that they are not responsible for the damages arising out of the Incident and that others, including Captain Cota, are liable to the Plaintiffs.

### C. RLI Insurance Company's Case Against Moving Parties

Case No. CV 08 02052 (SC) addresses insurance issues arising out of the Incident. Plaintiff Continental Insurance Company filed suit against Moving Parties and others. Moving Parties then filed (a) a counterclaim against Continental, (b) a cross-claim against Captain Cota and (c) a third party complaint against the San Francisco Bar Pilots and the San Francisco Bar Pilots Benevolent and Protective Association. RLI Insurance Company intervened in the case as a Plaintiff and filed its

---

[2] The Court recently dismissed the Third-Party Complaint against the State of California.

complaint in intervention on November 7, 2008. Both Continental and RLI seek a judicial declaration that (1) Regal, Fleet and the *COSCO BUSAN* are obligated to defend and indemnity John Cota in the civil and criminal actions against him arising out of the oil spill and (2) that Continental and RLI have no obligation until the duties of Regal, Fleet and the *COSCO BUSAN* are exhausted. Moving Parties seek a judicial determination that they are not required to defend, indemnify or hold harmless Captain Cota and the San Francisco Bar Pilots and the San Francisco Bar Pilots Benevolent and Protective Association for any civil or criminal actions.

**D.     California's Case Against Regal**

In Case No. CV 08 2268 (SC), the State of California sued Regal for damage to the San Francisco-Oakland Bay Bridge resulting from the Incident. Regal answered and asserted counterclaims against the State alleging that the State's negligence and breach of duties was the cause of the Incident and that the State is liable under negligence and contribution principles to Regal for resulting damages. Although the State's Complaint does not seek recovery of its response costs and damages, such as natural resource damages, resulting from the oil spill, the State eventually must assert these claims in this litigation or lose the right to assert them pursuant to the doctrines of merger and bar.[3] Therefore, Defendants anticipate the State eventually will either amend its Complaint in Case No. CV 08 2268 (SC) to assert such claims or attempt to join the lawsuit filed by the United States as a plaintiff.[4]

**E.     Moving Parties' Case Against The Pilots Association, et al.**

In Case No. CV 08 5098 (SC), Moving Parties contend that Captain Cota, The Pilots Association, Captain McIsaac and Captain Nyborg are responsible for the damage caused by the Incident. Moving Parties allege various negligence and indemnification-based claims against these defendants. These defendants have not yet responded to the recently-filed and served complaint.

---

[3] See, e.g., Adams v. California Department of Health Services, 487 F.3d 684, 688-691 (9th Cir. 2007) (finding that the plaintiff's later-filed complaint arose out of the same transactional nucleus of facts asserted in the earlier-filed complaint and, further, that the district court did not abuse its discretion in dismissing the later-filed complaint with prejudice)

[4] In the event the State fails to join this lawsuit, Moving Parties likely will file a motion to have the State added as an indispensable party pursuant to F.R.C.P. Rule 19.

## III. ARGUMENT

The Federal Rules of Civil Procedure permit a district court to order the consolidation of cases pending before a court that involve a common question of law or fact. FED. R. CIV. P. 42(a)(2); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (3d Ed. 2008) ("WRIGHT & MILLER"). A district court has broad discretion to decide whether consolidation is desirable. WRIGHT & MILLER, supra, at § 2383. Multiple actions arising out of the same tort, such as a single accident or disaster, are frequently ordered consolidated. Id. at § 2384; see also Stemler v. Burke, 344 F.2d 393 (6th Cir. 1965) (affirming consolidation of multiple personal injury actions resulting from multi-vehicle collision); Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994) (holding that the single essential requirement is questions of law or fact common to the cases that are to be consolidated); Plough v. Baltimore & O.R. Co., 172 F.2d 396 (2d Cir. 1949) (affirming consolidation for trial of four separate actions against a railroad for damages sustained in a grade crossing accident). Furthermore, in determining whether consolidation is appropriate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

### A. Common Issues Of Fact And Law Weigh In Favor Of Consolidation

The Cases involve nearly identical issues of fact and numerous related legal issues. The most obvious link between the Cases is their mutual origin — the Incident. As a result of this common origin, the Cases share a host of common legal and factual issues. These issues include the allocation of fault for the Incident and the resulting damages attributable to each Party. Because the State of California is a co-trustee with respect to the natural resource damages, both the State and the United States will be seeking damages for the same injury.

In the Cases, Moving Parties assert that the State of California, the United States, Dr. Calza, Captain Cota, and others are responsible, in whole or in part, for the Incident. Thus, one of the principal issues in the Cases is the culpability of each of the Parties for the Incident and each Party's resulting damages. Discovery in each of the Cases, therefore, necessarily will overlap, and will encompass many of the same witnesses and documentary evidence. To avoid inconsistent discovery or other pre-trial rulings, the Cases should be consolidated for pre-trial purposes with all

KYL_SF471395

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES; POINTS & AUTHORITIES IN SUPPORT THEREOF – CASE NO. C-07-06045 (SC)

potentially-culpable Parties represented and involved in pre-trial proceedings.

### B. Failure To Consolidate The Cases Will Prejudice *All* The Parties And Cause Unnecessary Confusion

If the Cases are not consolidated, there is a significant risk of prejudice to Moving Parties, to other named Parties in the Cases *and* to third parties. As discussed above, many individuals are percipient and/or expert witnesses in multiple Cases. Further, many documents are relevant to issues raised in the various Cases. Forcing the Parties to conduct separate discovery (including multiple depositions and document productions) in the different Cases would entail an unnecessary duplication of time and resources. Discovery currently is stayed pending the criminal proceedings arising out of the Incident. However, once discovery resumes, all discovery in the Cases should be consolidated.

### C. Consolidation Of The Cases Will Achieve Benefits For The Court And The Parties

If the Cases are not consolidated, Moving Parties will move to join the State as an indispensable party to the United States' case. See FED. R. CIV. P. 19(a) ("A person . . . shall be joined as a party in the action if . . . the person claims an interest relating to the subject of the action and is so situated that the disposition of the action may . . . impair of impede the person's ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double . . . or otherwise inconsistent obligations by reason of the claimed interest."). Consolidation will avoid the need to address this issue since the State already is a Plaintiff and Counter-Defendant in one of the related Cases – Case No. CV 08 2268 (SC).

Furthermore, as discussed above, consolidation of the Cases will benefit the discovery process. Not only will consolidation streamline the service and response to written discovery and coordination of depositions, but it will help ensure that the discovery conducted is more effective because all the Parties will be able to engage in the process together. Finally, consolidation of the Cases will relieve numerous witnesses of the significant burden of having to appear at numerous depositions.

### IV. CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court consolidate

for pre-trial purposes this action with the following related Cases:

- *Chelsea, LLC* v. *Regal Stone Limited, et al.*, Case No. CV 07 05800 (SC).
- *The Continental Insurance Co.* v. *Regal Stone Limited, et al.*, Case No. CV 08 02052 (SC).
- *The People of the State of California* v. *Regal Stone Limited, et al.*, Case No. CV 08 2268 (SC).
- *Regal Stone Limited, et al.* v. *John J. Cota, The San Francisco Bar Pilot's Association, et al.*, Case No. CV 08 5098 (SC).

DATED: December 19, 2008

/s/ Gordon C. Young
JOSEPH A. WALSH II
GORDON C. YOUNG
CHRISTOPHER A. STECHER
DAVID A. TONG
KEESAL, YOUNG & LOGAN
Attorneys for REGAL STONE LIMITED and
FLEET MANAGEMENT, LTD.

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES; POINTS & AUTHORITIES IN SUPPORT THEREOF – CASE NO. C-07-06045 (SC)