United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA, LLC, MARK RUSSO, and ALLEN LORETZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., SYNERGY MARITIME, LTD., FLEET MANAGEMENT, LTD., and JOHN COTA In Personam, M/V COSCO BUSAN, their engines, tackle, equipment, appurtenances, freights, and cargo In Rem,<br><br>    Defendants.<br><br>AND ALL RELATED CASES | Case No. 07-5800 SC<br><br>and related cases:<br><br>07-6045 SC<br>08-2268 SC<br>08-2052 SC<br>08-5098 SC<br><br>ORDER GRANTING MOTION TO CONSOLIDATE RELATED CASES FOR PRE-TRIAL PURPOSES ONLY |

I.  **INTRODUCTION**

On December 19, 2008, Regal Stone Limited ("Regal Stone") and Fleet Management Ltd. ("Fleet") moved to consolidate this case - referred to hereinafter as "the Chelsea action" - and the four related civil cases before this Court for pre-trial purposes only. Docket No. 156. Regal Stone and Fleet filed the same motion in the related cases. See United States v. Regal Stone, Ltd., Case No. 07-6045, ("the United States action"), Docket No. 130;

<u>California v. Regal Stone, Ltd.</u>, Case No. 08-2268, ("the California action"), Docket No. 44; <u>Continental Ins. Co. v. Cota</u>, Case No. 08-2052, ("the Continental action"), Docket No. 78; <u>Regal Stone, Ltd. v. Cota</u>, Case No. 08-5098, ("the Regal Stone action"), Docket No. 16.[1]

In the United States action, the Third-Party Defendant, Dr. Charles Calza ("Dr. Calza"), filed a statement of conditional non-opposition. <u>See</u> Docket No. 133 ("Dr. Calza Resp."). The United States responded to the motion, filing what is essentially a statement of non-opposition. <u>See</u> Docket No. 134 ("United States Resp.").

In the Continental action, The Continental Insurance Company ("Continental") opposed the motion. <u>See</u> Docket No. 79 ("Opp'n"). In the same case, Defendant John Joseph Cota ("Cota") filed a conditional statement of non-opposition. <u>See</u> Docket No. 80 ("Cota Resp."). The Third-Party Defendants San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective Association (collectively, "the Bar Pilots") also filed a conditional statement of non-opposition. <u>See</u> Docket No. 81 ("Bar Pilots Resp."). In the United States action, Regal Stone and Fleet filed a Reply. <u>See</u> Docket No. 136. For the reasons stated herein, the motions to consolidate are GRANTED.

///

///

---

[1] In the California action, both Regal Stone and Fleet moved to consolidate, but Fleet is not listed as a defendant in the case. <u>See</u> Docket No. 44. The Court treats that motion as if it were filed by Regal Stone alone.

2

## II. BACKGROUND

### A. The Allision

On November 7, 2007, the cargo ship M/V COSCO BUSAN hit the Bay Bridge while attempting to sail out of the San Francisco Bay. Regal Stone owns the M/V COSCO BUSAN, and Fleet is the ship's operator. Cota is a member of the Bar Pilots and was allegedly piloting the vessel during its exit from the San Francisco Bay. As a result of the allision, the M/V COSCO BUSAN discharged more than 50,000 gallons of heavy bunker fuel into the bay.

### B. The Lawsuits

Various lawsuits have since been filed in state and federal court. There are currently five federal civil actions that have been related and are before this Court.[2] In addition, the United States filed a criminal action against both Cota and Fleet. See United States v. Cota, Case No. CR 08-0160 ("the criminal action").

On September 18, 2008, the Court stayed the Continental action pending resolution of the criminal action. See Docket No. 62 ("Sept. 18, 2008, Order"). On December 9, 2008, the Court entered a Case Management Order in the California action, staying the case pending completion of the criminal proceedings. See Docket No. 39 ("Case Management Order"). On December 19, 2008, Regal Stone and Fleet filed the motions to consolidate at issue here.

---

[2] In Shogren Living Trust v. Regal Stone, Ltd., Case No. 07-5926, the Court entered an order dismissing the case on August 8, 2008. See Docket No. 29.

### C. Responses to the Motions to Consolidate

The United States does not oppose consolidation of the cases for pre-trial purposes. United States Resp. at 2. The United States makes some other suggestions that are addressed below.

Dr. Calza does not oppose consolidation of the cases, provided that the Court gives explicit instructions to the parties regarding filing and notice provisions, provided that the Court acknowledge that each separate action retains its separate character as required by Ninth Circuit law, and provided that if the cases are stayed, a party in the position to file a dispositive motion without the need for discovery be allowed to do so. Dr. Calza Resp. at 2-4. Dr. Calza also requests that any stay of the consolidated actions be explicitly tied to all criminal proceedings pending before the Honorable Susan Illston. Id. at 2-3. Judge Illston issued an order severing the "False Statements" charges against Cota from the criminal negligence-based claims. Id.; United States v. Cota, Case No. CR 08-0160, Docket No. 78. Dr. Calza points out that Cota will not be able to participate in discovery related to interactions between Cota and Dr. Calza until after the criminal action concerning the "False Statements" charges. Dr. Calza Resp. at 3.

Cota and the Bar Pilots do not oppose Regal Stone and Fleet's motion, provided that the Court's order staying the case remains in effect, providing that the other consolidated actions are likewise stayed pending resolution of the criminal matter, and provided that the parties are permitted to seek limited relief from the stay upon a showing of good cause. Cota Resp. at 1; Bar

4

Pilots Resp. at 1.

Only Continental opposes consolidation of the cases. See Opp'n. Continental's concerns, as well as those of the other responding parties, are addressed below.

III. **LEGAL STANDARD**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have broad discretion under this rule to consolidate cases pending in the same district. Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). District courts may consolidate cases for purposes of discovery and pre-trial proceedings only. See Firemen's Ins. Co. of Newark, N.J. v. Keating, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990). In deciding whether to consolidate actions under Rule 42(a), the court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, or expense that it would cause. Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

IV. **DISCUSSION**

    A.    **Continental's Opposition**

Continental contends that there are no common questions of law or fact between its case and the related actions. Opp'n at 6-7. Continental, an insurance company, is the underwriter of one of the Bar Pilots' insurance policies. Id. at 4. Continental seeks reimbursement from Regal Stone and Fleet for money that

5

Continental advanced to Cota to defend himself in the civil and criminal cases pending against him. Id. at 5. Continental relies on a provision of the California Harbors and Navigations Code, which provides that "[e]very vessel, owner, operator, or demise . . . hiring a pilot with a state license for the Bay[] of San Francisco . . . shall . . . defend, indemnify, and hold harmless pilots." Cal. Harb. & Nav. Code § 1198(c). Continental contends that while the allocation of fault for the allision is central to the other cases, "the dispute over the enforceability of § 1198 is the fundamental issue in Continental's action." Opp'n at 6.

However, Continental fails to mention that section 1198(c) releases vessels, owners and operators from the obligation to defend, indemnify or hold pilots harmless in "cases of willful misconduct by the pilot." Cal. Harb. & Nav. Code § 1198(c)(1)(c). Resolving what Continental considers to be the "fundamental issue" in its action requires discovery concerning Cota's conduct.

The conduct of Cota is a factual issue common to all of the actions, and discovery concerning Cota's conduct will overlap in all of the actions. In this case, the Chelsea action, it is alleged that Cota was piloting the M/V COSCO BUSAN at the time of the allision, and as a result he has been sued for damages. Docket No. 117 ("Verified Second Am. Class Action Compl."). In the United States action, it is alleged that Cota was piloting the M/V COSCO BUSAN at the time of the allision, and as a result the United States has sued Cota for damages. Docket No. 44 ("Am. Compl.") In the Regal Stone action, plaintiffs allege that Cota's operation of the M/V COSCO BUSAN was negligent. Docket No. 1

6

("Compl."). In the Continental action, Regal Stone and Fleet filed a cross-claim against Cota seeking damages for rates and charges paid for pilotage services, and Regal Stone and Fleet also seek a declaration that they are not obligated to defend Cota. Docket No. 27 ("Countercl., Cross-cl., and Third Party Compl."). Even in the California action, where Cota is not a defendant, Cota's conduct is at issue because Regal Stone and Fleet have entered a counterclaim alleging that the Board of Pilot Commissioners was negligent in issuing a license to Cota. Docket No. 32. Consolidating these actions for pre-trial purposes will save time and effort because it will avoid duplication of depositions and other discovery relating to Cota's conduct.

Continental relies on Monticello Insurance Co. v. Kendall, 1997 U.S. Dist. LEXIS 13749, at *5-6 (D. Kan. Aug. 29, 1997) and Turner v. Transportacion Maritima Mexicana S. A., 44 F.R.D. 412, 415-16 (E.D. Pa. 1968). However, the present facts are distinguishable. In those cases, the court denied motions to consolidate trials. Monticello, 1997 U.S. Dist. LEXIS 13749, at *5-6; Turner, 44 F.R.D. at 415-16. Here, the motion is to consolidate the cases for discovery and pre-trial purposes only.

Finally, Continental cannot complain that consolidating the cases for pre-trial purposes will prejudice Continental, or cause inconvenience, delay, or extra expense because Continental's action has already been stayed pending the outcome of the criminal proceedings against Cota. See Sept. 18, 2008, Order. Regal Stone and Fleet's motion to consolidate is GRANTED.

7

B. **Consolidation and Stay**

None of the other responding parties oppose consolidating the cases for pre-trial purposes only. However, in response to the concerns expressed by the responding parties, the Court takes this opportunity to clarify the nature of its Order. The Court's September 18, 2008 Order staying the Continental action remains in effect, and now all five consolidated civil cases are stayed pending completion of the criminal action, United States v. Cota.

As outlined above, Cota's conduct is at issue in all of the civil cases. Cota's fifth amendment rights would be implicated if discovery were to proceed in any of the civil actions before completion of the criminal matter. See Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995)(noting that first consideration in deciding whether to stay civil proceedings in face of parallel criminal proceeding is extent to which fifth amendment rights are implicated). Notwithstanding the stay, any party in the position to file a dispositive motion without the need for discovery is allowed to do so.[3]

These cases are consolidated for discovery and pre-trial purposes only. The separate lawsuits are not merged into a single action, and they retain their separate character. See Geddes v. United Fin. Group, 559 F.2d 557, 562 (9th Cir. 1977)(determining that trial court erred in incorporating withdrawal of claims in

---

[3] With regard to Dr Calza's concern that the stay should last until after trial of the severed "False Statements" charges against Cota, the parties and the Court will be in a better position to address this concern in their Joint Case Management Statement and at the Case Management Conference scheduled for May 1, 2009.

one action in judgments entered in the other action where the two actions were consolidated for discovery purposes only). "[A]n act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972).

**V.  CONCLUSION**

The Court hereby ORDERS the following:

1. Regal Stone and Fleet's motions to consolidate the five related cases for discovery and pre-trial purposes only are GRANTED.

2. The consolidated cases are STAYED pending completion of the criminal matter, United States v. Cota, Case No. CR 08-0160, now before the Honorable Susan Illston.

3. The parties shall appear for a Case Management Conference on May 1, 2009, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. No later than seven days prior to the Case Management Conference, the parties shall file a Joint Case Management Statement addressing discovery and pre-trial motion practice in the cases that have been consolidated for pre-trial purposes.

IT IS SO ORDERED.

Dated: February 3, 2009

UNITED STATES DISTRICT JUDGE

9